**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

STATE OF TEXAS

    *Plaintiff,*

vs.

ERIC H. HOLDER, JR., in his official
Capacity as Attorney General of
the United States

    *Defendant.*

Case No. 1:12-cv-00128
RMC-DST-RLW

**A<u>DVISORY TO THE</u> C<u>OURT</u>**

# EXHIBIT 1

```
              UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF COLUMBIA


STATE OF TEXAS,                       :
                                      :
        Plaintiff,                    :    Docket No. CA 12-128
                                      :
        vs.                           :    Washington, D.C.
                                      :    Thursday, May 3, 2012
ERIC H. HOLDER, Jr.                   :         3:05 p.m.
                                      :
        Defendant, and                :
                                      :
ERIC KENNIE, et al,                   :
                                      :
        Intervenor-Defendants.        :
---------------------------------x


            TRANSCRIPT OF STATUS CONFERENCE
        BEFORE THE HONORABLE DAVID S. TATEL
            UNITED STATES CIRCUIT JUDGE
        THE HONORABLE ROSEMARY M. COLLYER
         THE HONORABLE ROBERT L. WILKINS
            UNITED STATES DISTRICT JUDGES


APPEARANCES:

For the Plaintiff:         MATTHEW FREDERICK, Esquire
                           PATRICK SWEETEN, Esquire
                           JONATHAN F. MITCHELL, Esquire
                           (via phone)
                           STACEY NAPIER, Esquire
                           (via phone)
                           Office of Attorney General of Texas
                           209 West 14th Street, 7th Floor
                           Austin, TX 78701

For the Defendant:         ELIZABETH S. WESTFALL, Esquire
                           DANIEL J. FREEMAN, Esquire
                           BRUCE I. GEAR, Esquire
                           JENNIFER L. MARANZANO, Esquire
                           MEREDITH E.B. BELL-PLATTS, Esquire
                           RISA BERKOWER, Esquire
                           U.S. Department of Justice
                           950 Pennsylvania Avenue, NW
                           Washington, DC  20530
```

1   obtain?

2           MS. WESTFALL:  Well, I would also include the

3   legislators and their staff as well.

4           JUDGE WILKINS:  Okay, legislators and their staff.

5   We'll put them together in the same category.  So that's the

6   five categories.

7           Just so that we're clear at this point, it's your

8   testimony that to the extent that you cannot agree with Texas

9   on the 30(B)(6) deponent for I guess each of these five

10  categories, if you want to depose someone besides whoever they

11  propose to be a 30(B)(6) deponent witness, that you would have

12  to subpoena that witness regardless of which of these five

13  categories he or she belongs to or is it only a subpoena if

14  they belong to one category but not another?  I'm just trying

15  to understand what the position is here?

16          MS. WESTFALL:  Yes, it's very complicated and we're

17  just starting to have these conversations with the State.

18          What we learned today was that the subpoenas would only

19  be required of persons of staff in the Governor's office and

20  Lieutenant Governor's office.  We have mentioned particular

21  staff who we wanted to notice for deposition by name and

22  identified those persons to the State and the State said no.

23          Our counter proposal is the 30(B)(6) for each of those

24  offices and that we would not be permitted to depose those

25  particular staff people necessarily.  They would determine who

```
 1  by any ruling of this Court as if they were a party, so in
 2  effect they will be treated as if they are a party because they
 3  will respond to any deposition notice and a subpoena will not
 4  be required?
 5              MR. SWEETEN:  Two nights ago we received for the
 6  first time an e-mail requesting the deposition of the
 7  Lieutenant Governor.  That would be a very separate issue and a
 8  separate consideration.
 9              As to all of the remaining individuals, we are working
10  with them to provide those documents.  We believe the
11  legislators aren't parties, but we're going to produce those
12  documents that are non-privileged based on their request.
13              We intend to do a production of the non-privilege
14  legislator documents in large part next week.  So we are not
15  requiring a subpoena as to almost, as to anyone that has been
16  mentioned except for two nights ago we received notice.
17              JUDGE WILKINS:  Okay.  Let me just follow up very
18  quickly.  You are referring to the fact that you are going to
19  produce non-privileged documents.
20              You filed a notice that said you would file
21  non-privileged documents of public record.  Is there a material
22  distinction there?  Are you saying that there's some documents
23  that aren't of public record that you're not going to produce
24  even though they are not privileged?
25              MR. SWEETEN:  I think it's a case by case analysis.
```

```
 1          JUDGE WILKINS:  Let's talk about non-e-mail documents
 2   and then you can go to e-mail.
 3          MR. SWEETEN:  We are continuing to review documents.
 4   We are providing information from the Secretary of State.  I
 5   think that production will occur tomorrow or today, an
 6   additional set of discovery there.
 7          We are complying, you know, we're compiling these from
 8   state agencies, we are doing our document review.
 9          As to the legislative privilege I think I have already
10   told the Court we can do it that next week from the
11   legislators.  So document review is proceeding.
12          JUDGE WILKINS:  Tell me this.  When will your
13   document production be complete and when will all of the
14   privilege logs be complete?  Can you give me a date?
15          MR. SWEETEN:  I think here again we are at the issue
16   of the e-mail.  We pulled up 200,000 documents based upon the
17   search terms that were provided.
18          JUDGE COLLYER:  I hate to keep coming back.  I don't
19   want to talk about e-mail.  Could you please answer the
20   question not relating to e-mail.  You have not talked about
21   when you are going to finish document production for the entire
22   rest of the Government that has been sought from whatever
23   agency.
24          You said you're not going to allow state officials to be
25   deposed.  You somehow pulled out the Lieutenant Governor and
```

1  treated the Lieutenant Governor as sort of not part of the
2  State somehow, not part of the executive branch or something.
3  I mean, I don't understand what you're doing.
4       But okay. What about documents from the Lieutenant
5  Governor, what about documents from DPS, what about documents
6  from the Secretary of State that are not privilege? When are
7  all of those things going to be produced?
8            MR. SWEETEN: We are working on it.
9            JUDGE COLLYER: Yeah, yeah, I have heard that. Date,
10 date, date, date.
11           MR. SWEETEN: Can I let Mr. Frederick speak as to
12 that?
13           JUDGE COLLYER: Yes, Mr. Frederick is really
14 knowledgeable about this stuff.
15      Mr. Frederick is what I call in some pieces of big
16 litigation the font of all knowledge.
17           MR. FREDERICK: That is very generous of you, Your
18 Honor. I hope that I can live up to that.
19      With respect to the non e-mail documents that we have
20 collected from the state agencies, we will have all of the
21 documents gathered to this point produced I'll say by the end
22 of next week.
23      I have talked to people about this this morning. I
24 expect that it will be well before that. The remaining things
25 in the queue, there's a batch of Secretary of State documents

1  the end of next week.
2        It is the things that were, the searches that we ran on
3  the hundred and some odd accounts or systems in response to the
4  search terms that we agreed on.
5        JUDGE COLLYER:  What about a privilege log?  When
6  will you have a privilege log for each of those offices that
7  has produced documents?
8        MR. FREDERICK:  Likewise, we can do that by the end
9  of next week.  I mean, at this point we are finally kind of
10 caught up with our document review.
11       JUDGE COLLYER:  Okay.  So if I might, if I can go
12 back to depositions, are you going to speak to depositions or
13 does Mr. Sweeten get up?
14       MR. FREDERICK:  If Mr. Sweeten will permit, I am
15 happy to talk about depositions.
16       JUDGE COLLYER:  The question is, is the Lieutenant
17 Governor a special entity within the State government and so
18 he's not just like the Governor or the State of any, the head
19 of any agency and what is so critical about state officials as
20 referenced by Mr. Sweeten but not identified that they couldn't
21 and shouldn't sit for deposition?
22       MR. FREDERICK:  Right.  The Lieutenant Governor, Your
23 Honor, is a special case because of the doctrine of the high
24 ranking, the high ranking Government official document.
25       The seminal case on point United States versus Morgan,

1   313, U.S. 409 holds essentially that before a party can force a
2   high ranking Government official to sit for deposition, they
3   must A, show that they must have the information and B, prove
4   that they have exhausted alternative means of getting that
5   information.
6           A more recent case from this Circuit is In Re: Chaney
7   544 F.3d, 311.
8           JUDGE WILKINS: But that's just an issue of whether
9   that can be resolved on a motion by protective order, for a
10  protective order, right?  Where you say we're not going to
11  produce this person because they haven't made the showing
12  that's required and we decide that.  That doesn't have anything
13  to do with whether they respond to deposition via deposition
14  notice or subpoena does it?
15          MR. FREDERICK: That's a fair point.  It is a
16  different issue.  It is, it's the high ranking Government
17  official doctrine would go to the reason that they would not be
18  obligated to sit.
19          JUDGE WILKINS: All right.  So our point is why are
20  you saying that he has to be subpoenaed?  And if he's going to
21  be subpoenaed and there's going to be litigation over that
22  issue whether they have made their showing or over some
23  privilege issue, then are you conceding that that litigation
24  will take place somewhere else and that we wouldn't decide that
25  issue?

1           Why don't you answer my second question first.

2           MR. FREDERICK: Regarding the location of where it
3  would be decided?

4           JUDGE WILKINS: Yes.

5           MR. FREDERICK: Yes, Your Honor. If there were a
6  subpoena issued and the subpoena were opposed by a motion to
7  quash, I believe the venue for that would be the Court from
8  which the subpoena issued which in the Lieutenant Governor's
9  case would be somewhere in Texas, probably the Western
10 District.

11          JUDGE WILKINS: All right, so --

12          JUDGE COLLYER: So the Lieutenant Governor is not in
13 Austin or is that the Western District?

14          MR. FREDERICK: Yes, Your Honor, that's the Western
15 District, Austin. It's a very big district, it goes out to El
16 Paso.

17          JUDGE WILKINS: So why does that doctrine have
18 anything to do with whether he's going to respond by, appear by
19 subpoena or by notice?

20          MR. FREDERICK: Your Honor, what it has to do with is
21 that it has to do with our need to properly protect the
22 Lieutenant Governor and the Governor from what we see to be
23 frank as harassment.

24          We feel this is unnecessary to be perfectly clear and
25 fair. I don't believe that there has been a request to depose

```
 1  the Governor.  I'm not, although the Lieutenant Governor has
 2  been listed, I'm not sure that there has actually been an
 3  affirmative statement that they will seek to depose the
 4  Lieutenant Governor.
 5          But as the representatives of the State and, I mean, we
 6  feel it is our duty to resist at almost any cost the deposition
 7  of the Governor or the Lieutenant Governor in a case like this
 8  where it is absolutely unnecessary.
 9          There has been no showing at all that those would be
10  necessary in order to get any of the facts that are at issue.
11  So, you know, I'll say again, I don't think that it's come to a
12  head, and I don't know that it will, but that's, that is the
13  reason, Your Honor.
14          JUDGE COLLYER:  What about the other state officials
15  that were referenced by Mr. Sweeten?  I assume, are they
16  departments, DPS is a department, does it have a secretary or
17  whatever you call a director of whomever?
18          MR. FREDERICK:  I believe it's just a director for
19  the DPS.
20          JUDGE COLLYER:  Who constitutes a high level
21  Government, high ranking Government official for whom you would
22  be requiring a subpoena to give you an opportunity to litigate
23  whether that person need be deposed?
24          MR. FREDERICK:  Your Honor, it's a little difficult
25  to answer that question as a hypothetical because -- I will
```

```
 1                        CERTIFICATE
 2         I certify that the foregoing is a true and correct
 3  transcript, to the best of my ability, of the above pages, of
 4  the stenographic notes provided to me by the United States
 5  District Court, of the proceedings taken on the date and time
 6  previously stated in the above matter.
 7         I further certify that I am neither counsel for, related
 8  to, nor employed by any of the parties to the action in which
 9  this hearing was taken, and further that I am not financially
10  nor otherwise interested in the outcome of the action.
11
12  _____              _____
    /s/Crystal M. Pilgrim, RPR            Date: May 11, 2012
13
14
15
16
17
18
19
20
21
22
23
24
25
```