**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| STATE OF TEXAS<br><br>*Plaintiff,*<br><br>vs.<br><br>ERIC H. HOLDER, JR., in his official Capacity as Attorney General of the United States<br><br>*Defendant.* | Case No. 1:12-cv-00128<br>RMC-DST-RLW |

**A̲D̲V̲I̲S̲O̲R̲Y̲ ̲T̲O̲ ̲T̲H̲E̲ ̲C̲O̲U̲R̲T̲**

# EXHIBIT 2

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| STATE OF TEXAS,<br><br>        Plaintiff,<br><br>v.<br><br>ERIC H. HOLDER, JR., in his official capacity as Attorney General of the United States,<br><br>        Defendant.<br><br>ERIC KENNIE, *et al.*,<br><br>        Defendant-Intervenors,<br><br>TEXAS STATE CONFERENCE OF NAACP BRANCHES, *et al.*,<br><br>        Defendant-Intervenors,<br><br>TEXAS LEAGUE OF YOUNG VOTERS EDUCATION FUND, *et al.*,<br><br>        Defendant-Intervenors,<br><br>TEXAS LEGISLATIVE BLACK CAUCUS, *et al.*,<br><br>        Defendant-Intervenors,<br><br>VICTORIA RODRIGUEZ, *et al.*,<br><br>        Defendant-Intervenors. | CASE NO. 1:12-CV-00128<br>(RMC-DST-RLW)<br>Three-Judge Court |

## NOTICE OF DEPOSITION

**To: COUNSEL OF RECORD**

Please take notice that pursuant to Rule 30 of the Federal Rules of Civil Procedure, counsel for Attorney General Eric H. Holder, Jr., Defendant in the above-styled and numbered cause of action, will take the deposition of **Lieutenant Governor David Dewhurst** upon oral examination on **Tuesday, June 5, 2012, beginning at 9:30 a.m.**, and continuing thereafter as needed, at the United States Attorney's Office, 816 Congress Avenue, Suite 1000, Austin, Texas 78701; Phone: (512) 916-5858. This deposition shall be recorded by stenographic means and shall take place before a notary public or other person authorized by law to administer oaths. The Attorney General may also videotape the deposition noticed above.

The above deponent shall be required to produce all documents in his custody, possession, or control that is responsive to the enclosed Attachment A by May 17, 2012.

You are invited to attend and examine the witness.

Date: May 18, 2012

RONALD C. MACHEN, JR.
United States Attorney
District of Columbia

Respectfully submitted,

THOMAS E. PEREZ
Assistant Attorney General
Civil Rights Division

/s/ Elizabeth S. Westfall
T. CHRISTIAN HERREN, JR.
MEREDITH BELL-PLATTS
ELIZABETH S. WESTFALL
BRUCE I. GEAR
JENNIFER L. MARANZANO
RISA BERKOWER
DANIEL J. FREEMAN
Attorneys
Voting Section
Civil Rights Division
U.S. Department of Justice
950 Pennsylvania Avenue, N.W.
Washington, D.C. 20530

Case 1:12-cv-00128-RMC-DST-RLW   Document 131-2   Filed 05/21/12   Page 4 of 9

Attachment A

**DEFINITIONS AND INSTRUCTIONS**

1. "The State," "Texas," or "Plaintiff" means Plaintiff State of Texas and any of its agents, representatives, employees, and any person acting or purporting to act on its behalf.

2. "S.B. 14" means 2011 Texas General Laws Chapter 123, which amends the Texas Transportation Code relating to the issuance of election identification certificates, and which amends the Texas Election Code relating to procedures for implementing the photographic voter identification requirements.

3. "Legislator" means an elected member of the Texas House of Representatives or the Texas State Senate, including employees, staff, interns, representatives, designees, agents, or any persons acting or purporting to act on behalf of the Texas House of Representatives or the Texas State Senate, any committee thereof, or any elected member of the Texas House of Representatives or the Texas State Senate.

4. "Person," unless otherwise specified, shall mean and include natural persons, corporations, firms, partnerships, proprietorships, associations, trusts, estates, government bodies, government agencies and commissions, and any other organization or entity. Whenever reference is made to a person, it includes any and all of such person's predecessors in office or position, past or present principals, employees, agents, attorneys, consultants, contractors, and other representatives.

5. "Document" is defined to be synonymous in meaning and scope as the term "document" is used under Federal Rule of Civil Procedure 34 and the phrase "writings and recordings" is defined in Federal Rule of Evidence 1001, and includes, but is not limited to, any computer discs, tapes, printouts and emails, and databases, and any handwritten, typewritten,

printed, electronically-recorded, taped, graphic, machine-readable, or other material, of whatever nature and in whatever form, including all non-identical copies and drafts thereof, all copies bearing any notation or mark not found on the original, and all deleted or erased documents that may be retrieved from hard drives, floppy disks, flash drives, electronic back-up files, or any other back-up system.

6. "Communication" means any transmission of information by oral, graphic, written, pictorial, electronic, or other perceptible means, including by document, or later memorialized in a document, including email, text messages, memoranda of conversations, correspondence, data processing, pictures, or recordings. All communications produced shall include documents sufficient to identify all email addresses, telephone numbers, pager or blackberry numbers, or other personal identifying characteristic of any form of electronic communication used by any party with respect to all communications responsive to the above requests.

7. "Database" means any data sets, reports, programs, and files accessible by computer that contain data that can be processed and/or sorted using standard spreadsheet or database software, including but not limited to Oracle SQL, Microsoft Access, Microsoft Excel, Lotus 1-2-3, Quattro Pro, SAS, STATA, and SPSS.

8. Please note that you are required to produce any document in your custody, possession, or control that is responsive to the below requests, regardless of whether it was produced on official or personal equipment.

9. If any document requested was at one time in existence, but has been lost, discarded, destroyed, or transferred to others, please identify the following information with respect to each such document: its title, date, author(s), sender(s), recipient(s), subject matter, the

circumstances under which it has become unavailable, and, if known, its current location and custodian.

10. If production of any document referred to in this request is refused based on the assertion of a claim or privilege, with respect to each such document; (1) identify the document by date, name and title of author, name(s) of recipient(s), title or references, and a description of the document without revealing information for which the privilege is claimed; (b) state the privilege(s) pursuant to which production is refused; and (c) in the case of any document concerning any meeting or conversation, state the date and subject matter of such meeting or conversation, and identify the persons who attended the meeting or participated in the conversation.

11. The terms "and," "or," and "and/or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the Request all responses that might otherwise be construed to be outside that scope.

## DOCUMENTS

(1) All documents and communications, including but not limited to those among and between the office of the Governor, the office of the Lieutenant Governor, members of the Texas Legislature, the Texas Legislative Council, and other Texas state executive offices and agencies, concerning any or all reasons, justifications, rationales, interests, or purposes in enacting S.B.14.

(2) All documents and communications, including but not limited to those among and between the office of the Governor, the office of the Lieutenant Governor, members of the Texas Legislature, the Texas Legislative Council, and other Texas state executive offices and agencies, related to the decision to declare S.B.14 a "legislative emergency."

(3) All documents and communications, including but not limited to those among and between the office of the Governor, the office of the Lieutenant Governor, members of the Texas Legislature, the Texas Legislative Council, and other Texas state executive offices and agencies, concerning the sources, history, and drafting of S.B. 14.

(4)   All documents and communications, including but not limited to those among and between the office of the Governor, the office of the Lieutenant Governor, members of the Texas Legislature, the Texas Legislative Council, and other Texas state executive offices and agencies, concerning the introduction, consideration, and passage of S.B. 14.

(5)   All documents and communications, including but not limited to those among and between the office of the Governor, the office of the Lieutenant Governor, members of the Texas Legislature, the Texas Legislative Council, and other Texas state executive offices and agencies, relating to the implementation of S.B. 14.

(6)   All documents and communications, including but not limited to those among and between the office of the Governor, the office of the Lieutenant Governor, members of the Texas Legislature, the Texas Legislative Council, and other Texas state executive offices and agencies, relating to any calculations, reports, audits, estimates, projections, assessments or other analyses of the effect that S.B. 14 will impose upon minority voters.

(7)   All documents and communications between you or your office and members of the public, private organizations, and governmental entities related to S.B. 14, or S.B. 362 (81st Legislature), H.B. 218 (80th Legislature), or H.B. 1706 (79th legislature).

(8)   All documents produced in response to any requests received pursuant to Texas Public Information Act, Texas Government Code chapter 552, concerning S.B. 14 or S.B. 362 (81st Legislature), H.B. 218 (80th Legislature), H.B. 1706 (79th legislature), or photo voter identification.

(9)   All public statements you or your staff have made about S.B. 14 or S.B. 362 (81st Legislature), H.B. 218 (80th Legislature), H.B. 1706 (79th legislature), or photo voter identification.

(10)  All documents and communications relating to all actions that a person who is a registered voter, but does not have the requisite identification, must take in order to obtain the documentation necessary to cast a valid ballot pursuant to S.B. 14.

(11)  All documents and communications, including but not limited to those among and between the office of the Governor, the office of the Lieutenant Governor, members of the Texas Legislature, the Texas Legislative Council, and other Texas state executive offices and agencies, related to any and all alternatives to S.B. 14 or amendments to S.B. 14 that were presented to, or considered, assessed, or reviewed by any legislator during the drafting or consideration of S.B. 14.

(12)  All documents and communications concerning civil or criminal allegations, investigations, warnings, enforcement actions, complaints, lawsuits, prosecutions, settlements, plea agreements, citations, fines, or other actions by or on behalf of Texas against any person relating to (a) in-person voter impersonation or other in-

person voter fraud that occurred in the State of Texas from January 1, 2002, to the present and (b) instances of voting in Texas by persons who are not citizens of the United States from January 1, 2002, to the present.