# EXHIBIT 5

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| STATE OF TEXAS,<br><br>           Plaintiff,<br><br>   v.<br><br>ERIC H. HOLDER, JR., in his official capacity as Attorney General of the United States,<br><br>           Defendant.<br><br>ERIC KENNIE, *et al.*,<br><br>           Defendant-Intervenors,<br><br>TEXAS STATE CONFERENCE OF NAACP BRANCHES, *et al.*,<br><br>           Defendant-Intervenors. | CASE NO. 1:12-CV-00128<br>(RMC-DST-RLW)<br>Three-Judge Court |

## UNITED STATES' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Defendant Eric J. Holder, Jr. requests that Plaintiff State of Texas ("Plaintiff" or "State") identify and produce the documents and items requested below for inspection and copying and deliver copies to counsel for United States by March 27, 2011. This request is continuing in nature as provided by Rule 26(e) of the Federal Rules of Civil Procedure.

### INSTRUCTIONS AND DEFINITIONS

1. "The State," "Texas," or "Plaintiff" means Plaintiff State of Texas and any of its agents, representatives, employees, and any person acting or purporting to act on its behalf.

2. "S.B. 14" means 2011 Texas General Laws Chapter 123, which amends the Texas Transportation Code relating to the issuance of election identification certificates, and which amends the Texas Election Code relating to procedures for implementing the photographic identification requirements for the State of Texas.

3. "Legislator" means an elected member of the Texas House of Representatives or the Texas State Senate, including employees, staff, interns, representatives, designees, agents, or any persons acting or purporting to act on behalf of the Texas House of Representatives or the Texas State Senate, any committee thereof, or any elected member of the Texas House of Representatives or the Texas State Senate.

4. "Document" is defined to be synonymous in meaning and scope as the term "document" is used under Federal Rule of Civil Procedure 34 and the phrase "writings and recordings" is defined in Federal Rule of Evidence 1001, and includes, but is not limited to, any computer discs, tapes, printouts and emails, and databases, and any handwritten, typewritten, printed, electronically-recorded, taped, graphic, machine-readable, or other material, of whatever nature and in whatever form, including all non-identical copies and drafts thereof, and all copies bearing any notation or mark not found on the original.

5. In responding to these requests, please produce all responsive documents in the possession, custody, or control of the State, or documents known to be available to the State, regardless of whether such documents are possessed directly by the State or its past and present agents, advisors, employees, representatives, attorneys, consultants, contractors, or other persons or entities acting on behalf of the State or subject to the State's control.

6. All references in these requests to an individual person or officer include any and all past and present agents, advisors, employees, representatives, attorneys, consultants,

contractors, predecessors in office or position, and all other persons or entities acting on behalf of or under control of such a person.

7. All references in these requests to any governmental entity, or any other type of organization include its past and present officers, executives, directors, employees, agents, representatives, attorneys, consultants, contractors and all other persons acting or purporting to act on behalf of such an organization.

8. All documents shall be produced as they are kept in the usual course of business or be organized and labeled to correspond to each request. For all documents produced, please identify the names of the person from whose files the documents were produced.

9. No portion of a document request may be left unanswered because an objection is interposed to another part of that request. If the State objects to any portion of a document request, the State must state with specificity the grounds of any objections. Any ground not stated will be waived.

10. If production of any document referred to in this request is refused based on the assertion of a claim or privilege, with respect to each such document; (1) identify the document by date, name and title of author, name(s) of recipient(s), title or references, and a description of the document without revealing information for which the privilege is claimed; (b) state the privilege(s) pursuant to which production is refused; and (c) in the case of any document concerning any meeting or conversation, state the date and subject matter of such meeting or conversation, and identify the persons who attended the meeting or participated in the conversation.

11. In the event that a responsive document has been destroyed or has passed out of the State's custody or control, please identify the following information with respect to each such

document: its title, date, author(s), sender(s), recipient(s), subject matter, the circumstances under which it has become unavailable, and, if known, its current location and custodian.

12.     In the event that a responsive document is not available in the form requested but is available in another form or can be obtained, in whole or in part, from other data in the State's possession, custody, or control, please so state and either supply the information requested in the form in which it is available or supply the data from which the information requested can be obtained.

13.     Original and all non-identical copies of responsive documents, including all drafts must be produced.  If the State is unable to produce the original of any document, please produce the best available copy and all non-identical copies, including drafts.

14.     In construing these requests, apply the broadest construction, so as to produce the most comprehensive response.  Construe the terms "and" and "or" either disjunctively or conjunctively as necessary to bring within the scope of the request all responses that might otherwise be construed to be outside that scope.  Words used in the masculine gender include the feminine, and words used in the singular include the plural.

15.     If any part of the requested information is stored on computer disc, tapes or in any other electronic form, and is responsive to the request, it should be provided in the electronic form, consistent with the parties' agreement on production of electronically stored information.

16.     Documents available only in paper or hardcopy format shall be scanned into electronic format and produced via a secure FTP site, as provided herein.

17.     Paper documents shall be scanned as 300 dpi single-page TIFF files, using CCITT Group IV compression. Documents that contain color (*i.e.*, non-black-and-white) text, photographs, or graphic images shall be scanned in color. Each page shall be branded with a

unique Bates number, which shall not be an overlay of the image. The Bates numbering convention shall be in the format "TX _ ########" where "########" represents the eight-digit sequential number of the document being produced by the State.  The images shall be accompanied by: (1) an Opticon or IPRO cross-reference file that associates each Bates number with its corresponding single-page TIFF image file; and 2) a "text load file" containing one line for each document and fields for first and last Bates number, Attachment Beginning Bates Number, Attachment End Bates Number, TO, FROM, CC:, BCC:, subject, date sent, time sent, Message ID, Main Date, Title, Document Type, Custodian , Redacted flag, Original Filename, original File Path, Folder, Create Date/Time, Modify Date/Time, native filepath.  The text load file shall contain a pipe ( | ) as a field separator and carots ( ^ ) around each field.  The text generated by Optical Character Recognition (OCR) shall be saved in a text file named for the first Bates number of the document and saved in the same directory as the images. (*e.g.*, TX_00000001.tif and TX_00000001.txt.

18.     Word, WordPerfect, PDF, and PowerPoint documents shall be converted to images and produced consistent with the specifications in paragraph two, except that the text file accompanying the images shall contain the filename of the document as a metadata field, along with the extracted text from each document in place of OCR text, unless the document contains redactions, in which case re-OCR'ed text may be provided.

19.     These document requests apply to the period from January 1, 2007, through the present unless otherwise limited or expanded by a particular request.

## DOCUMENT REQUESTS

1.      All documents identified or relied upon in responding to United States' First Set of Interrogatories (March 20, 2012).

5

2. All documents related to the sources, drafting, development, or analysis of S.B. 14 and the procedural sequence of introduction, consideration, and enactment of S.B. 14.

3. All documents presented to, produced by, transmitted to, or relied upon by the State of Texas, including but not limited to the Governor, the Lieutenant Governor, the Secretary of State, the Attorney General, Legislators, and Texas county election officials, related to the drafting, proposing, development, or plans to implement S.B. 14.

4. All documents related to any and all alternatives to S.B. 14 or amendments to S.B. 14 that were presented to, or considered, assessed, or reviewed by any Legislator during the drafting or consideration of S.B. 14.

5. The State's voter registration database, driver license database, personal identification card database, and concealed handgun license database in a format agreed upon by the parties, along with all available underlying data necessary for purposes of comparing the data in these databases against each other and the supplemental information necessary to render the information reasonably useable to undertake an analysis of those data.

6. Databases used by the State to produce two matches of registered-voter data against data sources maintained by the State's Department of Public Safety to the Attorney General on September 7, 2011; October 4, 2011; and January 12, 2012.

7. All documents related to the factual allegation in paragraph 33 of the First Amended Complaint (Doc. 25) that "Texas's Voter-ID law was not enacted with the purpose of disenfranchising minority voters," including but not limited to each and every reason, justification, rationale, interest, or purpose related to the enactment of S.B. 14 and the nexus between any or all of those purposes and S.B. 14.

8. All documents related to the factual allegation in paragraph 36 of the First Amended Complaint (Doc. 25) that S.B. 14 imposes a minor inconvenience on voters.

9. All documents related to the factual allegation in Claim One of the First Amended Complaint (Doc. 25) that S.B. 14 does not have the "effect of denying or abridging the right to vote on account or race or color, or because of membership in a language minority group."

10. All documents related to communications between, among, or with Legislators, their staff, lobbyists, groups, organizations and members of the public concerning the introduction, enactment, or implementation of S.B. 14.

11. All documents related to any calculations, reports, audits, estimates, projections, or other analyses of the effect that S.B. 14 will impose upon minority voters, on voters on account of race or color, or on voters who are members of a language minority group.

12. All documents related to plans to implement and administer the issuance of "election identification certificates" established by S.B. 14.

13. All documents that list or otherwise identify any and all forms of photo identification issued by the State.

14. All documents related to any and all allegations concerning (a) in-person voter impersonation or other in-person voter fraud that occurred in the State of Texas from January 1, 2002, to the present and (b) instances of voting in Texas by persons who are not citizens of the United States from January 1, 2002, to the present.

15. All documents related to any calculations, reports, audits, estimates, projections, or other analyses of all activities that a person who is a registered voter, but does not have the requisite identification, must complete in order to obtain the documentation necessary to cast a valid ballot pursuant to S.B. 14.

16. All documents related to any reports, estimates, projections, or other analyses of the impact that S.B. 14, or other proposals to require voter applicants or voters to produce photo identification, will or may have on voter turnout or voter registration.

17. All documents related to any reports, estimates, projections, or other analyses of the impact that S.B. 14 will or may have on rates of use of and acceptance of provisional ballots.

18. All documents related to implementation of S.B. 14 and training, voter education, and outreach concerning S.B. 14, including but not limited to training of county election officials, state agencies, and election-related organizations or associations; voter education; and mobile outreach or any other effort to provide voters who do not possess requisite photo identification under S.B. 14 with an election identification certificate or other form of identification accepted under S.B. 14.

19. All documents related to the consideration of S.B. 362 (81st Legislature) and H.B. 218 (80th Legislature).

Date:  March 20, 2011

| | |
|---|---|
| RONALD C. MACHEN, JR.<br>United States Attorney<br>District of Columbia | THOMAS E. PEREZ<br>Assistant Attorney General<br>Civil Rights Division<br><br>*/s/ Elizabeth S. Westfall*<br>T. CHRISTIAN HERREN, JR.<br>MEREDITH BELL-PLATTS<br>ELIZABETH WESTFALL<br>BRUCE I. GEAR<br>JENNIFER MARANZANO<br>DANIEL J. FREEMAN<br>Attorneys<br>Voting Section, Civil Rights Division<br>U.S. Department of Justice<br>950 Pennsylvania Avenue, N.W.<br>Washington, D.C. 20530<br>Telephone: (202) 353-0099 |

8

<u>CERTIFICATE OF SERVICE OF DISCOVERY</u>

   I hereby certify that on March 20, 2012, I served a true and correct copy of the foregoing via electronic mail on the following counsel of record:

Jonathan Franklin Mitchell
Adam Aston
Arthur D'Andrea
Office of the Attorney General of Texas
jonathan.mitchell@oag.state.tx.us
adam.aston@oag.state.tx.us
Arthur.dandrea@oag.state.tx.us

*Counsel for Plaintiff*

Chad W. Dunn
Brazil & Dunn
chad@brazilanddunn.com

J. Gerald Hebert
hebert@voterlaw.com

*Counsel for Kennie Intervenors*

Mark A. Posner
Lawyers' Committee for Civil Rights
mposner@lawyerscommittee.org

Ezra Rosenberg
Dechert LLP
ezra.rosenberg@dechert.com

Myrna Perez
Brennan Center for Justice
myrna.perez@nyu.edu

Jose Garza
garzpalm@aol.com

*Counsel for NAACP Intervenors*


        <u>/s/ Elizabeth S. Westfall</u>
        Elizabeth S. Westfall
        U.S. Department of Justice
        950 Pennsylvania Avenue, N.W.
        Washington, D.C. 20530
        Telephone: (202) 353-0099
        elizabeth.westfall@usdoj.gov