# EXHIBIT 6

## THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| _____ § | | |
| STATE OF TEXAS | § | |
| | § | |
| *Plaintiff,* | § | Case No. 1:12-CV-00128 |
| | § | |
| vs. | § | |
| | § | (RMC, DST, RLW) |
| ERIC H. HOLDER, JR., | § | Three-Judge Court |
| Attorney General of the United States, | § | |
| | § | |
| | § | |
| *Defendant.* | § | |
| _____ § | | |

### PLAINTIFF'S OBJECTIONS AND RESPONSES TO
### DEFENDANT'S FIRST SET OF REQUESTS FOR PRODUCTION

**TO:**   Defendant ERIC H. HOLDER, JR., Attorney General of the United States, by and through his attorney of record, Elizabeth Stewart Westfall, US Department of Justice, Civil Rights Division, Voting Section, 950 Pennsylvania Avenue, N.W., NWB-Room 7202, Washington D.C. 20530.

Plaintiff the State of Texas ("Plaintiff") serves these Objections and Responses to Defendants' First Set of Requests for Production under Federal Rule of Civil Procedure 34.

### GENERAL OBJECTIONS

Plaintiff objects to each Request: (1) insofar as it calls for the production of documents not in Plaintiff's possession, custody, or control; (2) insofar as it calls for the production of documents that were prepared for or in anticipation of litigation, constitute attorney work product, contain attorney-client communications, or are otherwise privileged; (3) insofar as it calls for the production of documents which are publicly available or otherwise equally available and/or uniquely available or

equally available from third parties; (4) insofar as it calls for the production of documents that do not specifically refer to the events which are the subject matter of this litigation; and (5) insofar as it calls for the production of documents which are neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

The inadvertent production or disclosure of any privileged documents or information shall not constitute or be deemed to be a waiver of any applicable privilege with respect to such document or information (or the contents or subject matter thereof) or with respect to any other such document or discovery now or hereafter requested or provided.   Plaintiff reserves the right not to produce documents that are in part protected by privilege, except on a redacted basis, and to require the return of any document (and all copies thereof) inadvertently produced. Plaintiff likewise does not waive the right to object, on any and all grounds, to (1) the evidentiary use of documents produced in response to these requests; and (2) discovery requests relating to those documents.

Plaintiff submits these responses and objections without conceding the relevancy or materiality of the subject matter of any request or of any document, or that any responsive materials exist.

Plaintiff's responses and objections are not intended to be, and shall not be construed as, agreement with Plaintiff's characterization of any facts, circumstances, or legal obligations.   Plaintiff reserves the right to contest any such characterization as inaccurate.   Plaintiff also objects to the Requests to the extent

they contain any express or implied assumptions of fact or law concerning matters at issue in this litigation.

The responses and objections contained herein are made on the basis of information now known to Plaintiff and are made without waiving any further objections to or admitting the relevancy or materiality of any of the information requested. Plaintiff's investigation, discovery and preparation for proceedings are continuing and all answers are given without prejudice to Plaintiff's right to introduce or object to the discovery of any documents, facts or information discovered after the date hereof.

Plaintiff will provide its responses based on terms as they are commonly understood, and consistent with the Federal Rules of Civil Procedure. Plaintiff objects to and will refrain from extending or modifying any words employed in the requests to comport with expanded definitions or instructions.

## OBJECTIONS AND RESPONSES TO REQUEST FOR PRODUCTION

## REQUEST FOR PRODUCTION NO. 1:

All documents identified or relied upon in responding to United States' First Set of Interrogatories (March 20, 2012).

### RESPONSE:

Plaintiff objects to this request as overly broad, unduly burdensome, vague, ambiguous, and not reasonably specific insofar as it requests documents "relied upon" in responding to the United States' interrogatories. Plaintiff objects to the extent the request seeks the production of documents that are not relevant or likely to lead to the discovery of admissible evidence. Plaintiff further objects to the extent that this request calls for the production of documents subject to attorney-client privilege, legislative privilege, deliberative process privilege, and attorney work-product protection. Plaintiff objects to this request on the ground that it seeks documents and information protected from disclosure by Texas Government Code § 323.017. Plaintiff objects to this request to the extent that it calls for the production of documents within the control of third parties, including independent officers of the State of Texas, whose documents are not within Plaintiff's possession, custody, or control.

Subject to and without waiving the foregoing objections, Plaintiff will produce relevant, non-privileged documents that are responsive to this request on a rolling basis as they become available.

## REQUEST FOR PRODUCTION NO. 2:

All documents related to the sources, drafting, development, or analysis of S.B. 14 and the procedural sequence of introduction, consideration, and enactment of S.B. 14.

### RESPONSE:

Plaintiff objects to this request as overly broad and unduly burdensome insofar as it requests documents "related to" S.B. 14. Plaintiff objects to this request as overly broad, unduly burdensome, vague, and not reasonably specific insofar as it requests documents related to the "sources, drafting, development, or analysis of S.B. 14." Plaintiff objects to this request on the ground that documents showing the "procedural sequence of introduction, consideration, and enactment of S.B. 14" are publicly available and equally accessible to Defendant. Plaintiff objects to the extent the request seeks the production of documents that are not relevant or likely to lead to the discovery of admissible evidence. Plaintiff objects to the extent

this request calls for the production of documents that implicate legislative privilege.   Plaintiff also objects to the extent that this request calls for the production of documents subject to the attorney-client privilege, deliberative process privilege, or the attorney work-product doctrine. Plaintiff objects to this request on the ground that it seeks documents and information protected from disclosure by Texas Government Code § 323.017.   Plaintiff objects to this request to the extent that it calls for the production of documents within the control of third parties, including independent officers of the State of Texas, whose documents are not within Plaintiff's possession, custody, or control.

Subject to and without waiving the foregoing objections, Plaintiff will produce relevant, non-privileged documents that are responsive to this request on a rolling basis as they become available.

## REQUEST FOR PRODUCTION NO. 3:

All documents presented to, produced by, transmitted to, or relied upon by the State of Texas, including but not limited to the Governor, the Lieutenant Governor, the Secretary of State, the Attorney General, Legislators, and Texas county election officials, related to the drafting, proposing, development, or plans to implement S.B. 14.

### RESPONSE:

Plaintiff objects to this request as overly broad, unduly burdensome, vague, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff objects to the extent this request calls for the production of documents subject to legislative privilege and deliberative process privilege.   Plaintiff also objects to the extent that this request calls for the production of documents subject to the attorney-client privilege or the attorney work-product doctrine.   Plaintiff objects to this request on the ground that it seeks documents and information protected from disclosure by Texas Government Code § 323.017.  Plaintiff objects to this request to the extent that it calls for the production of documents within the control of third parties, including independent officers of the State of Texas, whose documents are not within Plaintiff's possession, custody, or control.   Plaintiff further objects to the request for documents "presented to, produced by, transmitted to, or relied upon by . . . Texas county election officials" because those individuals' documents are not within Plaintiff's possession, custody, or control.

Subject to and without waiving the foregoing objections, Plaintiff will produce relevant, non-privileged documents that are responsive to this request on a rolling basis as they become available.

## REQUEST FOR PRODUCTION NO. 4:

All documents related to any and all alternatives to S.B. 14 or amendments to S.B. 14 that were presented to, or considered, assessed, or reviewed by any Legislator during the drafting or consideration of S.B. 14.

### RESPONSE:

Plaintiff objects to this request as overly broad, unduly burdensome, vague, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff objects to this request on the ground that it calls for the production of documents subject to legislative privilege. Plaintiff also objects to the extent that this request calls for the production of documents subject to the attorney-client privilege or the attorney work-product doctrine. Plaintiff objects to this request on the ground that it seeks documents and information protected from disclosure by Texas Government Code § 323.017. Plaintiff objects to the request for documents "presented to, or considered, assessed, or reviewed by any Legislator" on the ground that it seeks documents within the control of third parties, including independent officers of the State of Texas, whose documents are not within Plaintiff's possession, custody, or control. Plaintiff objects to this request to the extent it encompasses documents publicly available and equally accessible to Defendant.

Subject to and without waiving the foregoing objections, Plaintiff will produce relevant, non-privileged documents that are responsive to this request on a rolling basis as they become available.

## REQUEST FOR PRODUCTION NO. 5:

The State's voter registration database, driver license database, personal identification card database, and concealed handgun license database in a format agreed upon by the parties, along will all available underlying data necessary for purposes of comparing the data in these databases against each other and the supplemental information necessary to render information reasonably usable to undertake an analysis of those data.

### RESPONSE:

Plaintiff objects to this request as overly broad, unduly burdensome, vague, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff objects to this request on the ground that it seeks information and documents protected from disclosure by privacy laws. Plaintiff objects to the extent the request presumes that the databases in question may be accurately or reliably compared against each other.

Subject to and without waiving the foregoing objections, Plaintiff will produce relevant non-privileged documents that are responsive to this request to the extent permitted by law on a rolling basis as they become available.

## REQUEST FOR PRODUCTION NO. 6:

Databases used by the State to produce two matches of registered-voter data against data sources maintained by the State's Department of Public Safety to the Attorney General on September 7, 2011; October 4, 2011; and January 12, 2012.

### RESPONSE:

Plaintiff objects to this request as overly broad, unduly burdensome, vague, and not reasonably calculated to lead to the discovery of admissible evidence insofar as it seeks production of "databases" without specifying what data is requested. Plaintiff objects to this request on the ground that it seeks information and documents protected from disclosure by privacy laws.  Plaintiff objects to this request to the extent it assumes that the databases in question are capable of capturing data as it existed on any specific date.

Subject to and without waiving the foregoing objections, Plaintiff will produce relevant non-privileged documents that are responsive to this request to the extent permitted by law on a rolling basis as they become available.

## REQUEST FOR PRODUCTION NO. 7:

All documents related to the factual allegation in paragraph 33 of the First Amended Complaint (Doc. 25) that "Texas's Voter-ID law was not enacted with the purpose of disenfranchising minority voters," including but not limited to each and every reason, justification, rationale, interest, or purpose related to the enactment of S.B. 14 and the nexus between any or all of the purposes and S.B. 14.

### RESPONSE:

Plaintiff objects to this request to the extent the information sought is overly broad, unduly burdensome, vague, ambiguous, and not reasonably specific.  Plaintiff objects to the extent the request seeks the production of documents that are not relevant or likely to lead to the discovery of admissible evidence.  Plaintiff also objects to the extent that this request calls for the production of documents subject to legislative privilege, deliberative process privilege, attorney-client privilege, or the attorney work-product doctrine.  Plaintiff objects to this request on the ground that it seeks documents and information protected from disclosure by Texas Government Code § 323.017. Plaintiff objects to this request on the ground that it calls for the production of  documents within the control of third parties, including

independent officers of the State of Texas, whose documents are not within Plaintiff's possession, custody, or control.

Subject to and without waiving the foregoing objections, Plaintiff will produce relevant, non-privileged documents that are responsive to this request on a rolling basis as they become available.

## REQUEST FOR PRODUCTION NO. 8:

All documents related to the factual allegations in paragraph 36 of the First Amended Complaint (Doc. 25) that S.B. 14 imposes a minor inconvenience on voters.

### RESPONSE:

Plaintiff objects to this request to the extent the information sought is overly broad, unduly burdensome, vague, ambiguous, and not reasonably specific. Plaintiff objects to the extent the request seeks the production of documents that are not relevant or likely to lead to the discovery of admissible evidence. Plaintiff also objects to the extent that this request calls for the production of documents subject to legislative privilege, deliberative process privilege, attorney-client privilege, or the attorney work-product doctrine. Plaintiff objects to this request on the ground that it seeks documents and information protected from disclosure by Texas Government Code § 323.017. Plaintiff objects to this request on the ground that it calls for the production of documents within the control of third parties, including independent officers of the State of Texas, whose documents are not within Plaintiff's possession, custody, or control. Plaintiff further objects to this request as unduly burdensome and premature in light of the fact that discovery is still ongoing.

Subject to and without waiving the foregoing objections, Plaintiff will produce relevant and non-privileged documents responsive to this request on a rolling basis as they become available.

## REQUEST FOR PRODUCTION NO. 9:

All documents related to the factual allegation in Claim One of the First Amended Complaint (Doc. 25) that S.B. 14 does not have the "effect of denying or abridging the right to vote on account of race or color, or because of membership in a language minority group."

### RESPONSE:

Plaintiff objects to this request as overly broad, unduly burdensome, vague, ambiguous, and not reasonably specific. Plaintiff also objects to the extent that this request calls for the production of documents subject to legislative privilege, deliberative process privilege, attorney-client privilege, or the attorney work-product doctrine. Plaintiff objects to this request on the ground that it seeks documents and information protected from disclosure by Texas Government Code § 323.017. Plaintiff objects to this request on the ground that it calls for the production of documents within the control of third parties, including independent officers of the State of Texas, whose documents are not within Plaintiff's possession, custody, or control.

Subject to and without waiving the foregoing objections, Plaintiff will produce relevant and non-privileged documents that are responsive to this request on a rolling basis as they become available.

## REQUEST FOR PRODUCTION NO. 10:

All documents related to communications between, among, or with Legislators, their staff, lobbyists, groups, organizations and other members of the public concerning the introduction, enactment, or implementation of S.B. 14.

### RESPONSE:

Plaintiff objects to this request on the ground that it calls for the production of documents subject to legislative privilege. Plaintiff objects to the extent this request calls for the production of documents subject to deliberative process privilege, attorney-client privilege, and the attorney work-product doctrine. Plaintiff objects to this request on the ground that it seeks documents and information protected from disclosure by Texas Government Code § 323.017. Plaintiff objects to this request on the ground that it calls for the production of documents within the control of third parties, including independent officers of the State of Texas, whose documents are not within Plaintiff's possession, custody, or control.

Subject to and without waiving the foregoing objections, Plaintiff will produce relevant, non-privileged documents that are responsive to this request on a rolling basis as they become available.

## REQUEST FOR PRODUCTION NO. 11:

All documents related to any calculations, reports, audits, estimates, projections, or other analyses of the effect that S.B. 14 will impose upon minority voters, on voters on account of race or color, or on voters who members of a language minority group.

### RESPONSE:

Plaintiff objects to this request as overly broad, unduly burdensome, vague, ambiguous, and not reasonably specific. Plaintiff also objects to the extent that this request calls for the production of documents subject to legislative privilege, deliberative process privilege, attorney-client privilege, or the attorney work-product doctrine. Plaintiff objects to this request on the ground that it seeks documents and information protected from disclosure by Texas Government Code § 323.017. Plaintiff objects to this request on the ground that it calls for the production of documents within the control of third parties, including independent officers of the State of Texas, whose documents are not within Plaintiff's possession, custody, or control.

Subject to and without waiving the foregoing objections, Plaintiff will produce relevant, non-privileged documents that are responsive to this request on a rolling basis as they become available.

## REQUEST FOR PRODUCTION NO. 12:

All documents related to plans to implement and administer the issuance of "election identification certificates" established by S.B. 14.

### RESPONSE:

Plaintiff objects to this request as overly broad, unduly burdensome, vague, ambiguous, and not reasonably specific. Plaintiff also objects to the extent that this request calls for the production of documents subject to legislative privilege, deliberative process privilege, attorney-client privilege, or the attorney work-product doctrine. Plaintiff objects to this request on the ground that it seeks documents and information protected from disclosure by Texas Government Code § 323.017. Plaintiff objects to this request on the ground that it calls for the production of documents within the control of third parties, including independent officers of the State of Texas, whose documents, communications, and deliberations are not within Plaintiff's possession, custody, or control. Plaintiff objects to this

request to the extent it encompasses documents publicly available and equally accessible to Defendant.

Subject to and notwithstanding the foregoing objections, Plaintiff will produce relevant, non-privileged documents that are responsive to this request on a rolling basis as they become available.

## REQUEST FOR PRODUCTION NO. 13:

All documents that list or otherwise identify any and all forms of photo identification issued by the State.

### RESPONSE:

Plaintiff objects to this request as overly broad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff objects to this request to the extent it seeks documents and information protected from disclosure by Texas Government Code § 323.017. Plaintiff objects to this request to the extent it calls for the production of documents within the control of third parties whose documents are not within Plaintiff's possession, custody, or control. Plaintiff further objects to this request to the extent it encompasses documents publicly available and equally accessible to Defendant.

Subject to and notwithstanding the foregoing objections, Plaintiff will produce relevant documents that are responsive to this request on a rolling basis as they become available.

## REQUEST FOR PRODUCTION NO. 14:

All documents related to any and all allegations concerning (a) in-person voter impersonation or other in-person voter fraud that occurred in the State of Texas from January 1, 2002, to the present and (b) instances of voting in Texas by persons who are not citizens of the United State from January 1, 2002, to the present.

### RESPONSE:

Plaintiff objects to this request as overly broad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff also objects to the extent that this request calls for the production of documents subject to legislative privilege, deliberative process privilege, attorney-client privilege, or the attorney work-product doctrine. Plaintiff objects to this request to the extent it seeks documents and information protected from disclosure by Texas Government Code § 323.017. Plaintiff objects to this request on the ground that it calls for the production of documents within the

control of third parties, including independent officers of the State and local governments, whose documents are not within Plaintiff's possession, custody, or control.

Subject to and without waiving the foregoing objections, Plaintiff will produce relevant, non-privileged documents that are responsive to this request on a rolling basis as they become available.

## REQUEST FOR PRODUCTION NO. 15:

All documents related to any calculations, reports, audits, estimates, projections, or other analyses of all activities that a person who is a registered voter, but does not have the requisite identification, must complete in order to obtain the documentation necessary to cast a valid ballot pursuant to S.B. 14.

### RESPONSE:

Plaintiff objects to this request as duplicative, overly broad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff also objects to the extent that this request calls for the production of documents subject to legislative privilege, deliberative process privilege, attorney-client privilege, or the attorney work-product doctrine. Plaintiff objects to this request to the extent it seeks documents and information protected from disclosure by Texas Government Code § 323.017. Plaintiff objects to this request on the ground that it calls for the production of documents within the control of third parties whose documents are not within Plaintiff's possession, custody, or control. Plaintiff objects to this request to the extend it encompasses documents publicly available and equally accessible to Defendant.

Subject to and without waiving the foregoing objections, Plaintiff will produce relevant, non-privileged documents that are responsive to this request on a rolling basis as they become available.

## REQUEST FOR PRODUCTION NO. 16:

All documents related to any reports, estimates, projections, or other analyses of the impact that S.B. 14, or other proposals to require voter applicants or voters to produce photo identification, will or may have on voter turnout or voter registration.

### RESPONSE:

Plaintiff objects to this request as overly broad, unduly burdensome, vague, ambiguous, and not reasonably specific. Plaintiff objects to the term "other

proposals" as vague, undefined, and not reasonably limited in time or scope. Plaintiff also objects to the extent that this request calls for the production of documents subject to legislative privilege, deliberative process privilege, attorney-client privilege, or the attorney work-product doctrine.   Plaintiff objects to this request to the extent it seeks documents and information protected from disclosure by Texas Government Code § 323.017.   Plaintiff objects to this request on the ground that it calls for the production of documents within the control of third parties whose documents are not within Plaintiff's possession, custody, or control. Plaintiff objects to this request to the extend it encompasses documents publicly available and equally accessible to Defendant.

Subject to and without waiving the foregoing objections, Plaintiff will produce relevant, non-privileged documents that are responsive to this request on a rolling basis as they become available.

## REQUEST FOR PRODUCTION NO. 17:

All documents related to any reports, estimates, projections, or other analyses of the impact that S.B. 14 will or may have on rates of use of and acceptance of provisional ballots.

### RESPONSE:

Plaintiff objects to this request as overly broad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence.   Plaintiff also objects to the extent that this request calls for the production of documents subject to legislative privilege, deliberative process privilege, attorney-client privilege, or the attorney work-product doctrine.   Plaintiff objects to this request to the extent it seeks documents and information protected from disclosure by Texas Government Code § 323.017.   Plaintiff objects to this request on the ground that it calls for the production of documents within the control of third parties whose documents are not within Plaintiff's possession, custody, or control.

Subject to and without waiving the foregoing objections, Plaintiff will produce relevant, non-privileged documents that are responsive to this request on a rolling basis as they become available.

## REQUEST FOR PRODUCTION NO. 18:

All documents related to implementation of S.B. 14 and training, voter education, and outreach concerning S.B. 14, including but not limited to training of county election officials, state agencies, and election-related organization or associations,; voter education; and mobile outreach or any other effort to provide voters who not

possess requisite photo identification under S.B. 14 with an election identification certificate or other form of identification accepted under S.B. 14.

**RESPONSE:**

Plaintiff objects to this request as overly broad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence.   Plaintiff also objects to the extent that this request calls for the production of documents subject to legislative privilege, deliberative process privilege, attorney-client privilege, or the attorney work-product doctrine.  Plaintiff objects to this request to the extent it seeks documents and information protected from disclosure by Texas Government Code § 323.017.   Plaintiff objects to this request on the ground that it calls for the production of documents within the control of third parties whose documents are not within Plaintiff's possession, custody, or control.   Plaintiff objects to this request as unduly burdensome and premature in light of the fact that discovery is ongoing.

Subject to and without waiving the foregoing objections, Plaintiff will produce relevant, non-privileged documents that are responsive to this request on a rolling basis as they become available.

## REQUEST FOR PRODUCTION NO. 19:

All documents related to the consideration of S.B. 362 (81st Legislature) and H.B. 218 (80th Legislature).

**RESPONSE:**

Plaintiff objects to this request as overly broad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence.  The universe of documents "related to the consideration" of any bill, particularly bills considered in previous legislatures, is incalculably large and cannot possibly be gathered, inspected, or produced by Plaintiff.   Plaintiff also objects to the extent that this request calls for the production of documents subject to legislative privilege, deliberative process privilege, attorney-client privilege, or the attorney work-product doctrine.  Plaintiff objects to this request to the extent it seeks documents and information protected from disclosure by Texas Government Code § 323.017.  Plaintiff objects to this request on the ground that it calls for the production of documents within the control of third parties, including independent officers of the State of Texas, whose documents are not within Plaintiff's possession, custody, or control.   Plaintiff objects to this request to the extent it encompasses documents publicly available and equally accessible to Defendant.  Plaintiff objects to the request for documents related to H.B. 218 as irrelevant.

Subject to and without waiving the foregoing objections, Plaintiff will produce relevant, non-privileged documents that are responsive to this request on a rolling basis as they become available.


Dated: March 30, 2012                    Respectfully Submitted,

                                         FOR THE PLAINTIFF:

                                         GREG ABBOTT
                                         Attorney General of Texas

                                         DANIEL T. HODGE
                                         First Assistant Attorney General

                                         */s/ Jonathan F. Mitchell*
                                         JONATHAN F. MITCHELL
                                         Solicitor General

                                         ADAM W. ASTON
                                         ARTHUR C. D'ANDREA
                                         JAMES P. SULLIVAN
                                         Assistant Solicitors General

                                         Office of the Attorney General
                                         P.O. Box 12548, Capitol Station
                                         209 W. 14th Street
                                         Austin, Texas  78701
                                         (512) 936-1695

                                         *Attorneys for the State of Texas*

## CERTIFICATE OF SERVICE

I certify that on March 30, 2012, I served the foregoing by electronic mail on the following counsel of record:

Elizabeth Stewart Westfall
Jennifer Lynn Maranzano
David J. Freeman
Bruce I. Gear
U.S. DEPARTMENT OF JUSTICE
Civil Rights Division, Voting Section
950 Pennsylvania Avenue, NW
NWB-Room 7202
Washington, DC 20530
(202) 305-7766/Fax: (202) 307-3961
Email: elizabeth.westfall@usdoj.gov
Email: daniel.freeman@usdoj.gov
Email: bruce.gear@usdoj.gov
Email: jennifer.maranzano@usdoj.gov

*Counsel for the United States*

Chad W. Dunn
BRAZIL & DUNN
4201 FM 1960 West, Suite 530
Houston, TX 77068
(281) 580-6310
Email: chad@brazilanddunn.com

J. Gerald Hebert
Attorney at Law
191 Somerville Street, #405
Alexandria, VA 22304
Telephone: 703-628-4673
hebert@voterlaw.com

*Counsel for Eric Kennie, Anna Burns, Michael Montez*
*Penny Pope, Marc Veasey, Jane Hamilton, David De La Fuente,*
*Lorraine Birabil, Daniel Clayton, and Sergio Deleon*

Mark A. Posner
LAWYERS' COMMITTEE FOR CIVIL RIGHTS
1401 New York Avenue, NW, Suite 400
Washington, DC 20005
(202) 307-1388
Email: mposner@lawyerscommittee.org

Ezra D. Rosenberg *Admitted Pro Hac Vice*
DECHERT LLP
902 Carnegie Center, Suite 500
Princeton, NJ 08540
(609) 955-3200/Fax: (609) 955-3259
Email: ezra.rosenberg@dechert.com

*Counsel for Texas State Conference of NAACP Branches,*
*Mexican American Legislative Caucus of the Texas House*
*of Representatives*

Ryan Haygood
Natasha M. Korgaonkar
Leah C. Aden
NAACP Legal Defense and
Educational Fund, Inc.
99 Hudson Street, Suite 1600
New York, New York 10013
(212) 965-2200
(212) 226-7592
Email: rhaygood@naacpldf.org
Email: nkorgaonkar@naacpldf.org
Email: laden@naacpldf.org

*Counsel for Texas League of Young Voters Education Fund,*
*Imani Clark, KiEssence Culbreath, Demariano Hill, Felicia*
*Johnson, Dominique Monday, and Brianna Williams*


/s/ *Jonathan F. Mitchell*
JONATHAN F. MITCHELL
Solicitor General