# EXHIBIT 8

CIVIL PRACTICE AND REMEDIES CODE

TITLE 5. GOVERNMENTAL LIABILITY

CHAPTER 110. RELIGIOUS FREEDOM

Sec. 110.001.  DEFINITIONS.  (a)  In this chapter:

(1)  "Free exercise of religion" means an act or refusal to act that is substantially motivated by sincere religious belief.  In determining whether an act or refusal to act is substantially motivated by sincere religious belief under this chapter, it is not necessary to determine that the act or refusal to act is motivated by a central part or central requirement of the person's sincere religious belief.

(2)  "Government agency" means:

(A)  this state or a municipality or other political subdivision of this state;  and

(B)  any agency of this state or a municipality or other political subdivision of this state, including a department, bureau, board, commission, office, agency, council, or public institution of higher education.

(b)  In determining whether an interest is a compelling governmental interest under Section 110.003, a court shall give weight to the interpretation of compelling interest in federal case law relating to the free exercise of religion clause of the First Amendment of the United States Constitution.

Added by Acts 1999, 76th Leg., ch. 399, Sec. 1, eff. Aug. 30, 1999.


Sec. 110.002.  APPLICATION.  (a)  This chapter applies to any ordinance, rule, order, decision, practice, or other exercise of governmental authority.

(b)  This chapter applies to an act of a government agency, in the exercise of governmental authority, granting or refusing to grant a government benefit to an individual.

(c)  This chapter applies to each law of this state unless the law is expressly made exempt from the application of this chapter by reference to this chapter.

Added by Acts 1999, 76th Leg., ch. 399, Sec. 1, eff. Aug. 30, 1999.


Sec. 110.003.  RELIGIOUS FREEDOM PROTECTED.  (a)  Subject to Subsection (b), a government agency may not substantially burden a person's free exercise of religion.

(b)  Subsection (a) does not apply if the government agency demonstrates that the application of the burden to the person:

(1)  is in furtherance of a compelling governmental interest;  and

(2)  is the least restrictive means of furthering that interest.

(c) A government agency that makes the demonstration required by Subsection (b) is not required to separately prove that the remedy and penalty provisions of the law, ordinance, rule, order, decision, practice, or other exercise of governmental authority that imposes the substantial burden are the least restrictive means to ensure compliance or to punish the failure to comply.

Added by Acts 1999, 76th Leg., ch. 399, Sec. 1, eff. Aug. 30, 1999.

Sec. 110.004. DEFENSE. A person whose free exercise of religion has been substantially burdened in violation of Section 110.003 may assert that violation as a defense in a judicial or administrative proceeding without regard to whether the proceeding is brought in the name of the state or by any other person.

Added by Acts 1999, 76th Leg., ch. 399, Sec. 1, eff. Aug. 30, 1999.

Sec. 110.005. REMEDIES. (a) Any person, other than a government agency, who successfully asserts a claim or defense under this chapter is entitled to recover:
    (1) declaratory relief under Chapter 37;
    (2) injunctive relief to prevent the threatened violation or continued violation;
    (3) compensatory damages for pecuniary and nonpecuniary losses; and
    (4) reasonable attorney's fees, court costs, and other reasonable expenses incurred in bringing the action.
  (b) Compensatory damages awarded under Subsection (a)(3) may not exceed $10,000 for each entire, distinct controversy, without regard to the number of members or other persons within a religious group who claim injury as a result of the government agency's exercise of governmental authority. A claimant is not entitled to recover exemplary damages under this chapter.
  (c) An action under this section must be brought in district court.
  (d) A person may not bring an action for damages or declaratory or injunctive relief against an individual, other than an action brought against an individual acting in the individual's official capacity as an officer of a government agency.
  (e) This chapter does not affect the application of Section 498.0045 or 501.008, Government Code, or Chapter 14 of this code.

Added by Acts 1999, 76th Leg., ch. 399, Sec. 1, eff. Aug. 30, 1999.

Sec. 110.006. NOTICE; RIGHT TO ACCOMMODATE. (a) A person may not bring an action to assert a claim under this chapter unless, 60 days before bringing the action, the person gives written notice to the government agency by certified mail, return receipt requested:

        (1) that the person's free exercise of religion is substantially burdened by an exercise of the government agency's governmental authority;
        (2) of the particular act or refusal to act that is burdened; and
        (3) of the manner in which the exercise of governmental authority burdens the act or refusal to act.
    (b) Notwithstanding Subsection (a), a claimant may, within the 60-day period established by Subsection (a), bring an action for declaratory or injunctive relief and associated attorney's fees, court costs, and other reasonable expenses, if:
        (1) the exercise of governmental authority that threatens to substantially burden the person's free exercise of religion is imminent; and
        (2) the person was not informed and did not otherwise have knowledge of the exercise of the governmental authority in time to reasonably provide the notice.
    (c) A government agency that receives a notice under Subsection (a) may remedy the substantial burden on the person's free exercise of religion.
    (d) A remedy implemented by a government agency under this section:
        (1) may be designed to reasonably remove the substantial burden on the person's free exercise of religion;
        (2) need not be implemented in a manner that results in an exercise of governmental authority that is the least restrictive means of furthering the governmental interest, notwithstanding any other provision of this chapter; and
        (3) must be narrowly tailored to remove the particular burden for which the remedy is implemented.
    (e) A person with respect to whom a substantial burden on the person's free exercise of religion has been cured by a remedy implemented under this section may not bring an action under Section 110.005.
    (f) A person who complies with an inmate grievance system as required under Section 501.008, Government Code, is not required to provide a separate written notice under Subsection (a). In conjunction with the inmate grievance system, the government agency may remedy a substantial burden on the person's free exercise of religion in the manner described by, and subject to, Subsections (c), (d), and (e).
    (g) In dealing with a claim that a person's free exercise of religion has been substantially burdened in violation of this chapter, an inmate grievance system, including an inmate grievance system required under Section 501.008, Government Code, must provide to the person making the claim a statement of the government agency's rationale for imposing the burden, if any exists, in connection with any adverse determination made in connection with the claim.

Added by Acts 1999, 76th Leg., ch. 399, Sec. 1, eff. Aug. 30, 1999.

Sec. 110.007. ONE-YEAR LIMITATIONS PERIOD. (a) A person must bring an action to assert a claim for damages under this chapter not later than one year after the date the person knew or should have known of the substantial burden on the person's free exercise of religion.

(b) Mailing notice under Section 110.006 tolls the limitations period established under this section until the 75th day after the date on which the notice was mailed.

Added by Acts 1999, 76th Leg., ch. 399, Sec. 1, eff. Aug. 30, 1999.

Sec. 110.008. SOVEREIGN IMMUNITY WAIVED. (a) Subject to Section 110.006, sovereign immunity to suit and from liability is waived and abolished to the extent of liability created by Section 110.005, and a claimant may sue a government agency for damages allowed by that section.

(b) Notwithstanding Subsection (a), this chapter does not waive or abolish sovereign immunity to suit and from liability under the Eleventh Amendment to the United States Constitution.

Added by Acts 1999, 76th Leg., ch. 399, Sec. 1, eff. Aug. 30, 1999.

Sec. 110.009. EFFECT ON RIGHTS. (a) This chapter does not authorize a government agency to burden a person's free exercise of religion.

(b) The protection of religious freedom afforded by this chapter is in addition to the protections provided under federal law and the constitutions of this state and the United States. This chapter may not be construed to affect or interpret Section 4, 5, 6, or 7, Article I, Texas Constitution.

Added by Acts 1999, 76th Leg., ch. 399, Sec. 1, eff. Aug. 30, 1999.

Sec. 110.010. APPLICATION TO CERTAIN CASES. Notwithstanding any other provision of this chapter, a municipality has no less authority to adopt or apply laws and regulations concerning zoning, land use planning, traffic management, urban nuisance, or historic preservation than the authority of the municipality that existed under the law as interpreted by the federal courts before April 17, 1990. This chapter does not affect the authority of a municipality to adopt or apply laws and regulations as that authority has been interpreted by any court in cases that do not involve the free exercise of religion.

Added by Acts 1999, 76th Leg., ch. 399, Sec. 1, eff. Aug. 30, 1999.

Sec. 110.011. CIVIL RIGHTS. (a) Except as provided in Subsection (b), this chapter does not establish or eliminate a defense to a civil action or criminal prosecution under a federal or state civil rights law.

(b) This chapter is fully applicable to claims regarding the employment, education, or volunteering of those who perform duties, such

TX_00006827

as spreading or teaching faith, performing devotional services, or internal governance, for a religious organization. For the purposes of this subsection, an organization is a religious organization if:

(1) the organization's primary purpose and function are religious, it is a religious school organized primarily for religious and educational purposes, or it is a religious charity organized primarily for religious and charitable purposes; and

(2) it does not engage in activities that would disqualify it from tax exempt status under Section 501(c)(3), Internal Revenue Code of 1986, as it existed on August 30, 1999.

Added by Acts 1999, 76th Leg., ch. 399, Sec. 1, eff. Aug. 30, 1999.


Sec. 110.012.  GRANT TO RELIGIOUS ORGANIZATION NOT AFFECTED. Notwithstanding Section 110.002(b), this chapter does not affect the grant or denial of an appropriation or other grant of money or benefits to a religious organization, nor does it affect the grant or denial of a tax exemption to a religious organization.

Added by Acts 1999, 76th Leg., ch. 399, Sec. 1, eff. Aug. 30, 1999.

TRANSPORTATION CODE

TITLE 7. VEHICLES AND TRAFFIC

SUBTITLE B. DRIVER'S LICENSES AND PERSONAL IDENTIFICATION CARDS

CHAPTER 521. DRIVER'S LICENSES AND CERTIFICATES

Sec. 521.101. PERSONAL IDENTIFICATION CERTIFICATE. (a) The department shall issue personal identification certificates.

(b) A personal identification certificate must be similar in form to, but distinguishable in color from, a driver's license.

(c) The department shall indicate "UNDER 21" on the face of a personal identification certificate issued to a person under 21 years of age.

(d) The department may require each applicant for an original, renewal, or duplicate personal identification certificate to furnish to the department the information required by Section 521.142.

(e) The department may cancel and require surrender of a personal identification certificate after determining that the holder was not entitled to the certificate or gave incorrect or incomplete information in the application for the certificate.

(f) A certificate expires on a date specified by the department, except that a certificate issued to a person 60 years of age or older does not expire.

(f-1) A personal identification certificate issued to a person whose residence or domicile is a correctional facility or a parole facility expires on the first birthday of the license holder occurring after the first anniversary of the date of issuance.

(g) An individual, corporation, or association may not deny the holder of a personal identification certificate access to goods, services, or facilities, except as provided by Section 521.460 or in regard to the operation of a motor vehicle, because the holder has a personal identification certificate rather than a driver's license.

(h) The department shall automatically revoke each personal identification certificate issued by the department to a person who:

(1) is subject to the registration requirements of Chapter 62, Code of Criminal Procedure; and

(2) fails to apply to the department for renewal of the personal identification certificate as required by Article 62.060, Code of Criminal Procedure.

(i) The department may issue a personal identification certificate to a person whose certificate is revoked under Subsection (h) only if the person applies for an original or renewal certificate under Section 521.103.

(j) The department may not issue a personal identification certificate to a person who has not established a domicile in this state.

SUBCHAPTER F. APPEARANCE OF DRIVER'S LICENSE

Sec. 521.121. GENERAL INFORMATION ON DRIVER'S LICENSE.

(a) The driver's license must include:

(1) a distinguishing number assigned by the department to the license holder;

(2) a color photograph of the entire face of the holder;

(3) the full name and date of birth of the holder;

(4) a brief description of the holder; and

(5) the license holder's residence address or, for a license holder using the procedure under Subsection (c), the street address of the courthouse in which the license holder or license holder's spouse serves as a federal judge or state judge.

TX_00006830

Case 1:12-cv-00128-RMC-DST-RLW   Document 136-10   Filed 05/21/12   Page 9 of 12

 **Associated Press**

Dec. 18, 2011

Hon. Patricia F. Harless
Texas House of Representatives, District 126
State Capitol, Room E2.410
Austin, Texas

Dear Rep. Harless:

This is a request under the Texas Public Information Act (Chapter 552 of the Government Code) as well as Article I, Section 8, the Texas Constitution, the First Amendment to the United States Constitution, the common law of the State of Texas and all other law providing for public access to government information:

All documents, regardless of format, including but not limited to e-mails, letters, memoranda, faxes, fax cover sheets, phone messages, contracts, applications, proposals, invoices, etc., from January 1, 2010, to the present day for the following:

Any and all documents (including electronic mail) received from, sent to, regarding, referencing, mentioning, or including Patricia Harless; Colby Beuck, chief of staff; Julie Scott; any other member or employee of the representative's office, or district office; Robert Haney; Julia Bass; Stacey Nicchio; Christopher A. Griesel; any other officer or employee of the House of Representatives; any other member, officer, or employee of the Texas Legislature, including the Lieutenant Governor; any other elected official of the State of Texas, another State, the District of Columbia, a commonwealth, territory, or possession of the United States, and the United States, their staff, employees, or representatives; any local, state, or national official, employee, lobbyist, or representative of a political party required by Texas law to hold a primary; Gordon Johnson, Rob Johnson Jr., Gerardo Inperiano; Eric Opiela; Mike Hull; Scott Simms; any employees of those persons and persons acting on their behalf; representatives of American Legislative Exchange Council, and any other outside consultants, organizations, and their representatives or lobbyists; related to the topic of voter photo identification and/or new laws or proposals to require photo identification of voters. 2

In addition to all information responsive to this request held by you on state-owned computers, computer systems, or networks or otherwise maintained in your Capitol and district offices or other state-owned offices, I am also requesting all responsive documents that were originated through, received by, or maintained on all other private computers available for your use, or the use of anyone acting under your direction, advice, counsel, or suggestion, that were sent to or from you or anyone acting under your direction, advice, counsel, or suggestion using private e-mail accounts, and/or were communicated by telephone or text message to or from any of your private business telephone numbers.

1100 13th St. NW, Suite 700, Washington, DC 20005-4076
T: 202.641.9000 voice; www.ap.org

TX_00007066

If you have any questions about the nature or scope of this request, please call me at the phone number listed below. If you determine that all or some portion of the information requested is excepted from required disclosure, I request that you provide me with the portions of the requested information that are public and reasonably segrable from that which you believe is excepted. If any records are in active use or in storage, please certify this fact in writing and set a date and hour within a reasonable time when the records will be available, as required by Section 552.221 of the Act.

If you determine that all or some portion of the information requested is excepted from required public disclosure under a particular exception, I request that you advise me as to which exceptions you believe apply through email at sgamboa@ap.org or by phone at 202-641-9537.

(202) 365-2741 cell

If you rely on a previous determination, please advise me of the applicable court decision or Attorney General's opinion. If there is no such determination, please advise me of the request for such an opinion, as required under Section 552.301 of the Act, and a dated copy of your letter to the Attorney General. I call your attention to Section 522.353 of the Act, which provides penalties for a failure to release public records.

I am prepared to pay reasonable costs for copying, within the guidelines set by Sections 552.261, 552.262, 552.263, 552.267, 552.268 and 552.269.

Please provide the records, if possible, in email form and if too large, on an electronic storage device such as USB flash drive or CD. I am willing to provide either for your convenience.

Please provide the records if possible in email form and if too large on an electronic storage device such as USB flash drive or CD. I am willing to provide either for your convenience.

I appreciate your attention to this and expect to hear from your office as promptly as possible, but in any event, not more than 10 days from today's date.

Sincerely,


Suzanne Gamboa
The Associated Press
Reporter

CC: Karen Kaiser, AP general counsel

# Colby Beuck

| | |
|---|---|
| **From:** | Jessica Gomez [jgomez@Advocacyinc.org] |
| **Sent:** | Friday, February 25, 2011 7:21 PM |
| **To:** | Colby Beuck |
| **Subject:** | 50% va disability & social security disability |
| **Attachments:** | va ratings for unemployability.doc |

Hi Colby,

I did some research on the VA disability ratings. Since the threshold for social security disability is proving that you can't work, I looked at what the VA disability ratings were for those who are unemployable because of their disability. If you are unemployable, you automatically have a VA rating of at least 60%, possible more if you have more than one disability. I think that means that those on social security would rate at least 50% on the VA disability scale – so we are on the right track providing the exemption for those that receive ss or va benefits. However, this is definitely a rating used only by the military and others with disabilities won't be familiar with it, or know what their rating is. So I would suggest saying you that you meet the exemption if you receive social security benefits OR have a VA disability rating of at least 50%. I'm attaching the ratings research, which I found here, halfway down the page under "General Policy in Rating" http://www.benefits.va.gov/warms/bookc.asp

In addition, I think we should make sure that people who are already registered to vote and are eligible for the exemption can receive a new voter registration card with an indication that they have the exemption.

I'm also a little worried that some members might have a problem with the affidavit in place of providing documentation. Have you talked with other committee members about the exemption? I have a little bit of a sense of where the opposition might come from since I talked with many members' office about the exemption this week. Call me if you'd like to discuss.

Thanks again for your work on this!

Jessica Gomez
Voting Rights Policy Specialist
Advocacy, Inc (soon to be Disability Rights Texas)
7800 Shoal Creek Blvd
Austin, TX 78757
512.407.2732

1

TX_00007207



7800 Shoal Creek Blvd
Austin, TX 78757
voice/tdd: 512.454.4816
intake: 800.252.9108
fax: 512.323.0902
jgomez@advocacyinc.org
www.advocacyinc.org

## Voter ID Disability Exemption

The disability exemption in SB 14 currently reads:

(i)  An applicant who wishes to receive an exemption on the basis of disability from the requirements of Section 63.001(b) must include a certification from a physician that the person has a disability as defined by Section 21.002, Labor Code, with the person's application.

SECTION 2.  Section 15.001, Election Code, is amended by adding Subsection (c) to read as follows:

(c)  A certificate issued to a voter who meets the certification requirements of Section 13.002(i) must contain an indication that the voter is exempt from the requirement to present identification other than the registration certificate before being accepted for voting.

**Why is the exemption needed?**
- Transportation
    - Many people with disabilities do not drive, and therefore do not have driver's licenses
    - Public transportation is not available in rural areas, making it difficult to get to a DPS office to obtain photo ID
- Fixed Incomes
    - Many people with disabilities live on very low, fixed incomes, making the cost of obtaining supporting documents (such as a birth certificate) prohibitive
- Institutional Residents
    - Many people with disabilities live in institutional settings, where it is often unnecessary to have a photo ID and is difficult to obtain one
- Physical Immobility
    - Some people have severe physical disabilities that confine them to their homes or relatives' homes
- Low Voter Turnout
    - People with disabilities are already less likely to vote because of perceived barriers

**Problems with the current exemption:**
- Some members have expressed confusion about the exemption, the definition of disability, and who would be eligible to receive the exemption.
- Obtaining a physician's certification of disability can be difficult and potentially costly.

TX_00007208