## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **STATE OF TEXAS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. 12-cv-128** |
| | ) | **(DST, RMC, RLW)** |
| **ERIC H. HOLDER, JR.,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

## ORDER

Before the Court are the United States' and Defendant-Intervenors' Motions to Clarify the

Trial Schedule (Dkt. Nos. 88 and 85).  The United States and Defendant-Intervenors filed these

motions because they contend that there is not sufficient time to complete discovery and prepare

this case for trial on July 9, 2012.  This Court has carefully considered the parties' briefs, oral

argument, and the entire record in this case, particularly the parties' representations at the

numerous discovery and status conferences in this expedited matter and the parties' conduct

during the discovery process thus far.   Accordingly, the Court finds as follows:

1.   From the outset, the movants expressed concern about the July 9 trial date, noting the

difficulties associated with gathering documents, deposing witnesses, litigating privilege claims,

analyzing database information, preparing expert reports, and completing all of the myriad tasks

necessary to complete discovery and prepare a case of this significance and magnitude for trial.

2.   Texas, on the other hand, expressed a strong and clear desire from the outset to set the

earliest possible trial date, so that if this Court were to grant preclearance of S.B. 14, such a

ruling could be entered in time to allow the law to be implemented during Texas' November 2012

elections. Texas stated at the beginning, and has repeatedly contended since, that all of the

discovery and trial preparation could be conducted expeditiously and efficiently so that a trial well before the November elections was possible.

3.   Notwithstanding the concerns of the United States and Defendant-Intervenors, this Court has sought an early trial.  Consequently, the three members of this Court have made this case a priority over our numerous other cases, coordinated our busy schedules, and set aside time for a trial during the week of July 9 so that we may issue a ruling in time for the November elections.

4.   As this Court set forth in the Order of May 7, 2012 (Dkt. # 107), at the status hearing on May 3, and on numerous other occasions, Texas has not conducted discovery in this case in a reasonable and expeditious manner.  Indeed, Texas' dilatory conduct caused this Court to order Texas to certify under oath that it had the ability to comply with future deadlines in this case so that the trial can go forth on July 9.  Id.  While Texas averred that it would comply with future deadlines "to the extent reasonably possible," Dkt. 112 at 1, it also explained that it did not believe it could make a certification under oath because the actions required were dependent upon the behavior of third parties.  That said, Texas immediately missed some of the deadlines set forth in the May 7 Order—deadlines of which it had complete control.   Texas made representations at the May 3 status hearing as to when it would finally produce the state databases to Defendants, but Texas missed those deadlines and produced some data with missing fields and some data in formats that were corrupted or otherwise not fully usable, causing further delay.

5.   The questions under the Voting Rights Act, 42 U.S.C. § 1973c, presented here are too important to let even Texas' missed discovery and failure to submit the certification force a change to the July 9 trial date.  Despite the fact that patience and equity do not count in Texas' favor when considering discovery and scheduling issues, the statute requires our best efforts for

an early trial date.  The United States has made the representation that it is able to produce its

expert reports by June 1 based on Texas' data, and this Court accordingly will not delay the trial

on that basis.  The Defendant-Intervenors have represented that, given the additional delay in the

production of Texas' databases, they are unable to complete their expert reports by June 1.  Over

the Defendant-Intervenors' objection, this Court will deny the motion to continue the trial date

and will modify the schedule as described below to attempt to ameliorate some of the prejudice

to the Defendant-Intervenors.[1]

　　6.   At this point, the Court finds that it is doubtful that the federal database information

sought by Texas can be produced in time for it to be incorporated into the parties' expert reports

and expert testimony.  Neither the United States nor Texas, however, is moving to continue the

trial on that ground.  The Attorney General has taken the position that the agencies who have

possession, custody or control of those federal databases are not parties to this case' lodged an

objection to Texas' discovery request; and advised Texas to serve a subpoena on those agencies.

The Court notes that Texas did not raise its desire to seek the federal database information at the

outset of discovery, during the Rule 26(f) conference between the parties, or during numerous

early status conferences with the Court.  Texas waited nearly one month into the expedited

discovery period to serve a request for production of documents seeking the federal agency

---

[1]   The Court is sympathetic to the time pressures that have been placed on the Defendant-
Intervenors, but this Court stated from the outset that the participation of the Defendant-
Intervenors pursuant to Fed. R. Civ. P. 24(b) was subject to maintaining the expedited schedule
set by the Court.   The expert report deadline for the Defendant-Intervenors is extended until
June 8 to give their experts one additional week to complete their independent analyses of the
Texas data, and if the experts cannot complete their own analyses by that deadline, Defendant-
Intervenors  have the option of having their experts consult with the Attorney General's experts
as appropriate, or having their experts submit reports based upon the opinions in the June 1
reports (including by serving as "secondary experts" to the Attorney General's experts).  See e.g.
Gussack Realty Co. v. Xerox Corp., 224 F.3d 85, 94-95 (2d Cir. 2000) (expert testimony proper
even though expert did not conduct own tests but instead relied on data provided by another
expert and third party); Federal Judicial Center, Reference Manual on Scientific Evidence at 375-
76 (3rd ed. 2011).

database information[2], and despite being put on notice as of at least April 21 of the position of

the Attorney General that this information would need to be sought pursuant to third-party

subpoena, Texas has inexplicably failed to serve any such subpoena to commence the process of

gathering the data.  On May 21, thirty days after being informed of the position of the Attorney

General, Texas filed a motion to compel to production of the federal database information.[3]  See

Dkt. # 130.  Given Texas' delay in joining the issue, and Texas' representation that it does not

wish to continue the July 9 trial date even if the federal data is not available in time for its use

during the trial, the likely lack of federal database information is insufficient grounds to continue

the trial date.

7.   This ruling is without prejudice to movants if further discovery problems arise between

now and the trial.  At this point, the Court finds that the trial can and should be held during the

week of July 9, 2012.

**IT IS THEREFORE ORDERED** the United States' and Defendant-Intervenors'

Motions to Clarify the Trial Schedule (Dkt. Nos. 88 and 85) are **DENIED** to the extent that said

motions sought to continue the July 9 trial date.

**IT IS FURTHER ORDERED** that the trial in this matter is scheduled to commence on

July 9, 2012 and last for no more than five days.

**IT IS FURTHER ORDERED** that the following deadlines shall govern this case:

---

[2]     Texas has now sought additional federal data, regarding the United States citizenship of
registered Texas voters, by interrogatories served on May 9.
[3]     The Court ordered the parties to address the issue of the party status of the federal
agencies and the Attorney General's possession, custody or control of the federal databases at the
May 18 status conference to ascertain the basis of the respective positions of the parties, but
nothing was presented at that hearing to demonstrate that the objection of the Attorney General
was in bad faith or without basis.  The Court has taken it upon itself to attempt to facilitate the
potential discovery of the federal database information and has done everything it can at this
point to assist in this regard.

May 21, 2012:          Last date to file discovery motions, including those with respect to the depositions occurring the week of May 14, 2012 regarding state legislative privilege, except as otherwise ordered by the Court.

May 24, 2012:          Oppositions to discovery motions filed on May 21, 2012. (Oppositions to motions filed before May 21, 2012, are due three business days after the Motion).

May 29, 2012:          Replies in support of discovery motions filed on May 21, 2012.  (Replies in support of Motions filed before May 21, 2012, are due two business days after the Oppositions).

June 1, 2012:          Expert disclosures due for Texas and the Attorney General (Dkt. No. 43 at ¶ 8).

June 8, 2012:          Rebuttal expert disclosures due to June 1 reports (Id.), and initial/rebuttal expert disclosures due for Defendant-Intervenors.

June 15, 2012:          Fact and expert discovery closes (Id. at ¶ 9)

June 20, 2012:          1.  By 5:00 p.m. EST, the parties shall file a Notice with the Court identifying by name (and if applicable, official title) of all witnesses, including experts, the party intends to call as a live witness, and providing a brief summary of the witness's testimony and why the testimony should be presented live rather than through the paper record.

2.  By 5:00 p.m. EST, Texas shall file its Proposed findings of fact and conclusions of law in accordance with Appendix A. (Dispositive motion briefing in Dkt. No. 43 is vacated as is the pretrial conference).

3.  All motions in limine due.

4.  Joint appendix due.

June 25, 2012:   1.  By 5:00 p.m. EST, the Defendants and Defendant-Intervenors shall file their Oppositions and Additional proposed findings of fact and conclusions of law in accordance with Appendix A.

2.  Oppositions to motions in limine due.

June 29, 2012:   1.  By 5:00 p.m. EST, Texas shall file its Reply to the Defendant and Defendant-Intervenors' Opposition and Additional  proposed findings of fact and conclusions of law in accordance with Appendix A.

2.  Any replies to motions in limine due.

July 2, 2012:   Defendants and Defendant-Intervenors shall file their Reply in support of their proposed findings of fact and conclusions of law in accordance with Appendix A.

July 5, 2012:   The Court shall notify the parties which witness testimony it will hear live at the trial during the week of July 9th.

July 9-13, 2012:   The Court will hear live testimony from the witnesses it identified on July 5, 2012.

**SO ORDERED**.

Date:  May 22, 2012

<div style="margin-left:50%">

_____ /s/ _____
DAVID S. TATEL
United States Circuit Judge


_____ /s/ _____
ROSEMARY M. COLLYER
United States District Judge


_____ /s/ _____
ROBERT L. WILKINS
United States District Judge

</div>

## APPENDIX A

## PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW

The parties shall comply with the following instructions when briefing proposed findings of fact and conclusions of law ("FoFs/CoLs"):

I.   Texas and Defendants/Defendant-Intervenors (as a group) shall each be allocated a total of one hundred and fifteen (115) pages to brief proposed FoFs/CoLs.

   a.   Texas shall have no more than forty-five (45) pages to set forth its proposed FoFs/CoLs.

   b.   Defendants/Defendant-Intervenors shall have no more than forty-five (45) pages to respond to Texas' proposed FoFs/CoLs.

   c.   Defendants/Defendant-Intervenors shall have an additional forty-five (45) pages to set forth their additional proposed FoFs/CoLs.

   d.   Texas shall have no more than forty-five (45) pages to respond to Defendants/Defendant-Intervenors' proposed FoFs/CoLs. Texas shall have an additional twenty-five (25) pages for its reply in support of its proposed FoFs/CoLs.

   e.   Defendants/Defendant-Intervenors shall have no more than twenty-five pages (25) pages for their reply in support of their proposed FoFs/CoLs.

   f.   All text shall be double-spaced and in **thirteen point** Times New Roman, and margins shall be set at one inch.

   g.   Each submission shall be accompanied by a table of contents and a table of authorities, neither of which shall count towards page limitations.

II.  The parties shall file a single appendix with **sequentially numbered pages and exhibits**.

   **a.**   The appendix must include **all the evidence upon which the parties intend to rely**. That evidence may include, among other things: affidavits and declarations; deposition testimony; expert reports; jointly stipulated facts; documents and interrogatory responses; and legislative history.

b.   Exhibits shall be **properly edited** to provide the Court with sufficient context, but to exclude irrelevant material.

      c.     The parties shall use optical character recognition or an analogous technology to convert scanned images of handwritten, typewritten, or printed text into machine-encoded text.

III.    When proposing FoFs/CoLs, a party shall set forth a statement of any and all proposed FoFs/CoLs in **sequentially numbered paragraphs**.

      a.    Each paragraph must include **precise citations** to the relevant support. For proposed FoFs, that should be the appendix. For proposed CoLs, that should be the relevant legal authority. In addition, when setting forth proposed CoLs, the parties should include legal argument, and should cite back to their **supporting proposed FoFs**, correlating their legal argument with the underlying factual support.

      b.    Each paragraph of the proposed FoFs must be limited to a single factual assertion or a group of **closely related** assertions.

IV. When opposing proposed FoFs/CoLs, the opposing party shall respond to each paragraph of the other side's proposed FoFs/CoLs with a **correspondingly numbered paragraph**.

      a.    For each paragraph, the opposing party must set forth **any and all information directly relevant to its opposition**. That response may include, among other things: any basis for concluding that the materials relied upon do not establish the proffered factual assertion or legal principle; any and all evidentiary objections to the materials relied upon; and precise citations to contradictory or competing evidence in the appendix.

      b.    If a paragraph is undisputed, in whole or in part, the party must so indicate. **If a party fails to respond to a paragraph, the Court may deem that paragraph to be undisputed**.

      c.    **If an evidentiary objection is not expressly identified and argued, it will be deemed to be waived.**

V.  At all times and in all submissions, the parties must furnish **precise citations** to the appendix when proposing FoFs and CoLs; the Court need not consider materials not specifically identified.

VI. Courtesy copies of all submissions shall be delivered to the Court Security Officer at the loading dock located at Third and C Streets (not the Clerk's Office or Chambers).

      a.    All hard copies shall be appropriately bound and tabbed for ease of reference.

      b.    For the appendix, the parties shall deliver four (4) courtesy copies instead of six, all addressed to the Chambers of Judge Collyer.

VII.    Within five (5) business days of the deadline for filing their submissions, the parties shall submit hyperlinked versions of their submissions. The hyperlinks should link to the precise page of the appendix or relevant legal authority cited. Should the parties have any questions about the Court's technological capabilities or preferences, they may contact the Chambers of Judge Collyer.