**THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

STATE OF TEXAS,

*Plaintiff*

vs.

ERIC H. HOLDER, JR.,
in His Official Capacity as Attorney General of
     the United States,

*Defendant*.

Case No. 1:12-CV-00128

(RMC, DST, RLW)
Three-Judge Court

<u>STATE OF TEXAS' JOINT APPENDIX</u>

# ATTACHMENT 29



# Paul Bettencourt

*Harris County Tax Assessor-Collector and Voter Registrar*

## REQUEST FOR HEARING

I, ___Tessia Zenon___ , do hereby request a hearing to determine my eligibility for voter registration.

_Tessia Zenon_
Signature of Applicant

I, the witness for this person, do affirm that I signed the document in the presence of the person who is unable to sign his/her name.

_____
Printed Name of Person who cannot sign

_Deborah Ann Bell Smith_
Printed Name of Witness

_Deborah Ann Bell Smith_
Signature of Witness

_5508 Marwood_     or,    _Paul Bettencourt_
Residence Address of Witness          Title of Witness if an Election Official

Statement: _2nd Registration Card Not her Signature. 1st Card Correct_

**Instruction:**
If the person required to sign this document cannot sign his/her name because of physical disability or illiteracy, he/she must affix his/her mark to the document or paper and a witness must attest the mark. If the person cannot make his/her mark, the witness must state that fact on the document or paper.

**Instruction to Applicant:**
The request for hearing must be submitted to the voter registrar not later than the 10th day after the date of the challenge, which is noted on the form "Notice of Challenge of Application." The voter registrar will mail you a written notice of the date, hour, and place set for the hearing. The hearing will be held not later than the 10th day after the date the hearing request is filed or made or at a later date at your request.

Please mail your request for a hearing to:

The Honorable Paul Bettencourt
Harris County Tax Assessor-Collector and Voter Registrar
P. O. Box 3527
Houston, TX 77253-3527

or deliver to:

Voter Registration Department
1001 Preston, Room 200
Houston, TX 77002

Revised 10/16/00

**1001 Preston, Room 200**          **Houston, Texas 77002**          **(713) 368-2200**

Prescribed by Secretary of State
Section 13.076, V.T.C.A., Election Code
1/86



# Paul Bettencourt

*Harris County Tax Assessor-Collector and Voter Registrar*

## REQUEST FOR HEARING

I, ___*Leitha Jo Fann Williams*___ do hereby request a hearing to determine my eligibility
for voter registration.

___*Leitha Jo Fann Williams*___
Signature of Applicant

I, the witness for this person, do affirm that I signed the document in the presence of the
person who is unable to sign his/her name.

_____
Printed Name of Person who cannot sign

_____
Printed Name of Witness

_____
Signature of Witness

_____          or, ___*Paul Bettencourt*___
Residence Address of Witness                         Title of Witness if an Election Official

Statement: ___Did Cnd Not Ms williams not her signature. PB___

Instruction:
If the person required to sign this document cannot sign his/her name because of physical disability or
illiteracy, he/she must affix his/her mark to the document or paper and a witness must attest the mark. If the
person cannot make his/her mark, the witness must state that fact on the document or paper.

Instruction to Applicant:
The request for hearing must be submitted to the voter registrar not later than the 10th day after the date of
the challenge, which is noted on the form "Notice of Challenge of Application." The voter registrar will mail
you a written notice of the date, hour, and place set for the hearing. The hearing will be held not later than the
10th day after the date the hearing request is filed or made or at a later date at your request.

Please mail your request for a hearing to:

The Honorable Paul Bettencourt
Harris County Tax Assessor-Collector and Voter Registrar
P. O. Box 3527
Houston, TX 77253-3527

or deliver to:

Voter Registration Department
1001 Preston, Room 200
Houston, TX 77002

Revised 10/16/00

TX_00002356
JA_005115

TX_00002356

**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark Here

Ms. Deborah Acosta
4210 Cavalcade # 4
Houston, TX 77026

PS Form 3800, February 2000          See Reverse for Instructions

---

**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

COPY

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark Here

Recipient's Name (Please Print Clearly) (to be completed by mailer)
Ms. Stephanie Alexander
5014 Salina
Houston, TX 77026

PS Form 3800, February 2000          See Reverse for Instructions

7000 0100 0024 3394 6330

---

**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark Here

Recipient's Name (Please Print Clearly) (to be completed by mailer)
Ms. Angela Allen
6610 Wileyvale
Houston, TX 77028

PS Form 3800, February 2000          See Reverse for Instructions

---

**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark Here

Recipient's Name (Please Print Clearly) (to be completed by mailer)
Ms. Shameka Allen
3022 Bringhurst
Houston, TX 77026

PS Form 3800, February 2000          See Reverse for Instructions

7000 0100 0024 3394 6064

---

**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark Here

Recipient's Name (Please Print Clearly) (to be completed by mailer)
Ms. Shameka Allen
8819 Forest Hollow
Houston, TX 77078

PS Form 3800, February 2000          See Reverse for Instructions

---

**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark Here

Recipient's Name (Please Print Clearly) (to be completed by mailer)
Ms. Johnnie Ashworth
4218 Wipprecht
Houston, TX 77026

PS Form 3800, February 2000          See Reverse for Instructions

7000 0100 0024 3394 6415

TX_00002357
JA_005116

**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark Here

Ms. Ieicha Bedford
2324 Bringhurst
Houston, TX 77026

PS Form 3800, February 2000          See Reverse for Instructions

---

**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

COPY

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark Here

Ms. Vanessa Brunch
6579 Beeckman
Houston, TX 77021

PS Form 3800, February 2000          See Reverse for Instructions

---

**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark Here

Recipient's Name (Please Print Clearly) (to be completed by mailer)
Ms. Brandi Cash
9500 Dessau Rd # 1526
Austin, TX 78754

PS Form 3800, February 2000          See Reverse for Instructions

---

**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark Here

Recipient's Name (Please Print Clearly) (to be completed by mailer)
Ms. Mamie Cussell
4210 Bertwood
Houston, TX 77016

PS Form 3800, February 2000          See Reverse for Instructions

---

**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark Here

Recipient's Name (Please Print Clearly) (to be completed by mailer)
Ms. Rosalind Dawett
2401 Hutton
Houston, TX 77026

PS Form 3800, February 2000          See Reverse for Instructions

---

**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark Here

Recipient's Name (Please Print Clearly) (to be completed by mailer)
Ms. Melissa Deason
12842 Bamboo Trail
Houston, TX 77044

PS Form 3800, February 2000          See Reverse for Instructions

**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark Here

Recipient's Name *(Please Print Clearly)(to be completed by mailer)*

Ms. Laura Francis
4202 Liberty Rd
Houston, TX 77026

PS Form 3800, February 2000          See Reverse for Instructions

---

**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark Here

Ms. Terry Freeman
4202 Liberty Rd.
Houston, TX 77026

PS Form 3800, February 2000          See Reverse for Instructions

---

**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark Here

Recipient's Name *(Please Print Clearly)(to be completed by mailer)*

Ms. Maria Garcia
4013 Eddie
Houston, TX 77026

PS Form 3800, February 2000          See Reverse for Instructions

---

**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark Here

Recipient's Name *(Please Print Clearly)(to be completed by mailer)*

Ms. Tomitria Gaston
4206 New Orleans
Houston, TX 77020

PS Form 3800, February 2000          See Reverse for Instructions

---

**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark Here

Recipient's Name *(Please Print Clearly)(to be completed by mailer)*

Ms. Bettye Gilford
3810 Pickfair
Houston, TX 77026

---

**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark Here

Ms. Adrienne Hall
5422 San Juan
Houston, TX 77020

TX_00002359
JA_005118

**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark Here

Recipient's Name (Please Print Clearly) (to be completed by mailer)
Mr. Charles Harris
5030 Teton
Houston, TX 77030

PS Form 3800, February 2000                    See Reverse for Instructions

---

**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

COPY

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark Here

Ms. Rachel Hemphill
6240 Antoine # 194
Houston, TX 77091

PS Form 3800, February 2000                    See Reverse for Instructions

---

**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark Here

Ms. Raquel Hemphill
7313 Northline
Houston, TX 77076

PS Form 3800, February 2000                    See Reverse for Instructions

---

**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark Here

Recipient's Name (Please Print Clearly) (to be completed by mailer)
Ms. Ernestina Hernandez
3719 Lila
Houston, TX 77026

PS Form 3800, February 2000                    See Reverse for Instructions

---

**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark Here

Recipient's Name (Please Print Clearly) (to be completed by mailer)
Ms. Rosa Hernandez
2110 Pannell
Houston, TX 77026

---

**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark Here

Recipient's Name (Please Print Clearly) (to be completed by mailer)
Ms. Latasha Howard
4000 Watonga # 1808
Houston, TX 77092

TX_00002360
JA_005119

TX_00002360

**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

| | |
|---|---|
| Postage | |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | Postmark Here |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | |

Recipient's Name (Please Print Clearly) (to be completed by mailer)
Ms. Jennifer Irving
3503 Love
Houston, TX 77026

PS Form 3800, February 2000          See Reverse for Instructions

**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

COPY

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | Postmark Here |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Recipient's Name (Please Print Clearly) (to be completed by mailer)
Ms. Andera Jackson
4813 Leffingwell
Houston, TX 77026

PS Form 3800, February 2000          See Reverse for Instructions

**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

| | |
|---|---|
| Postage | |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | Postmark Here |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Recipient's Name (Please Print Clearly) (to be completed by mailer)
Ms. Ida Jenkins
4817 Wayne
Houston, TX 77026

PS Form 3800, February 2000          See Reverse for Instructions

**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | Postmark Here |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Recipient's Name (Please Print Clearly) (to be completed by mailer)
Ms. Ollie Jordan
6822 Twetenhaven
Houston, TX 77016

PS Form 3800, February 2000          See Reverse for Instructions

**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

| | |
|---|---|
| Postage | |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | Postmark Here |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Recipient's Name (Please Print Clearly) (to be completed by mailer)
Ms. Maria Joya
3210 Kashmere
Houston, TX 77026

PS Form 3800, February 2000          See Reverse for Instructions

**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | Postmark Here |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Recipient's Name (Please Print Clearly) (to be completed by mailer)
Ms. Stacey Lewis
3108 Memel
Houston, TX 77026

PS Form 3800, February 2000          See Reverse for Instructions

**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark Here

Recipient's Name (Please Print Clearly) (to be completed by mailer)
Ms. Shanna Marshall
3907 Ranch
Houston, TX 77026

PS Form 3800, February 2000                See Reverse for Instructions

---

**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

COPY

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark Here

Ms. Regina Mathis
5300 Coke # 33
Houston, TX 77020

PS Form 3800, February 2000                See Reverse for Instructions

---

**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark Here

Recipient's Name (Please Print Clearly) (to be completed by mailer)
Ms. Joyce McClemore
4810 Pickfair
Houston, TX 77026

PS Form 3800, February 2000                See Reverse for Instructions

---

**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark Here

Recipient's Name (Please Print Clearly) (to be completed by mailer)
Ms. Juawana McField
2822 Greggs
Houston, TX 77026

PS Form 3800, February 2000                See Reverse for Instructions

---

**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark Here

Recipient's Name (Please Print Clearly) (to be completed by mailer)
Ms. Andrette McKelvey
6826 Heath
Houston, TX 77016

---

**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark Here

Recipient's Name (Please Print Clearly) (to be completed by mailer)
Ms. Virginia Melendez
3719 Lila
Houston, TX 77026

TX_00002362
JA_005121

TX_00002362

**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

7000 0600 0024 3394 5814

Postage
Certified Fee
Return Receipt Fee
(Endorsement Required)
Restricted Delivery Fee
(Endorsement Required)
Total Postage & Fees

Postmark
Here

Ms. Dorothy Mitchell
7818 Sandy
Houston, TX 77028

PS Form 3800, February 2000          See Reverse for Instructions

---

**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

COPY

7000 0600 0024 3394 6149

Postage $
Certified Fee
Return Receipt Fee
(Endorsement Required)
Restricted Delivery Fee
(Endorsement Required)
Total Postage & Fees

Postmark
Here

Recipient's Name (Please Print Clearly) (to be completed by mailer)
Ms. Maria Negrette
3802 Lee
Houston, TX 77026

PS Form 3800, February 2000          See Reverse for Instructions

---

**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

7000 0600 0024 3394 5784

Postage $
Certified Fee
Return Receipt Fee
(Endorsement Required)
Restricted Delivery Fee
(Endorsement Required)
Total Postage & Fees $

Postmark
Here

Ms. Tameka Norton
7440 Touchstone
Houston, TX 77028

PS Form 3800, February 2000          See Reverse for Instructions

---

**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

7000 0600 0024 3394 5708

Postage $
Certified Fee
Return Receipt Fee
(Endorsement Required)
Restricted Delivery Fee
(Endorsement Required)
Total Postage & Fees $

Postmark
Here

Recipient's Name (Please Print Clearly) (to be completed by mailer)
Ms. Barbara Oneil
6826 Heath
Houston, TX 77016

PS Form 3800, February 2000          See Reverse for Instructions

---

**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

7000 0600 0024 3394 5791

Postage
Certified Fee
Return Receipt Fee
(Endorsement Required)
Restricted Delivery Fee
(Endorsement Required)
Total Postage & Fees $

Postmark
Here

Ms. Erika Palmer
4415 Hirsch
Houston, TX 77026

PS Form 3800, February 2000          See Reverse for Instructions

---

**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

7000 0600 0024 3394 6378

Postage $
Certified Fee
Return Receipt Fee
(Endorsement Required)
Restricted Delivery Fee
(Endorsement Required)
Total Postage & Fees $

Postmark
Here

Ms. Luora Patrick
6202 Spaulding
Houston, TX 77028

PS Form 3800, February 2000          See Reverse for Instructions

**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark Here

Recipient's Name (Please Print Clearly) (to be completed by mailer)
Ms. Arlesia Pickens
3813 Wipprecht # 3
Houston, TX 77026

PS Form 3800, February 2000          See Reverse for Instructions

---

**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

7000 0600 0024 3394 6385

COPY

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark Here

Recipient's Name (Please Print Clearly) (to be completed by mailer)
Ms. Ina Rankins
4421 Noble
Houston, TX 77026

PS Form 3800, February 2000          See Reverse for Instructions

---

**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark Here

Recipient's Name (Please Print Clearly) (to be completed by mailer)
Ms. Carnadia Rice
4720 Parker Rd # 3
Houston, TX 77093

PS Form 3800, February 2000          See Reverse for Instructions

---

**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

7000 0600 0024 3394 5746

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark Here

Recipient's Name (Please Print Clearly) (to be completed by mailer)
Ms. Chanerial Sneed
4302 Sayers
Houston, TX 77026

PS Form 3800, February 2000          See Reverse for Instructions

---

**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark Here

Ms. Marcella Stephens
5700 Lost Forest # 1805

---

**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

7000 0600 0024 3394 6156

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark Here

Recipient's Name (Please Print Clearly) (to be completed by mailer)
Ms. Carolyn Teechia
3803 Lila # 4

**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | |

Postmark Here

Recipient's Name (Please Print Clearly) (to be completed by mailer)

Ms. Diedra Tyrone
8800 Fondren # 208
Houston, TX 77074

PS Form 3800, February   See Reverse for Instructions

---

**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

COPY

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark Here

Recipient's Name (Please Print Clearly) (to be completed by mailer)

Ms. Lurice Walton
550 Normandy # 2612
Houston, TX 77015

PS Form 3800, February 2000   See Reverse for Instructions

---

**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

| | |
|---|---|
| Postage | |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark Here

Recipient's Name (Please Print Clearly) (to be completed by mailer)

Ms. Fannie Ward
4014 Lavender # 15
Houston, TX 77026

PS Form 3800, February   See Reverse for Instructions

---

**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark Here

Recipient's Name (Please Print Clearly) (to be completed by mailer)

Ms. Deitra Williams
6400 Hirsch
Houston, TX 77026

PS Form 3800, February 2000   See Reverse for Instructions

---

**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

| | |
|---|---|
| Postage | |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | |

Postmark Here

Recipient's Name (Please Print Clearly) (to be completed by mailer)

Ms. Erica Williams
4210 Sharon
Houston, TX 77020

PS Form 3800, February

---

**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark Here

Recipient's Name (Please Print Clearly) (to be completed by mailer)

Mr. Jerard Williams
6610 Wileyvale
Houston, TX 77028

PS Form 3800, February 2000

**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark Here

Recipient's Name (Please Print Clearly) (to be completed by mailer)
Ms. LaDonna Williams
10030 Valley Falls
Houston, TX 77078

PS Form 3800, February 2000          See Reverse for Instructions

---

**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

COPY

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark Here

Recipient's Name (Please Print Clearly) (to be completed by mailer)
Mr. Paul Williams
4813 Leffingwell
Houston, TX 77026

PS Form 3800, February 2000          See Reverse for Instructions

---

**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark Here

Recipient's Name (Please Print Clearly) (to be completed by mailer)
Ms. Ruthie Williams
3808 Buck
Houston, TX 77020

PS Form 3800, February 2000          See Reverse for Instructions

---

**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark Here

Recipient's Name (Please Print Clearly) (to be completed by mailer)
Ms. Sirena Williams
4210 Sharon
Houston, TX 77020

PS Form 3800, February 2000          See Reverse for Instructions

---

**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark Here

Recipient's Name (Please Print Clearly) (to be completed by mailer)
Ms. Samantha Wilson
4212 Gunter

---

**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark Here

Recipient's Name (Please Print Clearly) (to be completed by mailer)
Ms. Joycelyn Wyatt
1919 Runnels

**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

COPY

7000 0600 0024 3394 6255

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark
Here

Ms. Tessia Zenon
2706 Staples
Houston, TX 77026

PS Form 3800, February 2000                    See Reverse for Instructions

**COPY**

**SENDER:**
* Complete items 1 and/or 2 for additional services.
* Complete items 3, and 4a & b.
* Print your name and address on the reverse of this form so that we can return this card to you.
* Attach this form to the front of the mailpiece, or on the back if space does not permit.
* Write ''Return Receipt Requested'' on the mailpiece below the article number.
* The Return Receipt Fee will provide you the signature of the person delivered to and the date of delivery.

I also wish to receive the following services (for an extra fee):

1. ☐ Addressee's Address

2. ☐ Restricted Delivery

Consult postmaster for fee.

3. Article Addressed to:

MS. Doraine Slaughter
3438 Tidewater Dr.
Houston, TX 77045

(Vol. Dep. # Z-3347)

4a. Article Number

7000 0600 0024 3394 4565

Service Type

☐ Registered        ☐ Insured
☐ Certified         ☐ COD
☐ Express Mail      ☒ Return Receipt for Merchandise

☐ Date of Delivery

5. Signature (Addressee)

6. Signature (Agent)

7. Addressee's Address (Only if requested and fee is paid)

PS Form **3811**, November 1990   ☆U.S. GPO: 1991—287-066   **DOMESTIC RETURN RECEIPT**

**SENDER:**
- Complete items 1 and/or 2 for additional services.
- Complete items 3, and 4a & b.
- Print your name and address on the reverse of this form so that we can return this card to you.
- Attach this form to the front of the mailpiece, or on the back if space does not permit.
- Write "Return Receipt Requested" on the mailpiece below the article number.
- The Return Receipt Fee will provide you the signature of the person delivered to and the date of delivery.

I also wish to receive the following services (for an extra fee):
1. ☐ Addressee's Address
2. ☐ Restricted Delivery
Consult postmaster for fee.

3. Article Addressed to:

Ms. Janice Shelvin
16826 Heath
Houston, TX 77016

4a. Article Number
7000 0600 0024 3394 4568

4b. Service Type
- ☒ Registered
- ☐ Insured
- ☐ Certified
- ☐ COD
- ☐ Express Mail
- ☒ Return Receipt for Merchandise

7. Date of Delivery
1-9-2000

6. Signature (Addressee)

6. Signature (Agent)

8. Addressee's Address (Only if requested and fee is paid)

PS Form 3811, November 1990   ☆U.S. GPO: 1991-287-066   **DOMESTIC RETURN RECEIPT**

TX_00002369
TX_00002369

COPY

**SENDER:**
- Complete items 1 and/or 2 for additional services.
- Complete items 3, and 4a & b.
- Print your name and address on the reverse of this form so that we can return this card to you.
- Attach this form to the front of the mailpiece, or on the back if space does not permit.
- Write "Return Receipt Requested" on the mailpiece below the article number.
- The Return Receipt Fee will provide you the signature of the person delivered to and the date of delivery.

· I also wish to receive the following services (for an extra fee):
1. ☐ Addressee's Address
2. ☐ Restricted Delivery
Consult postmaster for fee.

3. Article Addressed to:

Ms. Rosalind Dawett
2401 Hutton
Houston, TX 77026

4a. Article Number
7000 0600 0024 3394 6118

4b. Service Type
☐ Registered   ☐ Insured
☒ Certified   ☐ COD
☐ Express Mail   ☒ Return Receipt for Merchandise

7. Date of Delivery

5. Signature (Addressee)

8. Addressee's Address (Only if requested and fee is paid)
—10·24·00

6. Signature (Agent)

PS Form 3811, November 1990   ☆U.S. GPO: 1991—287-066   **DOMESTIC RETURN RECEIPT**

---

**SENDER:**
- Complete items 1 and/or 2 for additional services.
- Complete items 3, and 4a & b.
- Print your name and address on the reverse of this form so that we can return this card to you.
- Attach this form to the front of the mailpiece, or on the back if space does not permit.
- Write "Return Receipt Requested" on the mailpiece below the article number.
- The Return Receipt Fee will provide you the signature of the person delivered to and the date of delivery.

I also wish to receive the following services (for an extra fee):
1. ☐ Addressee's Address
2. ☐ Restricted Delivery
Consult postmaster for fee.

3. Article Addressed to:

Ms. Laura Francis
4202 Liberty Rd
Houston, TX 77026

4a. Article Number
7000 0600 0024 3394 6170

4b. Service Type
☐ Registered   ☐ Insured
☒ Certified   ☐ COD
☐ Express Mail   ☒ Return Receipt for Merchandise

7. Date of Delivery
10-24-00

5. Signature (Addressee)

8. Addressee's Address (Only if requested and fee is paid)

6. Signature (Agent)

PS Form 3811, November 1990   ☆U.S. GPO: 1991—287-066   **DOMESTIC RETURN RECEIPT**



**SENDER:**
- Complete items 1 and/or 2 for additional services.
- Complete items 3, and 4a & b.
- Print your name and address on the reverse of this form so that we can return this card to you.
- Attach this form to the front of the mailpiece, or on the back if space does not permit.
- Write "Return Receipt Requested" on the mailpiece below the article number.
- The Return Receipt Fee will provide you the signature of the person delivered to and the date of delivery.

I also wish to receive the following services (for an extra fee):
1. ☐ Addressee's Address
2. ☐ Restricted Delivery
Consult postmaster for fee.

3. Article Addressed to:

Ms. Terry Freeman
4202 Liberty Rd.
Houston, TX 77026

4a. Article Number
7000 0600 0024 3395 2126

4b. Service Type
☐ Registered        ☐ Insured
☒ Certified          ☐ COD
☐ Express Mail      ☒ Return Receipt for Merchandise

7. Date of Delivery
10-24-00

5. Signature (Addressee)

6. Signature (Agent)

8. Addressee's Address (Only if requested and fee is paid)

PS Form 3811, November 1990   ☆U.S. GPO: 1991—287-066   **DOMESTIC RETURN RECEIPT**

**SENDER:**
- Complete items 1 and/or 2 for additional services.
- Complete items 3, and 4a & b.
- Print your name and address on the reverse of this form so that we can return this card to you.
- Attach this form to the front of the mailpiece, or on the back if space does not permit.
- Write "Return Receipt Requested" on the mailpiece below the article number.
- The Return Receipt Fee will provide you the signature of the person delivered to and the date of delivery.

I also wish to receive the following services (for an extra fee):
1. ☐ Addressee's Address
2. ☐ Restricted Delivery
Consult postmaster for fee.

3. Article Addressed to:

Ms. Tomitria Gaston
4206 New Orleans
Houston, TX 77020

4a. Article Number
7000 0600 0024 3394 6163

4b. Service Type
☐ Registered        ☐ Insured
☒ Certified          ☐ COD
☐ Express Mail      ☒ Return Receipt for Merchandise

7. Date of Delivery
10-24-00

5. Signature (Addressee)

6. Signature (Agent)

8. Addressee's Address (Only if requested and fee is paid)

PS Form 3811, November 1990   ☆U.S. GPO: 1991—287-066   **DOMESTIC RETURN RECEIPT**



**SENDER:**
* Complete items 1 and/or 2 for additional services.
* Complete items 3, and 4a & b.
* Print your name and address on the reverse of this form so that we can return this card to you.
* Attach this form to the front of the mailpiece, or on the back if space does not permit.
* Write "Return Receipt Requested" on the mailpiece below the article number.
* The Return Receipt Fee will provide you the signature of the person delivered to and the date of delivery.

I also wish to receive the following services (for an extra fee):
1. ☐ Addressee's Address
2. ☐ Restricted Delivery

Consult postmaster for fee.

3. Article Addressed to:

Ms. Adrienne Hall
5422 San Juan
Houston, TX 77020

4a. Article Number
7000 0600 0024 3394 6057

4b. Service Type
☐ Registered      ☐ Insured
☒ Certified       ☐ COD
☐ Express Mail    ☒ Return Receipt for Merchandise

7. Date of Delivery

5. Signature (Addressee)
*Adrienne Hall*

6. Signature (Agent)
*Adrienne Hall*

8. Addressee's Address (Only if requested and fee is paid)

PS Form **3811**, November 1990   ☆U.S. GPO: 1991—287-066   **DOMESTIC RETURN RECEIPT**

---

**SENDER:**
* Complete items 1 and/or 2 for additional services.
* Complete items 3, and 4a & b.
* Print your name and address on the reverse of this form so that we can return this card to you.
* Attach this form to the front of the mailpiece, or on the back if space does not permit.
* Write "Return Receipt Requested" on the mailpiece below the article number.
* The Return Receipt Fee will provide you the signature of the person delivered to and the date of delivery.

I also wish to receive the following services (for an extra fee):
1. ☐ Addressee's Address
2. ☐ Restricted Delivery

Consult postmaster for fee.

3. Article Addressed to:

Mr. Charles Harris
5030 Teton
Houston, TX 77030

4a. Article Number
7000 0600 0024 3394 6095

4b. Service Type
☐ Registered      ☐ Insured
☒ Certified       ☐ COD
☐ Express Mail    ☒ Return Receipt for Merchandise

7. Date of Delivery
10-30-00

5. Signature (Addressee)
*Charles Harris*

6. Signature (Agent)

8. Addressee's Address (Only if requested and fee is paid)

PS Form **3811**, November 1990   ☆U.S. GPO: 1991—287-066   **DOMESTIC RETURN RECEIPT**



**SENDER:**
- Complete items 1 and/or 2 for additional services.
- Complete items 3, and 4a & b.
- Print your name and address on the reverse of this form so that we can return this card to you.
- Attach this form to the front of the mailpiece, or on the back if space does not permit.
- Write "Return Receipt Requested" on the mailpiece below the article number.
- The Return Receipt Fee will provide you the signature of the person delivered to and the date of delivery.

I also wish to receive the following services (for an extra fee):
1. ☐ Addressee's Address
2. ☐ Restricted Delivery

Consult postmaster for fee.

3. Article Addressed to:

Ms. Rosa Hernandez
2110 Pannell
Houston, TX 77026

4a. Article Number
7000 0600 0024 3394 6101

4b. Service Type
☐ Registered     ☐ Insured
☒ Certified      ☐ COD
☐ Express Mail   ☒ Return Receipt for Merchandise

7. Date of Delivery
10 27 00

5. Signature (Addressee)
Rosa Maria Hernandez

6. Signature (Agent)

8. Addressee's Address (Only if requested and fee is paid)

PS Form **3811**, November 1990   ☆U.S. GPO: 1991—287-066   **DOMESTIC RETURN RECEIPT**

---

**SENDER:**
- Complete items 1 and/or 2 for additional services.
- Complete items 3, and 4a & b.
- Print your name and address on the reverse of this form so that we can return this card to you.
- Attach this form to the front of the mailpiece, or on the back if space does not permit.
- Write "Return Receipt Requested" on the mailpiece below the article number.
- The Return Receipt Fee will provide you the signature of the person delivered to and the date of delivery.

I also wish to receive the following services (for an extra fee):
1. ☐ Addressee's Address
2. ☐ Restricted Delivery

Consult postmaster for fee.

3. Article Addressed to:

Ms. Jennifer Irving
3503 Love
Houston, TX 77026

4a. Article Number
7000 0600 0024 3394 6323

4b. Service Type
☐ Registered     ☐ Insured
☒ Certified      ☐ COD
☐ Express Mail   ☒ Return Receipt for Merchandise

7. Date of Delivery
10-24-00

5. Signature (Addressee)
Jennifer Irving

6. Signature (Agent)

8. Addressee's Address (Only if requested and fee is paid)

PS Form **3811**, November 1990   ☆U.S. GPO: 1991—287-066   **DOMESTIC RETURN RECEIPT**



**SENDER:**
- Complete items 1 and/or 2 for additional services.
- Complete items 3, and 4a & b.
- Print your name and address on the reverse of this form so that we can return this card to you.
- Attach this form to the front of the mailpiece, or on the back if space does not permit.
- Write ''Return Receipt Requested'' on the mailpiece below the article number.
- The Return Receipt Fee will provide you the signature of the person delivered to and the date of delivery.

I also wish to receive the following services (for an extra fee):
1. ☐ Addressee's Address
2. ☐ Restricted Delivery
Consult postmaster for fee.

| 3. Article Addressed to: | 4a. Article Number |
|---|---|
| Ms. Maria Joya<br>3210 Kashmere<br>Houston, TX 77026 | 7000 0600 0024 3394 6231 |
| | 4b. Service Type<br>☐ Registered  ☐ Insured<br>☒ Certified  ☐ COD<br>☐ Express Mail  ☒ Return Receipt for Merchandise |
| | 7. Date of Delivery<br>10-25-00 |
| 5. Signature (Addressee) | 8. Addressee's Address (Only if requested and fee is paid) |
| 6. Signature (Agent)<br>*Eugenia Joya* | |

PS Form **3811**, November 1990   ☆U.S. GPO: 1991—287-066   **DOMESTIC RETURN RECEIPT**

---

**SENDER:**
- Complete items 1 and/or 2 for additional services.
- Complete items 3, and 4a & b.
- Print your name and address on the reverse of this form so that we can return this card to you.
- Attach this form to the front of the mailpiece, or on the back if space does not permit.
- Write ''Return Receipt Requested'' on the mailpiece below the article number.
- The Return Receipt Fee will provide you the signature of the person delivered to and the date of delivery.

I also wish to receive the following services (for an extra fee):
1. ☐ Addressee's Address
2. ☐ Restricted Delivery
Consult postmaster for fee.

| 3. Article Addressed to: | 4a. Article Number |
|---|---|
| Ms. Stacey Lewis<br>3108 Memel<br>Houston, TX 77026 | 7000 0600 0024 3394 6279 |
| | 4b. Service Type<br>☐ Registered  ☐ Insured<br>☒ Certified  ☐ COD<br>☐ Express Mail  ☒ Return Receipt for Merchandise |
| | 7. Date of Delivery |
| 5. Signature (Addressee) | 8. Addressee's Address (Only if requested and fee is paid) |
| 6. Signature (Agent) | |

PS Form **3811**, November 1990   ☆U.S. GPO: 1991—287-066   **DOMESTIC RETURN RECEIPT**

TX_00002374

COPY

**SENDER:**
- Complete items 1 and/or 2 for additional services.
- Complete items 3, and 4a & b.
- Print your name and address on the reverse of this form so that we can return this card to you.
- Attach this form to the front of the mailpiece, or on the back if space does not permit.
- Write "Return Receipt Requested" on the mailpiece below the article number.
- The Return Receipt Fee will provide you the signature of the person delivered to and the date of delivery.

I also wish to receive the following services (for an extra fee):
1. ☐ Addressee's Address
2. ☐ Restricted Delivery
Consult postmaster for fee.

**3. Article Addressed to:**
Ms. Shanna Marshall
3907 Ranch
Houston, TX 77026

**4a. Article Number**
7000 0600 0024 3394 5739

**4b. Service Type**
☐ Registered      ☐ Insured
☒ Certified       ☐ COD
☐ Express Mail    ☒ Return Receipt for Merchandise

**7. Date of Delivery**

**5. Signature (Addressee)**

**6. Signature (Agent)**

**8. Addressee's Address (Only if requested and fee is paid)**

PS Form **3811**, November 1990   ☆ U.S. GPO: 1991—287-066      **DOMESTIC RETURN RECEIPT**

---

**SENDER:**
- Complete items 1 and/or 2 for additional services.
- Complete items 3, and 4a & b.
- Print your name and address on the reverse of this form so that we can return this card to you.
- Attach this form to the front of the mailpiece, or on the back if space does not permit.
- Write "Return Receipt Requested" on the mailpiece below the article number.
- The Return Receipt Fee will provide you the signature of the person delivered to and the date of delivery.

I also wish to receive the following services (for an extra fee):
1. ☐ Addressee's Address
2. ☐ Restricted Delivery
Consult postmaster for fee.

**3. Article Addressed to:**
Ms. Virginia Melendez
3719 Lila
Houston, TX 77026

**4a. Article Number**
7000 0600 0024 3394 6248

**4b. Service Type**
☐ Registered      ☐ Insured
☒ Certified       ☐ COD
☐ Express Mail    ☒ Return Receipt for Merchandise

**7. Date of Delivery**

**5. Signature (Addressee)**
Virginia Melendez

**6. Signature (Agent)**

**8. Addressee's Address (Only if requested and fee is paid)**

OCT 25 2000

PS Form **3811**, November 1990   ☆ U.S. GPO: 1991—287-066      **DOMESTIC RETURN RECEIPT**

COPY

**SENDER:**
- Complete items 1 and/or 2 for additional services.
- Complete items 3, and 4a & b.
- Print your name and address on the reverse of this form so that we can return this card to you.
- Attach this form to the front of the mailpiece, or on the back if space does not permit.
- Write "Return Receipt Requested" on the mailpiece below the article number.
- The Return Receipt Fee will provide you the signature of the person delivered to and the date of delivery.

I also wish to receive the following services (for an extra fee):
1. ☐ Addressee's Address
2. ☐ Restricted Delivery

Consult postmaster for fee.

3. Article Addressed to:

Ms. Maria Negrette
3802 Lee
Houston, TX 77026

4a. Article Number
7000 0600 0024 3394 6149

4b. Service Type
☐ Registered   ☐ Insured
☒ Certified    ☐ COD
☐ Express Mail ☒ Return Receipt for Merchandise

7. Date of Delivery
10-24-0

5. Signature (Addressee)
*Martha Negrete*

6. Signature (Agent)
*MARTHA NEGRETE*

8. Addressee's Address (Only if requested and fee is paid)

PS Form **3811**, November 1990   ☆U.S. GPO: 1991—287-066   **DOMESTIC RETURN RECEIPT**

---

**SENDER:**
- Complete items 1 and/or 2 for additional services.
- Complete items 3, and 4a & b.
- Print your name and address on the reverse of this form so that we can return this card to you.
- Attach this form to the front of the mailpiece, or on the back if space does not permit.
- Write "Return Receipt Requested" on the mailpiece below the article number.
- The Return Receipt Fee will provide you the signature of the person delivered to and the date of delivery.

I also wish to receive the following services (for an extra fee):
1. ☐ Addressee's Address
2. ☐ Restricted Delivery

Consult postmaster for fee.

3. Article Addressed to:

Ms. Barbara Oneil
6826 Heath
Houston, TX 77016

4a. Article Number
7000 0600 0024 3394 5708

4b. Service Type
☐ Registered   ☐ Insured
☒ Certified    ☐ COD
☐ Express Mail ☒ Return Receipt for Merchandise

7. Date of Delivery   OCT 24 2000

5. Signature (Addressee)
*Barbara Oneil*

6. Signature (Agent)

8. Addressee's Address (Only if requested and fee is paid)

PS Form **3811**, November 1990   ☆U.S. GPO: 1991—287-066   **DOMESTIC RETURN RECEIPT**



**SENDER:**
• Complete items 1 and/or 2 for additional services.
• Complete items 3, and 4a & b.
• Print your name and address on the reverse of this form so that we can return this card to you.
• Attach this form to the front of the mailpiece, or on the back if space does not permit.
• Write "Return Receipt Requested" on the mailpiece below the article number.
• The Return Receipt Fee will provide you the signature of the person delivered to and the date of delivery.

I also wish to receive the following services (for an extra fee):
1. ☐ Addressee's Address
2. ☐ Restricted Delivery
Consult postmaster for fee.

3. Article Addressed to:
Ms. Stephanie Alexander
5014 Salina
Houston, TX 77026

4a. Article Number
7000 0600 0024 3314 6330
4b. Service Type
☐ Registered    ☐ Insured
☒ Certified     ☐ COD
☐ Express Mail  ☒ Return Receipt for Merchandise
7. Date of Delivery
10/28/2000

5. Signature (Addressee)
Stephanie Alexander
6. Signature (Agent)

8. Addressee's Address (Only if requested and fee is paid)

PS Form 3811, November 1990    U.S. GPO: 1991 — 287-066    DOMESTIC RETURN RECEIPT

---

**SENDER:**
• Complete items 1 and/or 2 for additional services.
• Complete items 3, and 4a & b.
• Print your name and address on the reverse of this form so that we can return this card to you.
• Attach this form to the front of the mailpiece, or on the back if space does not permit.
• Write "Return Receipt Requested" on the mailpiece below the article number.
• The Return Receipt Fee will provide you the signature of the person delivered to and the date of delivery.

I also wish to receive the following services (for an extra fee):
1. ☐ Addressee's Address
2. ☐ Restricted Delivery
Consult postmaster for fee.

3. Article Addressed to:
Ms. Shameka Allen
3022 Bringhurst
Houston, TX 77026

4a. Article Number
7000 0600 0024 3394 6004
4b. Service Type
☐ Registered    ☐ Insured
☒ Certified     ☐ COD
☐ Express Mail  ☒ Return Receipt for Merchandise
7. Date of Delivery

5. Signature (Addressee)
Shameka Allen
6. Signature (Agent)
Shameka Allen

8. Addressee's Address (Only if requested and fee is paid)

PS Form 3811, November 1990    U.S. GPO: 1991 — 287-066    DOMESTIC RETURN RECEIPT

TX_00002377

**SENDER:**
* Complete items 1 and/or 2 for additional services.
* Complete items 3, and 4a & b.
* Print your name and address on the reverse of this form so that we can return this card to you.
* Attach this form to the front of the mailpiece, or on the back if space does not permit.
* Write "Return Receipt Requested" on the mailpiece below the article number.
* The Return Receipt Fee will provide you the signature of the person delivered to and the date of delivery.

I also wish to receive the following services (for an extra fee):
1. ☐ Addressee's Address
2. ☐ Restricted Delivery
Consult postmaster for fee.

3. Article Addressed to:

Ms. Regina Mathis
5300 Coke # 33
Houston, TX 77020

4a. Article Number
7000 0600 0024 3345 2140

4b. Service Type
☐ Registered      ☐ Insured
☒ Certified       ☐ COD
☐ Express Mail    ☒ Return Receipt for Merchandise

7. Date of Delivery
10/25/00

5. Signature (Addressee)

8. Addressee's Address (Only if requested and fee is paid)

6. Signature (Agent)

PS Form 3811, November 1990   ☆U.S. GPO: 1991 287-068   DOMESTIC RETURN RECEIPT

---

**SENDER:**
* Complete items 1 and/or 2 for additional services.
* Complete items 3, and 4a & b.
* Print your name and address on the reverse of this form so that we can return this card to you.
* Attach this form to the front of the mailpiece, or on the back if space does not permit.
* Write "Return Receipt Requested" on the mailpiece below the article number.
* The Return Receipt Fee will provide you the signature of the person delivered to and the date of delivery.

I also wish to receive the following services (for an extra fee):
1. ☐ Addressee's Address
2. ☐ Restricted Delivery
Consult postmaster for fee.

3. Article Addressed to:

Ms. Andrette McKelvey
6826 Heath
Houston, TX 77016

4a. Article Number
7000 0600 0024 3344 6088

4b. Service Type
☐ Registered      ☐ Insured
☒ Certified       ☐ COD
☐ Express Mail    ☒ Return Receipt for Merchandise

7. Date of Delivery
OCT 2 4 2000

5. Signature (Addressee)

8. Addressee's Address (Only if requested and fee is paid)

6. Signature (Agent)

PS Form 3811, November 1990   U.S. GPO: 1991 287-068   DOMESTIC RETURN RECEIPT





**SENDER:**
- Complete items 1 and/or 2 for additional services.
- Complete items 3, and 4a & b.
- Print your name and address on the reverse of this form so that we can return this card to you.
- Attach this form to the front of the mailpiece, or on the back if space does not permit.
- Write "Return Receipt Requested" on the mailpiece below the article number.
- The Return Receipt Fee will provide you the signature of the person delivered to and the date of delivery.

I also wish to receive the following services (for an extra fee):
1. ☐ Addressee's Address
2. ☐ Restricted Delivery

Consult postmaster for fee.

3. Article Addressed to:
Ms. Erika Palmer
4415 Hirsch
Houston, TX 77026

4a. Article Number
7000 0600 0024 3394 5791

4b. Service Type
☐ Registered ☐ Insured
☒ Certified ☐ COD
☐ Express Mail ☒ Return Receipt for Merchandise

7. Date of Delivery
10/24/00

5. Signature (Addressee)
Palmer

6. Signature (Agent)

8. Addressee's Address (Only if requested and fee is paid)

PS Form 3811, November 1990 ★ U.S. GPO: 1991—287-066 DOMESTIC RETURN RECEIPT

**SENDER:**
- Complete items 1 and/or 2 for additional services.
- Complete items 3, and 4a & b.
- Print your name and address on the reverse of this form so that we can return this card to you.
- Attach this form to the front of the mailpiece, or on the back if space does not permit.
- Write "Return Receipt Requested" on the mailpiece below the article number.
- The Return Receipt Fee will provide you the signature of the person delivered to and the date of delivery.

I also wish to receive the following services (for an extra fee):
1. ☐ Addressee's Address
2. ☐ Restricted Delivery

Consult postmaster for fee.

3. Article Addressed to:
Ms. Sirena Williams
4210 Sharon
Houston, TX 77020

4a. Article Number
7000 0600 0024 3394 5807

4b. Service Type
☐ Registered ☐ Insured
☒ Certified ☐ COD
☐ Express Mail ☒ Return Receipt for Merchandise

7. Date of Delivery
10/24/00

5. Signature (Addressee)

6. Signature (Agent)

8. Addressee's Address (Only if requested and fee is paid)

PS Form 3811, November 1990 ★ U.S. GPO: 1991—287-066 DOMESTIC RETURN RECEIPT

TX_00002379

**SENDER:**
- Complete items 1 and/or 2 for additional services.
- Complete items 3, and 4a & b.
- Print your name and address on the reverse of this form so that we can return this card to you.
- Attach this form to the front of the mailpiece, or on the back if space does not permit.
- Write "Return Receipt Requested" on the mailpiece below the article number.
- The Return Receipt Fee will provide you the signature of the person delivered to and the date of delivery.

I also wish to receive the following services (for an extra fee):
1. ☐ Addressee's Address
2. ☐ Restricted Delivery
Consult postmaster for fee.

**3. Article Addressed to:**
Ms. Chanerial Sneed
4302 Sayers
Houston, TX 77026

**4a. Article Number**
7000 0600 0024 3314 5746

**4b. Service Type**
☐ Registered   ☐ Insured
☒ Certified   ☐ COD
☐ Express Mail   ☒ Return Receipt for Merchandise

**7. Date of Delivery**

**5. Signature (Addressee)**
X Chanerial Sneed

**8. Addressee's Address (Only if requested and fee is paid)**

**6. Signature (Agent)**

PS Form 3811, November 1990   U.S. GPO: 1991—287-066   DOMESTIC RETURN RECEIPT

---

**SENDER:**
- Complete items 1 and/or 2 for additional services.
- Complete items 3, and 4a & b.
- Print your name and address on the reverse of this form so that we can return this card to you.
- Attach this form to the front of the mailpiece, or on the back if space does not permit.
- Write "Return Receipt Requested" on the mailpiece below the article number.
- The Return Receipt Fee will provide you the signature of the person delivered to and the date of delivery.

I also wish to receive the following services (for an extra fee):
1. ☐ Addressee's Address
2. ☐ Restricted Delivery
Consult postmaster for fee.

**3. Article Addressed to:**
Ms. Deitra Williams
6400 Hirsch
Houston, TX 77026

**4a. Article Number**
7000 0600 0024 3314 5160

**4b. Service Type**
☐ Registered   ☐ Insured
☒ Certified   ☐ COD
☐ Express Mail   ☒ Return Receipt for Merchandise

**7. Date of Delivery**

**5. Signature (Addressee)**

**8. Addressee's Address (Only if requested and fee is paid)**

**6. Signature (Agent)**

PS Form 3811, November 1990   U.S. GPO: 1991—287-066   DOMESTIC RETURN RECEIPT

TX_00002380

**SENDER:**
- Complete items 1 and/or 2 for additional services.
- Complete items 3, and 4a & b.
- Print your name and address on the reverse of this form so that we can return this card to you.
- Attach this form to the front of the mailpiece, or on the back if space does not permit.
- Write "Return Receipt Requested" on the mailpiece below the article number.
- The Return Receipt Fee will provide you the signature of the person delivered to and the date of delivery.

I also wish to receive the following services (for an extra fee):
1. ☐ Addressee's Address
2. ☐ Restricted Delivery

Consult postmaster for fee.

3. Article Addressed to:

Ms. Tessia Zenon
2706 Staples
Houston, TX 77026

4a. Article Number
7000 0600 0024 2394 6255

4b. Service Type
☐ Registered       ☐ Insured
☒ Certified        ☐ COD
☐ Express Mail     ☒ Return Receipt for Merchandise

7. Date of Delivery

5. Signature (Addressee)

6. Signature (Agent)

8. Addressee's Address (Only if requested and fee is paid)

PS Form 3811, November 1990     U.S. GPO: 1991—287-066     DOMESTIC RETURN RECEIPT

| | Certificate | Last Name | First Name | DOD | Year Voted | Additional Voting Year |
|---|---|---|---|---|---|---|
| | **Harris County Deceased Voting History** | | | | | |
| 1 | 00304006 | Arnold | James | 5/13/1993 | 3/8/1994 | |
| 2 | 02651602 | Blesener | Ambrose | 6/6/1996 | 3/10/1998 | 11/7/2000 |
| 3 | 02651602 | Bourdon | Maxine | 7/15/1991 | 11/8/1994 | |
| 4 | 03093879 | Burden | Edda | 8/26/1998 | 11/3/1998 | |
| 5 | 27680636 | Campbell | E S | 9/27/1993 | 11/5/1996 | |
| 6 | 03211703 | Coleman | Ledorse | 5/8/1995 | 11/3/1998 | |
| 7 | 00888792 | Doe | Lula | Jan 1993 | 11/3/1998 | |
| 8 | 10102986 | Furlong | Tomas | Aug 1983 | 11/5/1996 | |
| 9 | 12278172 | Guidry | John | 5/22/1994 | 4/9/1996 | 3/10/1998 |
| 10 | 09244013 | Henry | Edmond | 10/19/1994 | 11/5/1996 | |
| 11 | 03470978 | Holzwarth | Karl | 3/31/1996 | 11/3/1998 | |
| 12 | 09111295 | Kapelka | Joyce | 1/9/1998 | 11/3/1998 | |
| 13 | 01312024 | Hitching | T D | 6/29/1996 | 11/5/1996 | |
| 14 | 01658962 | Longmire | Sylvester | 11/15/1996 | 11/3/1998 | |
| 15 | 10205037 | McLean | Willis | 5/24/1995 | 3/10/1998 | |
| 16 | 01154038 | Mims | Frank | 1/26/1993 | 11/5/1996 | |
| 17 | 01688720 | Monroe | Robert | 5/31/1998 | 11/3/1998 | |
| 18 | 24852279 | Navarro | Edward | 8/15/1996 | 11/5/1996 | |
| 19 | 04538682 | Rogers | L C | 10/15/1987 | 11/4/1997 | |
| 20 | 11193695 | Rowe | John | 9/19/1990 | 11/3/1998 | |
| 21 | 37677119 | Sklar | Mendel | 1/5/1998 | 11/3/1998 | |
| 22 | 20990974 | Smith | Stella | 4/9/1997 | 3/7/2000 | |
| 23 | 26841015 | Spell | Billy | 10/20/1991 | 11/5/1996 | |
| 24 | 00746719 | Vanderlyn | J R | May 1983 | 11/5/1996 | |



Exhibit 33

**Votec Election Management System**

Mine   Window

| NEW | ADD | SAVE EXIT | Scan View | Prov Blts | Cancel | NVRA Dup | Notices | Districts | |
|-----|-----|-----------|-----------|-----------|--------|----------|---------|-----------|---|
| | | | | | | | Polling Place | Reg Hist | View Vot Hist |

NVRA Source                    Date Submitted   Status   Reason   Precinct        Sub   CERT #
                                                CD       DEC      0476            --    304006
                          File Number                             ctupdate              ID Compliant Y

Last                First              Middle              Former              Suffix
ARNOLD              JAMES              P

Residence Address
Street #   Fract   Dir   Name              Type   Dir   Unit Type   Unit #
10830                    SAGEWIND          DR
CityHO        Zip 77089      Muni HOUSTON     Post
                                             Office HOUSTON         Address
                                                                   Exception   CAN

**Voting History for ARNOLD**                                    ✕      Former
                                                                        County            Former Resid

| Election | Date | Voting Codes | Election Description | |
|----------|------|--------------|----------------------|--|
| 0384 | 03/08/1994 | P  D | PRIMARY ELECTION | |

                                                                 SSN4
                                                                 Birth
                                                                 Place
                                                                 Signed? Y
                                                                 Privacy                  Mor

                                                        SN    PW Interest    ID Rcvd
                                                                             10/17/1999 12:00 AN

                        OK

Have you ever sustained any accidental bodily injury requiring medical attention?   ☐ Yes  ☐ No

If so, what type? _____      ARNOLD  JAMES  P

Has any member of your family ever sustained any accidenta      --0030400-6--          ☐ X          ☐ N

If so, what type? _____

## Make Name / Address Changes below

**HC05461812**

SEP 29 1990

*[handwritten: C0304CC-10  James P. Arnold is deceased as of Mar 13, 1993  10-17]*

ARNOLD, JAMES P
10830 SAGEWIND DR
HOUSTON, TX 77089-3821

Business phone no. _____

Home phone no. _____      00304008

Your voter cert. no. _____

Your Texas drivers license or I.D. no. ___

Your religious preference (optional) ___

Your social security no. (optional) ___

SIGNATURE _____

---

| APPLICATION FOR VOTER REGISTRATION CERTIFICATE | | | | | 0030400-6 |
|---|---|---|---|---|---|

☐ 88173     HARRIS COUNTY, TEXAS     016358

☐ CHECK HERE IF SERVICEMAN OR STUDENT

| 068173 | AGE 33 | SEX: ☒ MALE | ARNOLD JAMES P |
|---|---|---|---|

RESIDENCE: I CERTIFY THAT THE APPLICANT IS 18 YEARS OF AGE OR OVER, A CITIZEN OF THE UNITED STATES, AND HAS RESIDED IN TEXAS MORE THAN 1 YEAR AND IN COUNTY AND CITY MORE THAN SIX MONTHS PRECEDING THE DATE OF THIS APPLICATION EXCEPT AS LISTED BELOW. I UNDERSTAND THAT THE GIVING OF FALSE INFORMATION TO PROCURE THE REGISTRATION OF A VOTER IS A FELONY.
EXCEPTIONS

| | RESIDENT ADDRESS | VOTING PRECINCT | CONTROL NO. |
|---|---|---|---|
| | 10830 SAGEWIND DR | 076 | 1 |
| | HOUSTON | (IF KNOWN) | |

| | MONTH | DAY | YEAR |
|---|---|---|---|
| IF IN TEXAS LESS THAN 1 YEAR | | | |
| IF IN COUNTY LESS THAN 6 MOS | | | |
| IF IN CITY LESS THAN 6 MOS | | | |

VOTER'S NAME (MAIL CERTIFICATE TO THE FOLLOWING TEMPORARY ADDRESS IF IT IS NOT TO BE MAILED TO THE PERMANENT ADDRESS ABOVE)

ARNOLD JAMES P
10830 SAGEWIND DR
HOUSTON          Tx

CORRECTIONS

IF UNDER 21 YEARS OLD, NEVER MARRIED AND MINORITY DISABILITIES HAVE NOT BEEN REMOVED BY COURT, GIVE NAME AND ADDRESS OF PARENT OR GUARDIAN

NAME  X X X X X X X X X X X    ADDRESS X X X X X X X X X X X X XX
                                                    STREET          CITY          ZIP CODE

➤ SIGNATURE OF VOTER, AGENT *
(CIRCLE ONE WHERE APPLICABLE)

TELEPHONE NUMBER (IF KNOWN)

* HUSBAND   WIFE   FATHER   MOTHER   SON OR DAUGHTER ONLY

## TO COMPLETE APPLICATION OTHER SIDE MUST BE FILLED IN

TX_00002384

PublicData.Com [ SSA Death Master File Detail ]

# PublicData.com

→*SSA Death Master File Detail*

| Name<br>ARNOLD,JAMES P | Social Security Number | Verify/Proof<br><br>none found | Last Known ZIP Code |
|---|---|---|---|
| Lump Sum Payment ZIP Code | State/Country of Residence<br><br>none found | Date of Birth<br>Sep 17 1938 | Date of Death<br>May 13 1993 |

*The detail view of this record will be recorded as one 'Detail look-up'*

http://www3.publicdata.com/cgi-win/pd.exe/Detail?db=USSSDM&ed=31&rec=53228543&...   5/2/2007



**Votec Election Management System - user is RED...**

Mine Window

**Voter Update**

NEW | ADD | SAVE | EXIT | Scan View | Prov Blts | Cancel | NVRA Dup | Notices Polling Place | Districts Reg Hist | View Vot Hist

| NVRA Source | Date Submitted | Status | Reason | Precinct | Sub | CERT # |
|---|---|---|---|---|---|---|
| | | CD | DEC | 0064 | -- | 2651602 |

File Number c1update ID Compliant Y

| Last | First | Middle | Former | Suffix |
|---|---|---|---|---|
| BLESENER | AMBROSE | JOSEPH | | |

Residence Address

| Street # | Fract | Dir | Name | Type | Dir | Unit Type | Unit # |
|---|---|---|---|---|---|---|---|
| 904 | | | WOODING | | | | |

City HO Zip 77011 Muni HOUSTON Post Office HOUSTON Address Exception CAN

Mail Address
P O BOX 9164

Gender M DOB 09/21/1912 Former County Former Resid

SSN4

Birth Place

Signed? Y

Privacy More

PW Interest ID Rcvd

07/20/2001 12:00 AM

**Voting History for BLESENER**

| Election | Date | Voting Codes | | Election Description |
|---|---|---|---|---|
| 1100 | 11/07/2000 | E | | 2000 GENERAL ELECTION |
| 0398 | 03/10/1998 | E | D | PRIMARY ELECTION |
| 0394 | 03/08/1994 | P | D | PRIMARY ELECTION |

376720

APPLICATION FOR VOTER REGISTRATION CERTIFICATE
HARRIS COUNTY, TEXAS        D48483

0265160-2

BLESENER AMBROSE J

376720   AGE  59   SEX  X  MALE                    DATE

| RESIDENCE: I CERTIFY THAT THE APPLICANT IS 18 YEARS OF AGE OR OVER, A CITIZEN OF THE UNITED STATES, AND HAS RESIDED IN TEXAS MORE THAN 1 YEAR AND IN COUNTY AND CITY MORE THAN SIX MONTHS PRECEDING THE DATE OF THIS APPLICATION EXCEPT AS LISTED BELOW. I UNDERSTAND THAT THE GIVING OF FALSE INFORMATION TO PROCURE THE REGISTRATION OF A VOTER IS A FELONY. EXCEPTIONS | | |
|---|---|---|

RESIDENT ADDRESS

904 WOODING ST
HOUSTON

VOTING PRECINCT   064

CONTROL NO.

|   | MONTH | DAY | YEAR |
|---|---|---|---|
| DW DATE OF ARRIVAL | | | |
| IF IN TEXAS LESS THAN 1 YEAR | | | |
| IF IN COUNTY LESS THAN 6 MOS | | | |
| IF IN CITY LESS THAN 6 MOS | | | |
| UNDER 21, SHOW DATE OF BIRTH | | | |

VOTER'S NAME

BLESENER AMBROSE J
P O BOX 9164
HOUSTON TX

CORRECTIONS

UNDER 21 YEARS OLD, NEVER MARRIED AND MINORITY ABILITIES HAVE NOT BEEN REMOVED BY COURT

X X X X X X X X X X X X X X X X X X X X X X X X X X X X X X

SIGNATURE OF VOTER/AGENT
HUSBAND   WIFE   FATHER   MOTHER   SON OR DAUGHTER   ONLY
(CIRCLE ONE WHERE APPLICABLE)

ADDRESS
STREET          CITY          ZIP CODE

TELEPHONE NUMBER

TO COMPLETE APPLICATION OTHER SIDE MUST BE FILLED IN

JUN 1 4 1993

OVER 65 PERMANENT EXEMPTION FROM JURY SERVICE

TEXAS DRIVER'S LIC. #_____   VOTER CERT. # 0265160-2

D.P.S. IDENTIFICATION #_____   CODE  2   DATE 5-17-93

NAME  BLESENER              AMBROSE       JOSEPH
          LAST            FIRST        MIDDLE

ADDRESS  904   Wooding   Houston   77011

DATE OF BIRTH  9-21-1912                    CNCN 6-14-93

PLACE OF BIRTH  NORTHFIELD, MINNESOTA

IN ACCORDANCE WITH ARTICLE 2137a, REVISED CIVIL STATUTES OF
TEXAS, I AFFIRM THAT I AM OVER 65 YEARS OF AGE AND DESIRE A
PERMANENT EXEMPTION FROM JURY SERVICE ON THAT GROUND.

SIGNATURE _____   DATE _____

Name on record  Blesener Ambrose J   Dep. _____

# PublicData.com

➡ **Texas Driver Detail**

| | | |
|---|---|---|
| *Name*<br>BLESENER, AMBROSE JOSEPH | | *License number*<br>( |
| *Address*<br>904 WOODING ST | *DOB*<br>Sep 21 1912 | *Class*<br>I |
| *City/Zip*<br>HOUSTON 77011 | *Gender*<br>Male | *Race*<br>White |
| *Height*<br>510 | *Weight*<br>200 | *Eye color*<br>Blue | *Hair*<br>Gray |
| *Last transaction date*<br>Nov 25 1999 | *Last transaction*<br>Delete record | |
| *Above information as provided by state - below is our annotations* | | |
| *Address (click to find others)*<br>904 Wooding St | *City/State/Zip (click to find others)*<br>Houston , TX 77011-2604 | |

http://.../Detail?db=txdl&rec=4466053&dlnumber=HARRIS006&dlstate=CORP&id=1104493    5/10/01

PublicData.com [SSA Death Master File Detail]

# PublicData.com

➡ SSA Death Master File Detail

| Name | Social Security Number |
|---|---|
| BLESENER,AMBROSE | |
| Last Known Zip Code | Date of Birth | Date of Death |
| 77261 | Sep 21 1912 | Jun 6 1996 |

0 2651602

http://w.../Detail?db=ssadmf&rec=47534351&dlnumber=006991732&dlstate=TX&id=894976    5/10/01

TX_00002389
JA_005148

TX_00002389

Object Name: pc_fileno

## Office of Beverly B. Kaufman, County Clerk, Harris County, Texas
*Probate Court Inquiry System*

```
R.C.DOCKET.SUB.        .APPLICANT'S       .ATTORNEY OF RECORD  .NATURE  .DATE OPEND.
C.T.NUMBER.DKT.STYLE OF PROBATE   .NAME AND ADDRESS   .AND ADDRESS         .OF PROC .MM DD YYYY.FILM CODE
= .=.======.=== .========= ==== .================== .================== .======= .==========.=========
3  284210 001 BLESENER AMBROSE J*O*  BLESENER RITA A    SCHULTZ MARJORIE S    PW-LT    07-18-1996 642792226
       904 WOODING ST         HOUSTON TX 77011   3220 LOUISIANA #201   HOUSTON TX 77006
```

Total lines retrieved = 2 Lines displayed = 2

[ Back to Inquiry ]   [ Main Menu ]

TX_00002390
JA_005149

TX_00002390



Voter Update (c1update 03.06)

NEW | ADD | SAVE | EXIT | Scan View | Prev Bits | Cancel | NVRA Dup | Notices Polling Place | Districts Reg Hist | View Vot Hist

NVRA Source [redacted] Date Submitted Status / Reason CD DEC Precinct 0148 Sub CERT # 3093879

File Number c1update ID Compliant Y

| Last | First | Middle | Former | Suffix |
|---|---|---|---|---|
| BOURDON | MAXINE | M MRS | | |

Residence Address

| Street # | Fract | Dir | Name | Type | Dir | Unit Type | Unit # |
|---|---|---|---|---|---|---|---|
| 2226 | | | MACARTHUR | | | | |

City HO Zip 77030 Muni HOUSTON Post Office HOUSTON Address Exception CANP

Mail Address

City State

Zip Clear Mail Addr

Gender F DOB 12/05/1910 Former County Further Assist

SSN SSN4

DL# Birth Place

Citizen? Y Signed? Y

Jury Language Privacy

Registration 01/31/1976 Eligible 03/01/1976

Transfer Effective 10/17/2000

No TDL/ID No SSN PW Interest ID Rcvd

Comments Election Role Updated by 000 10/17/2000 12:00AM

county clerk says
last voted
11/8/1994

TX_00002391





0309387-9

2157052O8

134834

**APPLICATION FOR VOTER REGISTRATION CERTIFICATE**
HARRIS COUNTY, TEXAS

054869

BOURDON MAXINE M MRS

0309387-9

134834

| AGE | 61 | SEX: | MALE | X FEMALE | DATE 11-7 1977 |
|---|---|---|---|---|---|

☐ CHECK HERE IF SERVICEMAN OR STUDENT

RESIDENCE: I CERTIFY THAT THE APPLICANT IS ~~21~~ 18 YEARS OF AGE OR OVER,* A CITIZEN OF THE UNITED STATES, AND HAS RESIDED IN TEXAS MORE THAN 1 YEAR AND IN COUNTY AND CITY MORE THAN SIX MONTHS PRECEDING THE DATE OF THIS APPLICATION EXCEPT AS LISTED BELOW. I UNDERSTAND THAT THE GIVING OF FALSE INFORMATION TO PROCURE THE REGISTRATION OF A VOTER IS A FELONY.

EXCEPTIONS

| | MONTH | DAY | YEAR |
|---|---|---|---|
| SHOW DATE OF ARRIVAL | | | |
| IF IN TEXAS LESS THAN 1 YEAR | | | |
| IF IN COUNTY LESS THAN 6 MOS. | | | |
| IF IN CITY LESS THAN 6 MOS. | | | |
| * IF UNDER 21, SHOW DATE OF BIRTH | | | |

IF UNDER 21 YEARS OLD, NEVER MARRIED AND MINORITY DISABILITIES HAVE NOT BEEN REMOVED BY COURT, GIVE NAME AND ADDRESS OF PARENTS OR GUARDIAN.

| RESIDENT ADDRESS | VOTING PRECINCT | CONTROL NO. |
|---|---|---|
| 2226 MACARTHUR<br>HOUSTON | 148<br>(IF KNOWN) | |

VOTER'S NAME (MAIL CERTIFICATE TO THE FOLLOWING TEMPORARY ADDRESS IF IT IS NOT TO BE MAILED TO THE PERMANENT ADDRESS ABOVE.)

BOURDON MAXINE M MRS
2226 MACARTHUR
HOUSTON TX

CORRECTIONS

ZIP 77025

X X X X X X X X X X X X X X X X X X X X X X X X X X X

NAME ______ ADDRESS ______ STREET ______ CITY ______ ZIP CODE 77025

Mrs Maxine M. Bourdon

SIGNATURE OF VOTER/AGENT*

TELEPHONE NUMBER

(CIRCLE ONE WHERE APPLICABLE) HUSBAND WIFE FATHER MOTHER SON OR DAUGHTER ONLY

TO COMPLETE APPLICATION OTHER SIDE MUST BE FILLED IN

TX_00002392
JA_005151

TX_00002392

0309387-9 215705191

040822 040822 **APPLICATION FOR RENEWAL OF VOTER REGISTRATION**
HARRIS COUNTY, TEXAS

CERTIFICATE NO. A366688

| AGE | 64 | SEX | [ ] MALE | [X] FEMALE |
|---|---|---|---|---|

DATE Jan 4, 1975 (stamped: JAN 8 1975)

FOR VOTING YEAR BEGINNING MARCH 1, 1975, AND SUCCEEDING THREE YEARS

**STATEMENT:**

I CERTIFY THAT I AM A CITIZEN OF THE UNITED STATES AND AM STILL A QUALIFIED ELECTOR OF HARRIS COUNTY, TEXAS.
BY RETURNING THIS SIGNED STATEMENT TO THE REGISTRAR, I WILL BE REGISTERED FOR THE THREE (3) SUCCEEDING VOTING YEARS BEGINNING MARCH 1, 1975.

I UNDERSTAND THAT THE GIVING OF FALSE INFORMATION TO PROCURE THE REGISTRATION OF A VOTER IS A FELONY.

| RESIDENT ADDRESS-DO NOT USE P.O. BOX | PRECINCT NO. | |
|---|---|---|
| 2226 MACARTHUR<br>HOUSTON | 148 | |
| **VOTERS NAME; MAILING ADDRESS** | **CORRECTIONS** | |
| BOURDON MAXINE M MRS<br>2226 MACARTHUR<br>HOUSTON TX 77025 | | |

[redacted]

SOCIAL SECURITY NUMBER TELEPHONE NUMBER

Maxine M. Bourdon
SIGNATURE OF VOTER/AGENT
HUSBAND WIFE, FATHER, MOTHER, SON OR DAUGHTER

JANUARY 29

THIS STATEMENT MUST BE RETURNED TO THE VOTER REGISTRAR BY MARCH 1, 1975 FOR CONTINUOUS REGISTRATION

SEE OTHER SIDE

OVER 65
PERMANENT EXEMPTION    DEC 3 1 1979
FROM JURY SERVICE

NAME _Bourdeau_ _Mrs. Maurice_ _M_
      Last         First        Middle

ADDRESS _22626 MacArthur_ _Houston_ _Texas_ _77030_
        Street              City    State   Zip

In accordance with Article 2137a, Revised Civil Statutes of
Texas, I affirm that I am over 65 years of age and desire a
permanent exemption from jury service on that ground.

_Mrs. Maurice M. Bourdeau_
Signature

_10-27-79_
Date signed

CERT #

CODE __Y__    DATE _12-17-79_

0309387-9        215705182

0309387-9         21570547

I hereby confirm that BOURDON MAXINE M MRS is:

☐ Deceased.

☑ Not deceased and the information is inaccurate.

Signature *Bethune K Bourne*

My relationship to BOURDON MAXINE M MRS is: *daughter*

Date *8-24-00*

Please complete this form and return to:

Paul Bettencourt
Tax Assessor-Collector
P. O. Box 3527
Houston, TX 77253-3527

215705173

0309387-9

0309387-9

0309387-9

030 6387-9

Re: Voter Registration Notice.

Last voted 11/8/94

# PublicData.com

➡*SSA Death Master File Detail*

| Name<br>BOURDON,MAXINE M | Social Security Number | Verify/Proof<br>none found | Last Known ZIP Code<br>77030 |
|---|---|---|---|
| Lump Sum Payment ZIP Code | State/Country of Residence<br>none found | Date of Birth<br>Dec 5 1910 | Date of Death<br>Jul 15 1991 |

*The detail view of this record will be recorded as one 'Detail look-up'.*

http://www7.publicdata.com/cgi-win/pd.exe/Detail?db=USSSDM&ed=31&rec=54519678&...   5/2/2007

2768063-6          215840240

**W1782** VOTER REGISTRATION APPLICATION (SOLICITUD PARA REGISTRO DE VOTANTE) 2768063-6
PLEASE COMPLETE ALL OF THE INFORMATION BELOW. PRINT IN INK OR TYPE.

| Last Name (Apellido) | First Name (NOT HUSBAND'S) (Nombre de Pila) (NO DEL ESPOSO) | Middle Name (if any) (Segundo Nombre) | Maiden Name (Apellido de Soltera) |
|---|---|---|---|
| BURDEN | EDDA | ROSE | MEDLHAMMER 319 |

| Sex (Sexo) | Date of Birth (Fecha de Nacimiento) month, day, year (el mes, el día, el año) | Place of Birth (Lugar de Nacimiento) city or county state or foreign country (ciudad o condado) (estado o país extranjero) | County (Condado) | Address of Former Residence (Dirección de su residencia previa) |
|---|---|---|---|---|
| F | 12-28-43 | COPD-HOLHEIM GERMANY | | |

Permanent Residence Address: Street Address and Apartment Number, City, State, and ZIP. If none, describe location of residence. (Do not include P.O. Box or Rural Rt.) (Dirección de Residencia Permanente. Calle y Número de Departamento, Ciudad, Estado y Zona Postal. Si no hay, describa la localidad de su residencia. No incluya su casilla postal o ruta rural.)

4323 BROOKFIELD   Houston, TX   7804

Mailing Address, City, State and ZIP: If mail cannot be delivered to your permanent residence address. (Dirección Postal, Ciudad, Estado y Zona Postal) (si es imposible entregar correspondencia a su dirección permanente)

The applicant is a citizen of the United States and a resident of this county. Applicant has not been finally convicted of a felony or, if a felon, is eligible for registration under Section 13.001(a)(4) of the Texas Election Code. I understand that the giving of false information to procure the registration of a voter is a misdemeanor. (El suplicante es ciudadano de los Estados Unidos y es residente de este condado. El suplicante no ha sido probado culpable finalmente de un crimen, o, si es criminal, está elegible para registrarse para votar bajo las condiciones de la Sección 13.001(a)(4) del Código de Elecciones de Texas. Yo entiendo, que es un delito menor dar información falsa para motivo de conseguir el registro de un votante.)

X Edda Burden

Signature of Applicant or Agent or Printed Name of Applicant If Signed by Witness (Firma del Suplicante o Agente, o Nombre del Suplicante en Letra de Molde Si Fue Firmado Por Un Testigo)

Court of Naturalization, If Applicable (Corte de Naturalización Si Aplicable)

OCT 29 1991

FOR AGENT (PARA AGENTE)

FOR WITNESS (PARA TESTIGO)

2768063-6          215840231

**VOTER REGISTRATION APPLICATION** *(SOLICITUD PARA REGISTRO DE VOTANTE)*

PLEASE COMPLETE ALL OF THE INFORMATION BELOW. PRINT IN INK OR TYPE.
*(POR FAVOR COMPLETE LA SIGUIENTE INFORMACION, ESCRIBA EN LETRA DE MOLDE CON TINTA O ESCRIBA A MAQUINA)*

| For Office | PCT | CID | EDR |
|---|---|---|---|

| Last Name *(Apellido)* | First Name (NOT HUSBAND'S) *(Nombre de Pila) (NO DEL ESPOSO)* | Middle Name (If any) *(Segundo Nombre) (si tiene)* | Maiden Name *(Apellido de Soltera)* |
|---|---|---|---|
| BURDEN | EDDI4 | ROSE | Medlhammer |

| Sex *(Sexo)* | Date of Birth *(Fecha de Nacimiento)* month, day, year *(el mes, el día, el año)* | Place of Birth *(Lugar de Nacimiento)* city or county *(ciudad o condado)* state or foreign country *(estado o país extranjero)* | County and *(Condado y )* | Address of Former Residence *(dirección de su residencia previa)* |
|---|---|---|---|---|
| F | 12 28 43 | 6000-Ll42 Germany | 7943 | Kuchen Zwirnerstr. 3 UK |

Permanent Residence Address: Street Address and Apartment Number, City, State, and ZIP. If none, describe location of residence. (Do not include P.O. Box or Rural Rt.) *(Dirección de Residencia Permanente: Calle y Número de Departamento, Ciudad, Estado, y Zona Postal, si no tiene, escriba la localidad de su residencia. No incluya su caja postal o ruta rural.)*

4323 Brookfield Houston Tx 77045

| Social Security Number *(Número de Seguro Social)* |
|---|

Mailing Address, City, State and ZIP: If mail cannot be delivered to your permanent residence address. *(Dirección Postal, Ciudad, Estado y Zona Postal) (si es imposible entregar correspondencia a su dirección permanente)*

| Telephone Number (optional) *(Número de Teléfono) (opcional)* |
|---|

| Precinct Number (if known) *(Número de Precinto) (si se sabe)* |
|---|
| 9-11-92 |

The applicant is a citizen of the United States and a resident of this county. Applicant has not been finally convicted of a felony or, if a felon, is eligible for registration under Section 13.001(a)(4) of the Texas Election Code. I understand that the giving of false information to procure the registration of a voter is a misdemeanor. *(El suplicante es ciudadano de los Estados Unidos y es residente de este condado. El suplicante no ha sido probado culpable finalmente de un crimen, o, si es criminal, está elegible para registrarse para votar bajo las condiciones de la Sección 13.001(a)(4) del Código de Elecciones de Texas.Yo entiendo que es un delito menor dar información falsa con motivo de conseguir el registro de un votante.)*

X *Edda Burden*

Signature of Applicant or Agent or Printed Name of Applicant if Signed by Witness *(Firma del Suplicante o Agente, o Nombre del Suplicante en Letra de Molde Si Fue Firmado Por un Testigo)*

| Court of Naturalization, If Applicable *(Corte de Naturalización, Si es Aplicable)* | OCT 10 1990 |
|---|---|

FOR AGENT *(PARA AGENTE)*: Application may be made by applicant's husband, wife, father, mother, son or daughter. The applicant must otherwise be registered to vote and must be a qualified voter of this county or have submitted a registration application and must be a qualified voter of this county or have submitted an application for registration. *(La solicitud para votar elegible por un agente puede ser hecha por el esposo, esposa, padre, madre, hijo o hija del suplicante. El agente deberá ser o estar elegible para votar en este condado.)*

Relationship *(Parentesco)*

## Paul Bettencourt

*Harris County Tax Assessor-Collector and Voter Registrar*

Date Mailed: August 22, 2000

*Rec'd*
*8/23/00*
*DPD.*

|||||||| (barcode)

BURDEN EDDA MEDLHAMMER
4323 BROOKFIELD DR
HOUSTON TX 77045-6207

### VOTER REGISTRATION NOTICE

The addressee's name, Social Security number, and date of birth matched exactly with that of a record in the Social Security Death Index database. This indicates that the registered voter named in this notice is deceased.

Please respond by providing the information requested below. Please include your signature and your relationship to the voter in the space provided below. Upon the receipt of your response, we will update the record. **This notice will not affect your Social Security benefits.**

**WARNING:** This voter registration is subject to cancellation if an appropriate reply is not provided to the voter registrar by the 60th day after the date this notice is mailed (Texas Election Code Sec. 16.033 (c)).

If you have any questions, or if this information is inaccurate, please call our office at (713) 224-1919 as soon as possible. Our Web site at [www.tax.co.harris.tx.us] contains an updated Harris County Voter Registration database for your reference.

Thank you for your assistance.

Paul Bettencourt
Voter Registrar, Harris County, Texas

Marty Morrison
Director of Voter Registration

I hereby confirm that BURDEN EDDA MEDLHAMMER is:      *97680113-15*

[X] Deceased.   *aug 2-3, 1998.*

[ ] Not deceased and the information is inaccurate.

Signature *Hazel E. Burden*      Date *8/23/00*

My relationship to BURDEN EDDA MEDLHAMMER is: *Former mother-in-law*

Please complete this form and return to:   **Paul Bettencourt
Tax Assessor-Collector
P. O. Box 3527
Houston, TX 77253-3527**

# PUBLICDATA.com

➡ *SSA Death Master File Detail*

| Name<br>BURDEN,EDDA R | Social Security Number | Verify/Proof<br>Death certificate<br>observed | Last Known ZIP<br>Code<br>77045 |
|---|---|---|---|
| Lump Sum Payment ZIP<br>Code | State/Country of<br>Residence<br><br>none found | Date of Birth<br>Dec 28 1943 | Date of Death<br>Aug 26 1998 |

*The detail view of this record will be recorded as one 'Detail look-up'.*

http://www3.publicdata.com/cgi-win/pd.exe/Detail?db=USSSDM&ed=31&rec=52462413&...   5/2/2007



**Votec Election Management System**

Mine Window

**Voter Update**

NEW | ADD | SAVE | EXIT | Scan / View | Prov Blts | Cancel | NVRA Dup | Notices / Polling Place | Districts / Reg Hist | View Vot Hist

| NVRA Source | Date Submitted | Status / Reason | | Precinct | Sub | CERT # |
|---|---|---|---|---|---|---|
| | | CD | DEC | 0686 | -- | 3211703 |

File Number — c1update — ID Compliant Y

| Last | First | Middle | Former | Suffix |
|---|---|---|---|---|
| CAMPBELL | E | S | | |

Residence Address

| Street # | Fract | Dir | Name | Type | Dir | Unit Type | Unit # |
|---|---|---|---|---|---|---|---|
| 8114 | | | CADAWAC | RD | | | |

City HO Zip 77074 Muni HOUSTON Post Office HOUSTON Address Exception CAN

Mail Address

Gender M DOB 10/03/1919 Former County Former Resid

**Voting History for CAMPBELL, E**

| Election | Date | Voting Codes | Election Description |
|---|---|---|---|
| 1196 | 11/05/1996 | E | GENERAL ELECTION |

SSN4

Birth Place

Signed? Y

Privacy More

PW Interest ID Rcvd

07/20/2001 12:00 AM

APPLICATION FOR VOTER REGISTRATION CERTIFICATE
HARRIS COUNTY, TEXAS

296286

□ CHECK HERE IF SERVICEMAN OR STUDENT    296286    08463    AGE 52   SEX: ☒ MALE    CAMPBELL E S MR    0321170-3

| RESIDENCE: I CERTIFY THAT THE APPLICANT IS 18 YEARS OF AGE OR OVER, A CITIZEN OF THE UNITED STATES, AND HAS RESIDED IN TEXAS MORE THAN 1 YEAR AND IN COUNTY AND CITY MORE THAN SIX MONTHS PRECEDING THE DATE OF THIS APPLICATION EXCEPT AS LISTED BELOW. I UNDERSTAND THAT THE GIVING OF FALSE INFORMATION TO PROCURE THE REGISTRATION OF A VOTER IS A FELONY. EXCEPTIONS | | | | RESIDENT ADDRESS | VOTING PRECINCT | CONTROL NO. |
|---|---|---|---|---|---|---|

RESIDENT ADDRESS
6931 HODUO
HOUSTON

VOTING PRECINCT: 204 / 297

|  | MONTH | DAY | YEAR |
|---|---|---|---|
| SHOW DATE OF ARRIVAL | | | |
| IF TEXAS LESS THAN 1 YEAR | | | |
| IF IN COUNTY LESS THAN 6 MOS | | | |
| IF IN CITY LESS THAN 6 MOS | | | |
| * IF UNDER 21 SHOW DATE OF BIRTH | | | |

VOTER'S NAME (MAIL CERTIFICATE TO THE FOLLOWING TEMPORARY ADDRESS, IF IT IS NOT TO BE MAILED TO THE PERMANENT ADDRESS ABOVE)

CAMPBELL E S MR
6931 HODUO
HOUSTON        TX 77036
8114 CADAWAC

CORRECTIONS
8114 Cadawac
77036
Houston Texas

* IF UNDER 21 YEARS OLD, NEVER MARRIED AND MINORITY DISABILITIES HAVE NOT BEEN REMOVED BY COURT, GIVE NAME AND ADDRESS OF PARENTS OR GUARDIAN

NAME   X  X IX  X  X  X  X  X  X   ADDRESS   X  X  X  X  X  X  X  X  X  X  X  X  XX
STREET          CITY          ZIP CODE

➡ E. S. Campbell
   SIGNATURE OF VOTER / AGENT *
* (HUSBAND) WIFE  FATHER  MOTHER  SON OR DAUGHTER ONLY
   (CIRCLE ONE WHERE APPLICABLE)

TELEPHONE NUMBER (IF KNOWN)

## TO COMPLETE APPLICATION OTHER SIDE MUST BE FILLED IN

OVER 65
PERMANENT EXEMPTION    SEP 1 0 1990    CERT # 0321170-3
FROM JURY SERVICE                CODE 2  DATE 9-4-90

NAME  CAMPBELL        EDWIN         S.
        Last            First        Middle

ADDRESS  8114 CADAWAC DR Houston Tx 77071

DATE OF BIRTH  10-3-19                    JH  90
                                          91

PLACE OF BIRTH  PEARSOLE, TEXAS

IN ACCORDANCE WITH ARTICLE 2137a, REVISED CIVIL STATUTES OF TEXAS,
I AFFIRM THAT I AM OVER 65 YEARS OF AGE AND DESIRE A PERMANENT
EXEMPTION FROM JURY SERVICE ON THAT GROUND.

Signed  E. S. Campbell                9-7-90
Name on record  Campbell E.S. MR.              Date signed
                                               Dep. Dona

# PUBLICDATA.com

➡ **SSA Death Master File Detail**

| Name | Social Security Number |
|---|---|
| CAMPBELL,EDWIN | |
| Last Known Zip Code | Date of Birth | Date of Death |
| | Oct 3 1919 | Sep 27 1991 |

*03211703*

Object Name: pc_fileno

## Office of Beverly B. Kaufman, County Clerk, Harris County, Texas
*Probate Court Inquiry System*

| R.C. DOCKET:SUB. | APPLICANT'S | ATTORNEY OF RECORD | NATURE | DATE OPEND. |
| C.T. NUMBER. DKT. STYLE OF PROBATE | NAME AND ADDRESS | AND ADDRESS | OF PROC. | MM DD YYYY. FILM CODE |
| 2  250982  001  CAMPBELL EDWIN S*D* | CAMPBELL MAEBELLE S | THOMPSON JAMES D | PW-LT | 04-03-1992  673253860 |
| 8114 CADAWAC | HOUSTON TX 77074 | 10405 TOWN & CTRY WAY | | HOUSTON TX 77024 |

Total lines retrieved = 2 Lines displayed = 2

| Back to Inquiry | | Main Menu |

http://www.cclerk.hcts.net/coolice/default.asp?Category=ProbateCourt&Service=pc_fileno

5/2/2007

TX_00002405
JA_005164

TX_00002405

Votec Election Management System - [user]

Mine    Window

Voter Update

| NEW | ADD | SAVE | EXIT | Scan View | Prov Bts | Cancel | NVRA Exp | Notices | Districts | |
| | | | | | | | | Polling Place | Reg Hist | View Vot Hist |

NVRA Source                          Date Submitted   Status / Reason   Precinct          Sub    CERT #
                                                      CD    DEC        0210              I-     888792
                          File Number                         c1update           ID Compliant Y

Last                First              Middle            Former            Suffix
COLEMAN             LEDORSE

Residence Address
Street #   Fract   Dir   Name                 Type      Dir   Unit Type   Unit #
2422                     ROSEWOOD

City HO         Zip 77004   Muni HOUSTON    Post Office HOUSTON    Address Exception CAN

Mail Address

                                    Gender M   DOB 01/28/1908    Former County    Former Resid

Voting History for COLEMAN, LEDO...                          SSN4

                                                            Birth Place

Election   Date        Voting Codes   Election Description    Signed? Y
1198       11/03/1998             GENERAL ELECTION           Privacy                      More

                                                            PW Interest    ID Rcvd
                                                            12/27/2000 12:00 AM

TX_00002406

199603

APPLICATION FOR VOTER REGISTRATION CERTIFICATE
HARRIS COUNTY, TEXAS

109026   COLEMAN LEDORSE   00889879-2

☐ CHECK HERE IF SERVICEMAN OR STUDENT   | AGE | 64 | SEX: | X | MALE ☐ |   DATE   17

RESIDENCE: I CERTIFY THAT THE APPLICANT IS 18 YEARS OF AGE OR OVER, A CITIZEN OF THE UNITED STATES, AND HAS RESIDED IN TEXAS MORE THAN 1 YEAR AND IN COUNTY AND CITY MORE THAN SIX MONTHS PRECEDING THE DATE OF THIS APPLICATION EXCEPT AS LISTED BELOW. I UNDERSTAND THAT IN GIVING OF FALSE INFORMATION TO PROCURE THE REGISTRATION OF A VOTER IS A FELONY.
EXCEPTIONS

| RESIDENT ADDRESS | VOTING PRECINCT | CONTROL NO. |
|---|---|---|
| 2422 ROSEWOOD | 210 | |
| HOUSTON | (IF KNOWN) | |

| | MONTH | DAY | YEAR |
|---|---|---|---|
| SHOW DATE OF ARRIVAL | | | |
| IF IN TEXAS LESS THAN 1 YEAR | | | |
| IF IN COUNTY LESS THAN 6 MOS. | | | |
| IF IN CITY LESS THAN 6 MOS. | | | |
| * IF UNDER 21, SHOW DATE OF BIRTH | | | |

VOTER'S NAME (MAIL CERTIFICATE TO THE FOLLOWING TEMPORARY ADDRESS, IF IT IS NOT TO BE MAILED TO THE PERMANENT ADDRESS ABOVE.)

COLEMAN LEDORSE
2422 ROSEWOOD
HOUSTON        TX 77004

CORRECTIONS

* IF UNDER 21 YEARS OLD, NEVER MARRIED AND MINORITY DISABILITIES HAVE NOT BEEN REMOVED BY COURT, GIVE NAME AND ADDRESS OF PARENT OR GUARDIAN.

NAME X X X X X X X X X X   ADDRESS X X X X X X X X X X X XX
STREET          CITY      ZIP CODE

SIGNATURE OF VOTER / AGENT
TELEPHONE NUMBER

* HUSBAND   WIFE   FATHER   MOTHER   SON OR DAUGHTER   ONLY
(CIRCLE ONE WHERE APPLICABLE)

## TO COMPLETE APPLICATION OTHER SIDE MUST BE FILLED IN

COLEMAN LEDORSE          COLEMAN LEDORSE
Re:                      --0000879-2--          DX
Certificate #   00888792 1

X-

Confirmation is hereby given that the person named above is:
Se da aqui confirmacion que la antedicha persona nombrado a:

☑ Deceased/Fallecido

☐ Not deceased and the information is incorrect (No a fallecido y la informacion esta incorrecto)

Signature/Firma   Betty Walker Richardson   Date/Fecha  1/3/2000

JAN 04 2000

Relationship/Parentesco

PublicData.com [ SSA Death Master File Detail ]                                                    Page 1 of 1

# PublicData.com

➡ *SSA Death Master File Detail*

| Name<br>COLEMAN,LEDORSE | Social Security Number | Verify/Proof<br>none found | Last Known ZIP Code<br>77004 |
|---|---|---|---|
| Lump Sum Payment ZIP Code | State/Country of Residence<br>none found | Date of Birth<br>Jan 28 1908 | Date of Death<br>May 8 1995 |

*The detail view of this record will be recorded as one 'Detail look-up'.*

http://www3.publicdata.com/cgi-win/pd.exe/Detail?db=USSSDM&ed=31&rec=53877616&...   5/2/2007

Object Name: pc_fileno

Page 1 of 1

## Office of Beverly B. Kaufman, County Clerk, Harris County, Texas
*Probate Court Inquiry System*

| R.C.DOCKET.SUB | APPLICANT'S | ATTORNEY OF RECORD | NATURE | DATE OPEND |
| C.T.NUMBER.DKT | STYLE OF PROBATE | NAME AND ADDRESS | AND ADDRESS | OF PROC. | MM DD YYYY.FILM CODE |
| 2 274946 001 COLEMAN LEDORSE*D* | | WALKER BETTY J | | PROCTOR MAMIE MOORE | PW-NPC | 05-12-1995 63078347E |
| 6315 CENTRAL CITY BLVD | GALVESTON TX 77551 | 24 GREENWAY PLAZA 1822 HOUSTON TX 77046 | | |

by

Total lines retrieved = 2 Lines displayed = 2

Back to Inquiry   Main Menu

TX_00002409
JA_005168

TX_00002409

Votec Election Management System - User Is REDD

Mine   Window

Voter Update - C1Update (C1Upd

| NEW | ADD | SAVE | EXIT | Scan / View | Prev Blts | Cancel | NVRA Dup | Notices Polling Place | Districts Reg Hist | View Vot Hist |

NVRA Source                          Date Submitted   Status / Reason   Precinct   Sub   CERT #
                                                      CD   DEC            0122       -     10102986
                          File Number                              c1update        ID Compliant Y

Last        First       Middle      Former                Suffix
DOE         LULA        WELLS

Residence Address
Street #  Fract  Dir  Name                 Type   Dir   Unit Type   Unit #
151                    HOHLDALE

CityHO      Zip 77022   Muni HOUSTON   Post Office HOUSTON   Address Exception CAN

Mail Address

Gender F   DOB 03/12/1911   Former County      Former Resid

**Voting History for DOE, LULA WELL**                            SSN4

Birth Place

| Election | Date | Voting Codes | Election Description |
|----------|------|--------------|----------------------|
| 1133 | 11/03/1998 | E- 07 | GENERAL ELECTION |

Signed? Y

Privacy                                                          More

PW Interest        ID Rcvd

07/20/2001 12:00 AM

I010298-6

(For Official use only)   Election Pct #   _1.2.2_

Mail or deliver to Tax Assessor-Collector of your county of residence.   DOE LULA WELLS

(every blank)   Effective on 30th day after delivery.

TYPE OR PRINT IN INK

Last name: **DOE**

Social Security No.

SEX (M/F): **F**

Birth Date   Month **3**  Day **12**  Year **11**

If naturalized,

Phone #

Hers name(also use husband's first name): **Lula**

Middle name: **Margis**

Maiden name of married woman: **WELLS**

City **Augusta**   or County

Church Place

State **Ga.**   or Foreign Country

PERMANENT RESIDENCE ADDRESS

Street & apt # (not P.O. box): **151 Hahldale**

**Houston**   Zip **77022**

MAILING ADDRESS IF DIFFERENT FROM ABOVE

I certify that the applicant is 18 years of age or over, is a citizen of the United States, has met all legal requirements, and holds legal residence in this county. I understand that the giving of false information to procure the registration of a voter is a felony.

SIGNATURE OF VOTER/AGENT

_Lula M. Doe_

Agent must be a registered voter and must be (only if note are applicable)

Husband, Wife, Mother, Father, Son, Daughter

Street or P. O. Box

City

State   Zip

The disclosure of social security number is voluntary only, is solicited by authority of Section 44, Texas Election Code, and will be used only by election officials to maintain the accuracy and integrity of the registration records.

---

**VOTER REGISTRATION APPLICATION**

(SOLICITUD PARA REGISTRO DE VOTANTE)

PLEASE COMPLETE ALL OF THE INFORMATION BELOW. PRINT IN INK OR TYPE.

OFFICIAL USE ONLY

Last Name (Apellido): **Doe**

First Name (Nombre): **Lula**

Middle Name (Segundo Nombre): **MARGIS**

Maiden Name (Apellido de Soltera): **WELLS**

Date of Birth (Fecha de Nacimiento)   Month **3**  Day **12**  Year **11**

Place of Birth (Lugar de Nacimiento)   City or County   State or Foreign Country

If you are a naturalized citizen, indicate the court of naturalization or its location:

PERMANENT RESIDENCE ADDRESS   Street address and apartment number, if any. Describe location of residence.

Street, State, and Zip: **151 Hahldale**   **HOUSTON TEXAS 77022**

If mail cannot be delivered to permanent residence address, provide mailing address:

SOCIAL SECURITY NUMBER

TELEPHONE NUMBER (OPTIONAL)

CURRENT PRECINCT NUMBER

UMDS 15-11-44

I understand that giving false information to procure a voter registration is a felony.

SIGNATURE OF APPLICANT OR AGENT

_Lula Margis Doe_

FOR AGENT (Para Agente)

TX_00002411

TX_00002411

# PublicData.com

➡ SSA Death Master File Detail

| Name | Social Security Number |
|------|------------------------|
| DOE,LULA | |

| Last Known Zip Code | Date of Birth | Date of Death |
|---------------------|---------------|---------------|
| 77022 | Mar 12 1911 | Jan 0 1993 |

1010298 6

http://w.../Detail?db=ssadmf&rec=4881226&dlnumber=006991732&dlstate=TX&id=894976     5/10/01

Object Name: pc_fileno

Page 1 of 1

## Office of Beverly B. Kaufman, County Clerk, Harris County, Texas
### Probate Court Inquiry System

| R.C. DOCKET. SUB. C.T. NUMBER. DKT. | STYLE OF PROBATE | APPLICANT'S NAME AND ADDRESS | ATTORNEY OF RECORD AND ADDRESS | NATURE OF PROC. | DATE OPEND. MM DD YYYY. FILM CODE |
|---|---|---|---|---|---|
| 3   256990   001 | DOE LULA MARGIS*D* | PORTER CAROL J 4504 OLD YALE HOUSTON TX 77018 | HARTSFIELD HAROLDEEN 55 WAUGH DR #400 HOUSTON TX 77007 | PW-LT C-WILL | 01-21-1993  68134167! 02-23-1993  68236045< |
| 3   256990   401 | DOE LULA MARGIS*D* | ARNOLD NORVELLA DOE STATE OF TN PORTER CAROL J STATE OF TN | WASHINGTON GEORGE JR 1808 WHEELER AVE HOUSTON TX 77288 | C-WILL | 02-23-1993  68236045< |
| 3   256990   401 | ARNOLD NORVELLA DOE*P* | STATE OF TN | WASHINGTON GEORGE JR 1808 WHEELER AVE HOUSTON TX 77288 | C-WILL | 02-23-1993  68236045< |

Total lines retrieved = 6 Lines displayed = 6

[ Back to Inquiry ]   [ Main Menu ]

5/2/2007

TX_00002413
JA_005172

TX_00002413

**Votec Election Management System**

Mine Window

**Voter Update**

NEW | ADD | SAVE | EXIT | Scan View | Prov Blts | Cancel | NVRA Dup | Notices Polling Place | Districts Reg Hist | View Vot Hist

NVRA Source | Date Submitted | Status CD | Reason DEC | Precinct 0185 | Sub -- | CERT # 12278172

File Number | c1update | ID Compliant Y

| Last | First | Middle | Former | Suffix |
|---|---|---|---|---|
| FURLONG | TOMAS | SALVADOR | | |

Residence Address

| Street # | Fract | Dir | Name | Type | Dir | Unit Type | Unit # |
|---|---|---|---|---|---|---|---|
| 1010 | | | RAINY RIVER | DR | | | |

City HO Zip 77088 Muni HOUSTON Post Office HOUSTON Address Exception CAN

**Voting History for FURLONG, TOM**

| Election | Date | Voting Codes | Election Description |
|---|---|---|---|
| 1196 | 11/05/1996 | E | GENERAL ELECTION |

OK

1932 Former County Former Resid

SSN4

Birth Place PUEBLA MM

Signed? Y

Privacy More

PW Interest ID Rcvd

10/13/1999 12:00 AM

TX_00002414

Re: **FURLONG TOMAS SALVADOR**
Certificate #   **1ZZ7817Z 1**



**X-**

Confirmation is hereby given that the person named above is:
*Se da aquí confirmación que la antedicha persona nombrado a:*

☑ Deceased/*Fallecido*   o n   8 - 2 8 - 8 3

☐ Not deceased and the information is incorrect (*No a fallecido y la información esta incorrecto*)

DaTe of BirTh - 6-23-32

*Margarita B Furlong*
Signature/*Firma*

*Wife*
Relationship/*Parentesco*

Aug. 26-99
Date/*Fecha*

---

VOTER REGISTRATION APPLICATION/CHANGE FORM (AA. 5.1)
185    A    1227817-2
FURLONG   TOMAS   SALVADOR

LAST NAME
**FURLONG**

FIRST NAME
**TOMAS**

SECOND NAME
**SALVADOR**

DATE OF BIRTH
6  23  32

SEX
M

BIRTH PLACE
**PUEBLA MEXICO**

**MEXICO**   M

PERMANENT RESIDENCE ADDRESS
**1810 RAINY RIVER**

CITY
**HOUSTON**

ZIP
**77088**

**SAME**

U.S. SOUTHERN DISTRICT, HOUSTON

*Thomas S Furlong*
SIGNATURE OF VOTER

TX_00002415
JA_005174

TX_00002415

PublicData.com [ SSA Death Master File Detail ]

# PublicData.com

➡ *SSA Death Master File Detail*

| Name<br>FURLONG,TOMAS | Social Security Number | Verify/Proof<br><br>none found | Last Known ZIP Code |
|---|---|---|---|
| Lump Sum Payment ZIP Code<br>78250 | State/Country of Residence<br><br>none found | Date of Birth<br>Jun 23 1932 | Date of Death<br>Aug 1983 |

*The detail view of this record will be recorded as one 'Detail look-up'.*

http://www3.publicdata.com/cgi-win/pd.exe/Detail?db=USSSDM&ed=31&rec=54027783&...   5/2/2007

TX_00002416<br>JA_005175



Votec Election Management System
Mine Window
Voter Update
NEW ADD SAVE EXIT Scan View Prov Blts Cancel NVRA Upp Notices Polling Place Districts Reg Hist View Vot Hist
NVRA Source
Date Submitted
Status CD
Reason DEC
Precinct 0271
Sub
CERT # 24482465
File Number
c1update
ID Compliant Y
Last GUIDRY
First JOHN
Middle ASHTON
Former
Suffix
Residence Address
Street # 4415
Fract
Dir
Name BOTANY
Type LN
Dir
Unit Type
Unit #
City HO
Zip 77047
Muni HOUSTON
Post Office HOUSTON
Address Exception CAN
Voting History for GUIDRY
Election Date Voting Codes Election Description
03/10/1998 E D PRIMARY ELECTION
0496 04/09/1996 E D RUNOFF ELECTION
OK
963
Former County
Former Resid
SSN4
Birth Place HARRIS TX
Signed? Y
Privacy
More
PW Interest
ID Rcvd
08/24/1999 12:00 AM

VOTER REGISTRATION APPLICATION
APPLICATION FOR REGISTRATION
PLEASE COMPLETE ALL OF THE INFORMATION BELOW

| Laundry | John | Ashton | | J 11 |

M 216163 Harris Texas        SEP 2 2 1985 -- OCT 2 2 1985

4415 Botany Ln
Houston Texas 77047

X  John A M

```
               EVIOUS TRANSACTION COMPI      GUIDRY JOHN ASHTON
                   --2482246--            --2482246-5--        DX
           STAT/FLAG < A _ >              EFDT < 01-01-98 >      UPDT 000 000 2 033198

                              SEX < M >    BRDT < 02-06-1963 >          CITY/CNTY   C ST
                                                                 BRPL < HARRIS____ 2 TX >
               DLNO < 0-00000000 >         COFM < 5/22/94 >
                                                    DIED
           ME < GUIDRY_JOHN_ASHTON_____ 2 >     ___  PCT < 0271 >   OPEN < D_ >

          DR < 04415 _ BOTANY_LN_____ _____ >  MADR1 < _____ >
                                                   MADR2 < _____ >
          TY < HOUSTON_____ RZIP 77047-0000 >   MCZP < _____ 00000-0000 >
              . .  . .  . .  . .  . . 8/24/99  . .  . . .  . .  . .  . .  . .  . .  . .
          US/REP 025  KEN_BENTSEN__(D)_/  Spoke To Mother_____
          ST/SEN 013  RODNEY_ELLIS__(D)// __8/5/99_____
          ST/REP 131  RON_WILSON__(D)__( PER Two Gibson _____
          COMM    1   EL_FRANCO_LEE__(D)_____
          JP/C   07   A_B_CHAMBERS_JP--BETTY_BROCK_BELL,_ALEXANDER_GREEN_____
          ST/BE  04   ALMA_A._ALLEN__(D)_____  WTR  _____
          SCH   001   HOUSTON_ISD_____  RFPD _____
          CLG   048   HOUSTON_COMMUNITY_CLGE____  SPEC
          CITY
```

PublicData.Com [ SSA Death Master File Detail ]

# PublicData.com

➡ **SSA Death Master File Detail**

| Name<br>GUIDRY,JOHN | | Social Security Number |
|---|---|---|
| Last Known Zip Code<br>77031 | Date of Birth<br>Feb 6 1963 | Date of Death<br>May 22 1994 |

Votec Election Management System
Mine Window
Voter Update
NEW ADD SAVE EXIT Scan View Prov Blts Cancel Notices Polling Place Districts Reg Hist View Vot Hist
NVRA Source
Date Submitted
Status CD
Reason DEC
Precinct 0151
Sub --
CERT # 9244013
File Number
c1update
ID Compliant Y
Last HENRY
First EDMOND
Middle
Former
Suffix
Residence Address
Street # 4914
Fract
Dir
Name EARLINE
Type
Dir
Unit Type
Unit #
City HO
Zip 77016
Muni HOUSTON
Post Office HOUSTON
Address Exception CAN
Voting History for HENRY, EDMOND
Election
Date
Voting Codes
Election Description
11/05/1996 E GENERAL ELECTION
OK
/1957
Former County
SSN4
Birth Place HOUSTON TX
Signed? Y
Privacy
More
PW Interest
ID Rcvd
08/23/1999 12:00 AM

PREVIOUS TRANSACTION COMPLETE ISSUE HENRY EDMOND

STAT/FLAG < _ _ > __ X EFDT < --0924401-3-- DK 0 010198

SNO BRDT < 03-12-1957 > CITY/CNTY C ST

DFM Died 10/19/94 > BRPL < HOUSTON___ 1 TX

NAME < HENRY EDMOND_____________ 2 > 0931 PCT < 0151 > OPEN <

RADR < 04914 _ EARLINE____________ ______ > MADR1 < ____________________

MADR2 < ____________________

RCTY < HOUSTON_______ RZIP 77016-0000 > MCZP < ________________ 00000-00

US/REP 018 SHEILA_JACKSON_LEE__(D) Spoke to Mother

ST/SEN 006 MARIO_GALLEGOS___(D) J. Gibson 8/3/99 1:15 pm

ST/REP 141 SENFRONIA_THOMPSON__(D)

COMM 1 EL FRANCO LEE _(D)

---

EG41 VOTER REGISTRATION APPL. 0924401-3

HENRY EDMOND

For Official use only) Election Pct # 151

Mail or deliver to Tax Assessor-Collector of county every blank. "Effective on 30th day after delivery to V.

TYPE OR PRINT IN INK

Last name: Henry

First name (do not use husband's first name): Edmond

Middle name

Maiden surname if married woman

PERMANENT RESIDENCE ADDRESS: 4914 Earline

Street & apt # (not P.O. Box)

City: Houston Texas Zip 77016

MAILING ADDRESS IF DIFFERENT FROM ABOVE

Street or P. O. Box

City

State Zip

Social Security No

SEX M

If naturalized, court of its

Birth Date: Month 3 Day 12 Year 57

Phon

Address in County

Zip

Birth Place: City Houston State Texas or Foreign Country

I certify that the applicant is 18 years of age or over, is a citizen of the United States, has met all legal requirements, and holds legal residence in this county. I understand that the giving of false information to procure the registration of a voter is a felony.

SIGNATURE OF VOTER/AGENT

x Edmond Henry

Agent must be a registered voter and must be only (Circle one applicable)

Husband-Wife-Mother-Father-Son-Daughter

The disclosure of social security number is voluntary only, is solicited by authority of Section 45b, Texas Election Code, and will be used only by election officials to maintain the accuracy and integrity of the registration records.

---

VOTER REGISTRATION APPLICATION/CHANGE FORM (Art. 5.13a V.T.E.) (APLICACION PARA REGISTRO DE VOTANTE/FORMA PARA HACER CAMBIO)

151 R 0924401-3

HENRY EDMOND

LAST NAME (APELLIDO): HENRY

FIRST NAME (NOT HUSBAND'S) (NOMBRE-NO EL DEL ESPOSO): Edmond

(SEGUNDO NOMBRE)

PCT

MAIDEN NAME (APELLIDO DE SOLTERA)

BIRTHDATE (FECHA DE NACIMIENTO): Month 3 Day 12 Year 57

BIRTH PLACE (CIUDAD DE NACIMIENTO): Houston, HARRIS, TEXAS

SEX: M

PERMANENT RESIDENCE ADDRESS (DIRECCION RESIDENCIAL PERMANENTE): 4914 Earline

CITY (CIUDAD): Houston

ZIP (ZONA POSTAL): 77016

MAILING ADDRESS IF DIFFERENT

PHONE NUMBER (OPTIONAL) (TELEFONO-OPCIONAL)

IF YOU ARE A NATURALIZED CITIZEN, INDICATE COURT OR ITS LOCATION

TO CHANGE REGISTRATION FORM (PARA CAMBIAR FORMA DE REGISTRO)

CERTIFICATE NUMBER (NUMERO DEL CERTIFICADO)

NAME AS IT APPEARS ON CERTIFICATE

TODAY'S DATE (FECHA DE HOY) INITIALS (INICIALES)

IF YOU ARE NOW REGISTERED IN ANOTHER TEXAS COUNTY OR WERE REGISTERED AND FAILED TO RECEIVE NEW CERTIFICATE, INDICATE

COUNTY (CONDADO) FORMER ADDRESS (DIRECCION PREVIA)

I CERTIFY THAT THE INFORMATION PROVIDED IS CORRECT, THE APPLICANT IS A CITIZEN OF THE UNITED STATES, HAS MET ALL LEGAL REQUIREMENTS AND HOLDS LEGAL RESIDENCE IN THIS COUNTY. I UNDERSTAND THAT THE GIVING OF FALSE INFORMATION TO PROCURE THE REGISTRATION OF A VOTER IS A FELONY.

X Edmond Henry

SIGNATURE OF VOTER (FIRMA DEL VOTANTE)

FOR FURTHER ASSISTANCE CONTACT YOUR COUNTY TAX ASSESSOR-COLLECTOR

# PUBLICDATA.com

➡ *SSA Death Master File Detail*

| Name HENRY,EDMOND | Social Security Number | Verify/Proof none found | Last Known ZIP Code 77016 |
|---|---|---|---|
| Lump Sum Payment ZIP Code | State/Country of Residence none found | Date of Birth Mar 12 1957 | Date of Death Oct 19 1994 |

*The detail view of this record will be recorded as one 'Detail look-up'.*

http://www3.publicdata.com/cgi-win/pd.exe/Detail?db=USSSDM&ed=31&rec=53094312&...  5/2/2007

TX_00002423
JA_005182

TX_00002423

TX_00002424

Re:                    HOLZWARTH KARL HENRY
Certificate #          03470878 1

X-

Confirmation is hereby given that the person named above is:
*Se da aqui confirmacion que la antedicha persona nombrado a:*

☐ Deceased/*Fallecido*

☐ Not deceased and the information is incorrect *(No a fallecido y la informacion esta incorrecto)*

Signature/*Firma* Elizabeth Holzwarth   Date/*Fecha* 10-27-99

Relationship/*Parentesco* Spouse
                  BORN - DATE March 22, 1909

FEB 2 4 1993

OVER 65 PERMANENT EXEMPTION FROM JURY SERVICE
TEXAS DRIVER'S LIC. # ▮▮▮▮▮   CERT # 034-7097-8
TEXAS IDENTIFICATION #   CODE  2  DATE 1/22/93
NAME  Holzwarth        KARL          Henry  1K264.93
      LAST            FIRST          MIDDLE
ADDRESS  2615 Louetta Rd. Spring, TX  77388
DATE OF BIRTH  3/22/09
PLACE OF BIRTH  Spring, Texas
IN ACCORDANCE WITH ARTICLE 2137a, REVISED CIVIL STATUTES OF
TEXAS, I AFFRIM THAT I AM OVER 65 YEARS OF AGE AND DESIRE A
PERMANENT EXEMPTION FROM JURY SERVICE ON THAT GROUND.
SIGNATURE  Karl Holzwarth      DATE  Feb 21, 1993
Name on record  Holzwarth, Karl    Dep.  Thomas Byars

DC-1-25-93363

| 410077 | APPLICATION FOR VOTER REGISTRATION CERTIFICATE |
|--------|--------|

410077   HARRIS COUNTY, TEXAS   266159   0347097-8

☐ CHECK HERE IF SERVICEMAN OR STUDENT    AGE 63  SEX: X MALE ☐   HOLZWARTH KARL

RESIDENCE: I CERTIFY THAT THE APPLICANT IS 18 YEARS OF
AGE OF   YRS; A CITIZEN OF THE UNITED STATES, AND HAS
RESIDED   TEXAS MORE THAN 1 YEAR AND IN COUNTY AND
CITY MORE THAN SIX MONTHS PRECEDING THE DATE OF THIS
APPLICATION EXCEPT AS LISTED BELOW. I UNDERSTAND THE
THE  GIVING OF FALSE INFORMATION TO PROCURE THE
REGLIRATION OF A VOTER IS A FELONY.
EXCEPTIONS

RESIDENT ADDRESS 12-30-71    VOTING PRECINCT  112    CONTROL NO.

|  | MONTH | DAY | YEAR |
|--|-------|-----|------|
| SHOW DATE OF ARRIVE | | | |
| IF IN TEXAS LESS THAN 1 YEAR | | | |
| IF IN COUNTY LESS THAN 6 MOS. | | | |
| IF IN CITY LESS THAN 6 MOS. | | | |
| *IF UNDER 21 SHOW DATE OF BIRTH | | | |

*IF UNDER 21 YEARS OLD, NEVER MARRIED AND AUTHORITY
DISAPPROVES TO HAVE MUST BE REMOVED BY COURT. GIVE NAME
AND ADDRESS TO FREEDOM OF GUARDIAN

VOTER'S NAME ( MAIL CERTIFICATE TO THE FOLLOWING TEMPORARY ADDRESS)
( IF IT IS NOT TO BE MAILED TO THE PERMANENT ADDRESS ABOVE)

HOLZWARTH KARL
RT 3 BOX 275
SPRING Tx

CORRECTIONS
new address
2615 Louetta b
Spring area
77373

X X X X X X X X X X X  X X X X X X X X X X X X XX
NAME            ADDRESS
                STREET    CITY    ZIP CODE

Karl Holzwarth
SIGNATURE OF VOTER/AGENT

TELEPHONE NUMBER
(IF KNOWN)

TX 00002425

PublicData.Com [ SSA Death Master File Detail ]                    Page 1 of 1

# PublicData.com

➡ SSA Death Master File Detail

| Name | | Social Security Number |
|------|------|------|
| HOLZWARTH,KARL | | |
| Last Known Zip Code | Date of Birth | Date of Death |
| 77388 | Mar 22 1909 | Mar 31 1996 |

Office of Beverly B. Kaufman, County Clerk, Harris County, Texas
*Probate Court Inquiry System*

| R.C.DOCKET.SUB. | .APPLICANT'S | .ATTORNEY OF RECORD | .NATURE | .DATE OPEND. |
| C.T.NUMBER.DKT | STYLE OF PROBATE | .NAME AND ADDRESS | .AND ADDRESS | .OF PROC | .MM DD YYYY.FILM CODE. |
| ====== === | | | | ===== |
| 1 1 282017 001 | HOLZWARTH KARL HENRY*D* | HOLZWARTH ELIZABETH M | HAVLICK MILTON E JR | PW-LT | 04-12-1996 640613718 |
| | 2615 OLD LOUETTA LOOP | 14015 PARK DR #101 | TOMBALL TX 77375 |
| | SPRING TX 77388 | | |

Total lines retrieved = 2 Lines displayed = 2

Back to Inquiry    Main Menu

http://www.cclerk.hctx.net/coolice/default.asp?Category=ProbateCourt&Service=pc_name

1/1/2008

TX_00002427
JA_005186

TX_00002427



Votec Election Management System - user is SEALEMASON@vems

Voter Update (c1update 03.06)

NEW | ADD | SAVE | EXIT | Scan View | Prov Bits | Cancel | NVRA Dup | Polling Place | Notices | Districts | Reg Hist | View Vot His

NVRA Source: [redacted] | Date Submitted | Status / Reason: CD DEC | Precinct: 0438 | Sub | CERT #: 9111295

File Number | c1update | ID Compliant Y

| Last | First | Middle | Former | Suffix |
|---|---|---|---|---|
| KAPELKA | JOYCE | LAYOW | | |

Residence Address

| Street # | Fract | Dir | Name | Type | Dir | Unit Type | Unit # |
|---|---|---|---|---|---|---|---|
| 14318 | | | BROADGREEN | DR | | | |

City HO | Zip 77079 | Muni HOUSTON | Post Office HOUSTON | Address Exception CAN

Voting History for KAPELKA, JOYCE LAYOW (v_hist 03.06)

| Election | Date | Voting Codes | Election Description |
|---|---|---|---|
| 1196 | 11/05/1996 | E | GENERAL ELECTION |
| 1196 | 11/05/1996 | E | GENERAL ELECTION |
| 0496 | 04/09/1996 | E R | RUNOFF ELECTION |
| 0394 | 03/08/1994 | P R | PRIMARY ELECTION |

OK

1946 | Former County | Former Res

SSN4

Birth Place SYRACUSE NY

Signed? Y

Privacy

PW Interest | ID Rcvd

Record Type: VOTER Record ID: 9111295 Imaging Dept. ID: 236217278

Prescribed by the Secretary of State 000064.94

**VOTER REGISTRATION APPLICATION**
**(SOLICITUD DE INSCRIPCION DE VOTANTE)**

For Official Use Only — PCT — Cert. Num — COR

| Last Name (Apellido usual) | First Name (NOT HUSBAND'S) (Su nombre de pila) (Si es mujer: no el del esposo) | Middle Name (If any) (Segundo Nombre) (si tiene) | Former Name (Nombre anterior) |
|---|---|---|---|
| KApelKA | Joyce | M. | LAyou |

Residence Address: Street Address and Apartment Number, City, State, and ZIP. If none, describe where you live. (Do not include PO Box or Rural Rt.) (Domicilio: Calle y numero, numero de apartamento, Ciudad, Estado, y Zona Postal; A falta de estos datos, describa la localidad de su residencia.) (No incluya su apartado postal ni su ruta rural.)

14318 Broadgreen Houston Texas 77079

Mailing Address, City, State and ZIP: If mail cannot be delivered to your residence address. (Dirección postal, Ciudad, Estado y código postal) (Si es imposible que entreguen correspondencia a domicilio.)

Gender (Optional) (Sexo) (Facultativo) — ☐ Male (Hombre) ☑ Female (Mujer)

Date of Birth: month, day, year (Fecha de Nacimiento) (el mes, el día, el año): 9-20-46

City and County of Former Residence (Condado y dirección de su residencia anterior)

Social Security [illegible] Social) (Facultativo)

TX Driver's License No. or Personal I.D. No. Issued by TX Dept. of Public Safety (Optional) (Número de su licencia de manejar o de su Cédula de Identidad expedida por el Departamento de Seguridad Publica de Texas) (Facultativo)

Telephone [illegible] (Telefónico) (Facultativo)

I understand that giving false information to procure a voter registration is perjury, and a crime under state and federal law. (Entiendo que el hecho de proporcionar datos falsos a fin obtener inscripción en el registro de votantes, constituye el delito de perjurio o declaración falsa y es una infracción sancionable por ley federal y estatal.)

I affirm that I (Declaro que soy)

- am a United States citizen; (ciudadano/a de los Estados Unidos)
- am a resident of this county; (residente del condado)
- have not been finally convicted of a felony or if a felon I am eligible for registration under section 13.001, Election Code; and (que no he sido condenado/a en definitiva por un delito penal, o en caso de tal condena, que estoy habilitado/a para inscribirme, a tenor de lo dispuesto por la seccion 13.001 del Código Electoral)
- have not been declared mentally incompetent by final judgment of a court of law. (no se me ha declarado mentalmente incapacitado por orden judicial.)

AUG 21 1995 -- SEP 20 1995

X Joyce M. Kapelka 8.17.95 Date (Fecha)

Signature of Applicant or Agent and Relationship to Applicant or Printed Name of Applicant if Signed by Witness and Date. (Firma del/de la solicitante o de su apoderado/a. Si la firma es de un(a) testigo, escriba el nombre del/de la solicitante en letras de molde. Indicar la fecha.)

Doc ID: 5735541 Page: 2 of 7.

Record Type: VOTER Record ID: 9111295 Imaging Dept. ID: 236217278

CARL S. SMITH VOTER REGISTRAR
HARRIS COUNTY
P.O. BOX 3527
HOUSTON, TEXAS 77001

PRESORTED
438 C 0911129-5 IL
KAPELKA JOYCE LAYOW ID
AS
.96

POSTMASTER-DO NOT FORWARD-RETURN POSTAGE GUARANTEED

CARL S. SMITH
VOTER REGISTRAR
(REGISTRADOR DE VOTANTES)

GEORGE W. STRAKE, JR.
SECRETARY OF STATE
(SECRETARIO DEL ESTADO)

VOTER REGISTRATION CERTIFICATE
(CERTIFICADO DE REGISTRO ELECTORAL)

COUNTY OF HARRIS (CONDADO de HARRIS)

| CERTIFICATE NUMBER (NUMERO DE CERTIFICADO) | VALID FROM (VALIDO DESDE) | PRECINCT (PRECINTO) | SEX (SEXO) |
|---|---|---|---|
| 0911129-5 | 3- 1-80 | 461 | F |

NAME AND PERMANENT RESIDENCE ADDRESS
(NOMBRE Y DIRECCION RESIDENCIAL PERMANENTE)

Name and mailing address (Nombre y dirección de correo)

MAY 21 1980

JUN 20 1980

KAPELKA JOYCE LAYOW
~~13803 WICKERSHAM LN~~
~~HOUSTON TX 77077~~
14318 Broadgreen
Houston, Texas 77079

x [signature]

VOTER MUST PERSONALLY SIGN HIS NAME IMMEDIATELY UPON RECEIPT
(EL VOTANTE DEBE FIRMAR ESTA TARJETA PERSONALMENTE AL PUNTO DE RECIBIRLA)

VOTING BY USE OF THIS CERTIFICATE BY ANY PERSON OTHER THAN THE PERSON IN WHOSE NAME THIS CERTIFICATE IS ISSUED IS A FELONY
(EL USO DE ESTE CERTIFICADO PARA VOTAR POR CUALQUIER PERSONA EN VEZ DE LA PERSONA CUYO NOMBRE APARECE EN DICHO CERTIFICADO ES UNA FELONIA)

Doc ID: 5735541 Page: 4 of 7

**Record Type:** VOTER **Record ID:** 9111295 **Imaging Dept. ID:** 236217278

VOTER REGISTRATION APPLICATION MAY 10

Certificate Number (for Official use only)

0911129-5

(for Official use only)

Election Pct. # 401

Mail or deliver to Tax Assessor-Collector pf every blank. "Effective on 30th day after delive

6/9/76 TYPE OR PRINT. KAPELKA JOYCE LAYOW

Last name: KAPELKA

First name (do not use husband's first name): JOYCE

Middle name: MARIE

Maiden surname if married woman: LAYOW

PERMANENT RESIDENCE ADDRESS
Street & apt # (not P.O. Box): 13413 WICKERSHAM
City: HOUSTON TEXAS Zip: 7777

MAILING ADDRESS IF DIFFERENT FROM ABOVE
Street or P. O. Box
City
State Zip

Social Security No.

SEX (M/F): F

Birth Date: Month 4 Day 26 Year 46 Phone #

Birth Place: City SYRACUSE or County
State New York or Foreign Country

The disclosure of social security number is voluntary only, is solicited by authority of Section 45b, Texas Election Code, and will be used only by election officials to maintain the accuracy and integrity of the registration records.

If naturalized, court or its location

If now registered in another Texas County: Name of County; Last Residence Address in County; City; Zip

I certify that the applicant is 18 years of age or over, is a citizen of the United States, has met all legal requirements, and holds legal residence in this county. I understand that the giving of false information to procure the registration of a voter is a felony.

SIGNATURE OF VOTER/AGENT
x Joyce M. Kapelka

Agent must be a registered voter and must be only (Circle one applicable)
Husband-Wife-Mother-Father-Son-Daughter

Doc ID: 5735541 Page: 6 of 7

TX_00002431

Record Type: VOTER    Record ID: 9111295    Imaging Dept. ID: 236217278

# Paul Bettencourt

*Harris County Tax Assessor-Collector and Voter Registrar*

Date Mailed: August 22, 2000

KAPELKA JOYCE LAYOW
14318 BROADGREEN DR
HOUSTON TX 77079-6605

## VOTER REGISTRATION NOTICE

The addressee's name, Social Security number, and date of birth matched exactly with that of a record in the Social Security Death Index database. This indicates that the registered voter named in this notice is deceased.

Please respond by providing the information requested below. Please include your signature and your relationship to the voter in the space provided below. Upon the receipt of your response, we will update the record. This notice will not affect your Social Security benefits.

**WARNING:** This voter registration is subject to cancellation if an appropriate reply is not provided to the voter registrar by the 60th day after the date this notice is mailed (Texas Election Code Sec. 16.033 (c)).

If you have any questions, or if this information is inaccurate, please call our office at **(713) 224-1919** as soon as possible. Our Web site at **[www.tax.co.harris.tx.us]** contains an updated Harris County Voter Registration database for your reference.

Thank you for your assistance.

Paul Bettencourt                       Marty Morrison
Voter Registrar, Harris County, Texas   Director of Voter Registration

I hereby confirm that KAPELKA JOYCE LAYOW is: O 9111 2

☑ Deceased.

☐ Not deceased and the information is inaccurate.

Signature _____   Date 08/13/1

My relationship to KAPELKA JOYCE LAYOW is:

KAPELKA JOYCE LAYOW
09111295

Please complete this form and return to:     **Paul Bettencourt**
                                             **Tax Assessor-Collector**
                                             **P. O. Box 3527**
                                             **Houston, TX 77253-3527**

236217278

Doc ID: 5735541   Page: 1 of 7.

# PUBLICDATA.com

➡ *SSA Death Master File Detail*

| Name KAPELKA,JOYCE M | Social Security Number | Verify/Proof Death certificate observed | Last Known ZIP Code |
|---|---|---|---|
| Lump Sum Payment ZIP Code | State/Country of Residence none found | Date of Birth Sep 20 1946 | Date of Death Jan 9 1998 |

*The detail view of this record will be recorded as one 'Detail look-up'.*

http://www7.publicdata.com/cgi-win/pd.exe/Detail?db=USSSDM&ed=31&rec=11520433&...  5/2/2007

Votec Election Management System - user is REDDITTE

Mine Window

Voter Update [c1update 03.06]

NEW | ADD | SAVE | EXIT | Scan View | Prov Blts | Cancel | NVRA Dup | Notices Polling Place | Districts Reg Hist | View Vot Hist

NVRA Source [redacted] Date Submitted Status / Reason CD DEC Precinct 0173 Sub CERT # 1312024

File Number c1update ID Compliant Y

Last KITCHING First T Middle D Former Suffix

Residence Address
Street # 9255 Fract Dir Name THEYSEN Type DR Dir Unit Type Unit #
City HO Zip 77080 Muni HOUSTON Post Office HOUSTON Address Exception CAN

Mail Address

Gender M DOB 06/05/1911 Former County Former Resid

Voting History for KITCHING, T D [v_hist 02.0]

Election | Date | Voting Codes | Election Description

SSN4

Birth Place VALLEY MIL TX

Signed? Y

Privacy More

N PW Interest ID Rcvd

10/13/1999 12:00 AM

FEB - 1 1993

OVER 65 PERMANENT EXEMPTION FROM JURY SERVICE

TEXAS DRIVER'S LIC. #_____  CERT # 0131202-4

TEXAS IDENTIFICATION #_____  CODE 2  DATE 1/15/93

NAME _____

LAST          FIRST          MIDDLE   TK29-93

ADDRESS  9255 Theysen Dr: Hou, TX  77080

DATE OF BIRTH  6-5-1911

PLACE OF BIRTH  Valley Mills, Texas

IN ACCORDANCE WITH ARTICLE 6137a, REVISED CIVIL STATUTES OF
TEXAS, I AFFIRM THAT I AM OVER 65 YEARS OF AGE AND DESIRE A
PERMANENT EXEMPTION FROM JURY SERVICE ON THAT GROUND.

SIGNATURE  T. D. Kitching  DATE Jan - 27-1993

Name on record  Kitching, T.D.  Dep. T.A.

DEC 17 1979

370    C    0131202-4

KITCHING T D

CARL S. SMITH VOTER REGISTRAR
HARRIS COUNTY
P.O. BOX 3527
HOUSTON, TEXAS 77001

POSTMASTER: DO NOT FORWARD. RETURN POSTAGE GUARANTEED

Name and mailing address (Numbre y dirección de correo)

0131202-4

300256   APPLICATION FOR VOTER REGISTRATION CERTIFICATE
HARRIS COUNTY, TEXAS    316219    KITCHING T D

| | AGE | 59 | SEX. | X MALE | | | VOTING PRECINCT | CONTROL NO |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | 299 | |

RESIDENT ADDRESS

7816 AMELIA
HOUSTON

VOTER'S NAME

KITCHING T D
7816 AMELIA
HOUSTON        TX

CORRECTIONS

T. D. Kitching

SIGNATURE OF VOTER/AGENT

TO COMPLETE APPLIC... ... ... MUST BE FILLED IN

Re:       KITCHING T D
Certificate #   0131202H 1

X-

Confirmation is hereby given that the person named above is:

Se da aquí confirmacion que la antedicha persona nombrada a:

X Deceased/Fallecido

☐ Not deceased and the information is incorrect (No a fallecido y la información esta incorrecto)

Signature/Firma  Pauline D Kitching  Date/Fecha Aug. 23. 1999

Relationship/Parentesco  Wife.

# PublicData.com

➡ *SSA Death Master File Detail*

| Name KITCHING,TOM D | Social Security Number | Verify/Proof Report verified with a family member | Last Known ZIP Code 77080 |
|---|---|---|---|
| Lump Sum Payment ZIP Code | State/Country of Residence Unknown | Date of Birth Jun 5 1911 | Date of Death Jun 29 1996 |

*The detail view of this record will be recorded as one 'Detail look-up'.*

http://www7.publicdata.com/cgi-win/pd.exe/Detail?db=USSSDM&ed=31&rec=51685015&...  5/2/2007



Votec Election Management System - user is REDDITTE@VE...

Mine Window

Voter Update [c1update 03.06]

NEW | ADD | SAVE | EXIT | Scan View | Prov Blts | Cancel | NVRA Dup | Notices Polling Place | Districts Reg Hist | View Vot Hist

NVRA Source [redacted] Date Submitted Status / Reason CD DEC Precinct 0912 Sub CERT # 1658962

File Number c1update ID Compliant Y

Last LONGMIRE First SYLVESTER Middle H Former Suffix

Residence Address Street# 211 Fract Dir E Name ROSELANE Type Dir Unit Type Unit#

City HO Zip 77076 Muni HOUSTON Post Office HOUSTON Address Exception CAN

Mail Address

Gender M DOB 07/01/1923 Former County Former Resid

Voting History for LONGMIRE, SYLVESTER

Voting History for LONGMIRE, SYLVESTER H [v_hist 03.06] NG OK

SSN4

Election Date Voting Codes Election Description

1192 11/03/1992 GENERAL ELECTION

Signed? Y

Privacy More

PW Interest ID Rcvd

10/13/1999 12:00 AM

MAY 21 1993

65 PERMANENT EXEMPTION FROM JURY SERVICE

DRIVER'S LIC. # _____ VOTER CERT. # *0165 8967*

IDENTIFICATION # _____ CODE 2 DATE *5-18-93*

*LONGMIRE          SYLVESTER          H*
LAST          FIRST          MIDDLE

SS *211 Roselane E - Houston TX 77076*

OF BIRTH *7-1-23*                                    *0145 8447*

OF BIRTH *Sterling, OKLA*

CORDANCE WITH ARTICLE 2137a, REVISED CIVIL STATUTES OF
, I AFFIRM THAT I AM OVER 65 YEARS OF AGE AND DESIRE A
NENT EXEMPTION FROM JURY SERVICE ON THAT GROUND.

TURE *S.H. Longmire*                DATE *5-21-93*

on record *Longmire S.H.*          Dep. *Rudy Montez*

---

326712  | APPLICATION FOR VOTER REGISTRATION CERTIFICATE          | 016589
         | HARRIS COUNTY, TEXAS          147460

☐ CHECK HERE IF SERVICE          AGE 48 | SEX: X MALE |          LONGMIRE S H

| RESIDENCE: I CERTIFY THAT THE APPLICANT IS 18 YEARS OF AGE OR OVER, A CITIZEN OF THE UNITED STATES, AND HAS RESIDED IN TEXAS MORE THAN 1 YEAR AND IN COUNTY AND CITY MORE THAN SIX MONTHS PRECEDING THE DATE OF THIS APPLICATION EXCEPT AS LISTED BELOW. I UNDERSTAND THAT THE GIVING OF FALSE INFORMATION TO PROCURE THE REGISTRATION OF A VOTER IS A FELONY. EXCEPTIONS | RESIDENT ADDRESS | VOTING PRECINCT | CONTROL |
|---|---|---|---|
| | 211 E ROSE LANE HOUSTON | 321 (IF KNOWN) | |
| | VOTER'S NAME (MAIL CERTIFICATE TO THE FOLLOWING TEMPORARY ADDRESS IF IT IS NOT TO BE MAILED TO THE PERMANENT ADDRESS ABOVE.) | | CORRECTIONS |
| SHOW DATE OF ARRIVAL | MONTH | DAY | YEAR |
| • IN TEXAS LESS THAN 1 YEAR | | LONGMIRE S H | |
| • IN COUNTY LESS THAN 6 MOS. | | 211 E ROSE LANE | |
| • IN CITY LESS THAN 6 MOS. | | HOUSTON          TX 77022 | |
| • IF UNDER 21 SHOW DATE OF BIRTH | | | |
| • IF UNDER 21 YEARS OLD, WHEN MARRIED, AND MINORITY DISABILITIES HAVE NOT BEEN REMOVED BY COURT, GIVE NAME AND ADDRESS OF PARENT OR GUARDIAN | | | |

NAME  X X X X X X X X X X X  ADDRESS  X X X X X X X X X X X X

➡ *S.H. Longmire*
SIGNATURE OF VOTER / AGENT •
• HUSBAND  WIFE  FATHER  MOTHER  SON OR DAUGHTER  ON
(CIRCLE ONE WHERE APPLICABLE)
TO COMPLETE APPLICATION          LLED IN

---

119826 | 119826 | APPLICATION FOR RENEWAL OF VOTER REGISTRATION          CERTIFICATE NO. A193960
         |          HARRIS COUNTY, TEXAS

| AGE 51 | SEX X MALE ☐ FEMALE |          DATE          JAN 20 1975

FOR VOTING YEAR BEGINNING MARCH 1, 1975, AND SUCCEEDING THREE YEARS

STATEMENT:

I CERTIFY THAT I AM A CITIZEN OF THE UNITED STATES AND AM STILL A QUALIFIED ELECTOR OF HARRIS COUNTY, TEXAS.
BY RETURNING THIS SIGNED STATEMENT TO THE REGISTRAR, I WILL BE REGISTERED FOR THE THREE (3) SUCCEEDING VOTING YEARS BEGINNING MARCH 1, 1975.

I UNDERSTAND THAT THE GIVING OF FALSE INFORMATION TO PROCURE THE REGISTRATION OF A VOTER IS A FELONY.

| RESIDENT ADDRESS—DO NOT USE P.O. BOX | PRECINCT NO. |
|---|---|
| 211 E ROSE LANE HOUSTON | 321 |
| VOTERS NAME; MAILING ADDRESS | CORRECTIONS |
| LONGMIRE S H 211 E ROSE LANE HOUSTON TX 77022 | |

OFFICIAL _____

*S.H. Longmire*                          JANUARY 29
SIGNATURE OF VOTER/AGENT
HUSBAND WIFE, FATHER, MOTHER, SON OR DAUGHTER

THIS STATEMENT MUST BE RETURNED TO THE VOTER REGISTRAR BY MARCH 1, 1975 FOR CONTINUOUS REGISTRATION
SEE OTHER SIDE

# PublicData.com

➡ *SSA Death Master File Detail*

| Name<br>LONGMIRE,SYLVESTER H | Social Security Number | Verify/Proof<br>Report verified with a family member | Last Known ZIP Code<br>77076 |
|---|---|---|---|
| Lump Sum Payment ZIP Code | State/Country of Residence<br>Unknown | Date of Birth<br>Jul 1 1923 | Date of Death<br>Nov 15 1996 |

*The detail view of this record will be recorded as one 'Detail look-up'.*

http://www7.publicdata.com/cgi-win/pd.exe/Detail?db=USSSDM&ed=31&rec=53921010&...   5/2/2007

# Office of Beverly B. Kaufman, County Clerk, Harris County, Texas
*Probate Court Inquiry System*

```
R. C. DOCKET. SUB.
C. T. NUMBER. DKT.STYLE. OF. PROBATE.                .APPLICANT'S              .ATTORNEY OF. RECORD       .NATURE .DATE. OPEND.
                                                     .NAME. AND. ADDRESS       .AND. ADDRESS              .OF. PROC. MM. DD. YYYY. FILM. CODE.
1  2  287128  001  LONGMIRE, SYLVESTER H D'  LONGMIRE JANE CORNELIA  CAGLE CACTUS J          PW-LT   12-09-1996  646751620
                   211 E ROSE LN             HOUSTON TX 77076        616 FM 1960 WEST #340   HOUSTON TX 77090
```

Total lines retrieved = 2 Lines displayed = 2

Back to Inquiry   Main Menu

http://www.cclerk.hctx.net/ccolicc/default.asp?Category=ProbateCourt&Service=pc_name

1/11/2008

TX_00002440
JA_005199
TX_00002440



MCLEAN WILLIS H
1020503-7

Re:      MCLEAN WILLIS H
Certificate #      10205037 1

X-

|||||||||||||||||||||||||||||||||||||||||||||||||

Confirmation is hereby given that the person named above is:
*Se da aquí confirmación que la antedicha persona nombrado a:*

☒ Deceased/*Fallecido*

☐ Not deceased and the information is incorrect *(No a fallecido y la información esta incorrecto)*

Signature/*Firma* Aludi Mecheau      Date/*Fecha* 8-31-99

Relationship/*Parentesco* Widow

```
DV 102050371
PREVIOUS TRANSACTION COMPLETE.  ENTER NEXT COMMAND.        DELETED RECORD
                                ISSUE  11 01 76
> STAT/FLAG < D X > 00          EFDT < 08-03-99 >     UPDT 675 293 2 082499

SSNO <        > SEX < M >       BRDT < 06-06-1921 >        TRACKING # C ST
                                                      < ARGENTINA 1 XX >
     DLNO <                     COFM < _____ >

NAME < MCLEAN WILLIS H_____  2 >       ____  PCT < 0076 > OPEN <        >

RADR < 11631 _ KIRKHOLLOW_DR____ ____ > MADR1 < _____ >
                                        MADR2 < _____ >
RCTY < HOUSTON_____ RZIP 77089-0000 > MC2P < _____ 00000-0000 >
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
   US/REP 022  TOM_DELAY__ (R)_____
   ST/SEN 011  MIKE_JACKSON_____ (R)_____
   ST/REP 146  AL_EDWARDS__ (D)_____
   COMM    1   EL_FRANCO_LEE_ (D)_____
   JP/C   02   GARY_FREEMAN__ JP--JO_ANN_DELGADO,_GEORGE_RISNER_____
   ST/BE  07   DAVID_BRADLEY__ (R)____  WTR_____
   SCH    021  PASADENA_ISD_____    RFPD_____
   CLG    047  SAN_JACINTO_CLGE_DISTRICT SPEC 966 #966_____
   CITY       _____    OTHR_____ <_>
```

PublicData.Com [ SSA Death Master File Detail ]                                        Page 1 of 1

# PUBLICDATA.com

➡*SSA Death Master File Detail*

| Name<br>MCLEAN, WILLIS H | Social Security Number | Verify/Proof<br>none found | Last Known ZIP Code<br>77089 |
|---|---|---|---|
| Lump Sum Payment ZIP Code | State/Country of Residence<br>none found | Date of Birth<br>Jun 6 1921 | Date of Death<br>May 24 1995 |

*The detail view of this record will be recorded as one 'Detail look-up'.*



TX_00002444

Record Type: VOTER    Record ID: 1154038    Imaging Dept. ID: 007155428

Return Address:
713-224-1919
CARL S. SMITH, VOTER REGISTRAR
HARRIS COUNTY
P.O. BOX 3527
HOUSTON, TEXAS 77253-3527

Secretary of State's Office
Elections Division
1-800-252-VOTE

0115403-8

PRESORTED
FIRST CLASS MAIL
U S POSTAGE PAID
HOUSTON, TEXAS
PERMIT NO. 9496

**VOTER REGISTRATION CERTIFICATE**
(Certificado de Registro Electoral)
HARRIS COUNTY (Condado)

| Cert./No. (Núm. de Cert.) | Sex (Sexo) | Valid from (Válido desde) |
|---|---|---|
| 0115403-8 | M | 01-01-98 |
| Date of Birth (Fecha de nacimiento) 30-11-22 | Prec./No.(Pct. Núm.) 0271 | Date (hasta) 12-31-99 |

Name and Permanent Residence Address (Nombre y dirección residencial permanente)

MIMS FRANK JR
3914 MADDEN LN
HOU

007155428

X
VOTER
(El votante)

DO NOT CUT—FOLD ON DOTTED LINE
Favor de no cortar - Doble su certificado en la línea indicada

0115403-8  131   1   07

RETURN SERVICE REQUESTED

✷✷✷✷✷✷✷✷AUTOCR✷✷C-005
MIMS FRANK JR

039 1197 28 12/23/97

CT
-1117

Doc ID: 730944    Page: 1 of 1.

Record Type: VOTER    Record ID: 1154038    Imaging Dept. ID: 236217269

APPLICATION FOR VOTER REGISTRATION CERTIFICATE
HARRIS COUNTY, TEXAS

0115403-8

AGE 49   SEX: ☑ MALE   MIMS FRANK JR

RESIDENT ADDRESS 11-36-11   VOTING PRECINCT 271   CONTROL NO.

RESIDENCE: I CERTIFY THAT THE APPLICANT IS 18 YEARS OF AGE OR OVER A CITIZEN OF THE UNITED STATES, AND HAS RESIDED IN TEXAS MORE THAN 1 YEAR AND IN COUNTY AND CITY MORE THAN SIX MONTHS PRECEDING THE DATE OF THIS APPLICATION, AS LISTED BELOW. I UNDERSTAND THAT THE GIVING OF FALSE INFORMATION TO PROCURE THE REGISTRATION OF A VOTER IS A FELONY.
EXCEPTIONS:

3914 MADDEN
HOUSTON

VOTER'S NAME

MIMS FRANK JR
3914 MADDEN
HOUSTON        TX 77047

CORRECTIONS

NAME   X X X X X X X X   ADDRESS   X X X X X X X X X X X X

1  Frank Mims Jr   TELEPHONE NUMBER

SIGNATURE OF VOTER / AGENT
(CIRCLE ONE WHERE APPLICABLE)

TO COMPLETE APPLICATION OTHER SIDE MUST BE FILLED IN

Doc ID: 5735943   Page: 6 of 7.

Record Type: VOTER    Record ID: 1154038    Imaging Dept. ID: 236217269

**VOTER REGISTRATION APPLICATION**

MIMS   FRANK   JR

10 | 1 | 27   Houston   Texas

3014 Madden Lane   Houston, Texas 77041

MIMS FRANK JR.

DEC 2 1980

Doc ID: 3735943   Page: 4 of 7

Record Type: VOTER    Record ID: 1734038    Imaging Dept. ID: 23627265

MIMS FRANK JR
--0115103-0--                              DX

## CANCELLATION OF VOTER REGISTRATION

CODE   D/X   DATE   3-14-00

| NAME | MIMS | FRANK | JR. |
|------|------|-------|-----|
| | Last Name | First Name | Middle Name |

REASON   *DECEASED - Per precinct Judge - precinct #0271 . Found while working the March 14, 2000 Republican Primary Election. See Attached.*

*Earline Bowens*                              AUG 2 4 2000
                                                    EB
DEPUTY

Doc ID: 5735943   Page: 1 of 7.

**Record Type:** VOTER **Record ID:** 1154038 **Imaging Dept. ID:** 236217269

DEMOCRATIC PARTY PRIMARY ELECTION – MARCH 14, 2000

HARRIS COUNTY, TEXAS

0271

COPY

| No. | Certificate No. | | Full Name (Last, First, Middle) and Complete Residence Address | | Signature |
|---|---|---|---|---|---|
| 1 | 25593252 | | MCWASHINGTON CRAIG V<br>4223 BOTANY LN | HO 77047 | |
| 2 | 06582456 | | MCWASHINGTON WILLIE<br>4223 BOTANY LN | HO 77047 | |
| 3 | 07760475 | | MERCY SAMUEL LEE<br>4314 TAVENOR LN | HO 77047 | |
| 4 | 33364738 | | MERRICK MATTIE HOLLOWAY<br>13011 LONG GATE DR | HO 77047 | [illegible] |
| 5 | 07735142 | | MILLER BRUCE E<br>4226 TAVENOR LN | HO 77047 | |
| 6 | 16297731 | | MILLER GREGORY BERNARD<br>4226 TAVENOR LN | HO 77047 | |
| 7 | 10031029 | | MILLER LUCILLE<br>4226 TAVENOR LN | HO 77047 | |
| 8 | 35316377 | | MILLER MILA BENSON<br>4307 HOUCHEN | HO 77047 | [illegible] |
| 9 | 35318919 | | MILLER TINY JR<br>4307 HOUCHEN | HO 77047 | [illegible] |
| 10 | 08032869 | | MILO LORETTA RENEE<br>4207 MADDEN LN | HO 77047 | |
| 11 | 08032672 | | MILO OTIS WAYNE<br>4207 MADDEN LN | HO 77047 | |
| 12 | 01154020 | S | MIMS CORA LEE MRS<br>3914 MADDEN LN | HO 77047 | |
| 13 | 36667117 | S | MIMS FRANK<br>3914 MADDEN LN | HO 77047 | |
| 14 | 01154038 | S | MIMS FRANK JR<br>3914 MADDEN LN | HO 77047 | |
| 15 | 06707137 | | MIMS JANET<br>11102 SAFEGUARD | HO 77047 | |
| 16 | 21044407 | | MINNIFIELD JAMES JR<br>11711 DUANE | HO 77047 | |
| 17 | 01154053 | | MINNIFIELD MAE E MRS<br>11711 DUANE | HO 77047 | |
| 18 | 01154061 | | MINTER CLIFTON<br>3902 MADDEN LN | HO 77047 | |
| 19 | 01597995 | | MINTER MELVYN F MRS<br>3902 MADDEN LN | HO 77047 | |
| 20 | 30772491 | | MINTER PAUL L<br>3902 MADDEN LN | HO 77047 | |

(BLANK LINES AND PAGES SUPPLIED) DO NOT WRITE BELOW THIS LINE

Doc ID: 5735943 Page: 2 of 7.

**IMPORTANT** ☞

# POLL LIST

COPY

DEMOCRATIC PARTY PRIMARY ELECTION
HARRIS COUNTY, TEXAS
MARCH 14, 2000

AT _Christian Life Center_ ELECTION PRECINCT NO. _0271_ IN HARRIS COUNTY, TEXAS

OFFICERS OF ELECTION SHALL BE SWORN

Clerk of Officers of Election

Section 62.003, V.T.C.A., Election Code. The presiding judge and the election clerks present at the polling place before the polls open shall repeat the following oath:

"I swear or affirm that I will not in any manner request or seek to persuade or induce any voter to vote for or against any candidate or measure to be voted on, and that I will faithfully perform my duty as officer of the election and guard the purity of the election."

_Bessie M. Swindle_                     _Mary C Berry_
Signature of Presiding Judge            Signature of Presiding Clerk

_Pearl L. Johnson_                      _____
                                         Signature of Election Clerk

_Terri N. Berry_                        _____
                                         Signature of Election Clerk

_____                       _____
                                         Signature of Election Clerk

The above oath taken in the manner required, this the 14th day of March, 2000.

                                         _Bessie M. Swindle_
123.                                     PRESIDING JUDGE PRECINCT 1

Doc ID: 5735945   Page: 3 of 7.

# PublicData.com

➡ *SSA Death Master File Detail*

| Name<br>MIMS,FRANK | Social Security Number | Verify/Proof<br><br>none found | Last Known ZIP Code<br>77047 |
|---|---|---|---|
| Lump Sum Payment ZIP Code | State/Country of Residence<br><br>none found | Date of Birth<br>Oct 11 1922 | Date of Death<br>Jan 26 1993 |

*The detail view of this record will be recorded as one 'Detail look-up'.*

http://www7.publicdata.com/cgi-win/pd.exe/Detail?db=USSSDM&ed=31&rec=54121950&... 5/2/2007

Votec Election Management System

Mine Window

Voter Update

NEW | ADD | SAVE | EXIT | Scan View | Prov Blts | Cancel | NVRA Dup | Notices Polling Place | Districts Reg Hist | View Vot Hist

NVRA Source | Date Submitted | Status / Reason: CD / DEC | Precinct: 0291 | Sub: -- | CERT # 1688720

File Number | c1update | ID Compliant Y

| Last | First | Middle | Former | Suffix |
|---|---|---|---|---|
| MONROE | ROBERT | C | | |

Residence Address

| Street # | Fract | Dir | Name | Type | Dir | Unit Type | Unit # |
|---|---|---|---|---|---|---|---|
| 5935 | | W | BELLFORT | | | | |

City HO Zip 77035 Muni HOUSTON Post Office HOUSTON Address Exception CAN

Mail Address

Gender M DOB 06/22/1931 Former County Former Resid

SSN4

Birth Place

Signed? Y

Privacy More

SN PW Interest ID Rcvd

10/13/1999 12:00 AM

List F9

Voting History for MONROE, ROBE

| Election | Date | Voting Codes | Election Description |
|---|---|---|---|
| 1198 | 11/03/1998 | E | GENERAL ELECTION |
| 1196 | 11/05/1996 | E | GENERAL ELECTION |
| 0396 | 03/12/1996 | E R | PRIMARY ELECTION |

Re:
Certificate #

MONROE ROBERT C
01688720 1

X-

Confirmation is hereby given that the person named above is:
*Se da aquí confirmación que la antedicha persona nombrado a:*

☒ Deceased/*Fallecido*    5-31-98

☐ Not deceased and the information is incorrect *(No a fallecido y la información esta incorrecto)*

Signature/*Firma*   *Janie G. Monroe*   Date/*Fecha*  8-18-99

Relationship/*Parentesco*
*Wife*

---

**APPLICATION FOR VOTER REGISTRATION CERTIFICATE**
HARRIS COUNTY, TEXAS

345668

| 345668 | AGE | 40 | SEX: | X | MAL | MONROE ROBERT C | 0168872-0 () |

399

RESIDENCE: I CERTIFY THAT THE APPLICANT IS 18 YEARS OF
AGE OR OVER, A CITIZEN OF THE UNITED STATES, AND HAS
RESIDED IN TEXAS MORE THAN 1 YEAR AND IN COUNTY AND
CITY MORE THAN SIX MONTHS PRECEDING THE DATE OF THIS
APPLICATION EXCEPT AS LISTED BELOW. I UNDERSTAND THAT
THE GIVING OF FALSE INFORMATION TO PROCURE THE
REGISTRATION OF A VOTER IS A FELONY.
EXCEPTIONS

☐ CHECK HERE IF SERVICEMAN OR STUDENT

| | MONTH | DAY | YEAR |
|---|---|---|---|
| SHOW DATE OF ARRIVAL | | | |
| IF IN TEXAS LESS THAN 1 YEAR | | | |
| IF IN COUNTY LESS THAN 6 MOS. | | | |
| IF IN CITY LESS THAN 6 MOS. | | | |
| * IF UNDER 21, SHOW DATE OF BIRTH | | | |

RESIDENT ADDRESS

5935 W BELLFORT
HOUSTON

VOTING PRECINCT  022

CONTROL NO.

VOTER'S NAME (MAIL CERTIFICATE TO THE FOLLOWING TEMPORARY ADDRESS IF IT IS NOT TO BE MAILED TO THE PERMANENT ADDRESS ABOVE.)

MONROE ROBERT C
5935 W BELLFORT
HOUSTON TX 77035

CORRECTIONS

* IF LINE 8-21 YEARS OLD, NEVER MARRIED AND MINORITY
DISABILITIES HAVE NOT BEEN REMOVED BY COURT, GIVE NAME
AND ADDRESS OF PARENTS OR GUARDIAN

X  X  X  X  X  X  X  X  X  X
NAME

X  X  X  X  X  X  X  X  X  XX
ADDRESS    STREET    CITY    ZIP CODE

➤ *Robert C. Monroe*
SIGNATURE OF VOTER / AGENT *

TELEPHONE NUMBER

* HUSBAND   WIFE   FATHER   MOTHER   SON OR DAUGHTER   ONLY
(CIRCLE ONE WHERE APPLICABLE)

TO COMPLETE APPLICATION OTHER SIDE MUST BE FILLED IN

# PublicData.com

➡ *SSA Death Master File Detail*

| Name<br>MONROE,ROBERT C | Social Security<br>Number | Verify/Proof<br>Report verified with a family<br>member | Last Known ZIP<br>Code<br>77035 |
|---|---|---|---|
| Lump Sum Payment ZIP<br>Code | State/Country of<br>Residence<br>Unknown | Date of Birth<br>Jun 22 1931 | Date of Death<br>May 31 1998 |

*The detail view of this record will be recorded as one 'Detail look-up'.*

http://www3.publicdata.com/cgi-win/pd.exe/Detail?db=USSSDM&ed=31&rec=53197348&...   5/2/2007

TX_00002454
JA_005213

TX_00002454

Votec Election Management System - user is REDDITTE@VEMS
Mine Window
Voter Update - [c1update 03.06]
NEW ADD SAVE EXIT Scan View Prov Blts Cancel NVRA Dup Notices Polling Place Districts Reg Hist View Vot Hist
NVRA Source [redacted] Date Submitted Status CD Reason DEC Precinct 0777 Sub CERT # 24852279
File Number c1update ID Compliant Y
Last NAVARRO First EDWARD Middle MEZA Former Suffix
Residence Address
Street # 721 Fract Dir Name RICHEY Type Dir Unit Type Unit # 6
City PAS Zip 77506 Muni PASADENA Post Office PASADENA Address Exception
Mail Address P O BOX 4065
Gender F DOB 03/10/1922 Former County Former Resid
Voting History for NAVARRO, EDWARD MEZA
Election Date Voting Codes Election Description
1196 11/05/1996 GENERAL ELECTION
SSN
Birth Place
Signed? Y
Privacy More
PW Interest ID Rcvd
10/13/1999 12:00 AM

Re:
Certificate #

NAVARRO EDWARD MEZA
2485227Ø 1

X-

Confirmation is hereby given that the person named above is:
*Se da aquí confirmación que la antedicha persona nombrada a:*

☒ Deceased/*Fallecido*

☐ Not deceased and the information is incorrect *(No a fallecido y la información esta incorrecta)*

Signature/*Firma*

Date/*Fecha* 08·26·99

Relationship/*Parentesco*

WIFE

VOTER REGISTRATION APPLICATION *(SOLICITUD PARA REGISTRO DE VOTANTE)*
(Secs. 13.002, 13.122, V.

JUL 1986 — JUL - 6 1986
For Official Use Only
Application Number

EDR

2485227-9

PLEASE COMPLETE ALL OF THE INFORMATION BELOW. PRINT IN INK OR TYPE.
*(POR FAVOR COMPLETE LA SIGUIENTE INFORMACION, ESCRIBA EN LETRA DE MOLDE CON TINTA O ESCRIBA A MAQUINA.)*

| Last Name *(Apellido)* | First Name (NOT HUSBANDS) *(Nombre de Pila)(NO DEL ESPOSO)* | Middle Name (If any) *(Segundo Nombre) (si tiene)* | Maiden Name *(Apellido de Soltera)* |
|---|---|---|---|
| NAVARRO | Edward | MEZA | |

| Sex *(Sexo)* | Date of Birth *(Fecha de Nacimiento)* month, day, year *(el mes, el dia, el año)* | Court of Naturalization *(Corte de Naturalización)* | Telephone Number (Optional) *(Número de Teléfono) (No obligatorio)* |
|---|---|---|---|
| F | MARCH 10 · 1922 | HOUSTON COURT | |

Permanent Residence Address: Street Address and Apartment Number. If none, describe location of residence. (Do not include, P.O. Box, or Rural Rt.)*Dirección de Residencia Permanente: Calle y Número de Departamento(Si no tiene, describa la localidad de su residencia. No incluya su caja postal o ruta rural.)*
721 S. RICHEY #6 PAS. TX. 77506

City, State, and ZIP:
*(Ciudad, Estado, y Zona Postal)*

Mailing Address: If mail cannot be delivered to your permanent residence address. *(Dirección Postal (si es imposible entregar correspondencia a su dirección residencial permanente.)*
P.O. BOX 4065

City, State, and ZIP: *(Ciudad, Estado, y Zona Postal)*
PASADENA, TX 77306

Social Security Number (Optional) *(Número de Seguro Social) (no obligatorio)*

County and Address of Former Residence *(Condado y Dirección de Su Residencia Previa)*
3235 S. HALSTED
CHICAGO IL. COOK COUNTY

Current Precinct Number (If known) *(Número de Precinto Actual) (si lo sabe)*

The applicant is a citizen of the United States and a resident of this county. Applicant has not been determined mentally incompetent by a final judgment of a court. Applicant has not been finally convicted of a felony or, if a felon, is eligible for registration under Section 13.001(a)(4) of the Texas Election Code. I affirm that the information provided is correct. I understand that the giving of false information to procure the registration of a voter is a felony. *(El suplicante es ciudadano de los Estados Unidos y es residente de este condado. Ninguna corte ha juzgado por sentencia definitiva que el suplicante tiene una incapacidad mental. El suplicante no ha sido probado culpable finalmente de un crimen, o, si es criminal, está elegible para registrarse para votar bajo las condiciones de la Sección 13.001(a)(4) del Código de Elecciones de Texas. Yo afirmo que la información provista está correcta. Yo entiendo que es un crimen dar información falsa con motivo de conseguir el registro de un votante.)*

x Edward M. Navarro

Signature of Applicant or Agent or Printed Name of Applicant If Signed by Witness
*(Firma del Suplicante o Agente, o Nombre del Suplicante En Letra de Molde Si Fue Firmada Por Un Testigo)*

Relationship of Agent *(Parentesco del Agente)*

I, the witness for this person do affirm that I signed the document in the presence of the person who is unable to sign his/her name. *(Yo, el testigo para esta persona, certifico que yo firmé el documento ante la persona que no puede firmar su nombre.)*

Signature of Witness
*(Firma del Testigo)*

Printed Name of Witness
*(Nombre del Testigo En Letra de Molde)*

TX_00002456

TX_00002456

# PublicData.com

→ *SSA Death Master File Detail*

| Name<br>NAVARRO,EDUARDO M | Social Security Number | Verify/Proof<br>Report verified with a family member | Last Known ZIP Code<br>77502 |
|---|---|---|---|
| Lump Sum Payment ZIP Code | State/Country of Residence<br>Unknown | Date of Birth<br>Mar 10 1922 | Date of Death<br>Aug 15 1996 |

*The detail view of this record will be recorded as one 'Detail look-up'.*

http://www7.publicdata.com/cgi-win/pd.exe/Detail?db=USSSDM&ed=31&rec=36909112&...   5/2/2007

TX_00002457

JA_005216

TX_00002457

| | | | | | Notices | Districts | |
|---|---|---|---|---|---|---|---|
| nEV | ADD | SAUE | EXIT | View | Prov Bits | Cancel | Polling Place | Reg Hist | View Vot Hist |

| NVRA Source | Date Submitted | Status / Reason | Precinct | Sub | CERT # |
|---|---|---|---|---|---|
| | | CD DEC | 0109 | | 4538682 |
| | File Number | | ctupdate | | ID Compliant Y |

| Last | First | Middle | Former | Suffix |
|---|---|---|---|---|
| ROGERS | L | C | | |

**Residence Address**

| Street # | Fract | Dir | Name | Type | Dir | Unit Type | Unit = |
|---|---|---|---|---|---|---|---|
| 7505 | | | CHARLIE | | | | |

| City HO | Zip 77088 | Mun HOUSTON | Post Office HOUSTON | Address Exception CAN |
|---|---|---|---|---|

| Mail Address | | Gender M  DOB | Former County | Sovereign Permit |
|---|---|---|---|---|
| | | SSN 4 | SSN4 | |
| City | State | DL# | Birth Place | |
| Zip | Clear Mail Addr | Citizen? Y | Signed? Y | |
| | | Jury   Language | Privacy | More |

| Registration 01/31/1976 | Eligible 03/01/1976 | |
|---|---|---|
| Transfer | Effective 09/05/2000 | No TDL/ID   No SSN   PW Interest   ID Rcvd |

| Comments | ☐ Election Role | Updated by 304 | 09/12/2000 12:00 AM |
|---|---|---|---|

Agency or Source of registration for statistical purposes

*County clerk says*
*last voting History*
*11/4/ 1997*

0453868-2          232963745

## APPLICATION FOR VOTER REGISTRATION CERTIFICATE
### HARRIS COUNTY, TEXAS

0453868-2

48895          ROGERS L C

☐ CHECK HERE IF SERVICEMAN OR STUDENT    102698    AGE  48    SEX:  ☒ MALE

RESIDENCE: I CERTIFY THAT THE APPLICANT IS 21 YEARS OF AGE OR OVER, A CITIZEN OF THE UNITED STATES, AND HAS RESIDED IN TEXAS MORE THAN 1 YEAR AND IN COUNTY AND CITY MORE THAN SIX MONTHS PRECEDING THE DATE OF THIS APPLICATION EXCEPT AS LISTED BELOW. I UNDERSTAND THAT THE GIVING OF FALSE INFORMATION TO PROCURE THE REGISTRATION OF A VOTER IS A FELONY.

EXCEPTIONS

| | MONTH | DAY | YEAR |
|---|---|---|---|
| SHOW DATE OF ARRIVAL | | | |
| IF IN TEXAS LESS THAN 1 YEAR | | | |
| IF IN COUNTY LESS THAN 6 MOS. | | | |
| IF IN CITY LESS THAN 6 MOS. | | | |

* IF UNDER 21, SHOW DATE OF BIRTH

IF UNDER 21 YEARS OLD, NEVER MARRIED AND MINORITY DISABILITIES HAVE NOT BEEN REMOVED BY COURT, GIVE NAME AND ADDRESS OF PARENT OR GUARDIAN

| RESIDENT ADDRESS | VOTING PRECINCT | CONTROL NO. |
|---|---|---|
| 7505 CHARLIE<br>HOUSTON | 109 (IF KNOWN) | 1 |

VOTER'S NAME ( MAIL CERTIFICATE TO THE FOLLOWING TEMPORARY ADDRESS IF IT IS NOT TO BE MAILED TO THE PERMANENT ADDRESS ABOVE )

ROGERS L C
7505 CHARLIE
HOUSTON          TX 77018

CORRECTIONS

NAME  X X X X X X X X X X X  ADDRESS  X X X X X X X X X X X X X X X

SIGNATURE OF VOTER / AGENT

L C Rogers    7505 Charlie    STREET    Houston    CITY    ZIP CODE 77018

TELEPHONE NUMBER (IF DESIRED)

* HUSBAND    WIFE    FATHER    MOTHER    SON OR DAUGHTER    ONLY
(CIRCLE ONE WHERE APPLICABLE)

TO COMPLETE APPLICATION OTHER SIDE MUST BE FILLED IN

TX_00002459

FORMER REGISTRATION:

IF REGISTERED IN ANOTHER TEXAS COUNTY
DURING THE PRECEDING THREE YEARS

SOCIAL SECURITY NUMBER

NAME OF COUNTY _Harris_

RESIDENCE ADDRESS _7505 Harris St_
                              STREET OR ROUTE NO.

_Houston_                    _77088_
       CITY                      ZIP CODE

MAIL OR DELIVER APPLICATION PROMPTLY TO COUNTY TAX ASSESSOR COLLECTOR OF YOUR HOME COUNTY. APPLICATION MUST BE RECEIVED BY THE REGISTRAR YOU WISH TO VOTE.

## INSTRUCTIONS

Check information on front carefully.

Make any changes in name, address or other information on the front side of this form. Please print.

CARL S. !
TAX OFFICE
301 SAN JACINT
HOUSTON, TEXAS

2329637145

certifi-
for a
sign
the Affidavit on the bottom
left of the front side and
that a Certificate is returned
to you.

0453868-2

BEFORE REMAILING be sure you have checked the correctness of the information and have signed the application. YOUR APPLICATION CANNOT BE PROCESSED UNLESS PROPERLY SIGNED.

2329637145      0453868-2

0453868-2          232963756

CORRECTION CARD

Last Name _____ROGERS_____          Pct. # _109_          Certificate # _0453868-2_

First Name _____L._____          Sex _M_          Telephone _____          7-5-85
(do not use husband's first name)                                                          am

Middle Name _____C._____          Birthdate _____          Birthplace _____
(if married, give maiden name)

Permanent Residence Address _____1505 Charlie_____          Houston  77088
(Street & Apt. # (not P. O. Box)          (City)     (Zip Code)

Mailing address if different _____

By: _____Cynthia Minton_____          Social Security # _____
Deputy

Date: _____07-02-15_____          add SS#. Found while checking
double list for Pct. 109
S.O.S. error report 8-28-85 MD.          modify only
10-23-85

0453868-2        233431747

**Paul Bettencourt**
Harris County Voter Registrar
713-224-1919
P O Box 3527
Houston, Texas 77253-3527

Secretary of State's Office
Elections Division
1-800-252-VOTE (8683)

0453868-2

NON-PROFIT ORG
U.S. Postage
**PAID**
Houston, TX
Permit No 9496

RETURN SERVICE REQUESTED

| Cert. No. (Núm de Cert.) | Gender (Sexo) | Valid from (Válido desde) | | U.S. REP. (Repres.Ias E.U.) | STATE SEN. (Sen. Estatal) | STATE REP. (Rep. Estatal) | COMM.Prect. (Com. Prec.) | JUDGE Prct. |
|---|---|---|---|---|---|---|---|---|
| 0453868-2 | M | 01-01-00 | | 018 | 015 | 139 | 1 | 01 |

| Date of Birth (Fecha de Nacimiento) | Prec. No (Pct num.) | thru (hasta) | Name and Mailing Address (Nombre y dirección de correo) |
|---|---|---|---|
| 00-00-00 | 0109 | 12-31-01 | |

Name and Permanent Residence Address (Nombre y dirección residencial permanente)

ROGERS L C
7505 CHARLIE
HOUSTON TX 77088

X ~Deceased 1987~

VOTER MUST PERSONALLY SIGN HIS/HER NAME IMMEDIATELY UPON RECEIPT, IF ABLE
(El votante debe firmar esta tarjeta personalmente al punto de recibirla, si puede.)

**********AUTO**5-DIGIT 77088
ROGERS L C
7505 CHARLIE ST
HOUSTON TX 77088-7603

SEP 05 2000

R00561633

0453868-2          232963736

*04538682*

232963736

0453868-2          233434165

C4D 3?08 2

I hereby confirm that ROGERS L C is:

☒ Deceased.

☐ Not deceased and the information is inaccurate.

Signature _____   Date _____

My relationship to ROGERS L C is: _Wife_____

Please complete this form and return to:   **Paul Bettencourt**
**Tax Assessor-Collector**
**P. O. Box 3527**
**Houston, TX 77253-3527**

9/11/00

11/4/97 - last voted
Per C.C. office

# PublicData.com

➡ *SSA Death Master File Detail*

| Name ROGERS,L | Social Security Number | Verify/Proof Report verified with a family member | Last Known ZIP Code 77088 |
|---|---|---|---|
| Lump Sum Payment ZIP Code 77088 | State/Country of Residence Unknown | Date of Birth Sep 11 1923 | Date of Death Oct 15 1987 |

*The detail view of this record will be recorded as one 'Detail look-up'.*

http://www3.publicdata.com/cgi-win/pd.exe/Detail?db=USSSDM&ed=31&rec=53198014&...   5/2/2007

TX_00002465
JA_005224

TX_00002465

**Votec Election Management System**

Mine   Window

**Voter Update**

| NEW | ADD | SAVE | EXIT | Scan View | Prov Bls | Cancel | NVRA Dup | | Notices | Districts | |
| --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- |
| | | | | | | | | | Polling Place | Reg Hist | View Vot Hist |

NVRA Source

Date Submitted   Status / Reason   Precinct   Sub   CERT #
CD   DEC   0100   L-   11193695

File Number   ctupdate   ID Compliant Y

| Last | First | Middle | Former | Suffix |
| --- | --- | --- | --- | --- |
| ROWE | JOHN | THOMAS | | |

Residence Address
Street =   Fract   Dir   Name   Type   Dir   Unit Type   Unit #
505   BRIARWOOD   DR

CityBA   Zip 77520   Muni BAYTOWN   Post Office BAYTOWN   Address Exception   CAN

Mail Address

Gender M   DOB 05/13/1959   Former County   Former Resid

**Voting History for ROWE**

| Election | Date | Voting Codes | Election Description |
| --- | --- | --- | --- |
| 1998 | 11/03/1998 | E | GENERAL ELECTION |

SSN4

Birth Place BAYTOWN TX

Signed? Y

Privacy   More

PW Interest   ID Rcvd

10/13/1999 12:00 AM

Re:     ROWE JOHN THOMAS Ⅲ
Certificate #    11183685 1

·X-

Confirmation is hereby given that the person named ~~~~~
*Se da aqui confirmacion que la antedicho persona nombrado a:*

☒ Deceased/*Fallecido*   Sept. 19, 1990

☐ Not deceased and the information is incorrect *(No a fallecido y la informacion esta incorrecto)*

Signature/*Firma*   John T Rowe Jr.   Date/*Fecha*   8-30-99

Relationship/*Parentesco*

Father

---

| Official use only | | VOTER REGISTRATION APPLICA* (Art. 5.13a) | | 1119369-5 |
|---|---|---|---|---|
| PCT (11) | EDR (12) | | ROWE JOHN THOMAS | |
| 101 | | | | |

If you are a new registrant or if you have changed your county of residence, complete all of the information below:

| | | | To CHANGE registration information: |
|---|---|---|---|
| **Last Name (02)** Rowe   Maiden Name (04) | **First Name (03)** John | **Middle (04)** Thomas 2 | If you are registered to vote and need to change any information on your certificate, complete the following and show only the changed information to the left. |
| BAYTOWN, HARRIS, TEXAS | | M | Certificate Number: |
| 505 BRIARWOOD DR | BAYTOWN | Zip (18) 77520 | Last Name as it appears on certificate: |
| | | ct or its location | Today's Date: |
| | | failed to receive new | Return your current registration certificate for correction, or if your certificate has been lost or destroyed, initial the box below. |
| | | n of the United States, has erstand that the giving of | *The disclosure of social security no. is voluntary only, is solicited by authority of Section 466, Texas Election Code, and will be used only by election officials to maintain the accuracy and integrity of the registration records. |

x _John T Rowe_
(Circle one) Husband · Wife · Mother · Father · Son · Daughter

11-10-77

---

TX_00002467

# PublicData.com

→ *SSA Death Master File Detail*

| Name<br>ROWE,JOHN T | Social Security Number | Verify/Proof<br><br>none found | Last Known ZIP Code<br>77521 |
|---|---|---|---|
| Lump Sum Payment ZIP Code | State/Country of Residence<br><br>none found | Date of Birth<br>May 13 1959 | Date of Death<br>Sep 19 1990 |

*The detail view of this record will be recorded as one 'Detail look-up'.*

http://www3.publicdata.com/cgi-win/pd.exe/Detail?db=USSSDM&ed=31&rec=52383623&...   5/2/2007

Votec Election Management System - user is REDDITTE@VEMS
Mine Window
Voter Update [c1update 03.06]
NEW ADD SAVE EXIT Scan View Prov Blts Cancel NVRA Dup Notices Polling Place Districts Reg Hist View Vote Hist
NVRA Source
Date Submitted
Status / Reason
CD
Precinct
0291
Sub
CERT#
37677119
File Number
c1update
ID Compliant Y
Last
SKLAR
First
MENDEL
Middle
Former
Suffix
Residence Address
Street #
5926
Fract
Dir
Name
SPELLMAN
Type
RD
Dir
Unit Type
Unit #
City HO
Zip 77096
Muni HOUSTON
Post Office HOUSTON
Address Exception
Mail Address
Gender M
DOB 06/30/1919
Former County
Former Resid
Voting History for SKLAR, MENDEL [v_hist 03.
Election
Date
Voting Codes
Election Description
GENERAL ELECTION
SSN4
Birth Place CITIZEN
Signed? Y
Privacy
More
PW Interest
ID Rcvd
10/17/2000 12:00 AM

Record Type: VOTER    Record ID: 37677119    Imaging Dept. ID: 236217250

Paul Bettencourt
*Harris County Tax Assessor-Collector and Voter Registrar*

Date Mailed: August 22, 2000

SKLAR MENDEL
5926 SPELLMAN RD
HOUSTON TX 77096-5841

## VOTER REGISTRATION NOTICE

The addressee's name, Social Security number, and date of birth matched exactly with that of a record in the Social Security Death Index database. This indicates that the registered voter named in this notice is deceased.

Please respond by providing the information requested below. Please include your signature and your relationship to the voter in the space provided below. Upon the receipt of your response, we will update the record. This notice will not affect your Social Security benefits.

**WARNING:** This voter registration is subject to cancellation if an appropriate reply is not provided to the voter registrar by the 60th day after the date this notice is mailed (Texas Election Code Sec. 16.033 (c)).

If you have any questions, or if this information is inaccurate, please call our office at **(713) 224-1919** as soon as possible. Our Web site at [www.tax.co.harris.tx.us] contains an updated Harris County Voter Registration database for your reference.

Thank you for your assistance.

Paul Bettencourt                          Marty Morrison
Voter Registrar, Harris County, Texas     Director of Voter Registration

---

I hereby confirm that SKLAR MENDEL is:    3747111 9

☑ Deceased.                                "X"

☐ Not deceased and the information is inaccurate.

Signature *Sandra Rae Sklar*        Date 8/31/2000

My relationship to SKLAR MENDEL is:
*Wife*

Please complete this form and return to:    **Paul Bettencourt**
                                            **Tax Assessor-Collector**
                                            **P. O. Box 3527**
                                            **Houston, TX 77253-3527**

236217250

Doc ID: 5735945    Page: 1 of 1.

**Record Type:** VOTER **Record ID:** 37677119 **Imaging Dept. ID:** 236217241

Prescribed by the Secretary of State

**VOTER REGISTRATIO**
(SOLICITUD DE INSCRIPC

3767711-9

**Last Name** (Apellido): SKLAR
**First Name** (Su nombre de pila): MENDEL
(Segundo Nombre) (si tiene)
**Former Name** (Nombre anterior)

**Residence Address:** Street Address and Apartment Number, City, State, and ZIP. If none, describe where you live. (Do not include P.O. Box or Rural Rt.) (Domicilio: Calle y número, número de apartamento, Ciudad, Estado y Código Postal. A falta de estos datos, describa la localidad de su residencia.) (No incluya su apartado postal ni su ruta rural)
6926 SPELLMAN RD,HOUSTON,TX 770960000

**Mailing Address,** City, State and ZIP: If mail cannot be delivered to your residence address. (Dirección postal, Ciudad, Estado y Código Postal) (Si es imposible entregarle correspondencia a domicilio)

**Gender** (Optional) (Sexo) (Opcional)
☐ Male (Hombre) ☐ Female (Mujer)

**Date of Birth:** month, day, year (Fecha de Nacimiento: mes, día, año)
06-30-1915

City, County, and State of Former Residence

**Social Security No.** (Optional) (Número de Seguro Social) (opcional)

**TX Driver's License No. or Personal I.D. No.** (Issued by TX Dept. of Public Safety) (Optional) (Número de su licencia tejana de manejar o de su Cedula de Identidad expedida por el Departamento de Seguridad Pública de Tejas) (opcional)

**Check appropriate box: I am a United States Citizen** ☑ Yes (Sí) ☐ No (No)
(Marque el cuadro apropiado. Soy Ciudadano/a de los Estados Unidos)

**I understand that giving false information to procure a voter registration is perjury, and a crime under state and federal law.** (Entiendo que el hecho de proporcionar datos falsos a fin de obtener inscripción en el registro de votantes, constituye el delito de perjurio...)

**Telephone Number (Optional)** (Número telefónico) (opcional)

JUN 18 1997 -- JUL 18 1997

CLEAR LAKE - DPS

**I affirm that I** (Declaro que yo):
- **am a resident of this county;** (residente del condado)
- **have not been finally convicted of a felony or if a felon I am eligible for registration under section 13.001, Election Code; and** (que no he sido condenado/a en definitiva por un delito penal, o en caso de tal condena, que estoy habilitado/a para inscribirme, a tenor de lo dispuesto...)

X Mendel Sklar

06 18 1997
Date (fecha)

Doc ID: 5735946 Page: 1 of 2.

TX_00002471

TX_00002471

# PublicData.com

➡ *SSA Death Master File Detail*

| Name<br>SKLAR,MENDEL | Social Security Number | Verify/Proof<br>Report verified with a family member | Last Known ZIP Code<br>77096 |
|---|---|---|---|
| Lump Sum Payment ZIP Code | State/Country of Residence<br>Unknown | Date of Birth<br>Jun 30 1919 | Date of Death<br>Jan 5 1998 |

*The detail view of this record will be recorded as one 'Detail look-up'.*

http://www7.publicdata.com/cgi-win/pd.exe/Detail?db=USSSDM&ed=31&rec=48661234&...  5/2/2007



Votec Election Management System - user is SEALEMASON@vems
Voter Update [c1update 03.06]
NEW
ADD
SAVE
EXIT
Scan
View
Prov Blts
Cancel
NVRA Dup
Notices
Polling Place
NVRA Source
Date Submitted
Status / Reason
CD
DEC
Precinct
0340
Sub
CERT #
20990974
File Number
c1update
ID Compliant Y
Last
SMITH
First
STELLA
Middle
PRUDE
Former
Suffix
Residence Address
Street #
Fract
Dir
Name
2050
LITTLE CEDAR
Type
DR
Unit Type
Unit #
City HU
Zip 77339
Muni HUMBLE
Post Office HUMBLE
Address Exception
CAN
Voting History for SMITH, STELLA PRUDE [v_hist 03.06]
Election
Date
Voting Codes
Election Description
0394 03/08/1994 P D PRIMARY ELECTION
OK
920
Former County
SSN4
Birth Place
Signed? Y
Privacy
PW Interest
ID Revd
03/05/2001 12:00

Record Type: VOTER    Record ID: 20990974    Imaging Dept. ID: 220156774

FEB - 7 2011

hereby confirm that SMITH STELLA PRUDE is:    20990474

☑ Deceased.

☐ Not deceased and the information is inaccurate.

Signature _____ Cecil French _____    Date 02/04/01

My relationship to SMITH STELLA PRUDE is: daughter

Pleas

220156774

Bettencourt
Assessor-Collector
. Box 3527
..ston, TX 77253-3527

Doc ID: 3177405    Page: 1 of 1.

**Record Type:** VOTER **Record ID:** 20990974 **Imaging Dept. ID:** 220156783

NEW

VOTER REGISTRATION APPLICATION

PLEASE COMPLETE ALL OF THE INFORMATION BELOW. PRINT IN INK OR TYPE

OFFICIAL USE ONLY

20990974

| LAST NAME (APELLIDO) | FIRST NAME | MIDDLE NAME | MAIDEN NAME (APELLIDO DE SOLTERA) |
| --- | --- | --- | --- |
| SMITH | STELLA | P | PRUDE |

| SEX | DATE OF BIRTH MONTH | DAY | YEAR | PLACE OF BIRTH CITY | STATE OR FOREIGN COUNTRY | NATURALIZATION |  |
| --- | --- | --- | --- | --- | --- | --- | --- |
| F | 7 | 29 | 20 | Waxahachie | Tex | RV 11-5-80 | 340 |

PERMANENT RESIDENCE ADDRESS, STREET ADDRESS AND APARTMENT NUMBER, IF NONE, DESCRIBE LOCATION OF RESIDENCE.

2050 Little Cedar Dr, Kingwood, Tex 77339

CITY, STATE, AND ZIP

IF MAIL CANNOT BE DELIVERED TO PERMANENT RESIDENCE ADDRESS, PROVIDE MAILING ADDRESS.

IF YOU ARE NOW REGISTERED IN ANOTHER TEXAS COUNTY, COMPLETE THE FOLLOWING

COUNTY OF FORMER RESIDENCE | RESIDENCE ADDRESS AS SHOWN ON CERTIFICATE IN THAT COUNTY

IF YOU WERE REGISTERED BUT DID NOT RECEIVE YOUR CERTIFICATE, COMPLETE THE FOLLOWING

COUNTY OF PREVIOUS REGISTRATION | RESIDENCE ADDRESS AS SHOWN ON PREVIOUS CERTIFICATE

NOV 1 4 1980

SOCIAL SECURITY NUMBER [redacted]

TELEPHONE NUMBER (OPTIONAL)

CURRENT PRECINCT NUMBER OR NAME, IF KNOWN (OPTIONAL)

DEC 4 1980

THE APPLICANT IS A CITIZEN OF THE UNITED STATES AND A RESIDENT OF THIS COUNTY. I CERTIFY THAT THE INFORMATION PROVIDED IS CORRECT. I UNDERSTAND THAT THE GIVING OF FALSE INFORMATION TO PROCURE THE REGISTRATION OF A VOTER IS A FELONY.

x Stella Smith

SIGNATURE OF APPLICANT (OR AGENT)
(FIRMA DE SOLICITANTE O AGENTE)

FOR AGENT
(PARA AGENTE)

I AM THE ________ OF THE APPLICANT.

FOR WITNESS
(PARA TESTIGO)

Signature and address of witness

**Doc ID:** 3128618 **Page:** 1 of 1.

# PUBLICDATA.com

➡*SSA Death Master File Detail*

| Name<br>SMITH,STELLA | Social Security Number | Verify/Proof<br>Report verified with a family member | Last Known ZIP Code<br>77339 |
|---|---|---|---|
| Lump Sum Payment ZIP Code | State/Country of Residence<br>Unknown | Date of Birth<br>Jul 29 1920 | Date of Death<br>Apr 9 1997 |

*The detail view of this record will be recorded as one 'Detail look-up'.*

http://www7.publicdata.com/cgi-win/pd.exe/Detail?db=USSSDM&ed=31&rec=52037114&...  5/2/2007

Votec Election Management System - user ... REDD...

Mine Window

NEW | ADD | SAVE | EXIT | Scan View | Prov Blts | Cancel | NVRA Dup | Notices Polling Place | Districts Reg Hist | View Vot Hist

NVRA Source | Date Submitted | Status / Reason: CD DEC | Precinct: 0026 | Sub | CERT #: 26841015

File Number | c1update | ID Compliant Y

| Last | First | Middle | Former | Suffix |
|---|---|---|---|---|
| SPELL | BILLY | COLE | | |

Residence Address

| Street # | Fract | Dir | Name | Type | Dir | Unit Type | Unit # |
|---|---|---|---|---|---|---|---|
| 4440 | | | CLAY | | | | |

City HO Zip 77023 Muni HOUSTON Post Office HOUSTON Address Exception CAN

Mail Address

Gender M DOB 02/01/1928 Former County Former Resid

Voting History for SPELL, BILLY COLE

| Election | Date | Voting Codes | Election Description |
|---|---|---|---|
| 1196 | 11/05/1996 | E | GENERAL ELECTION |

SSN

Birth Place SHIRO TX

Signed? Y

Privacy More

PW Interest ID Rcvd

08/24/1999 12:00 AM

List ...

TX_00002477

JA_005236

SPELL BILLY COLE
26841015 1

Re:
Certificate #


X-

Confirmation is hereby given that the person named above is:

*Se da aqui confirmacion que la antedicha persona nombrado a:*

☒ Deceased/*Fallecido*

☐ Not deceased and the information is incorrect (*No a fallecido y la información esta incorrecto*)

Signature/*Firma* _Koelo Spell_          Date/*Fecha* 8-24-99

Relationship/*Parentesco* _Wife_

---

DV 26841015
PREVIOUS TRANSACTION COMPI        SPELL BILLY COLE
                                  --26944404-5--
> STAT/FLAG < A _ > __                               D X      UPDT 000 255 1 090789

SSNO                        BRDT < 02-01-1928 >            CITY/CNTY   C ST
                                                       BRPL < SHIRO_____ 1 TX
                            COFM < GRIMES__ >

NAME < SPELL_BILLY_COLE__|____ 2 >   10/20/91   PCT < 0026 >   OPEN <
                                     DIED

RADR < 04440 _ CLAY_____ ____ > MADR1 < _____ >
                                                MADR2 < _____ >
RCTY < HOUSTON_____ RZIP 77028-0000 > MCZP < _____ 00000-0000

    US/REP 029  GENE_GREEN__(D)   By SPOKE TO NIECE
    ST/SEN 006  MARIO_GALLEGOS__(D)       8/9/99
    ST/REP 145  RICK_NORIEGA__(D)    PER JUNE GIBSON
    COMM    2   JIM_FONTENO__(D)_____
    JP/C   06   VICTOR_TREVINO_JP--RICHARD_VARA,_ARMANDO_RODRIGUEZ_____
                              731-467-4939
Ed Johnson To: voters           Date: 7/4/1999 Time: 8:38:52 AM           Page 3 of 3

---

/04/99            death to call                    Page   2

rt       name                      bddt        Dec       Phone
------   ----------------------    --------    --------
719345   SESSION ANTOINETTE BROWN  05231944    6/30/92
841015   SPELL BILLY COLE          02011928    10/20/91
856278   FLANAGAN JEANETTE LOVE    03311930    4/30/96
680636   BURDEN EDDA MEDLHAMMER    12281943    8/26/98
723013   HARRIS EDWARD             09111964    12/15/81
795276   GAFFNEY CARROLL COX       05291922    12/30/92
680945   WEAVER MARY GREEN Husband 06071919    5/30/90
004434   ZITTEL ROBERT JAMES       09131921    8/17/97

---

VOTER REGISTRATION APPLICATI
PLEASE COMPLETE ALL OF THE INFORMATION BELOW. PRINT IN INK OR TYP        26841u1-5

Last Name                First Name (NOT HUSBAN       (Segundo Nombre (si tiene)   (Apellido de Soltera)
(Apellido)               (Nombre de Pila) (NO DEL ESPOSO)
SPELL                    BILLY                        COLE

Sex    Date of Birth         Place of Birth (Lugar de Nacimiento)      County and Address of Former Residence
(Sexo) (Fecha de Nacimiento) city or county   state or foreign country (Condado y direccion de su residencia previa)
M      2-1-28                SHIRO  TX                GRIMES

Permanent Residence Address: Street Address and Apartment Number, City, State, and ZIP. If none, describe location of residence. (Do not include P.O. Box or Rural Rt.)
4440 CLAY HOUSTON TX

Mailing Address, City, State and ZIP: If mail cannot be delivered to your permanent residence

The applicant is a citizen of the United States and a resident of this county. Applicant has not been finally convicted of a
is eligible for registration under Section 13.001(a)(4) of the Texas Election Code. I understand that the giving of false information to procure the
registration of a voter is a misdemeanor.

Court of Naturalization (if applicable)         SEP    1989 -- OCT - 6 1989

X Billy Co

# PUBLICDATA.com

➡ *SSA Death Master File Detail*

| Name<br>SPELL,BILLY C | Social Security Number | Verify/Proof<br><br>none found | Last Known ZIP Code |
|---|---|---|---|
| Lump Sum Payment ZIP Code | State/Country of Residence<br><br>none found | Date of Birth<br>Feb 1 1928 | Date of Death<br>Oct 20 1991 |

*The detail view of this record will be recorded as one 'Detail look-up'.*

http://www3.publicdata.com/cgi-win/pd.exe/Detail?db=USSSDM&ed=31&rec=54718706&...  5/2/2007

TX_00002479
JA_005238

TX_00002479

Votec Election Management System - user is SEALEMASON@vems
Voter Update [cl_update 03.06]
NEW ADD SAVE EXIT Scan View Prov Bits Cancel NVRA Dup Notices Polling Place Districts
NVRA Source [redacted]
Date Submitted
Status / Reason CD DEC
Precinct 0175
CERT # 746719
File Number
ID Compliant Y
Last VANDERLYN
First J
Middle R
Former
Suffix
Residence Address
Street # 4039
Fract
Dir
Name MERRICK
Type
Dir
Unit Type
Unit
City HO
Zip 77025
Muni HOUSTON
Post Office HOUSTON
Voting History for VANDERLYN, J R [v_hist 03.06]
Election Date Voting Codes Election Description
1196 11/05/1996 E GENERAL ELECTION
OK
1916
Former County
SSN
Birth Place
Signed? Y
Privacy
PW Interest
ID Rcvd
10/13/1999 12:00

| APPLICATION FOR VOTER REGISTRATION CERTIFICATE | | | | | | C074671-9 |
|---|---|---|---|---|---|---|

HARRIS COUNTY, TEXAS   585565

169192    AGE  55    SEX  X  MALE    VANDERLYN J R

| | RESIDENT ADDRESS | VOTING PRECINCT | CONTROL NO. |
|---|---|---|---|
| | 4039 HERRICK HOUSTON | 175 | |

VOTER'S NAME

4039 HERRICK
HOUSTON        Tx

CORRECTIONS

ADDRESS

Re:        VANDERLYN J R
Certificate #    00746719 1

X-

Confirmation is hereby given that the person named above is:
*Se da aqui confirmacion que la antedicha persona nombrado a:*

☑ Deceased/*Fallecido*

☐ Not deceased and the information is incorrect *(No a fallecido y la informacion esta incorrecto)*

Signature/*Firma*  Mrs. J.R. Vander Lyn    Date/*Fecha*  Aug. 18, 1998

Relationship/*Parentesco*

# PublicData.com

➡ *SSA Death Master File Detail*

| Name<br>VANDERLYN,JOHN | Social Security Number | Verify/Proof<br>none found | Last Known ZIP Code<br>77025 |
|---|---|---|---|
| Lump Sum Payment ZIP Code | State/Country of Residence<br>Texas | Date of Birth<br>May 11 1916 | Date of Death<br>May 1983 |

*The detail view of this record will be recorded as one 'Detail look-up'.*

http://www7.publicdata.com/cgi-win/pd.exe/Detail?db=USSSDM&ed=31&rec=53172402&...   5/2/2007

Office of Beverly B. Kaufman, County Clerk, Harris County, Texas
*Probate Court Inquiry System*

P.C. DOCKET SUB.
C.T. NUMBER DKT.STYLE OF PROBATE
1  2  185822  001  VANDERLYN JOHN R'D"
                   4039 MERRICK
                   HOUSTON TX

.APPLICANT'S
.NAME AND ADDRESS
.---------------
VANDERLYN DAISYNELLE
1500 AUSTIN

.ATTORNEY OF RECORD
.AND ADDRESS
.---------------
CARL LEE & FISHER
HOUSTON TX

.NATURE    .DATE OPEND.
.OF PROC  .MM DD YYYY.FILM CODE.
.---------------
PRO W    05-27-1983  648B32003
HOUSTON TX 77252

Back to Inquiry     Main Menu

tal lines retrieved = 2 Lines displayed = 2

http://www.cclerk.hctx.net/coolice/default.asp?Category=ProbateCourt&Service=pc_name

1/11/2008

TX_00002483
JA_005242

TX_00002483

## **Texas** Voter Registration Application

Prescribed by the Office of the Secretary of State          VR17.08E.12

| For Official Use Only |
|---|

Please complete sections by printing **LEGIBLY**. If you have any questions about how to fill out this application, please call your local voter registrar or the Secretary of State's Office toll free at 1-800-252-VOTE(8683), TDD 1-800-735-2989, www.sos.state.tx.us.

### 1  These Questions Must Be Completed Before Proceeding

Check one ☐ New Application   ☐ Change of Address and/or Name   ☐ Request for a Replacement Card

Are you a United States Citizen? ............................................................ ☐ Yes   ☐ No

Will you be 18 years of age on or before election day? ............................ ☐ Yes   ☐ No

If you checked "no" in response to either of the above, do not complete this form.

Are you interested in serving as an election worker? ............................... ☐ Yes   ☐ No

| **2** Last Name | First Name | Middle Name (If any) | Former Name |
|---|---|---|---|
| | | | |

| **3** Residence Address: Street Address and Apartment Number. If none, describe where you live. (Do not include P.O. Box, Rural Rt. or Business Address) | City | State |
|---|---|---|
| | | Zip Code |

| **4** Mailing Address: Street Address and Apartment Number. (If mail cannot be delivered to your residence address.) | City | State |
|---|---|---|
| | | Zip Code |

**5** Date of Birth: (mm/dd/yyyy)
☐☐ / ☐☐ / ☐☐☐☐

**6** Gender (Optional)   ☐ Male ☐ Female

**7** Telephone Number (Optional) Include Area Code
( )

**8** Texas Driver's License No. or Texas Personal I.D. No. (Issued by the Department of Public Safety)

If no Texas Driver's License or Personal Identification, give last 4 digits of your Social Security Number
xxx-xx- ☐☐☐☐

☐ Check if you do not have a Texas Driver's License, or Texas Personal Identification No.

☐ Check if you do not have a Social Security Number

**9** I understand that giving false information to procure a voter registration is perjury, and a crime under state and federal law. Conviction of this crime may result in imprisonment up to 180 days, a fine up to $2,000, or both.

I affirm that I
* am a resident of this county and U.S. Citizen;
* have not been finally convicted of a felony, or if a felon, I have completed all of my punishment including any term of incarceration, parole, supervision, period of probation, or I have been pardoned; and
* have not been determined by a final judgment of a court exercising probate jurisdiction to be totally mentally incapacitated or partially mentally incapacitated without the right to vote.

X_____          ___/___/___
                                              Date

Signature of Applicant or Agent and Relationship to Applicant or Printed Name of Applicant if Signed by Witness and Date.

Exhibit 34

*Fold on line and seal before mailing*

For Assistance
Call your local Voter Registrar or
Office of the Secretary of State
Toll Free: *Si necesita asistencia
llame gratis al:*
1-800-252-VOTE(8683)
www.sos.state.tx.us



NO POSTAGE
NECESSARY
IF MAILED
IN THE
UNITED STATES

## BUSINESS REPLY MAIL
FIRST CLASS MAIL PERMIT NO. 4511 AUSTIN, TX



POSTAGE WILL BE PAID BY ADDRESSEE

**REGISTRAR OF VOTERS**
COUNTY COURTHOUSE
(CITY)                                    (ZIP CODE)

_____ , TX _____

*Fold on line and seal before mailing*

## Qualifications

- You must register to vote in the county in which you reside.
- You must be a citizen of the United States.
- You must be at least 17 years and 10 months old to register, and you must be 18 years of age by election day.
- You must not be finally convicted of a felony, or if you are a felon, you must have completed all of your punishment, including any term of incarceration, parole, supervision, period of probation, or you must have received a pardon.

## Identification Requirement

If you do not have a Texas driver's license or a social security number, you will be required to present identification when you vote in person or enclose a copy of such identification with your ballot if you vote by mail. Identification includes: a current and valid ID; a copy of a current utility bill; bank statement; government check; paycheck; or other government document that shows your name and address.

## General Information

- Your voter registration will become effective 30 days after it is received or on your 18th birthday, whichever is later. Your registration must be effective on or before an election in order to vote in that election.
- If you move to another county, you must re-register in the county of your new residence.
- You must provide your Texas driver's license or personal identification number. Only when you do not have a driver's license or personal identification number, then give the last four digits of your social security number or if you do not have any of these identification numbers, then you must indicate by checking the appropriate box on the application side.

**Este formulario está disponible en Español. Favor de llamar sin cargo a la oficina del Secretario de Estado al 1-800-252-8683 para conseguir una version en Español.**



*Exhibit 35*

**Testimony before**
**Texas State Senate**
**Committee of the Whole**
**on Behalf of AARP-Texas**
**Given By**
**Daniel B. Kohrman,**
**Senior Attorney, AARP Foundation**
**March 10, 2009**

Good morning Senators, Chairman Duncan, Lt. Governor Dewhurst.  My name is Daniel

Kohrman.  I am a Senior Attorney with the AARP Foundation.  The Foundation is the

charitable arm of AARP.  I am a full-time legal advocate for AARP and AARP members,

and older persons generally.  Among my responsibilities is representing the cause of

access to the ballot for older voters.


By way of background, I am one of the lawyers for voters – including older voters – in

litigation regarding state "photo ID" laws in Georgia and Arizona.  Likewise, I have filed

briefs for AARP in several other cases concerning state "photo ID" laws.  These include

*Crawford v. Marion County Election Board*, in which the U.S. Supreme Court considered

Indiana's "photo ID" law.  They also include "photo ID" cases in Missouri and Michigan,

where the highest courts in both those states considered laws enacted there.  At AARP I

have also defended federal and state campaign finance reform laws.  And lest you get the

impression I am showing an interest in Texas for the first time today, I twice recently

1

filed briefs in Texas cases – including one voting case – that went up to the U.S Court of

Appeals for the Fifth Circuit.  Before AARP I worked for a big law firm, a civil rights

organization and the U.S Department of Justice.

As you know, AARP members vote in very large numbers and are very proud of their

active participation in the political process at all levels – state, local and federal.  I work

out of AARP headquarters in Washington, DC, but today I am appearing on behalf of

AARP of Texas, one of AARP's 53 state offices across the United States.  Given the

intense partisanship that has developed around the issue of photo ID, I want to emphasize

that AARP is a nonprofit, *nonpartisan* organization dedicated to addressing the needs and

interests of Americans aged 50 and older.  AARP has no interest in the partisan aspects of

the photo ID issue.  What we do care about is representing the interests of older

Americans.  With more than forty million members nationwide, and roughly 2.4 million

members here in Texas, AARP is the largest membership organization – in the U.S. and

in Texas – advocating on behalf of older persons and older voters.

I appreciate the opportunity to speak with you today about AARP's perspective on of

voter participation and voting fraud, and in particular, on the merits of the proposed

Texas "photo ID" bill.

At the outset, I want to identify AARP's overall perspective on voting issues. Above all,

AARP views the right to vote as the most basic right in our democratic system of

2

government.  Everything else flows from that principle.  In particular, our view is that politicians should tread carefully in the field of voting rights.  Voting rights should not be casually restricted.  That said, we understand that historically, and under our Constitution, the states are the principal source of laws and regulations in the area of voting.  To be sure, federal authorities have stepped in from time to time to ensure fair procedures are followed, and the federal courts and the U.S. Department of Justice retain ongoing authority in these areas.  Further, Congress has made clear in recent years – witness the Help American Vote Act (HAVA) and the National Voter Registration Act (NVRA), as well as actions of the federal Election Assistance Commission – that there are national minimum standards that all states must follow. But in our federal system, states have the primary obligation to make sure that elections are fair and reflect the will of the people.  But we do not conclude from this that states should feel free to take whatever action is expedient.  Where there is a need for action to protect the rights of voters, states have a duty to act there is a duty to let the people express their will.  But absent such a need, states have a duty not to rush in, if doing so will impede the rights of voters.  As it is said of doctors, so it is true in the field of voting and elections: "first, do no harm!"


AARP policy is clear.  Whether at the federal level, the state level, or the local level, AARP encourages steps to engage all eligible voters in the electoral process. AARP, because of its mission and membership, is particularly concerned with facilitating voting for the 50+ population.  To this end, AARP has partnered with numerous organizations over the years, including the League of Women's voters and "Rock the Vote" to

3

encourage eligible voters, of all ages, to participate in the electoral process. AARP has

for decades advocated for fair and simple procedures that help to encourage a high level

of voter participation among older Americans.


Chapter 13 of AARP's 2008 Policy Book states:

> In order to ensure that more Americans participate in the electoral process, people's confidence needs to be restored by an election system that is fair, accurate, accessible and secure. ...
>
> Consistent with the constitutional right to vote and democratic principles, governments should aim to expand the franchise and enhance access to the ballot for those capable of voting. ...

In particular, AARP policy declares that states should adopt      voter registration

procedures that are "fair, simple and readily accessible."  Furthermore, and perhaps most

relevant here, AARP takes the position that states should adopt "procedures to detect and

prevent voter fraud that do not permit arbitrary and discriminatory reviews, ID

challenges, and misuse of provisional ballots in ways that discourage voter registration

and turnout or show partisan bias."  We believe photo ID laws such as the laws adopted

in Georgia, Indiana, Arizona, and a few other states, as well as the proposal now before

you, raise precisely these concerns:

- the danger of "arbitrary and discriminatory reviews";

- the danger of 'arbitrary and discriminatory ... ID challenges"; and

- "the misuse of" – by virtue of excessive reliance on – "provisional ballots in ways that discourage voter turnout."

I am no expert in Texas politics, so I am reluctant to comment on the proposed bill's

4

potential to provoke partisan bickering; however, that outcome seems evident from a cursory review of press coverage in the last week. If these reports are correct, that is a shame, because voters – certainly older voters – tell AARP they want the two parties to work together to solve problems like healthcare and retirement security. They do not want elected officials spending time in partisan fights for political advantage.

The last time AARP testified on the "photo ID" issue, in 2006, Amanda Fredericksen, AARP-Texas Director of Advocacy, told the House Committee on Elections:

> In spite of [AARP's] efforts, voter turnout in Texas remains alarmingly low. In 2006, the last Gubernatorial election in Texas, only one in three registered voters cast [a] vote. In 2004, the last presidential election, just over half of all registered voters in Texas cast their [ballot]. These figures are even lower if you include the population that is eligible to vote but isn't registered. Given the low turnout rates in Texas and across the US, AARP would like to see lawmakers do more to encourage participation in the election process. Older individuals vote in disproportionately high numbers, (More than one half of the voters in the November 2006 election were over the age of 50.) ... AARP believes fair and simple procedures help to maintain this high level of participation ... .

The AARP Foundation has participated in litigation challenging state photo ID laws in five states because we believe such laws discourage rather than encourage electoral participation by older voters. Photo ID requirements pose variety of arbitrary barriers for senior voters, many of whom have voted consistently for decades. ID requirements are simple to meet for some, even many voters, but not for many other voters, especially older ones.

5

This past Sunday, the Rio Grande Guardian reported that:

- one in five (20% of) senior women do not have a driver's license (according to the US Census Bureau);

- 18% of Americans over age 65 lack a driver's license (according to the Brennan Center  for Justice in New York City); and

- 37% of Texans over age 80 do not have a driver's license (according to the Texas Conservative Coalition Research Institute).

Moreover, AARP conducted a survey in connection with the Indiana photo ID case that revealed 3% of those eligible over age 65 (or roughly 23,000 registered voters) had neither a driver's license nor a state-issued ID card (the ID needed to vote under state law); the share of registered voters age 75+ without either form of ID was double that: 6%.


In other states, the potentially disruptive impact of photo ID laws on electoral participation by registered voters likewise has been estimated to be quite large.  In Georgia, AARP estimated, based on driver's license data from the Department of Motor Vehicles and voter registration data from the Secretary of State, that approximately 100,000 registered voters age 65 and over lack a driver's license.  In Missouri, the Secretary of State in August 2006 "estimated that approximately 240,000 registered voters may not have the required photo ID and that the Department of Revenue's estimate

6

of the same was approximately 169, 215 individuals." *See Weinschenk v. State*, 203

S.W.3d 201 (Mo. 2006)


Perhaps the hardest thing to understand about photo ID laws is why public officials

would embrace measures posing a disproportionate share of difficulties for older voters,

who are those most reliable electoral participants.  AARP's brief to the Supreme Court in

the Indiana photo ID case explained:

> Older Americans consistently demonstrate a strong commitment to the
> electoral process by exercising their right to vote more frequently than
> other age groups. In the 2004 presidential election, citizens 55 and
> older reported voting at a rate of 71.8%, as compared with a rate of
> 63.8% among all Americans. As the number of older Americans rises,
> and the life expectancy of the U.S. population increases, the influence
> of older voters on the electoral process has the potential to increase as
> well. This segment of the population is expected to grow rapidly
> during the coming years, as children born during the "baby boom"
> reach age 65 and beyond. By 2030, there will be 71.5 million potential
> older voters in the United States — nearly twice the number from
> 2005. *Id.* As a result, older voters likely will comprise a larger
> percentage of the electorate and play an increasingly important role in
> American electoral politics.

In the Georgia voter ID case, the district court twice enjoined implementation of strict

photo ID requirements because State officials had failed to take steps to reduce risks of

disenfranchising older voters, among others, who may not have had adequate time to

learn about and respond to new photo ID requirements.  In 2006 the court concluded:

> The evidence in the record demonstrates that many voters who lack
> an acceptable Photo ID for in-person voting are elderly, infirm, or
> poor, and lack reliable transportation to a county registrar's office.
> For those voters, requiring them to obtain a Voter ID card in the

7

> short period of time before the July 18, 2006, primary elections and
> the corresponding primary run-off elections is unduly burdensome.
>
> ... for those citizens, the character and magnitude of their injury-the
> loss of their right to vote-is undeniably demoralizing and extreme,
> as those citizens are likely to have no other realistic or effective
> means of protecting their rights.

*See Common Cause/Georgia League of Women Voters of Georgia, Inc. v. Billups*, 439 F.Supp.2d 1294 (N.D.Ga. 2006).

In the Missouri voter ID case, the State Supreme Court accepted the "[voter-]Plaintiffs['] claim that for many ... including the poor, elderly and disabled, ... hurdles to obtaining the proper photo ID are not insignificant." In particular, the court recounted a series of anecdotes reflecting difficulties of the sort many older voters may confront. These include Ms. Weinschenk, who has cerebral palsy and was born out of state, and for whom "obtaining a proper photo ID is a substantial burden because of her disability," because she has difficulty securing records, such as a birth certificate, and moreover, whose "disability prevents her from making a consistent signature mark, [so that] her signature will not match the signature on her voter registration record. Thus, any provisional ballot she casts will not be counted." For many older disabled persons, the burdens associated with overcoming the access and mobility challenges that confront all voters who need photo identification to vote are likely to be nothing short of insuperable. The personal stories also included: "Ms. Amanda Mullaney [who] was born in Kentucky, and [whose] current name does not match the name on her birth certificate because her parents were not married at the time of her birth. Thus, to obtain the proper photo ID needed to vote,

8

she will have to provide proof of her name change by means of either a certified court order or a certified amended birth certificate"; and "Ms. Maudie Mae Hughes [who]was born in Mississippi, [and whom] the state has repeatedly informed … that it does not have any record of her birth, thereby compounding her difficulties in obtaining the photo ID necessary to vote in Missouri." (Because of historical lack of access to health care, prior to the 1960s, many minority Americans in their 60s, 70s, and 80s are substantially more likely to have been born outside a hospital.)

In 2006 Ms. Fredricksen described the circumstances of Theresa Clemente and Valerie Williams, set forth in AARP's amicus brief in the Indiana photo ID case. I urge you to go back and re-read her testimony. In short, Ms. Clemente, an 80-year-old who sought a state-issued ID card so that she could vote, only succeeded – as many of her vintage very well might not – only by paying multiple fees, navigating a maze of public record laws, and making multiple trips to various public offices. Ms. Williams, a 61-year old social security recipient, was barred from voting in the lobby of her retirement home, as she has done in at least the last two elections, by poll workers whom she had known for years, because the forms of ID she had always used no longer were valid under the new voter ID law. These sorts of impediments to the franchise, for clearly eligible voters dedicated to exercising their constitutional rights, are insulting, cruel and unnecessary. And as Ms. Fredricksen told you several years ago, these are not isolated cases. If anything close remotely resembling eighteen percent of American citizens age 65 and above do not have current government-issued photo ID, many millions of seniors, and many millions more

9

between the ages of 50 and 65, including perhaps hundreds of thousands in Texas alone,

will be forced to jump through hoops for no discernible purpose.  You have heard ample

testimony to the effect that there is little or no evidence of in-person voter fraud, and I

need not repeat this point, except to say there is even less evidence that older persons are

suspected of fraudulently impersonating eligible voters at the polls.  But in light of the

absence of proof of fraud, especially among older voters, and further, given the high

participation rates of voting among older persons, as well as the high incidence of

difficulties obtaining ID documents among older persons, such as those with disabilities,

any photo ID law that fails to include extensive provisions to accommodate voters with

greater difficulties complying, including older voters, should be rejected out of hand as

unfair and unduly burdensome.


Before I close, I want to make some specific observations about the proposed Texas

photo ID bill.


My initial comment is that the bill does remarkably little to combat vote fraud – in its

many forms and flavors – for a bill that purports to be focused on combating that

supposed problem.  Even if we agree to disagree about the existence of in-person voting

fraud – which to us seems as improbable as it is unreported – because of the high risks of

getting caught and the low return for each individual act of impersonation – we should be

able to agree that there are many forms of alleged vote fraud of which the Texas photo ID

10

bill aims at addressing only one.  The question arises, given the huge political fight this

has set off, is the benefit in reducing fraud worth the effort?  If not, why bother?

The best that can be said for the pending photo ID bill is that it is not as bad as the laws

on the books in a few other states:  Indiana, Georgia and Arizona.

I want to put off for a moment a discussion of a few problems I see with the overall

approach of the proposed bill.  Before that I want to suggest some practical shortcomings.

**First, the proposed law does very little to educate the public about major changes in**

**voting requirements**.

The proposal relies almost exclusively on the individual voter registration process, in

section 1, to notify voters of new photo ID requirements.  Section two provides some

additional notice via websites of the Secretary of State and counties.  I understand less

than a third of Texas counties maintain websites.  The major problem here is that the bill

does nothing by way of affirmative public education; it is entirely passive and relies on

voters either to visit a state or county website with a notice of the new law or obtain

notice upon registering to vote or renewing an existing registration.  Yet in section 14 the

bill requires the new requirements to take effect within a matter of months.  AARP is

concerned that older voters are especially likely not to benefit from notice limited to

information provided with registration or re-registration, as voters who have gone the

longest without major changes in the registration process are least likely to be alerted by

11

TX_00002496

changes announced in their semi-annual registration packet. This is especially the case as the bill makes no specific provision how, and how prominently, notice is to be given to voters in this manner.

**Second, the lack of public education or public outreach plans or funding poses a barrier to the timeline for implementation contemplated in the current proposal.**

The State should be doing its utmost to avoid situations whereby voters show up to vote without the appropriate ID. Yet that will happen without very substantial public education and outreach. And older voters, who are generally used to the current system, are disproportionally likely to be tripped up by the new rules. In the Georgia case, the State's failure to adopt and implement a robust public education and outreach program caused the photo ID law to be enjoined twice. That seems a danger with this bill in its current form. A related flaw is the lack of any provision for funds for public education and outreach. If the State plans to notify voters about new photo ID rules when they register to vote, which takes place on a two-year cycle, it would seem unfair to implement new rules in early 2010, and indeed, prior to a time at least two years after the law's effective date. Substantially more than two years would seem appropriate if the proponents are serious about giving voters a reasonable chance to comply prior to the next election after they are personally notified of the new rules. Another related defect appears to be the lack of plans or funding for public outreach. For instance, there are no provisions in the bill (e.g., in section 13) specifying which and how many offices will issue new photo ID documents; nor is any provision made for special efforts to address the needs of populations with limited mobility, such as older persons with disabilities,

12

including those residing in assisted living facilities or nursing homes. In the Georgia

voter ID case, state officials were enjoined from implementing a new photo ID law until

the could show outreach efforts (e.g., vehicles visiting areas underserved by DMV offices

to issue new photo ID documents).

## Third, heavy reliance of new photo ID rules via the internet is likely to adversely affect older, low-income and minority voters and voters with disabilities.

Although older persons generally, especially those in the workforce, are rapidly

becoming tech savvy, many older voters – including high percentages of those not now in

the workforce, of those with fixed and low incomes, of those with disabilities, and those

residing in low income areas of the state, or in assisted living arrangements or nursing

homes – are not likely to benefit from web-based notice of new photo ID rules.

Moreover, if web-based notice nevertheless continues to be a priority under the bill,

provision should be made to fund creation or improvement of websites for those counties

without them or without effective or user-friendly sites. In addition, the bill lacks

specific directions to the state and counties to give us assurance that web-based notice

would be done effectively and data would be conveyed in a sufficiently prominent

manner.

## Fourth, the bill lacks clarity in regard to training of persons most likely to interact with voters in implementing new photo ID rules.

Section 3 of the bill calls for additional training related to "acceptance and handling" of

ID "presented by a voter to an election officer," but according to the Senate Research

Center Bill Analysis only refers to training of election judges. Section 4 of the bill

13

TX_00002498

expands training to election clerks.  But neither provision nor any other provision of the

bill appears to apply to training of poll workers themselves.  If this is the intent, this

appears to AARP to be a major defect, as these personnel would appear to be the ones

most likely to interact with voters in implementing new photo ID rules.  Moreover, the

bill contains no provision for funds to train poll workers or election clerks.

**Fifth, the bill lacks clarity in regard to the timeline for training activities.**

Section 13 provides for implementation of training activities regarding new photo ID

rules "as soon as practicable."  These four words recall an earlier four-word phrase –

"with all deliberate speed," from the Supreme Court's 1955 implementation decision in

*Brown v. Board of Education* – that came to be synonymous with "no time soon."


Finally, in regard to the substantive approach to voter eligibility reflected in the bill, I

have the following additional observations and concerns:

**Sixth, it is unclear why the bill precludes persons with a history of voting in a**

**precinct to vote there without a registration certificate without meeting new ID**

**rules.**

Sections 6 and 9 of the bill together hurt longtime voters – many of them likely to be

older voters – whose names appears on the voter rolls at a polling station, but who fail to

produce a registration certificate upon appearing to vote; under current law, they can sign

an affidavit and vote a regular ballot.  Under the bill, they only may vote a provisional

ballot unless they also can produce new ID.   This seems unnecessary, unlikely to deter or

prevent any fraud, and yet likely to impede voting by long-time, legitimate voters.

14

Similarly, sections 6 and 7 of the bill together hurt the voting chances of persons with a

registration certificate but whose names are "not on the precinct list of registered voters";

under current law, it appears they "shall be accepted for voting," however, under the bill,

unless they have new qualifying ID they only can vote a provisional ballot.

## Seventh, the effectiveness of the bill's free photo ID provision is questionable.

Section 12 of the bill forbids the Department of Public Safety from charging any person

for a new photo ID "who states that the[y are] obtaining the personal identification for the

sole purpose of satisfying [the new voting ID requirement]." AARP is concerned that the

bill makes no provision for funding of "free" ID and that as a result, in current dire fiscal

conditions, officials responsible for implementing the rule may have a disincentive to do

so properly.   For older voters on fixed incomes, the fees associated with obtaining

government-issued identification are anything but trivial.


Once again, thank you for the opportunity to comment on the proposed photo ID bill.

15

# Voter Education, Anderson County Workshop, 2008









# Texas State Conference of NAACP Branches

1107 E. 11th St., Ste. A, Austin, TX 78702
Telephone: 512-322-9547 Fax: 512-322-0757

## STATEMENT OF GARY L. BLEDSOE, PRESIDENT TEXAS NAACP TO THE
## SENATE COMMITTEE OF THE WHOLE

### *March 10, 2009*

Good morning.  My name is Gary Bledsoe and I am the President of the Texas NAACP.  The NAACP is our Nation's oldest, largest and most widely-recognized grassroots civil rights organization in the United States.  The NAACP has had units in Texas since 1915.  We are a multi-racial organization, originally formed in 1909 by 6 whites and 2 blacks.  We currently have more than 2,200 membership units with members in every state across the country and we have nearly 200 in Texas alone.

I would like to begin by thanking and commending this committee for holding this hearing.  However, I hope that the pundits are wrong who have said recently that the testimony you hear today will be of no consequence.  The NAACP is a non-partisan group and we try and work with members of both major political parties and others as well to advance our mission of eliminating inappropriate color distinctions in this county and advancing the interests and opportunities for racial and ethnic minorities.

In Texas there has been a sordid history of permitting African-Americans to vote. Back in the 1920's the NAACP fought racist laws of the Democratic Party that did not permit meaningful participation of persons of African-descent in the Democratic Party process.  However instead of yielding to court decisions outside the State the authorities herein simply went about their segregation in different ways.  Ultimately the United States Supreme Court had to invalidate the racist system of voting in the Democratic Party.  And I can say that even though on paper we have had the opportunity to participate in elections across our State and have made significant gains, I am sad to report that racist acts seeking to suppress the African-American vote in our State continue.  Many great Texans like Frank Robinson of Palestine in 1974 have died or suffered greatly because of the belief that African-Americans should be able to participate in the political process.  And in recent years we have had hate crimes in Wharton to suppress minority turnout, use of police, newspapers and mailboxes in Tarrant County to intimidate Black voters, refusal to follow the law in Fort Bend County to permit African-American voters to vote and not accepting challenged ballots, purging people from voting rolls with no legitimate reason and in violation of the law while not processing voter registration applications in Waller County (we want to thank Attorney General Abbott for helping to right that particular situation), too few



# Texas State Conference of NAACP Branches

1107 E. 11th St., Ste. A, Austin, TX 78702
Telephone: 512-322-9547 Fax: 512-322-0757

ballots being issued in Dallas County on several different occasions for minority precincts, selection of inconvenient early voting cites for racial minorities or the refusal to permit voters to cast challenged ballots, the late publication of polling place changes, unexplained purges from voter rolls—and it goes on and on. We have held hearings in Dallas, Fort Worth, Houston and Texarkana and gotten individuals from many other locales to come forth. And then there is the strike force that we have that receives calls on election day and we can say that problems still persist and notably we have seen problems with both major parties but much more so one party compared to the other. The specific provisions in SB362 will cause more time for voters to remain in line, create longer lines and dissuade individuals from voting because problems like ensuring the proper numbers of ballots, etc. have not been cured. Besides that many persons do not have voter id cards and they do not have the kinds of documents that have been proposed for potential proof if a photo id is not available. What happens if a student in Waller County has a driver's license from Harris County and a Waller County voter registration card? With the continued history of that county and the State's refusal to get them in line with the law of the land, I would expect that many students would be disenfranchised. And it goes on and on and on. We have held many hearings around our state and done a number of voter intimidation strike force operations where we have identified that a problem still exists and we must remain vigilant in our attempts to ensure African-Americans in Texas are permitted to vote. This requirement is intimidating and will discourage many from voting who are racial and ethnic minorities.

Throughout our history, countless Americans have fought and died to protect the right of people across the globe to cast a free and unfettered ballot and to have that vote counted. We owe it to these men and women and their families to ensure that the right to vote is protected here at home. Ironically, this problem is not being addressed by the Legislature but another matter is that does not rise to the level of a serious problem from what we believe—voter fraud. To begin with I will say that we take this position based on the merits of the position and partisan matters are of no consequence to us. Back in 2003 when an unnecessary Voter Fraud law was proposed by Democrat Steve Wolens, we were vigorous in opposition to his bill. And today we feel the same way about this initiative. The Wolens bill, which became law, ended up presenting the exact kind of problem that we expected that it would become. Today if you go and vote and you are not registered to vote then you can already be prosecuted? And how many people will use someone's voter ID card to vote knowing that the other person may vote as well? It seems like there are internal fail-safes in the structure of the law that would mitigate against voter fraud.

TX_00002503



# Texas State Conference of NAACP Branches

1107 E. 11th St., Ste. A, Austin, TX 78702
Telephone: 512-322-9547 Fax: 512-322-0757

The NAACP has been in existence for 100 years, and since our inception we have fought for equal voting rights for all Americans. Sadly, our struggle is not yet complete as there is still voter suppression throughout the United States.

We are aware that Georgia had its voter id law cleared by the Department of Justice, however, it is clear to us that the previous Department of Justice unlike any other from previous administrations was intent on denying minorities the protections in voting rights and in other areas that were envisioned by the bi-partisan group that passed the Voting Rights Act in 1965. There was always a certain understanding that individuals had in regards to the role of the Department of Justice in protecting the interests of racial and ethnic minorities but this last Civil Rights Division ran out career employees and put people in positions of authority and influence and even regular attorney positions who were hostile to minority voting rights. As a result I would expect a more serious review of what Texas may submit. The United States Supreme Court has upheld the Indiana voting law but we must note that because of the uniqueness of Texas, its voting rights history, its history with language and racial minorities and the scope of the Voting Rights Act's application here that different questions will be raised. In this case what would happen is that the Department of Justice will have to make a review and if they decide against the State then the matter will go to the United States Supreme Court for review ultimately with the Department of Justice against the State of Texas.

We think a serious inquiry should be made to see if there is a problem in Texas. So far the evidence, like Royal Masset has been quoted as saying (Masset is a former Field Director for the Republican Party who is my old law school classmate) **is quite conclusive that there is just not the problem**. If there is a problem then a bi-partisan group should be asked to come up with what is the most narrowly tailored law to address the problem so that minority voting rights are not compromised

5. <u>Number of voters who have registered since 2006 without a driver's license number.</u>

Committee members asked for the number of voters who registered since January 1, 2006 without a driver's license.  The agency queried its statewide file, which reflects the following data:

| | |
|---|---:|
| Number of voters who registered with a TDL: | 2,419,188 |
| Number of voters who registered with a SSN: | 253,282 |
| Number of voters who registered with both: | 872,425 |
| Number of voters who registered without either: | 37,490 |

In addition, agency staff queried the entire statewide file, which reflects the following breakdowns concerning identification numbers for all voters:

| | |
|---|---:|
| Number of voters with a TDL: | 5,601,219 |
| Number of voters with a SSN: | 2,352,829 |
| Number of voters with both: | 4,102,204 |
| Number of voters with neither number: | 809,041 |

*Exhibit 38*

## THE FACTS: THE SPECIAL INVESTIGATIONS UNIT

Beginning in May, 2006, it was erroneously reported that the $1.4 million in federal funds were spent on election fraud enforcement. Those reports are false.

### Background: The SIU's Role and Investigative Efforts

In 2003, the OAG launched a Special Investigations Unit ("SIU"). Initially, that unit was funded by a Justice Department grant that is administered by the Governor's Office. However, contrary to those false reports, the SIU handles many types of cases, not just election fraud.

Among the cases handled by the SIU are:

- **El Dorado / YFZ Ranch** (three SIU investigators are currently assigned full-time to that case)
- **Texas Youth Commission**, including a case where a TYC officer was indicted for drug possesion (SIU investigators handled more than 840 abuse allegations)
- **Hurricane-related rapid response** efforts, including serving subpoenas on potential price gougers (note: SIU was <u>not</u> involved with Operation Safe Shelter)
- **Market manipulation and penny stock** fraud case that was jointly pursued with the Securities & Exchange Commission
- **ERCOT** case
- **Cyber Crimes** and **Fugitive Unit** assistance for combined arrests of over 100 cyber predators and child pornographers and more than 1,000 fugitives.
- **Identity Theft**
- **Public Corruption**, including the Bastrop County cases and the Potter County Sheriff case.
- **Money Laundering**, including investigations into the bulk transportation of drug currency; money couriers; and, money services businesses.
- **Election Fraud**

### SIU Funding

The initial $1.9 million DOJ grant was renewed for approximately $2.0 million. To date, $3.1 million in grant funding has been allocated to the SIU to pay for investigations into the above mentioned cases.[1] In addition to the SIU's grant funding, it also receives funding from the OAG's criminal justice budget.

To date, the OAG has resolved 22 election fraud prosecutions at a cost of $600,000. An additional eight election fraud indictments are pending. Approximately $100,000 has been spent on those eight cases. Of $700,000 spent on Election Code investigations, approximately $93,000 came from DOJ grants. DOJ grants are no longer used to fund the Special Investigations Unit. It is now funded with $1.5 million in general revenue each year.[2]

---

[1] The difference between the $3.9 million in allocated grant funding and the $3.1 million that has been spent reflects $800,000 in grant money that lapsed and was recaptured by the Governor's Office. The process is not a block grant, but rather a reward system wherein the Governor's Office pays expenses accrued by the grantee agency. So that $800k reflects dollars for which expenses were not incurred.
[2] CID's annual budget is $4.4 million. Of that $1.5 million is annually allocated to the SIU.

Exhibit 39

TX_00002506

(Slip Opinion)          OCTOBER TERM, 2007                    1

Syllabus

NOTE: Where it is feasible, a syllabus (headnote) will be released, as is being done in connection with this case, at the time the opinion is issued. The syllabus constitutes no part of the opinion of the Court but has been prepared by the Reporter of Decisions for the convenience of the reader. See *United States* v. *Detroit Timber & Lumber Co.*, 200 U. S. 321, 337.

# SUPREME COURT OF THE UNITED STATES

Syllabus

## CRAWFORD ET AL. *v.* MARION COUNTY ELECTION BOARD ET AL.

### CERTIORARI TO THE UNITED STATES COURT OF APPEALS FOR THE SEVENTH CIRCUIT

No. 07–21.  Argued January 9, 2008—Decided April 28, 2008*

After Indiana enacted an election law (SEA 483) requiring citizens voting in person to present government-issued photo identification, petitioners filed separate suits challenging the law's constitutionality. Following discovery, the District Court granted respondents summary judgment, finding the evidence in the record insufficient to support a facial attack on the statute's validity.  In affirming, the Seventh Circuit declined to judge the law by the strict standard set for poll taxes in *Harper* v. *Virginia Bd. of Elections*, 383 U. S. 663, finding the burden on voters offset by the benefit of reducing the risk of fraud.

*Held:* The judgment is affirmed.

472 F. 3d 949, affirmed.

  JUSTICE STEVENS, joined by THE CHIEF JUSTICE and JUSTICE KENNEDY, concluded that the evidence in the record does not support a facial attack on SEA 483's validity. Pp. 5–20.

  (a) Under *Harper*, even rational restrictions on the right to vote are invidious if they are unrelated to voter qualifications.  However, "even handed restrictions" protecting the "integrity and reliability of the electoral process itself" satisfy *Harper*'s standard. *Anderson* v. *Celebrezze*, 460 U. S. 780, 788, n. 9.  A state law's burden on a political party, an individual voter, or a discrete class of voters must be justified by relevant and legitimate state interests "sufficiently weighty to justify the limitation." *Norman* v. *Reed*, 502 U. S. 279,

_____

  *Together with No. 07–25, *Indiana Democratic Party et al.* v. *Rokita, Secretary of State of Indiana, et al.*, also on certiorari to the same court.

*Exhibit 40*

2          CRAWFORD *v.* MARION COUNTY ELECTION BD.

Syllabus

288–289. Pp. 5–7.

(b) Each of Indiana's asserted interests is unquestionably relevant to its interest in protecting the integrity and reliability of the electoral process. The first is the interest in deterring and detecting voter fraud. Indiana has a valid interest in participating in a nationwide effort to improve and modernize election procedures criticized as antiquated and inefficient. Indiana also claims a particular interest in preventing voter fraud in response to the problem of voter registration rolls with a large number of names of persons who are either deceased or no longer live in Indiana. While the record contains no evidence that the fraud SEA 483 addresses—in-person voter impersonation at polling places—has actually occurred in Indiana, such fraud has occurred in other parts of the country, and Indiana's own experience with voter fraud in a 2003 mayoral primary demonstrates a real risk that voter fraud could affect a close election's outcome. There is no question about the legitimacy or importance of a State's interest in counting only eligible voters' votes. Finally, Indiana's interest in protecting public confidence in elections, while closely related to its interest in preventing voter fraud, has independent significance, because such confidence encourages citizen participation in the democratic process. Pp. 7–13.

(c) The relevant burdens here are those imposed on eligible voters who lack photo identification cards that comply with SEA 483. Because Indiana's cards are free, the inconvenience of going to the Bureau of Motor Vehicles, gathering required documents, and posing for a photograph does not qualify as a substantial burden on most voters' right to vote, or represent a significant increase over the usual burdens of voting. The severity of the somewhat heavier burden that may be placed on a limited number of persons—*e.g.,* elderly persons born out-of-state, who may have difficulty obtaining a birth certificate—is mitigated by the fact that eligible voters without photo identification may cast provisional ballots that will be counted if they execute the required affidavit at the circuit court clerk's office. Even assuming that the burden may not be justified as to a few voters, that conclusion is by no means sufficient to establish petitioners' right to the relief they seek. Pp. 13–16.

(d) Petitioners bear a heavy burden of persuasion in seeking to invalidate SEA 483 in all its applications. This Court's reasoning in *Washington State Grange* v. *Washington State Republican Party,* 552 U. S. ___, applies with added force here. Petitioners argue that Indiana's interests do not justify the burden imposed on voters who cannot afford or obtain a birth certificate and who must make a second trip to the circuit court clerk's office, but it is not possible to quantify, based on the evidence in the record, either that burden's magnitude

Cite as: 553 U. S. ____ (2008)       3

Syllabus

or the portion of the burden that is fully justified. A facial challenge
must fail where the statute has a "'plainly legitimate sweep.'" *Id.*, at
___. When considering SEA 483's broad application to all Indiana
voters, it "imposes only a limited burden on voters' rights." *Burdick*
v. *Takushi*, 504 U. S. 428, 439. The "precise interests" advanced by
Indiana are therefore sufficient to defeat petitioners' facial challenge.
*Id.*, at 434. Pp. 16–20.

(e) Valid neutral justifications for a nondiscriminatory law, such as
SEA 483, should not be disregarded simply because partisan inter-
ests may have provided one motivation for the votes of individual leg-
islators. P. 20.

JUSTICE SCALIA, joined by JUSTICE THOMAS and JUSTICE ALITO, was
of the view that petitioners' premise that the voter-identification law
might have imposed a special burden on some voters is irrelevant.
The law should be upheld because its overall burden is minimal and
justified. A law respecting the right to vote should be evaluated un-
der the approach in *Burdick* v. *Takushi*, 504 U. S. 428, which calls for
application of a deferential, "important regulatory interests" stan-
dard for nonsevere, nondiscriminatory restrictions, reserving strict
scrutiny for laws that severely restrict the right to vote, *id.*, at 433–
434. The different ways in which Indiana's law affects different vot-
ers are no more than different impacts of the single burden that the
law uniformly imposes on all voters: To vote in person, everyone must
have and present a photo identification that can be obtained for free.
This is a generally applicable, nondiscriminatory voting regulation.
The law's universally applicable requirements are eminently reason-
able because the burden of acquiring, possessing, and showing a free
photo identification is not a significant increase over the usual voting
burdens, and the State's stated interests are sufficient to sustain that
minimal burden. Pp. 1–6.

STEVENS, J., announced the judgment of the Court and delivered an
opinion, in which ROBERTS, C. J., and KENNEDY, J., joined. SCALIA, J.,
filed an opinion concurring in the judgment, in which THOMAS and
ALITO, JJ., joined. SOUTER, J., filed a dissenting opinion, in which
GINSBURG, J., joined. BREYER, J., filed a dissenting opinion.

Cite as: 553 U. S. ___ (2008)          1

Opinion of STEVENS, J.

NOTICE: This opinion is subject to formal revision before publication in the preliminary print of the United States Reports. Readers are requested to notify the Reporter of Decisions, Supreme Court of the United States, Washington, D. C. 20543, of any typographical or other formal errors, in order that corrections may be made before the preliminary print goes to press.

# SUPREME COURT OF THE UNITED STATES

Nos. 07–21 and 07–25

WILLIAM CRAWFORD, ET AL., PETITIONERS

07–21            *v.*

MARION COUNTY ELECTION BOARD ET AL.

INDIANA DEMOCRATIC PARTY, ET AL., PETITIONERS

07–25            *v.*

TODD ROKITA, INDIANA SECRETARY OF STATE, ET AL.

ON WRITS OF CERTIORARI TO THE UNITED STATES COURT OF APPEALS FOR THE SEVENTH CIRCUIT

[April 28, 2008]

JUSTICE STEVENS announced the judgment of the Court and delivered an opinion in which THE CHIEF JUSTICE and JUSTICE KENNEDY join.

At issue in these cases is the constitutionality of an Indiana statute requiring citizens voting in person on election day, or casting a ballot in person at the office of the circuit court clerk prior to election day, to present photo identification issued by the government.

Referred to as either the "Voter ID Law" or "SEA 483,"[1] the statute applies to in-person voting at both primary and general elections. The requirement does not apply to absentee ballots submitted by mail, and the statute contains an exception for persons living and voting in a state-

---

[1] Senate Enrolled Act No. 483, 2005 Ind. Acts p. 2005.

Opinion of STEVENS, J.

licensed facility such as a nursing home. Ind. Code Ann.
§3–11–8–25.1(e) (West Supp. 2007). A voter who is indi-
gent or has a religious objection to being photographed
may cast a provisional ballot that will be counted only if
she executes an appropriate affidavit before the circuit
court clerk within 10 days following the election. §§3–
11.7–5–1, 3–11.7–5–2.5(c) (West 2006).[2] A voter who has
photo identification but is unable to present that identifi-
cation on election day may file a provisional ballot that
will be counted if she brings her photo identification to the
circuit county clerk's office within 10 days. §3–11.7–5–
2.5(b). No photo identification is required in order to
register to vote,[3] and the State offers free photo identifica-
tion to qualified voters able to establish their residence
and identity. §9–24–16–10(b) (West Supp. 2007).[4]
    Promptly after the enactment of SEA 483 in 2005, the
Indiana Democratic Party and the Marion County Democ-
ratic Central Committee (Democrats) filed suit in the
Federal District Court for the Southern District of Indiana
against the state officials responsible for its enforcement,
seeking a judgment declaring the Voter ID Law invalid

---

[2]The affidavit must state that (1) the person executing the affidavit is
the same individual who cast the provisional ballot on election day; and
(2) the affiant is indigent and unable to obtain proof of identification
without paying a fee or has a religious objection to being photographed.
Ind. Code Ann. §3–11–7.5–2.5(c) (West 2006). If the election board
determines that the challenge to the affiant was based solely on a
failure to present photo identification, the "county election board shall
. . . find that the voter's provisional ballot is valid." §3–11–7.5–2.5(d).
    [3]Voters registering to vote for the first time in Indiana must abide by
the requirements of the Help America Vote Act of 2002 (HAVA), 116
Stat. 1666, described *infra*, at 8–9.
    [4]Indiana previously imposed a fee on all residents seeking a state-
issued photo identification. At the same time that the Indiana Legisla-
ture enacted SEA 483, it also directed the Bureau of Motor Vehicles
(BMV) to remove all fees for state-issued photo identification for indi-
viduals without a driver's license who are at least 18 years old. See
2005 Ind. Acts p. 2017, §18.

Opinion of STEVENS, J.

and enjoining its enforcement. A second suit seeking the
same relief was brought on behalf of two elected officials
and several nonprofit organizations representing groups of
elderly, disabled, poor, and minority voters.[5] The cases
were consolidated, and the State of Indiana intervened to
defend the validity of the statute.

The complaints in the consolidated cases allege that the
new law substantially burdens the right to vote in viola-
tion of the Fourteenth Amendment; that it is neither a
necessary nor appropriate method of avoiding election
fraud; and that it will arbitrarily disfranchise qualified
voters who do not possess the required identification and
will place an unjustified burden on those who cannot
readily obtain such identification. Second Amended Com-
plaint in No. 1: 05–CV–0634–SEB–VSS (SD Ind.), pp. 6–9
(hereinafter Second Amended Complaint).

After discovery, District Judge Barker prepared a com-
prehensive 70-page opinion explaining her decision to
grant defendants' motion for summary judgment. 458
F. Supp. 2d 775 (SD Ind. 2006). She found that petition-
ers had "not introduced evidence of a single, individual
Indiana resident who will be unable to vote as a result of
SEA 483 or who will have his or her right to vote unduly
burdened by its requirements." *Id.,* at 783. She rejected
"as utterly incredible and unreliable" an expert's report
that up to 989,000 registered voters in Indiana did not
possess either a driver's license or other acceptable photo
identification. *Id.,* at 803. She estimated that as of 2005,
when the statute was enacted, around 43,000 Indiana

───────────────

[5] Specifically, the plaintiffs were William Crawford, Joseph Simpson,
Concerned Clergy of Indianapolis, Indianapolis Resource Center for
Independent Living, Indiana Coalition on Housing and Homeless
Issues, Indianapolis Branch of the National Association for the Ad-
vancement of Colored People, and United Senior Action of Indiana.
Complaint in No. 49012050 4PL01 6207 (Super. Ct. Marion Cty., Ind.,
Apr. 28, 2005), p. 2.

residents lacked a state-issued driver's license or identification card. *Id.,* at 807.[6]

A divided panel of the Court of Appeals affirmed. 472 F. 3d 949 (CA7 2007). The majority first held that the Democrats had standing to bring a facial challenge to the constitutionality of SEA 483. Next, noting the absence of any plaintiffs who claimed that the law would deter them from voting, the Court of Appeals inferred that "the motivation for the suit is simply that the law may require the Democratic Party and the other organizational plaintiffs to work harder to get every last one of their supporters to the polls." *Id.,* at 952. It rejected the argument that the law should be judged by the same strict standard applicable to a poll tax because the burden on voters was offset by the benefit of reducing the risk of fraud. The dissenting judge, viewing the justification for the law as "hollow"— more precisely as "a not-too-thinly-veiled attempt to discourage election-day turnout by certain folks believed to skew Democratic"—would have applied a stricter standard, something he described as "close to 'strict scrutiny light.'" *Id.,* at 954, 956 (opinion of Evans, J.). In his view, the "law imposes an undue burden on a recognizable segment of potential eligible voters" and therefore violates their rights under the First and Fourteenth Amendments to the Constitution. *Id.,* at 956–957.

Four judges voted to grant a petition for rehearing en banc. 484 F. 3d 437 (CA7 2007) (Wood, J., dissenting from denial of rehearing en banc). Because we agreed with their assessment of the importance of these cases, we

---

[6]She added: "In other words, an estimated 99% of Indiana's voting age population already possesses the necessary photo identification to vote under the requirements of SEA 483." 458 F. Supp. 2d, at 807. Given the availability of free photo identification and greater public awareness of the new statutory requirement, presumably that percentage has increased since SEA 483 was enacted and will continue to increase in the future.

Opinion of STEVENS, J.

granted certiorari. 551 U. S. ___ (2007). We are, however, persuaded that the District Court and the Court of Appeals correctly concluded that the evidence in the record is not sufficient to support a facial attack on the validity of the entire statute, and thus affirm.[7]

I

In *Harper* v. *Virginia Bd. of Elections,* 383 U. S. 663 (1966), the Court held that Virginia could not condition the right to vote in a state election on the payment of a poll tax of $1.50. We rejected the dissenters' argument that the interest in promoting civic responsibility by weeding out those voters who did not care enough about public affairs to pay a small sum for the privilege of voting provided a rational basis for the tax. See *id.,* at 685 (opinion of Harlan, J.). Applying a stricter standard, we concluded that a State "violates the Equal Protection Clause of the Fourteenth Amendment whenever it makes the affluence of the voter or payment of any fee an electoral standard." *Id.,* at 666 (opinion of the Court). We used the term "invidiously discriminate" to describe conduct prohibited under that standard, noting that we had previously held that while a State may obviously impose "reasonable residence restrictions on the availability of the ballot," it "may not deny the opportunity to vote to a bona fide resident merely because he is a member of the armed services." *Id.,* at 666–667 (citing *Carrington* v. *Rash,* 380 U. S. 89, 96 (1965)). Although the State's justification for the tax was rational, it was invidious because it was irrelevant to the voter's qualifications.

Thus, under the standard applied in *Harper,* even rational restrictions on the right to vote are invidious if they

[7]We also agree with the unanimous view of those judges that the Democrats have standing to challenge the validity of SEA 483 and that there is no need to decide whether the other petitioners also have standing.

6    CRAWFORD *v.* MARION COUNTY ELECTION BD.

Opinion of STEVENS, J.

are unrelated to voter qualifications. In *Anderson* v. *Celebrezze,* 460 U. S. 780 (1983), however, we confirmed the general rule that "evenhanded restrictions that protect the integrity and reliability of the electoral process itself" are not invidious and satisfy the standard set forth in *Harper.* 460 U. S., at 788, n. 9. Rather than applying any "litmus test" that would neatly separate valid from invalid restrictions, we concluded that a court must identify and evaluate the interests put forward by the State as justifications for the burden imposed by its rule, and then make the "hard judgment" that our adversary system demands.

In later election cases we have followed *Anderson*'s balancing approach. Thus, in *Norman* v. *Reed,* 502 U. S. 279, 288–289 (1992), after identifying the burden Illinois imposed on a political party's access to the ballot, we "called for the demonstration of a corresponding interest sufficiently weighty to justify the limitation," and concluded that the "severe restriction" was not justified by a narrowly drawn state interest of compelling importance. Later, in *Burdick* v. *Takushi,* 504 U. S. 428 (1992), we applied *Anderson*'s standard for "'reasonable, nondiscriminatory restrictions,'" 504 U. S., at 434, and upheld Hawaii's prohibition on write-in voting despite the fact that it prevented a significant number of "voters from participating in Hawaii elections in a meaningful manner." *Id.,* at 443 (KENNEDY, J., dissenting). We reaffirmed *Anderson*'s requirement that a court evaluating a constitutional challenge to an election regulation weigh the asserted injury to the right to vote against the "'precise interests put forward by the State as justifications for the burden imposed by its rule.'" 504 U. S., at 434 (quoting *Anderson,* 460 U. S., at 789).[8]

---

[8] Contrary to JUSTICE SCALIA's suggestion, see *post,* at 2 (opinion concurring in judgment), our approach remains faithful to *Anderson* and *Burdick.* The *Burdick* opinion was explicit in its endorsement and

Opinion of STEVENS, J.

In neither *Norman* nor *Burdick* did we identify any litmus test for measuring the severity of a burden that a state law imposes on a political party, an individual voter, or a discrete class of voters.  However slight that burden may appear, as *Harper* demonstrates, it must be justified by relevant and legitimate state interests "sufficiently weighty to justify the limitation." *Norman*, 502 U. S., at 288–289.  We therefore begin our analysis of the constitutionality of Indiana's statute by focusing on those interests.

## II

The State has identified several state interests that arguably justify the burdens that SEA 483 imposes on voters and potential voters.  While petitioners argue that the statute was actually motivated by partisan concerns and dispute both the significance of the State's interests and the magnitude of any real threat to those interests, they do not question the legitimacy of the interests the State has identified.  Each is unquestionably relevant to the State's interest in protecting the integrity and reliability of the electoral process.

The first is the interest in deterring and detecting voter fraud.  The State has a valid interest in participating in a nationwide effort to improve and modernize election procedures that have been criticized as antiquated and inefficient.[9]  The State also argues that it has a particular

---

adherence to *Anderson*, see 504 U. S., at 434, and repeatedly cited *Anderson*, see 504 U. S., at 436, n. 5, 440, n. 9, 441. To be sure, *Burdick* rejected the argument that strict scrutiny applies to all laws imposing a burden on the right to vote; but in its place, the Court applied the "'flexible standard'" set forth in *Anderson*.  *Burdick* surely did not create a novel "deferential 'important regulatory interests' standard." See *post*, at 1–2.

[9]See National Commission on Federal Election Reform, To Assure Pride and Confidence in the Electoral Process 18 (2002) (with Honorary Co-chairs former Presidents Gerald Ford and Jimmy Carter).

8      CRAWFORD *v.* MARION COUNTY ELECTION BD.

Opinion of STEVENS, J.

interest in preventing voter fraud in response to a problem
that is in part the product of its own maladministration—
namely, that Indiana's voter registration rolls include a
large number of names of persons who are either deceased
or no longer live in Indiana. Finally, the State relies on its
interest in safeguarding voter confidence. Each of these
interests merits separate comment.

*Election Modernization*

Two recently enacted federal statutes have made it
necessary for States to reexamine their election proce-
dures. Both contain provisions consistent with a State's
choice to use government-issued photo identification as a
relevant source of information concerning a citizen's eligi-
bility to vote.

In the National Voter Registration Act of 1993 (NVRA),
107 Stat. 77, 42 U. S. C. §1973gg *et seq.,* Congress estab-
lished procedures that would both increase the number of
registered voters and protect the integrity of the electoral
process. §1973gg. The statute requires state motor vehi-
cle driver's license applications to serve as voter registra-
tion applications. §1973gg–3. While that requirement has
increased the number of registered voters, the statute also
contains a provision restricting States' ability to remove
names from the lists of registered voters. §1973gg–6(a)(3).
These protections have been partly responsible for inflated
lists of registered voters. For example, evidence credited
by Judge Barker estimated that as of 2004 Indiana's voter
rolls were inflated by as much as 41.4%, see 458 F. Supp.
2d, at 793, and data collected by the Election Assistance
Committee in 2004 indicated that 19 of 92 Indiana coun-
ties had registration totals exceeding 100% of the 2004
voting-age population, Dept. of Justice Complaint in
*United States* v. *Indiana,* No. 1:06–cv–1000–RLY–TAB
(SD Ind., June 27, 2006), p. 4, App. 313.

In HAVA, Congress required every State to create and

Opinion of STEVENS, J.

maintain a computerized statewide list of all registered voters. 42 U. S. C. §15483(a) (2000 ed., Supp. V). HAVA also requires the States to verify voter information contained in a voter registration application and specifies either an "applicant's driver's license number" or "the last 4 digits of the applicant's social security number" as acceptable verifications. §15483(a)(5)(A)(i). If an individual has neither number, the State is required to assign the applicant a voter identification number. §15483(a)(5)(A)(ii).

HAVA also imposes new identification requirements for individuals registering to vote for the first time who submit their applications by mail. If the voter is casting his ballot in person, he must present local election officials with written identification, which may be either "a current and valid photo identification" or another form of documentation such as a bank statement or paycheck. §15483(b)(2)(A). If the voter is voting by mail, he must include a copy of the identification with his ballot. A voter may also include a copy of the documentation with his application or provide his driver's license number or Social Security number for verification. §15483(b)(3). Finally, in a provision entitled "Fail-safe voting," HAVA authorizes the casting of provisional ballots by challenged voters. §15483(b)(2)(B).

Of course, neither HAVA nor NVRA required Indiana to enact SEA 483, but they do indicate that Congress believes that photo identification is one effective method of establishing a voter's qualification to vote and that the integrity of elections is enhanced through improved technology. That conclusion is also supported by a report issued shortly after the enactment of SEA 483 by the Commission on Federal Election Reform chaired by former President Jimmy Carter and former Secretary of State James A. Baker III, which is a part of the record in these cases. In the introduction to their discussion of voter

TX_00002518

Opinion of STEVENS, J.

identification, they made these pertinent comments:

> "A good registration list will ensure that citizens are
> only registered in one place, but election officials still
> need to make sure that the person arriving at a poll-
> ing site is the same one that is named on the registra-
> tion list. In the old days and in small towns where
> everyone knows each other, voters did not need to
> identify themselves. But in the United States, where
> 40 million people move each year, and in urban areas
> where some people do not even know the people living
> in their own apartment building let alone their pre-
> cinct, some form of identification is needed.
>
> "There is no evidence of extensive fraud in U. S.
> elections or of multiple voting, but both occur, and it
> could affect the outcome of a close election. The elec-
> toral system cannot inspire public confidence if no
> safeguards exist to deter or detect fraud or to confirm
> the identity of voters. Photo identification cards cur-
> rently are needed to board a plane, enter federal
> buildings, and cash a check. Voting is equally impor-
> tant." Commission on Federal Election Reform, Re-
> port, Building Confidence in U. S. Elections §2.5
> (Sept. 2005), App. 136–137 (Carter-Baker Report)
> (footnote omitted).[10]

---

[10] The historical perceptions of the Carter-Baker Report can largely
be confirmed. The average precinct size in the United States has
increased in the last century, suggesting that it is less likely that poll
workers will be personally acquainted with voters. For example, at
the time Joseph Harris wrote his groundbreaking 1934 report
on election administration, Indiana restricted the number of voters
in each precinct to 250. J. Harris, Election Administration in
the United States 208 (Brookings Institution 1934). An Elec-
tion Commission report indicates that Indiana's average number
of registered voters per polling place is currently 1,014. Election
Assistance Commission, Final Report of the 2004 Election Day
Survey, ch. 13 (Sept. 2005) (Table 13) (hereinafter Final Report)

Cite as: 553 U. S. ____ (2008)          11

Opinion of STEVENS, J.

*Voter Fraud*

The only kind of voter fraud that SEA 483 addresses is in-person voter impersonation at polling places. The record contains no evidence of any such fraud actually occurring in Indiana at any time in its history. Moreover, petitioners argue that provisions of the Indiana Criminal Code punishing such conduct as a felony provide adequate protection against the risk that such conduct will occur in the future. It remains true, however, that flagrant examples of such fraud in other parts of the country have been documented throughout this Nation's history by respected historians and journalists,[11] that occasional examples have surfaced in recent years,[12] and that Indiana's own experi-

---

(prepared by Election Data Services, Inc.), online at http:// www.eac.gov/clearinghouse/clearinghouse/2004-election-day-survey (all Internet materials as visited Apr. 16, 2008, and available in Clerk of Court's case file). In 1930, the major cities that Harris surveyed had an average number of voters per precinct that ranged from 247 to 617. Election Administration in the United States, at 214. While States vary today, most have averages exceeding 1,000, with at least eight States exceeding 2,000 registered voters per polling place. Final Report, ch. 13 (Table 13).

[11] Infamous examples abound in the New York City elections of the late nineteenth century, conducted under the influence of the Tammany Hall political machine. "Big Tim" Sullivan, a New York state senator, and—briefly—a United States Congressman, insisted that his "repeaters" (individuals paid to vote multiple times) have whiskers:

"'When you've voted 'em with their whiskers on you take 'em to a barber and scrape off the chin-fringe. Then you vote 'em again with side lilacs and a moustache. Then to a barber again, off comes the sides and you vote 'em a third time with the moustache. If that ain't enough and the box can stand a few more ballots clean off the moustache and vote 'em plain face. That makes every one of 'em good for four votes.'" M. Werner, Tammany Hall 439 (1928).

[12] Judge Barker cited record evidence containing examples from California, Washington, Maryland, Wisconsin, Georgia, Illinois, Pennsylvania, Missouri, Miami, and St. Louis. The Brief of *Amici Curiae* Brennan Center for Justice et al. in Support of Petitioners addresses

12      CRAWFORD *v.* MARION COUNTY ELECTION BD.

Opinion of STEVENS, J.

ence with fraudulent voting in the 2003 Democratic primary for East Chicago Mayor[13]—though perpetrated using absentee ballots and not in-person fraud—demonstrate that not only is the risk of voter fraud real but that it could affect the outcome of a close election.

There is no question about the legitimacy or importance of the State's interest in counting only the votes of eligible voters. Moreover, the interest in orderly administration and accurate recordkeeping provides a sufficient justification for carefully identifying all voters participating in the election process. While the most effective method of preventing election fraud may well be debatable, the propriety of doing so is perfectly clear.

In its brief, the State argues that the inflation of its voter rolls provides further support for its enactment of SEA 483. The record contains a November 5, 2000, newspaper article asserting that as a result of NVRA and

---

each of these examples of fraud. While the brief indicates that the record evidence of in-person fraud was overstated because much of the fraud was actually absentee ballot fraud or voter registration fraud, there remain scattered instances of in-person voter fraud. For example, after a hotly contested gubernatorial election in 2004, Washington conducted an investigation of voter fraud and uncovered 19 "ghost voters." *Borders* v. *King Cty.,* No. 05–2–00027–3 (Super. Ct. Chelan Cty., Wash., June 6, 2005) (verbatim report of unpublished oral decision), 4 Election L. J. 418, 423 (2005). After a partial investigation of the ghost voting, one voter was confirmed to have committed in-person voting fraud. Le & Nicolosi, Dead Voted in Governor's Race, Seattle Post-Intelligencer, Jan. 7, 2005, p. A1.

[13] See *Pabey* v. *Pastrick,* 816 N. E. 2d 1138, 1151 (Ind. 2006) (holding that a special election was required because one candidate engaged in "a deliberate series of actions . . . making it impossible to determine the candidate who received the highest number of legal votes cast in the election"). According to the uncontested factual findings of the trial court, one of the candidates paid supporters to stand near polling places and encourage voters—especially those who were poor, infirm, or spoke little English—to vote absentee. The supporters asked the voters to contact them when they received their ballots; the supporters then "assisted" the voter in filling out the ballot.

Opinion of STEVENS, J.

"sloppy record keeping," Indiana's lists of registered voters included the names of thousands of persons who had either moved, died, or were not eligible to vote because they had been convicted of felonies.[14]  The conclusion that Indiana has an unusually inflated list of registered voters is supported by the entry of a consent decree in litigation brought by the Federal Government alleging violations of NVRA.  Consent Decree and Order in *United States* v. *Indiana*, No. 1:06–cv–1000–RLY–TAB (SD Ind., June 27, 2006), App. 299–307.  Even though Indiana's own negligence may have contributed to the serious inflation of its registration lists when SEA 483 was enacted, the fact of inflated voter rolls does provide a neutral and nondiscriminatory reason supporting the State's decision to require photo identification.

*Safeguarding Voter Confidence*

Finally, the State contends that it has an interest in protecting public confidence "in the integrity and legitimacy of representative government."  Brief for State Respondents, No. 07-25, p. 53.  While that interest is closely related to the State's interest in preventing voter fraud, public confidence in the integrity of the electoral process has independent significance, because it encourages citizen participation in the democratic process.  As the Carter-Baker Report observed, the "electoral system cannot inspire public confidence if no safeguards exist to deter or detect fraud or to confirm the identity of voters."  *Supra*, at 10.

III

States employ different methods of identifying eligible voters at the polls.  Some merely check off the names of registered voters who identify themselves; others require

---

[14]Theobald, Bogus Names Jam Indiana's Voter List, Indianapolis Star, Nov. 5, 2000, App. 145.

Opinion of STEVENS, J.

voters to present registration cards or other documenta-
tion before they can vote; some require voters to sign their
names so their signatures can be compared with those on
file; and in recent years an increasing number of States
have relied primarily on photo identification.[15]  A photo
identification requirement imposes some burdens on
voters that other methods of identification do not share.
For example, a voter may lose his photo identification,
may have his wallet stolen on the way to the polls, or may
not resemble the photo in the identification because he
recently grew a beard.  Burdens of that sort arising from
life's vagaries, however, are neither so serious nor so
frequent as to raise any question about the constitutional-
ity of SEA 483; the availability of the right to cast a provi-
sional ballot provides an adequate remedy for problems of
that character.

The burdens that are relevant to the issue before us are
those imposed on persons who are eligible to vote but do
not possess a current photo identification that complies
with the requirements of SEA 483.[16]  The fact that most
voters already possess a valid driver's license, or some
other form of acceptable identification, would not save the
statute under our reasoning in *Harper*, if the State re-

---

[15] For a survey of state practice, see Brief for Texas et al. as *Amici
Curiae* 10–14, and nn. 1–23.

[16] Ind. Code Ann. §3–5–2–40.5 (West 2006) requires that the docu-
ment satisfy the following:

"(1) The document shows the name of the individual to whom the
document was issued, and the name conforms to the name in the
individual's voter registration record.

"(2) The document shows a photograph of the individual to whom the
document was issued.

"(3) The document includes an expiration date, and the document:

"(A)  is not expired; or

"(B)  expired after the date of the most recent general election.

"(4) The document was issued by the United States or the state of
Indiana."

Opinion of STEVENS, J.

quired voters to pay a tax or a fee to obtain a new photo identification. But just as other States provide free voter registration cards, the photo identification cards issued by Indiana's BMV are also free. For most voters who need them, the inconvenience of making a trip to the BMV, gathering the required documents, and posing for a photograph surely does not qualify as a substantial burden on the right to vote, or even represent a significant increase over the usual burdens of voting.[17]

Both evidence in the record and facts of which we may take judicial notice, however, indicate that a somewhat heavier burden may be placed on a limited number of persons. They include elderly persons born out-of-state, who may have difficulty obtaining a birth certificate;[18] persons who because of economic or other personal limitations may find it difficult either to secure a copy of their birth certificate or to assemble the other required documentation to obtain a state-issued identification; homeless persons; and persons with a religious objection to being photographed. If we assume, as the evidence suggests,

_____

[17] To obtain a photo identification card a person must present at least one "primary" document, which can be a birth certificate, certificate of naturalization, U. S. veterans photo identification, U. S. military photo identification, or a U. S. passport. Ind. Admin. Code, tit. 140, §7–4–3 (2008). Indiana, like most States, charges a fee for obtaining a copy of one's birth certificate. This fee varies by county and is currently between $3 and $12. See Indiana State Department of Health Web page, http://www.in.gov/isdh/bdcertifs/lhdfees/toc.htm. Some States charge substantially more. Affidavit of Robert Andrew Ford, App. 12.

[18] As petitioners note, Brief for Petitioners in No. 07–21, p. 17, n. 7, and the State's "Frequently Asked Questions" Web page states, it appears that elderly persons who can attest that they were never issued a birth certificate may present other forms of identification as their primary document to the Indiana BMV, including Medicaid/Medicare cards and Social Security benefits statements. http://www.in.gov/faqs.htm; see also Ind. Admin. Code, tit. 140, §7–4–3 ("The commissioner or the commissioner's designee may accept reasonable alternate documents to satisfy the requirements of this rule").

16    CRAWFORD v. MARION COUNTY ELECTION BD.

Opinion of STEVENS, J.

that some members of these classes were registered voters when SEA 483 was enacted, the new identification requirement may have imposed a special burden on their right to vote.

The severity of that burden is, of course, mitigated by the fact that, if eligible, voters without photo identification may cast provisional ballots that will ultimately be counted. To do so, however, they must travel to the circuit court clerk's office within 10 days to execute the required affidavit. It is unlikely that such a requirement would pose a constitutional problem unless it is wholly unjustified. And even assuming that the burden may not be justified as to a few voters,[19] that conclusion is by no means sufficient to establish petitioners' right to the relief they seek in this litigation.

## IV

Given the fact that petitioners have advanced a broad attack on the constitutionality of SEA 483, seeking relief that would invalidate the statute in all its applications, they bear a heavy burden of persuasion. Only a few weeks ago we held that the Court of Appeals for the Ninth Circuit had failed to give appropriate weight to the magnitude of that burden when it sustained a preelection, facial attack on a Washington statute regulating that State's primary election procedures. *Washington State Grange* v. *Washington State Republican Party*, 552 U. S. ___ (2008). Our reasoning in that case applies with added force to the arguments advanced by petitioners in these cases.

---

[19] Presumably most voters casting provisional ballots will be able to obtain photo identifications before the next election. It is, however, difficult to understand why the State should require voters with a faith-based objection to being photographed to cast provisional ballots subject to later verification in every election when the BMV is able to issue these citizens special licenses that enable them to drive without any photo identification. See Ind. Code Ann. 9–24–11–5(c) (West Supp. 2007).

Opinion of STEVENS, J.

Petitioners ask this Court, in effect, to perform a unique balancing analysis that looks specifically at a small number of voters who may experience a special burden under the statute and weighs their burdens against the State's broad interests in protecting election integrity. Petitioners urge us to ask whether the State's interests justify the burden imposed on voters who cannot afford or obtain a birth certificate and who must make a second trip to the circuit court clerk's office after voting. But on the basis of the evidence in the record it is not possible to quantify either the magnitude of the burden on this narrow class of voters or the portion of the burden imposed on them that is fully justified.

First, the evidence in the record does not provide us with the number of registered voters without photo identification; Judge Barker found petitioners' expert's report to be "utterly incredible and unreliable." 458 F. Supp. 2d, at 803. Much of the argument about the numbers of such voters comes from extrarecord, postjudgment studies, the accuracy of which has not been tested in the trial court.

Further, the deposition evidence presented in the District Court does not provide any concrete evidence of the burden imposed on voters who currently lack photo identification. The record includes depositions of two case managers at a day shelter for homeless persons and the depositions of members of the plaintiff organizations, none of whom expressed a personal inability to vote under SEA 483. A deposition from a named plaintiff describes the difficulty the elderly woman had in obtaining an identification card, although her testimony indicated that she intended to return to the BMV since she had recently obtained her birth certificate and that she was able to pay the birth certificate fee. App. 94.

Judge Barker's opinion makes reference to six other elderly named plaintiffs who do not have photo identifications, but several of these individuals have birth certifi-

Opinion of STEVENS, J.

cates or were born in Indiana and have not indicated how
difficult it would be for them to obtain a birth certificate.
458 F. Supp. 2d, at 797–799.  One elderly named plaintiff
stated that she had attempted to obtain a birth certificate
from Tennessee, but had not been successful, and another
testified that he did not know how to obtain a birth certifi-
cate from North Carolina.  The elderly in Indiana, how-
ever, may have an easier time obtaining a photo identifi-
cation card than the nonelderly, see n. 17, *supra,* and
although it may not be a completely acceptable alterna-
tive, the elderly in Indiana are able to vote absentee with-
out presenting photo identification.

The record says virtually nothing about the difficulties
faced by either indigent voters or voters with religious
objections to being photographed.  While one elderly man
stated that he did not have the money to pay for a birth
certificate, when asked if he did not have the money or did
not wish to spend it, he replied, "both."  App. 211–212.
From this limited evidence we do not know the magnitude
of the impact SEA 483 will have on indigent voters in
Indiana.  The record does contain the affidavit of one
homeless woman who has a copy of her birth certificate,
but was denied a photo identification card because she did
not have an address.  *Id.,* at 67.  But that single affidavit
gives no indication of how common the problem is.

In sum, on the basis of the record that has been made in
this litigation, we cannot conclude that the statute im-
poses "excessively burdensome requirements" on any class
of voters.  See *Storer* v. *Brown,* 415 U. S. 724, 738 (1974).[20]

---

[20] Three comments on JUSTICE SOUTER's speculation about the non-
trivial burdens that SEA 483 may impose on "tens of thousands" of
Indiana citizens, *post,* at 1 (dissenting opinion), are appropriate.  First,
the fact that the District Judge estimated that when the statute was
passed in 2005, 43,000 citizens did not have photo identification, see
458 F. Supp. 2d 775, 807 (SD Ind. 2006), tells us nothing about the
number of free photo identification cards issued since then.  Second, the

Opinion of STEVENS, J.

A facial challenge must fail where the statute has a "'plainly legitimate sweep.'" *Washington State Grange*, 552 U. S., at ___ (quoting *Washington* v. *Glucksberg*, 521 U. S. 702, 739–740, and n. 7 (1997) (STEVENS, J., concurring in judgments)). When we consider only the statute's broad application to all Indiana voters we conclude that it "imposes only a limited burden on voters' rights." *Burdick*, 504 U. S., at 439. The "'precise interests'" advanced by the State are therefore sufficient to defeat petitioners' facial challenge to SEA 483. *Id.*, at 434.

Finally we note that petitioners have not demonstrated that the proper remedy—even assuming an unjustified burden on some voters—would be to invalidate the entire statute. When evaluating a neutral, nondiscriminatory regulation of voting procedure, "[w]e must keep in mind that "'[a] ruling of unconstitutionality frustrates the intent of the elected representatives of the people.'" *Ayotte* v. *Planned Parenthood of Northern New Eng.*, 546 U. S.

---

fact that public transportation is not available in some Indiana counties tells us nothing about how often elderly and indigent citizens have an opportunity to obtain a photo identification at the BMV, either during a routine outing with family or friends or during a special visit to the BMV arranged by a civic or political group such as the League of Women Voters or a political party. Further, nothing in the record establishes the distribution of voters who lack photo identification. To the extent that the evidence sheds any light on that issue, it suggests that such voters reside primarily in metropolitan areas, which are served by public transportation in Indiana (the majority of the plaintiffs reside in Indianapolis and several of the organizational plaintiffs are Indianapolis organizations). Third, the indigent, elderly, or disabled need not "journey all the way to their county seat each time they wish to exercise the franchise," *post*, at 29, if they obtain a free photo identification card from the BMV. While it is true that obtaining a birth certificate carries with it a financial cost, the record does not provide even a rough estimate of how many indigent voters lack copies of their birth certificates. Supposition based on extensive Internet research is not an adequate substitute for admissible evidence subject to cross-examination in constitutional adjudication.

TX_00002528
TX_00002528

Opinion of STEVENS, J.

320, 329 (2006) (quoting *Regan* v. *Time, Inc.*, 468 U. S. 641, 652 (1984) (plurality opinion))" *Washington State Grange*, 552 U. S., at ___ (slip op., at 8).

V

In their briefs, petitioners stress the fact that all of the Republicans in the General Assembly voted in favor of SEA 483 and the Democrats were unanimous in opposing it.[21] In her opinion rejecting petitioners' facial challenge, Judge Barker noted that the litigation was the result of a partisan dispute that had "spilled out of the state house into the courts." 458 F. Supp. 2d, at 783. It is fair to infer that partisan considerations may have played a significant role in the decision to enact SEA 483. If such considerations had provided the only justification for a photo identification requirement, we may also assume that SEA 483 would suffer the same fate as the poll tax at issue in *Harper.*

But if a nondiscriminatory law is supported by valid neutral justifications, those justifications should not be disregarded simply because partisan interests may have provided one motivation for the votes of individual legislators. The state interests identified as justifications for SEA 483 are both neutral and sufficiently strong to require us to reject petitioners' facial attack on the statute. The application of the statute to the vast majority of Indiana voters is amply justified by the valid interest in protecting "the integrity and reliability of the electoral process." *Anderson,* 460 U. S., at 788, n. 9.

---

[21] Brief for Petitioners in No. 07–25, pp. 6–9. Fifty-two Republican House members voted for the bill, 45 Democrats voted against, and 3 Democrats were excused from voting. 3 Journal of the House of Representatives of Indiana, Roll Call 259 (Mar. 21, 2005). In the Senate, 33 Republican Senators voted in favor and 17 Democratic Senators voted against. 3 Journal of the Senate of Indiana, Roll Call 417 (Apr. 12, 2005).

Cite as: 553 U. S. ____ (2008)                    21

Opinion of STEVENS, J.

The judgment of the Court of Appeals is affirmed.

*It is so ordered.*

Cite as: 553 U. S. ____ (2008)          1

SCALIA, J., concurring in judgment

# SUPREME COURT OF THE UNITED STATES

Nos. 07–21 and 07–25

WILLIAM CRAWFORD, ET AL., PETITIONERS
07–21          *v.*
MARION COUNTY ELECTION BOARD ET AL.

INDIANA DEMOCRATIC PARTY, ET AL., PETITIONERS
07–25          *v.*
TODD ROKITA, INDIANA SECRETARY OF STATE,
ET AL.

ON WRITS OF CERTIORARI TO THE UNITED STATES COURT OF
APPEALS FOR THE SEVENTH CIRCUIT

[April 28, 2008]

JUSTICE SCALIA, with whom JUSTICE THOMAS and JUS-
TICE ALITO join, concurring in the judgment.

The lead opinion assumes petitioners' premise that the
voter-identification law "may have imposed a special
burden on" some voters, *ante*, at 16, but holds that peti-
tioners have not assembled evidence to show that the
special burden is severe enough to warrant strict scrutiny,
*ante*, at 18–19. That is true enough, but for the sake of
clarity and finality (as well as adherence to precedent), I
prefer to decide these cases on the grounds that petition-
ers' premise is irrelevant and that the burden at issue is
minimal and justified.

To evaluate a law respecting the right to vote—whether
it governs voter qualifications, candidate selection, or the
voting process—we use the approach set out in *Burdick* v.
*Takushi*, 504 U. S. 428 (1992). This calls for application of
a deferential "important regulatory interests" standard for
nonsevere, nondiscriminatory restrictions, reserving strict

2      CRAWFORD *v.* MARION COUNTY ELECTION BD.

scrutiny for laws that severely restrict the right to vote. *Id.,* at 433–434 (internal quotation marks omitted). The lead opinion resists the import of *Burdick* by characterizing it as simply adopting "the balancing approach" of *Anderson* v. *Celebrezze,* 460 U. S. 780 (1983) (majority opinion of STEVENS, J.). See *ante,* at 6; see also *ante,* at 6–7, n. 8. Although *Burdick* liberally quoted *Anderson, Burdick* forged *Anderson's* amorphous "flexible standard" into something resembling an administrable rule. See *Burdick, supra,* at 434. Since *Burdick,* we have repeatedly reaffirmed the primacy of its two-track approach. See *Timmons* v. *Twin Cities Area New Party,* 520 U. S. 351, 358 (1997); *Clingman* v. *Beaver,* 544 U. S. 581, 586–587 (2005). "[S]trict scrutiny is appropriate only if the burden is severe." *Id.,* at 592. Thus, the first step is to decide whether a challenged law severely burdens the right to vote. Ordinary and widespread burdens, such as those requiring "nominal effort" of everyone, are not severe. See *id.,* at 591, 593–597. Burdens are severe if they go beyond the merely inconvenient. See *Storer* v. *Brown,* 415 U. S. 724, 728–729 (1974) (characterizing the law in *Williams* v. *Rhodes,* 393 U. S. 23 (1968), as "severe" because it was "so burdensome" as to be "'virtually impossible'" to satisfy).

Of course, we have to identify a burden before we can weigh it. The Indiana law affects different voters differently, *ante,* at 14–16, but what petitioners view as the law's several light and heavy burdens are no more than the different *impacts* of the single burden that the law uniformly imposes on all voters. To vote in person in Indiana, *everyone* must have and present a photo identification that can be obtained for free. The State draws no classifications, let alone discriminatory ones, except to establish *optional* absentee and provisional balloting for certain poor, elderly, and institutionalized voters and for religious objectors. Nor are voters who already have photo identifications exempted from the burden, since those

SCALIA, J., concurring in judgment

voters must maintain the accuracy of the information displayed on the identifications, renew them before they expire, and replace them if they are lost.

The Indiana photo-identification law is a generally applicable, nondiscriminatory voting regulation, and our precedents refute the view that individual impacts are relevant to determining the severity of the burden it imposes. In the course of concluding that the Hawaii laws at issue in *Burdick* "impose[d] only a limited burden on voters' rights to make free choices and to associate politically through the vote," 504 U. S., at 439, we considered the laws and their reasonably foreseeable effect on *voters generally*. See *id.*, at 436–437. We did not discuss whether the laws had a severe effect on Mr. Burdick's own right to vote, given his particular circumstances. That was essentially the approach of the *Burdick* dissenters, who would have applied strict scrutiny to the laws because of their effect on "some voters." See *id.*, at 446 (KENNEDY, J., dissenting); see also *id.*, at 448 ("The majority's analysis ignores the inevitable and significant burden a write-in ban imposes upon *some individual voters* . . . ." (emphasis added)). Subsequent cases have followed *Burdick*'s generalized review of nondiscriminatory election laws. See, *e.g., Timmons, supra,* at 361–362; *Clingman, supra,* at 590–591, 592–593. Indeed, *Clingman*'s holding that burdens are not severe if they are ordinary and widespread would be rendered meaningless if a single plaintiff could claim a severe burden.

Not all of our decisions predating *Burdick* addressed whether a challenged voting regulation severely burdened the right to vote, but when we began to grapple with the magnitude of burdens, we did so categorically and did not consider the peculiar circumstances of individual voters or candidates. See, *e.g., Jenness* v. *Fortson*, 403 U. S. 431, 438–441 (1971). Thus, in *Rosario* v. *Rockefeller*, 410 U. S. 752 (1973), we did not link the State's interest in inhibit-

4        CRAWFORD *v.* MARION COUNTY ELECTION BD.

ing party raiding with the petitioners' own circumstances. See *id.,* at 760–762. And in *Storer* v. *Brown, supra,* we observed that the severity of the burden of a regulation should be measured according to its "nature, extent, and *likely impact.*" *Id.,* at 738 (emphasis added). We therefore instructed the District Court to decide on remand whether "a *reasonably diligent* independent candidate [could] be expected to satisfy the signature requirements, or will it be only rarely that the unaffiliated candidate will succeed in getting on the ballot?" *Id.,* at 742 (emphasis added). Notably, we did not suggest that the District Court should consider whether one of the petitioners would actually find it more difficult than a reasonably diligent candidate to obtain the required signatures. What mattered was the general assessment of the burden.

Insofar as our election-regulation cases rest upon the requirements of the Fourteenth Amendment, see *Anderson, supra,* at 786, n. 7, weighing the burden of a nondiscriminatory voting law upon each voter and concomitantly requiring exceptions for vulnerable voters would effectively turn back decades of equal-protection jurisprudence. A voter complaining about such a law's effect on him has no valid equal-protection claim because, without proof of discriminatory intent, a generally applicable law with disparate impact is not unconstitutional. See, *e.g., Washington* v. *Davis,* 426 U. S. 229, 248 (1976). The Fourteenth Amendment does not regard neutral laws as invidious ones, *even when their burdens purportedly fall disproportionately on a protected class. A fortiori* it does not do so when, as here, the classes complaining of disparate impact are not even protected.\* See *Harris* v. *McRae,* 448 U. S.

---

\*A number of our early right-to-vote decisions, purporting to rely upon the Equal Protection Clause, strictly scrutinized nondiscriminatory voting laws requiring the payment of fees. See, *e.g., Harper* v. *Virginia Bd. of Elections,* 383 U. S. 663, 670 (1966) (poll tax); *Bullock* v. *Carter,* 405 U. S. 134, 145 (1972) (ballot-access fee); *Lubin* v. *Panish,*

SCALIA, J., concurring in judgment

297, 323, and n. 26 (1980) (poverty); *Cleburne* v. *Cleburne Living Center, Inc.*, 473 U. S. 432, 442 (1985) (disability); *Gregory* v. *Ashcroft*, 501 U. S. 452, 473 (1991) (age); cf. *Employment Div., Dept. of Human Resources of Ore.* v. *Smith*, 494 U. S. 872, 878–879 (1990) (First Amendment does not require exceptions for religious objectors to neutral rules of general applicability).

Even if I thought that *stare decisis* did not foreclose adopting an individual-focused approach, I would reject it as an original matter. This is an area where the dos and don'ts need to be known in advance of the election, and voter-by-voter examination of the burdens of voting regulations would prove especially disruptive. A case-by-case approach naturally encourages constant litigation. Very few new election regulations improve everyone's lot, so the potential allegations of severe burden are endless. A State reducing the number of polling places would be open to the complaint it has violated the rights of disabled voters who live near the closed stations. Indeed, it may even be the case that some laws already on the books are especially burdensome for some voters, and one can predict lawsuits demanding that a State adopt voting over the Internet or expand absentee balloting.

That sort of detailed judicial supervision of the election process would flout the Constitution's express commitment of the task to the States. See Art. I, §4. It is for state legislatures to weigh the costs and benefits of possible changes to their election codes, and their judgment must prevail unless it imposes a severe and unjustified overall burden upon the right to vote, or is intended to

___

415 U. S. 709, 716–719 (1974) (ballot-access fee). To the extent those decisions continue to stand for a principle that *Burdick* v. *Takushi,* 504 U. S. 428 (1992), does not already encompass, it suffices to note that we have never held that legislatures must calibrate *all* election laws, even those totally unrelated to money, for their impacts on poor voters or must otherwise accommodate wealth disparities.

6      CRAWFORD *v.* MARION COUNTY ELECTION BD.

SCALIA, J., concurring in judgment

disadvantage a particular class. Judicial review of their handiwork must apply an objective, uniform standard that will enable them to determine, *ex ante*, whether the burden they impose is too severe.

The lead opinion's record-based resolution of these cases, which neither rejects nor embraces the rule of our precedents, provides no certainty, and will embolden litigants who surmise that our precedents have been abandoned. There is no good reason to prefer that course.

\*      \*      \*

The universally applicable requirements of Indiana's voter-identification law are eminently reasonable. The burden of acquiring, possessing, and showing a free photo identification is simply not severe, because it does not "even represent a significant increase over the usual burdens of voting." *Ante*, at 15. And the State's interests, *ante*, at 7–13, are sufficient to sustain that minimal burden. That should end the matter. That the State accommodates some voters by permitting (not requiring) the casting of absentee or provisional ballots, is an indulgence—not a constitutional imperative that falls short of what is required.

Cite as: 553 U. S. ____ (2008)          1

SOUTER, J., dissenting

# SUPREME COURT OF THE UNITED STATES

Nos. 07–21 and 07–25

WILLIAM CRAWFORD, ET AL., PETITIONERS
07–21                *v.*
MARION COUNTY ELECTION BOARD ET AL.

INDIANA DEMOCRATIC PARTY, ET AL., PETITIONERS
07–25                *v.*
TODD ROKITA, INDIANA SECRETARY OF STATE,
ET AL.

ON WRITS OF CERTIORARI TO THE UNITED STATES COURT OF
APPEALS FOR THE SEVENTH CIRCUIT

[April 28, 2008]

JUSTICE SOUTER, with whom JUSTICE GINSBURG joins,
dissenting.

Indiana's "Voter ID Law"[1] threatens to impose nontrivial burdens on the voting right of tens of thousands of the State's citizens, see *ante*, at 14–15 (lead opinion), and a significant percentage of those individuals are likely to be deterred from voting, see *ante*, at 15–16. The statute is unconstitutional under the balancing standard of *Burdick* v. *Takushi*, 504 U. S. 428 (1992): a State may not burden the right to vote merely by invoking abstract interests, be they legitimate, see *ante*, at 7–13, or even compelling, but must make a particular, factual showing that threats to its interests outweigh the particular impediments it has imposed. The State has made no such justification here, and as to some aspects of its law, it has hardly even tried. I therefore respectfully dissent from the Court's judgment

---

[1] Senate Enrolled Act No. 483, 2005 Ind. Acts p. 2005.

sustaining the statute.[2]

## I

Voting-rights cases raise two competing interests, the one side being the fundamental right to vote. See *Burdick, supra*, at 433 ("It is beyond cavil that 'voting is of the most fundamental significance under our constitutional structure'" (quoting *Illinois Bd. of Elections* v. *Socialist Workers Party*, 440 U. S. 173, 184 (1979)); see also *Purcell* v. *Gonzalez*, 549 U. S. 1, 3–4 (2006) *(per curiam); Dunn* v. *Blumstein*, 405 U. S. 330, 336 (1972); *Reynolds* v. *Sims*, 377 U. S. 533, 561–562 (1964); *Yick Wo* v. *Hopkins*, 118 U. S. 356, 370 (1886). The Judiciary is obliged to train a skeptical eye on any qualification of that right. See *Reynolds, supra*, at 562 ("Especially since the right to exercise the franchise in a free and unimpaired manner is preservative of other basic civil and political rights, any alleged infringement of the right of citizens to vote must be carefully and meticulously scrutinized").

As against the unfettered right, however, lies the "[c]ommon sense, as well as constitutional law . . . that government must play an active role in structuring elections; 'as a practical matter, there must be a substantial regulation of elections if they are to be fair and honest and if some sort of order, rather than chaos, is to accompany the democratic processes.'" *Burdick, supra*, at 433 (quoting *Storer* v. *Brown*, 415 U. S. 724, 730 (1974)); see also *Burdick, supra*, at 433 ("Election laws will invariably impose some burden upon individual voters").

Given the legitimacy of interests on both sides, we have avoided pre-set levels of scrutiny in favor of a sliding-scale balancing analysis: the scrutiny varies with the effect of the regulation at issue. And whatever the claim, the

---

[2]I agree with the lead opinion that the petitioners in No. 07–25 have standing and that we therefore need not determine whether the remaining petitioners also have standing. See *ante*, at 5, n. 7.

SOUTER, J., dissenting

Court has long made a careful, ground-level appraisal both of the practical burdens on the right to vote and of the State's reasons for imposing those precise burdens. Thus, in *Burdick*:

> "A court considering [such] a challenge . . . must weigh 'the character and magnitude of the asserted injury to the rights protected by the First and Fourteenth Amendments that the plaintiff seeks to vindicate' against 'the precise interests put forward by the State as justifications for the burden imposed by its rule,' taking into consideration 'the extent to which those interests make it necessary to burden the plaintiff's rights.'" 504 U. S., at 434 (quoting *Anderson* v. *Celebrezze*, 460 U. S. 780, 789 (1983)).

The lead opinion does not disavow these basic principles. See *ante*, at 6–7 (discussing *Burdick*); see also *ante*, at 7 ("However slight [the] burden may appear, . . . it must be justified by relevant and legitimate state interests sufficiently weighty to justify the limitation" (internal quotation marks omitted)). But I think it does not insist enough on the hard facts that our standard of review demands.

II

Under *Burdick*, "the rigorousness of our inquiry into the propriety of a state election law depends upon the extent to which a challenged regulation burdens First and Fourteenth Amendment rights," 504 U. S., at 434, upon an assessment of the "character and magnitude of the asserted [threatened] injury," *ibid.* (quoting *Anderson*, *supra*, at 789), and an estimate of the number of voters likely to be affected.

A

The first set of burdens shown in these cases is the travel costs and fees necessary to get one of the limited variety of federal or state photo identifications needed to

SOUTER, J., dissenting

cast a regular ballot under the Voter ID Law.[3] The travel
is required for the personal visit to a license branch of the
Indiana Bureau of Motor Vehicles (BMV), which is de-
manded of anyone applying for a driver's license or non-
driver photo identification. See *Indiana Democratic Party*
v. *Rokita*, 458 F. Supp. 2d 775, 791 (SD Ind. 2006). The
need to travel to a BMV branch will affect voters according
to their circumstances, with the average person probably
viewing it as nothing more than an inconvenience. Poor,
old, and disabled voters who do not drive a car, however,
may find the trip prohibitive,[4] witness the fact that the

---

[3]Under Indiana's law, an ID does not qualify as proof of identification
unless it "satisfies all [of] the following":

"(1) The document shows the name of the individual to whom the
document was issued, and the name conforms to the name in the
individual's voter registration record.

"(2) The document shows a photograph of the individual to whom the
document was issued.

"(3) The document includes an expiration date, and the document:

"(A) is not expired; or

"(B) expired after the date of the most recent general election.

"(4) The document was issued by the United States or the state of
Indiana." Ind. Code Ann. §3–5–2–40.5 (West 2006).

[4]The State asserts that the elderly and disabled are adequately ac-
commodated through their option to cast absentee ballots, and so any
burdens on them are irrelevant. See Brief for Respondents in No. 07–
25, p. 41. But as petitioners' *amici* AARP and the National Senior
Citizens Law Center point out, there are crucial differences between
the absentee and regular ballot. Brief for AARP et al. as *Amici Curiae*
12–16. Voting by absentee ballot leaves an individual without the
possibility of receiving assistance from poll workers, and thus increases
the likelihood of confusion and error. More seriously, as the Supreme
Court of Indiana has recognized, Indiana law "treats absentee voters
differently from the way it treats Election Day voters," in the important
sense that "an absentee ballot may not be recounted in situations
where clerical error by an election officer rendered it invalid." *Horse-
man* v. *Keller*, 841 N. E. 2d 164, 171 (2006). The State itself notes that
"election officials routinely reject absentee ballots on suspicion of
forgery." Brief for Respondents in No. 07–25, p. 62. The record indi-
cates that voters in Indiana are not unaware of these risks. One

Cite as: 553 U. S. ____ (2008)          5

SOUTER, J., dissenting

BMV has far fewer license branches in each county than there are voting precincts.[5]  Marion County, for example, has over 900 active voting precincts, see Brief for Respondents in No. 07–21, p. 4,[6] yet only 12 BMV license branches;[7] in Lake County, there are 565 active voting precincts, see n. 6, *supra*, to match up with only 8 BMV locations;[8] and Allen County, with 309 active voting precincts, see *ibid.*, has only 3 BMV license branches.[9]  The same pattern holds in counties with smaller populations. Brown County has 12 active voter precincts, see *ibid.*, and only one BMV office;[10] while there were 18 polling places available in Fayette County's 2007 municipal primary,[11]

---

elderly affiant in the District Court testified: "I don't trust [the absentee] system. . . . Because a lot of soldiers vote like that and their votes wasn't counted in the last election according to what I read, absentee." App. 209 (deposition of David Harrison).

It is one thing (and a commendable thing) for the State to make absentee voting available to the elderly and disabled; but it is quite another to suggest that, because the more convenient but less reliable absentee ballot is available, the State may freely deprive the elderly and disabled of the option of voting in person.

[5]Under Indiana law, county executives must locate a polling place within five miles of the closest boundary of each voting precinct, and, with limited exceptions, no precinct may cover more than 1,200 active voters at the time it is established.  See Brief for Respondents in No. 07–21, p. 3 (citing Ind. Code Ann. §§3–11–8–3(b), 3–11–1.5–3).  The result is that the number of polling places tends to track the number of voting precincts in a county.  In Henry County, for example, there are 42 active precincts, see n. 6, *infra*, and 42 polling places have been approved for the 2008 elections, see n. 13, *infra*.

[6]See also Count of Active Precincts by County, online at http://www.in.gov/sos/pdfs/Precincts_by_County_and_State_022706.pdf (all Internet materials as visited Apr. 21, 2008, and available in Clerk of Court's case file).

[7]See Marion County License Branches, http://www.in.gov/bmv/ 3134.htm.

[8]See Lake County, http://www.in.gov/bmv/3150.htm.

[9]See Allen County, http://www.in.gov/bmv/2954.htm.

[10]See Brown County, http://www.in.gov/bmv/3302.htm.

[11]See   http://www.co.fayette.in.us/2007%20polling_locations_munic.

6        CRAWFORD *v.* MARION COUNTY ELECTION BD.

SOUTER, J., dissenting

there was only 1 BMV license branch;[12] and Henry
County, with 42 polling places approved for 2008 elec-
tions,[13] has only 1 BMV office.

The burden of traveling to a more distant BMV office
rather than a conveniently located polling place is proba-
bly serious for many of the individuals who lack photo
identification.[14] They almost certainly will not own cars,
see Brief for Current and Former State Secretaries of
State as *Amici Curiae* 11, and public transportation in
Indiana is fairly limited. According to a report published
by Indiana's Department of Transportation in August
2007, 21 of Indiana's 92 counties have no public transpor-
tation system at all,[15] and as of 2000, nearly 1 in every 10

htm.

[12] See Fayette County, http://www.in.gov/bmv/3246.htm.

[13] See News Release, Henry County, Indiana, Polling Places Approved
for the 2008 Elections, http://www.henryco.net/cm/node/52.

[14] The travel burdens might, in the future, be reduced to some extent
by Indiana's commendable "BMV2You" mobile license branch, which
will travel across the State for an average of three days a week, and
provide BMV services (including ID services). See http://
www.in.gov/bmv/3554.htm. The program does not count in my analy-
sis, however, because the program was only recently opened in August
2007, see Indiana BMV Opens License Branch at State Fair,
http://www.in.gov/newsroom.htm?detailContent=93_10400.htm, and its
long-term service schedule has yet to be determined.

[15] Indiana Public Transit: Annual Report 2006, p. 29, http://
www.in.gov/indot/files/INDOT_2006.pdf (hereinafter Annual Report).
The 21 counties with no public transportation, according to the study,
are: Adams, Blackford, Brown, Carroll, Clay, De Kalb, Gibson,
Jennings, Lagrange, Parke, Perry, Posey, Putnam, Rush, Spencer,
Steuben, Tipton, Vermillion, Warren, Warrick, and Whitley Counties.
See *ibid.*

A Website of the American Public Transportation Association, which
compiles public transit information across the States, confirms that
each of those 21 counties lacks any public transportation offerings, and
in fact adds another 13 counties to this category: Boone, Decatur,
Fayette, Fulton, Hancock, Hendricks, Huntington, Miami, Morgan,
Noble, Pike, Shelby, and Wells. See Transit Systems in Indiana,
http://www.publictransportation.org/systems/state.asp?state=IN#A44.

TX_00002542

SOUTER, J., dissenting

voters lived within 1 of these 21 counties.[16]  Among the
counties with some public system, 21 provide service only
within certain cities, and 32 others restrict public trans-
portation to regional county service, leaving only 18 that
offer countywide public transportation, see n. 15, *supra.*
State officials recognize the effect that travel costs can
have on voter turnout, as in Marion County, for example,
where efforts have been made to "establis[h] most polling
places in locations even more convenient than the statu-
tory minimum," in order to "provid[e] for neighborhood
voting."  Brief for Respondents in No. 07–21, pp. 3–4.

Although making voters travel farther than what is
convenient for most and possible for some does not amount
to a "severe" burden under *Burdick*, that is no reason to
ignore the burden altogether.  It translates into an obvious
economic cost (whether in work time lost, or getting and
paying for transportation) that an Indiana voter must bear
to obtain an ID.

For those voters who can afford the roundtrip, a second
financial hurdle appears: in order to get photo identifica-
tion for the first time, they need to present "'a birth cer-
tificate, a certificate of naturalization, U. S. veterans
photo identification, U. S. military photo identification, or
a U. S. passport.'"  *Ante*, at 14, n. 16 (lead opinion) (quot-
ing Ind. Admin. Code, tit. 140, §7–4–3 (2008)).  As the lead
opinion says, the two most common of these documents
come at a price: Indiana counties charge anywhere from
$3 to $12 for a birth certificate (and in some other States
the fee is significantly higher), see *ante*, at 14, n. 16, and

---

The discrepancy appears to arise, in part, from the fact that the Ameri-
can Public Transportation Association has not counted demand re-
sponse systems that have been established in at least 6 of these 13
counties.  See Annual Report 36, 50, 56, 96, 110, 144.

[16] In 2000, approximately 9% of Indiana's population lived within 1 of
these 21 counties.  See County and City Extra: Special Decennial
Census Edition 169, 176 (D. Gaquin & K. DeBrandt eds. 2002).

TX_00002543

8        CRAWFORD *v.* MARION COUNTY ELECTION BD.

SOUTER, J., dissenting

that same price must usually be paid for a first-time pass-
port, since a birth certificate is required to prove U. S.
citizenship by birth.  The total fees for a passport, more-
over, are up to about $100.[17]  So most voters must pay at
least one fee to get the ID necessary to cast a regular
ballot.[18]  As with the travel costs, these fees are far from
shocking on their face, but in the *Burdick* analysis it
matters that both the travel costs and the fees are dispro-
portionately heavy for, and thus disproportionately likely
to deter, the poor, the old, and the immobile.

### B

To be sure, Indiana has a provisional-ballot exception to
the ID requirement for individuals the State considers
"indigent"[19] as well as those with religious objections to
being photographed, see *ante*, at 15 (lead opinion), and
this sort of exception could in theory provide a way around
the costs of procuring an ID.  But Indiana's chosen excep-
tion does not amount to much relief.

---

[17] See Department of State, How to Apply in Person for a Passport,
http://travel.state.gov/passport/get/first/first_830.html; Department of
State, Passport Fees (Feb. 1, 2008), http://travel.state.gov/passport/
get/fees/fees_837.html (total fees of $100 for a passport book and $45 for
a passport card for individuals 16 and older).

[18] The lead opinion notes that "the record does not provide even a
rough estimate of how many indigent voters lack copies of their birth
certificates." *Ante*, at 19, n. 20.  But the record discloses no reason to
think that any appreciable number of poor voters would need birth
certificates absent the Voter ID Law, and no reason to believe that poor
people would spend money to get them if they did not need them.

[19] To vote by provisional ballot, an individual must (at the circuit
court clerk's office) sign an affidavit affirming that she is "indigent" and
"unable to obtain proof of identification without payment of a fee."  Ind.
Code Ann. §3–11.7–5–2.5(c)(2)(A).  Indiana law does not define the key
terms "indigent" or "unable," but I will assume for present purposes
that the Indiana Supreme Court will eventually construe these terms
broadly, so that the income threshold for indigency is at least at the
federal poverty level, and so that the exception covers even individuals
who are facing only short-term financial difficulties.

SOUTER, J., dissenting

The law allows these voters who lack the necessary ID to sign the poll book and cast a provisional ballot. See 458 F. Supp. 2d, at 786 (citing Ind. Code Ann. §3–11–8–25.1 (West Supp. 2007)).   As the lead opinion recognizes, though, *ante*, at 15, that is only the first step; to have the provisional ballot counted, a voter must then appear in person before the circuit court clerk or county election board within 10 days of the election, to sign an affidavit attesting to indigency or religious objection to being photographed (or to present an ID at that point),[20] see 458 F. Supp. 2d, at 786.   Unlike the trip to the BMV (which, assuming things go smoothly, needs to be made only once every four years for renewal of nondriver photo identification, see *id.*), this one must be taken every time a poor person or religious objector wishes to vote, because the State does not allow an affidavit to count in successive elections.   And unlike the trip to the BMV (which at least has a handful of license branches in the more populous counties), a county has only one county seat.   Forcing these people to travel to the county seat every time they try to vote is particularly onerous for the reason noted already, that most counties in Indiana either lack public transportation or offer only limited coverage.   See *supra*, at 6–7.

That the need to travel to the county seat each election amounts to a high hurdle is shown in the results of the 2007 municipal elections in Marion County, to which Indiana's Voter ID Law applied.   Thirty-four provisional ballots were cast, but only two provisional voters made it

---

[20] Indiana law allows voters to cast a provisional ballot at the county clerk's office starting 29 days prior to election day until noon of the day prior to election day, see Ind. Code Ann. §3–11.7–5–2.5, and this might enable some voters to make only one burdensome trip to the county seat.   But for the voters who show up at the polls to vote and are there told that they lack the photo identification needed to cast a regular ballot, the Voter ID Law effectively forces them to make two trips.

SOUTER, J., dissenting

to the County Clerk's Office within the 10 days. See Brief for Respondents in No. 07–21, pp. 8–9. All 34 of these aspiring voters appeared at the appropriate precinct; 33 of them provided a signature, and every signature matched the one on file; and 26 of the 32 voters whose ballots were not counted had a history of voting in Marion County elections. See *id.*, at 9.

All of this suggests that provisional ballots do not obviate the burdens of getting photo identification. And even if that were not so, the provisional-ballot option would be inadequate for a further reason: the indigency exception by definition offers no relief to those voters who do not consider themselves (or would not be considered) indigent but as a practical matter would find it hard, for nonfinancial reasons, to get the required ID (most obviously the disabled).

### C

Indiana's Voter ID Law thus threatens to impose serious burdens on the voting right, even if not "severe" ones, and the next question under *Burdick* is whether the number of individuals likely to be affected is significant as well. Record evidence and facts open to judicial notice answer yes.

Although the District Court found that petitioners failed to offer any reliable empirical study of numbers of voters affected, see *ante*, at 17 (lead opinion),[21] we may accept that court's rough calculation that 43,000 voting-age residents lack the kind of identification card required by Indiana's law. See 458 F. Supp. 2d, at 807. The District

---

[21] Much like petitioners' statistician, the BMV "has not been able to determine the approximate number of Indiana residents of voting age who are without an Indiana driver's license or identification card," 458 F. Supp. 2d 775, 791 (SD Ind. 2006), but the BMV does acknowledge "that there are persons who do not currently have [the required ID] and who are, or who will be, eligible to vote at the next election," *ibid.*

SOUTER, J., dissenting

Court made that estimate by comparing BMV records reproduced in petitioners' statistician's report with U. S. Census Bureau figures for Indiana's voting-age population in 2004, see *ibid.*, and the State does not argue that these raw data are unreliable.

The State, in fact, shows no discomfort with the District Court's finding that an "estimated 43,000 individuals" (about 1% of the State's voting-age population) lack a qualifying ID. Brief for Respondents in No. 07–25, p. 25. If the State's willingness to take that number is surprising, it may be less so in light of the District Court's observation that "several factors . . . suggest the percentage of Indiana's voting age population with photo identification is actually lower than 99%," 458 F. Supp. 2d, at 807, n. 43,[22] a suggestion in line with national surveys showing

---

[22] The District Court explained:

"[O]ur simple comparison of raw numbers does not take into account: individuals who have died but whose Indiana driver's license or identification cards have not expired; individuals who have moved outside the state and no longer consider themselves Indiana residents but who still retain a valid Indiana license or identification card; individuals who have moved into Indiana and now consider themselves Indiana residents but have not yet obtained an Indiana license or identification; and individuals, such as students, who are residing in Indiana temporarily, are registered to vote in another state, but have obtained an Indiana license or identification." *Id.*, at 807, n. 43.

The District Court also identified three factors that, in its view, might require deductions of the 43,000 figure. First, the District Court noted that BMV records do not cover all forms of identification that may be used to vote under the Voter ID Law (*e.g.*, federal photo identification, such as a passport). This is a valid consideration, but is unlikely to overcome the additions that must be made for the various factors listed above. Second, the court noted that the BMV records do not account for the exceptions to the photo identification requirement (such as the indigency and absentee-ballot exceptions). This factor does not warrant a deduction of the 43,000 number because, as I have argued, the indigency exception imposes serious burdens of its own, see *supra*, at 8–10, and the absentee-ballot exception is not a wholly adequate substitute for voting in person, see n. 4, *supra*. Finally, the

12      CRAWFORD *v.* MARION COUNTY ELECTION BD.

roughly 6–10% of voting-age Americans without a state-issued photo-identification card. See Brief for Petitioners in No. 07–21, pp. 39–40, n. 17 (citing National Commission on Election Reform, To Assure Pride and Confidence: Task Force Reports, ch. VI: Verification of Identity, p. 4 (Aug. 2001), http://webstorage3.mcpa.virginia.edu/commisions/comm_2001_taskforce.pdf). We have been offered no reason to think that Indiana does a substantially better job of distributing IDs than other States.[23]

So a fair reading of the data supports the District Court's finding that around 43,000 Indiana residents lack the needed identification, and will bear the burdens the law imposes. To be sure, the 43,000 figure has to be discounted to some extent, residents of certain nursing homes being exempted from the photo identification requirement. 458 F. Supp. 2d, at 786. But the State does not suggest that this narrow exception could possibly reduce 43,000 to an insubstantial number.[24]

---

District Court noted that many individuals are not registered to vote. For reasons I lay out in note 24, *infra*, I am not convinced that this fact is relevant at all.

[23] Although the lead opinion expresses confidence that the percentage of voters without the necessary photo ID will steadily decrease, see *ante*, at 4, n. 6, and suggests that the number may already have dropped, see *ante*, at 18, n. 20, there is reason to be less sanguine. See ACLU Sues To Halt License Revocation, Fort Wayne J. Gazette, Feb. 9, 2008, p. 3C ("The American Civil Liberties Union is suing the state to prevent the possible revocation of up to 56,000 driver's licenses that don't match information in a Social Security database. Many of the mismatches were created by typographical errors or by people getting married and changing their last names, the [BMV] said last week when it announced it had sent warning letters to about 206,000 people in Indiana"); see also Dits, Court Date Set for Bid To Stop BMV, South Bend Tribune, Feb. 21, 2008; Who To Blame in Name Game? Many Caught in Name Game; Merging BMV, Social Security Databases Forcing Many To Hire Lawyers, The Post-Tribune, Jan. 8, 2008, p. A5; Snelling, Name Issue Blocks License, Merrillville Post-Tribune, Jan. 7, 2008, p. A6.

[24] The State does imply that we should further discount the 43,000

SOUTER, J., dissenting

The upshot is this.  Tens of thousands of voting-age residents lack the necessary photo identification.  A large proportion of them are likely to be in bad shape economically, see 472 F. 3d 949, 951 (CA7 2007) ("No doubt most people who don't have photo ID are low on the economic ladder"); cf. *Bullock* v. *Carter*, 405 U. S. 134, 144 (1972) ("[W]e would ignore reality were we not to recognize that this system falls with unequal weight on voters . . . according to their economic status").[25]  The Voter ID Law places hurdles in the way of either getting an ID or of voting provisionally, and they translate into nontrivial economic costs.  There is accordingly no reason to doubt that a significant number of state residents will be discouraged or

───────────

estimate to exclude citizens who are not registered to vote, or who are registered but not planning to vote.  See Brief for Respondents in No. 07–25, p. 25; see also *ante*, at 17 (lead opinion) ("[T]he evidence in the record does not provide us with the number of registered voters without photo identification").  But that argument is flatly contradicted by this Court's settled precedent.  As our cases have recognized, disfranchisement is disfranchisement, whether or not the disfranchised voter would have voted if given the choice.  That is why in *Dunn* v. *Blumstein*, 405 U. S. 330 (1972), the Court did not ask whether any significant number of individuals deprived of the right to vote by durational residence requirements would actually have chosen to vote.  And in *Harper* v. *Virginia Bd. of Elections*, 383 U. S. 663 (1966), the Court did not pause to consider whether any of the qualified voters deterred by the $1.50 poll tax would have opted to vote if there had been no fee.  Our cases make clear that the Constitution protects an individual's ability to vote, not merely his decision to do so.

[25] Studies in other States suggest that the burdens of an ID requirement may also fall disproportionately upon racial minorities.  See Overton, Voter Identification, 105 Mich. L. Rev. 631, 659 (2007) ("In 1994, the U. S. Department of Justice found that African-Americans in Louisiana were four to five times less likely than white residents to have government-sanctioned photo identification"); *id.*, at 659–660 (describing June 2005 study by the Employment and Training Institute at the University of Wisconsin-Milwaukee, which found that while 17% of voting-age whites lacked a valid driver's license, 55% of black males and 49% of black females were unlicensed, and 46% of Latino males and 59% of Latino females were similarly unlicensed).

SOUTER, J., dissenting

disabled from voting.  Cf. 458 F. Supp. 2d, at 823 ("We do
not doubt that such individuals exist somewhere, even
though Plaintiffs were unable to locate them"); 472 F. 3d,
at 952 ("No doubt there are at least a few [whom the law
will deter from voting] in Indiana . . ."); see also *ante*, at 15
(lead opinion).

   Petitioners, to be sure, failed to nail down precisely how
great the cohort of discouraged and totally deterred voters
will be, but empirical precision beyond the foregoing num-
bers has never been demanded for raising a voting-rights
claim.  Cf. *Washington State Grange* v. *Washington State
Republican Party*, 552 U. S. ___, ___ (2008) (ROBERTS,
C. J., concurring) (slip op., at 4) ("Nothing in my analysis
requires the parties to produce studies regarding voter
perceptions on this score"); *Dunn* v. *Blumstein*, 405 U. S.
330, 335, n. 5 (1972) ("[I]t would be difficult to determine
precisely how many would-be voters throughout the coun-
try cannot vote because of durational residence require-
ments"); *Bullock, supra*, at 144 (taking account of "the
obvious likelihood" that candidate filing fees would "fall
more heavily on the less affluent segment of the commu-
nity, whose favorites may be unable to pay the large
costs").  While of course it would greatly aid a plaintiff to
establish his claims beyond mathematical doubt, he does
enough to show that serious burdens are likely.

   Thus, petitioners' case is clearly strong enough to
prompt more than a cursory examination of the State's
asserted interests.  And the fact that Indiana's photo
identification requirement is one of the most restrictive in
the country, see Brief for Current and Former State Secre-
taries of State as *Amici Curiae* 27–30 (compiling state
voter-identification statutes); see also Brief for Texas et al.
as *Amici Curiae* 10–13 (same),[26] makes a critical examina-

──────────

   [26]Unlike the Help America Vote Act of 2002, 116 Stat. 1666, 42
U. S. C. §5301 *et seq.* (2000 ed., Supp. V), which generally requires

Cite as: 553 U. S. ____ (2008)          15

SOUTER, J., dissenting

tion of the State's claims all the more in order.  Cf. *Ran-*

---

proof of identification but allows for a variety of documents to qualify,
see *ante*, at 8–9 (lead opinion), Indiana accepts only limited forms of
federally issued or state-issued photo identification, see n. 3, *supra*, and
does not allow individuals lacking the required identification to cast a
regular ballot at the polls.  Only one other State, Georgia, currently
restricts voters to the narrow forms of government-issued photo identi-
fication.  See Ga. Code Ann. §21–2–417 (Supp. 2007).  But a birth
certificate is not needed to get a Georgia voter identification card.  See
Ga. Code Ann. §21–2–417.1 (Supp. 2007); Ga. Comp. Rules & Regs.,
Rule 183–1–20.01 (2006).

Missouri's Legislature passed a restrictive photo identification law
comparable to Indiana's, but the Missouri Supreme Court struck it
down as violative of the state constitution.  *Weinschenk* v. *State*, 203
S. W. 3d 201 (2006) *(per curiam)*.  Florida requires photo identification,
but permits the use of several forms, including a debit or credit card;
military identification; student identification; retirement center identi-
fication; neighborhood center identification; and public assistance
identification.  See Fla. Stat. Ann. §101.043(1) (West Supp. 2008).
Moreover, a Florida voter who lacks photo identification may cast a
provisional ballot, and that ballot will be counted so long as the signa-
ture on the ballot matches the one on the voter's registration.
§§101.043(2), 101.048.

All other States that require identification at the polls either allow
voters to identify themselves using a variety of documents, see Ala.
Code §17–9–30 (2007); Alaska Stat. §15.15.225 (2006); Ariz. Rev. Stat.
Ann. §16–579 (West 2006); Ark. Code Ann. §7–5–305(a)(8) (2007); Colo.
Rev. Stat. §§1–1–104(19.5), 1–7–110 (2007); Ky. Rev. Stat. Ann.
§117.227 (Lexis 2004); Mont. Code Ann. §13–13–114 (2007); N. M. Stat.
Ann. §§1–1–24, 1–12–7.1, as amended by 2008 N. M. Laws ch. 59; §1–
12–8 (Cum. Supp. 2007); Ohio Rev. Code Ann. §§3503.16(B)(1), 3505.18
(Lexis Supp. 2007); S. C. Code Ann. §§7–5–125, 7–13–710 (Cum. Supp.
2007); Tenn. Code Ann. §2–7–112 (2003); Texas Elec. Code Ann.
§§63.001–63.009 (West 2003 and Supp. 2007); §63.0101 (West Supp.
2007); Wash. Rev. Code §29A.44.205 (2006), or allow voters lacking
identification to cast a regular ballot upon signing an affidavit (or
providing additional identifying information), see Conn. Gen. Stat. §9–
261 (2007); Del. Code Ann., Tit. 15, §4937 (2007); Haw. Rev. Stat. §11–
136 (2006 Cum. Supp.); La. Rev. Stat. Ann. §18:562 (West Supp. 2008);
Mich. Comp. Laws Ann. §168.523(1) (West Supp. 2007); N. D. Cent.
Code Ann. §16.1–05–07 (Lexis Supp. 2007); S. D. Codified Laws §§12–
18–6.1, 12–18–6.2 (2004); Va. Code Ann. §24.2–643 (Lexis 2006).

16      CRAWFORD v. MARION COUNTY ELECTION BD.

*dall* v. *Sorrell*, 548 U. S. 230, 253 (2006) (plurality opinion)
(citing as a "danger sig[n]" that "contribution limits are
substantially lower than . . . comparable limits in other
States," and concluding that "[w]e consequently must
examine the record independently and carefully to deter-
mine whether [the] limits are 'closely drawn' to match the
State's interests"); *id.*, at 284, 288 (SOUTER, J., dissenting)
(finding that deference was appropriate on the reasoning
that limits were "consistent with limits set by the legisla-
tures of many other States, all of them with populations
larger than Vermont's," and that "[t]he Legislature of
Vermont evidently tried to account for the realities of
campaigning in Vermont").

### III

Because the lead opinion finds only "limited" burdens on
the right to vote, see *ante*, at 18, it avoids a hard look at
the State's claimed interests.  See *ante*, at 7–13.  But
having found the Voter ID Law burdens far from trivial, I
have to make a rigorous assessment of "'the precise inter-
ests put forward by the State as justifications for the
burden imposed by its rule,' [and] 'the extent to which
those interests make it necessary to burden the plaintiff's
rights.'"  *Burdick*, 504 U. S., at 434 (quoting *Anderson*,
460 U. S., at 789).

As this quotation from *Burdick* indicates, the interests
claimed to justify the regulatory scheme are subject to
discount in two distinct ways.  First, the generalities
raised by the State have to be shaved down to the precise
"aspect[s of claimed interests] addressed by the law at
issue." *California Democratic Party* v. *Jones*, 530 U. S.
567, 584 (2000) (emphasis omitted); see *ibid.* (scrutiny of
state interests "is not to be made in the abstract, by ask-
ing whether [the interests] are highly significant values;
but rather by asking whether the *aspect* of [those inter-
ests] addressed by the law at issue is highly significant"

TX_00002552

SOUTER, J., dissenting

(emphasis in original)). And even if the State can show particularized interests addressed by the law, those interests are subject to further discount depending on "the extent to which [they] make it necessary to burden the plaintiff's rights." *Burdick, supra*, at 434 (internal quotation marks omitted).

As the lead opinion sees it, the State has offered four related concerns that suffice to justify the Voter ID Law: modernizing election procedures, combating voter fraud, addressing the consequences of the State's bloated voter rolls, and protecting public confidence in the integrity of the electoral process. See *ante*, at 7–13. On closer look, however, it appears that the first two (which are really just one) can claim modest weight at best, and the latter two if anything weaken the State's case.

### A

The lead opinion's discussion of the State's reasons begins with the State's asserted interests in "election modernization," *ante*, at 8–10, and in combating voter fraud, see *ante*, at 11–13. Although these are given separate headings, any line drawn between them is unconvincing; as I understand it, the "effort to modernize elections," Brief for Respondents in No. 07–25, p. 12, is not for modernity's sake, but to reach certain practical (or political) objectives.[27]  In any event, if a proposed modernization were in fact aimless, if it were put forward as change for change's sake, a State could not justify any appreciable burden on the right to vote that might ensue; useless technology has no constitutional value. And in fact that is not the case here. The State says that it adopted the ID law principally to combat voter fraud, and it is this claim,

---

[27] See generally R. Saltman, The History and Politics of Voting Technology: In Quest of Integrity and Public Confidence (2006) (tracing the history of changes in methods of voting in the United States, and the social and political considerations behind them).

SOUTER, J., dissenting

not the slogan of "election modernization," that warrants
attention.

<div align="center">1</div>

There is no denying the abstract importance, the com-
pelling nature, of combating voter fraud. See *Purcell*, 549
U. S., at 4 (acknowledging "the State's compelling interest
in preventing voter fraud"); cf. *Eu* v. *San Francisco County
Democratic Central Comm.*, 489 U. S. 214, 231 (1989) ("A
State indisputably has a compelling interest in preserving
the integrity of its election process"). But it takes several
steps to get beyond the level of abstraction here.

To begin with, requiring a voter to show photo identifi-
cation before casting a regular ballot addresses only one
form of voter fraud: in-person voter impersonation. The
photo ID requirement leaves untouched the problems of
absentee-ballot fraud, which (unlike in-person voter im-
personation) is a documented problem in Indiana, see 458
F. Supp. 2d, at 793; of registered voters voting more than
once (but maintaining their own identities) in different
counties or in different States; of felons and other disquali-
fied individuals voting in their own names; of vote buying;
or, for that matter, of ballot-stuffing, ballot miscounting,
voter intimidation, or any other type of corruption on the
part of officials administering elections. See Brief for
Brennan Center for Justice et al. as *Amici Curiae* 7.

And even the State's interest in deterring a voter from
showing up at the polls and claiming to be someone he is
not must, in turn, be discounted for the fact that the State
has not come across a single instance of in-person voter
impersonation fraud in all of Indiana's history. See 458
F. Supp. 2d, at 792–793; see also *ante*, at 11–13 (lead
opinion). Neither the District Court nor the Indiana Gen-
eral Assembly that passed the Voter ID Law was given
any evidence whatsoever of in-person voter impersonation
fraud in the State. See 458 F. Supp. 2d, at 793. This

TX_00002554

SOUTER, J., dissenting

absence of support is consistent with the experience of
several veteran poll watchers in Indiana, each of whom
submitted testimony in the District Court that he had
never witnessed an instance of attempted voter imper-
sonation fraud at the polls. *Ibid.* It is also consistent with
the dearth of evidence of in-person voter impersonation in
any other part of the country. See *ante*, at 11, n. 11 (lead
opinion) (conceding that there are at most "scattered
instances of in-person voter fraud"); see also Brief for
Brennan Center for Justice, *supra*, at 11–25, 25 (demon-
strating that "the national evidence—including the very
evidence relied on by the courts below—suggests that the
type of voting fraud that may be remedied by a photo ID
requirement is virtually nonexistent: the 'problem' of voter
impersonation is not a real problem at all").[28]

The State responds to the want of evidence with the
assertion that in-person voter impersonation fraud is hard
to detect. But this is like saying the "man who wasn't
there" is hard to spot,[29] and to know whether difficulty in
detection accounts for the lack of evidence one at least has
to ask whether in-person voter impersonation is (or would
be) relatively harder to ferret out than other kinds of fraud
(*e.g.,* by absentee ballot) which the State has had no trou-
ble documenting. The answer seems to be no; there is
reason to think that "impersonation of voters is . . . the
most likely type of fraud to be discovered." U. S. Election
Assistance Commission, Election Crimes: An Initial Re-

---

[28] The lack of evidence of in-person voter impersonation fraud is not
for failure to search. See, *e.g.,* Lipton & Urbina, In 5-Year Effort, Scant
Evidence of Voter Fraud, N. Y. Times, Apr. 12, 2007, p. A1 ("Five years
after the Bush Administration began a crackdown on voter fraud, the
Justice Department has turned up virtually no evidence of any organ-
ized effort to skew federal elections, according to court records and
interviews").

[29] "As I was going up the stair / I met a man who wasn't there." H.
Mearns, Antigonish, reprinted in Best Remembered Poems 107 (M.
Gardner ed. 1992).

SOUTER, J., dissenting

view and Recommendations for Future Study 9 (Dec. 2006), http://www.eac.gov/clearinghouse/docs/reports-and-surveys-2006electioncrimes.pdf/attachment_download/file (hereinafter EAC Report). This is in part because an individual who impersonates another at the polls commits his fraud in the open, under the scrutiny of local poll workers who may well recognize a fraudulent voter when they hear who he claims to be. See Brief for Respondents in No. 07–21, p. 6 ("[P]recinct workers may recognize an imposter, and precinct election workers have the authority to challenge persons appearing to vote if the election board member 'is not satisfied that a person who offers to vote is the person who the person represents the person to be'" (quoting Ind. Code Ann. §3–11–8–27 (West 2006))).

The relative ease of discovering in-person voter impersonation is also owing to the odds that any such fraud will be committed by "organized groups such as campaigns or political parties" rather than by individuals acting alone. L. Minnite & D. Callahan, Securing the Vote: An Analysis of Election Fraud 14 (2003). It simply is not worth it for individuals acting alone to commit in-person voter impersonation, which is relatively ineffectual for the foolish few who may commit it. If an imposter gets caught, he is subject to severe criminal penalties. See, *e.g.,* Ind. Code Ann. §3–14–2–9 (making it a felony "knowingly [to] vot[e] or offe[r] to vote at an election when the person is not registered or authorized to vote"); §3–14–2–11 (with certain exceptions, "a person who knowingly votes or offers to vote in a precinct except the one in which the person is registered and resides" commits a felony); §3–14–2–12(1) (making it a felony "knowingly [to] vot[e] or mak[e] application to vote in an election in a name other than the person's own"); §3–14–2–12(2) (a person who, "having voted once at an election, knowingly applies to vote at the same election in the person's own name or any other name" commits a felony); see also 42 U. S. C. §1973i(e)(1)