# Exhibit 1

*Texas v. Holder* - Defendant's Opposition to Plaintiff's Objections to Attorney General's Counter-Designations

| JAMES ABSHIER DEPOSITION TAKEN JUNE 15, 2012 | | |
|---|---|---|
| **Attorney General's June 25, 2012 Counter-Designations** | **Plaintiff's Objections to Attorney General's Counter-Designations** | **Attorney General's Opposition to Plaintiff's Objections to Attorney General's Counter-Designations** |
| 16:21-19:5 | MC, AA | MC: Not mischaracterizing testimony. AA: different question from those previously asked. |
| 20:20-21:13 | CS | CS: Not speculation. Properly opinion testimony under FRE 701 as it is rationally based on the witness' perception through witness' expertise in working in Vital Statistics for six years, is helpful and is not a matter of scientific or expert knowledge. |
| 21:14-21:21 | OS | OS: Establishing background concerning the functions of DPS and knowledge of the witness |
| 33:7-35:20 | OS, CS | OS: Establishes background information on the office location. CS: Not speculation; this is admissible opinion testimony under FRE 701, as it is rationally based on the witness' perception, helpful and is not a matter of scientific or expert knowledge. |
| 43:17-44:15 | CS | CS: Not speculation. This is admissible opinion testimony under FRE 701, as it is rationally based on the witness' perception, helpful and is not a matter of scientific or expert knowledge. |
| 50:15-52:21 | CS | CS: Not speculation. Properly calls for opinion testimony under FRE 701, as it is rationally based on the witness' perception, helpful and is not a matter of scientific or expert knowledge. |
| 53:4-54:14 | CS | CS: Personal understanding of statute not speculation. Properly opinion testimony under FRE 701 as it is rationally based on the witness' perception, helpful and is not a matter of scientific or expert knowledge. |
| 54:18-56:11 | CS | CS: Not speculation. Properly opinion testimony under FRE 701 as it is rationally based on the witness' perception, helpful and is not a matter of scientific or expert knowledge. |
| 56:12-58:6 | CS | CS: Not speculation, asked about and testified to own personal knowledge. Properly opinion testimony under FRE 701 as it is rationally based on the witness' perception, helpful and is not a matter of scientific or expert knowledge. |
| 61:21-62:20 | OS, CS | OS: Related to knowledge of the witness. CS: Not speculation, witness is asked to answer to the extent of his awareness. |
| 6:14-66:18 | CS; Believe designation incorrectly begins on p. 6 | CS: Not speculation; witness is asked to the extent of his knowledge. Properly opinion testimony under FRE 701 as it is rationally based on the witness' perception, helpful and is not a matter of scientific or expert knowledge. |
| | | |

*Texas v. Holder* - Defendant's Opposition to Plaintiff's Objections to Attorney General's Counter-Designations

| JOSE ALISEDA DEPOSITION TAKEN JUNE 6, 2012 | | |
|---|---|---|
| **Attorney General's June 25, 2012 Counter-Designations** | **Plaintiff's Objections to Attorney General's Counter-Designations** | **Attorney General's Opposition to Plaintiff's Objections to Attorney General's Counter-Designations** |
| 35:2-37:12 | 106 | 106: Section complete. Plaintiffs do not indicate which other sections should be included for the sake of completeness. |
| 40:12-40:23 | 402 | 402: Counterfeit photo identification cards are relevant to the security of photo IDs versus non-photo IDs. |
| 41:5-42:6 | CS | Objections to form not raised at deposition waived under FRCP 32(d)(3)(B). CS: rationally based on witnesses personal knowledge, not speculative. |
| 42:7-43:11 | V | V: witness is clear on question asked and able to give his opinion. |
| 74:6-76:3 | BER, F, CS, A, 801 | Objections to form not raised at deposition waived under FRCP 32(d)(3)(B). BER: List of DPS offices. Original not required. Duplicates admissible under FRE 1003; FRE 1005 allows official records to be used to prove content. A: Ex 492. Doc authenticated under requirements provided by FRE 901. Acknowledged documents are self-authenticating under FRE 902(8). Certified Domestic Records of a Regularly Conducted Activity are self-authenticating under FRE 902(11). 801: official DPS documents not hearsay FRE 803(8) public records; CS: Known facts of DL/DPS offices not speculation. |
| 91:4-95:9 | BER, L | Objections to form not raised at deposition waived under FRCP 32(d)(3)(B). BER: Testimony not in relation to any presented exhibit, thus FRE 1002 inapplicable. Testimony presented to show personal knowledge, not to prove requiremetns for boarding airplane, etc. L: Witness' understanding and interpretation of legislation, the Constitution, and the fundamental rights preserved therein, is part of the role and responsibilities of a legislator, and is not a legal conclusion. |
| 103:7-104:16 | 402 (question cut off) | Citation complete. Objections to form not raised at deposition waived under FRCP 32(d)(3)(B). 402: Not irrelevant, goes to effect of SB 14. |
| 110:5-112:22 | F, A, BER, 801 | Objections to form not raised at deposition waived under FRCP 32(d)(3)(B). F: Does not lack foundation. A: Data/document provided by the State. Doc authenticated under requirements provided by FRE 901. BER: Data/document provided by the State. Original not required. Duplicates admissible under FRE 1003; FRE 1005 allows official records to be used to prove content. 801: 803(8) public record or else properly 702 expert testimony or the basis thereof. |
| 116:22-117:9 | CS | Objections to form not raised at deposition waived under FRCP 32(d)(3)(B). CS: question asks for opinion rationally based on witnesses personal knowledge, not speculative. |
| 117:10-117:24 | CS | CS: Not speculation. This is admissible opinion testimony under FRE 701, as it is rationally based on the witness' perception, helpful and is not a matter of scientific or expert knowledge. |
| 120:1-120:13 | V | V: Not vague; witness understood and answers. |
| 121:20-123:3 | 106 | 106: Section complete. |

*Texas v. Holder* - Defendant's Opposition to Plaintiff's Objections to Attorney General's Counter-Designations

| | | |
|---|---|---|
| 135:4-137:6 | CS, AA, 106 | Objections to form not raised at deposition waived under FRCP 32(d)(3)(B).  CS: Not speculation. Properly opinion testimony under FRE 701 as it is rationally based on the witness' perception, helpful and is not a matter of scientific or expert knowledge.  AA: Not previously asked and answered.  106: Section is complete. |
| 137:11-142:8 | A, F, 801 | Objections to form not raised at deposition waived under FRCP 32(d)(3)(B).  801: Not hearsay, not introduced for its truth, but rather for the objective fact that witness received such communication, was put on notice. FRE 801(c).  A: Doc authenticated.  F: Foundation based on witness' personal knowledge. *See* FRE 602 advisory notes ("[F]oundation requirements may, of course, be furnished by the testimony of the witness himself; hence personal knowledge is not an absolute but may consist of what the witness thinks he knows from personal perception."). |
| 145:25-151:17 | CS | Objections to form not raised at deposition waived under FRCP 32(d)(3)(B).  CS: Not speculation. Properly opinion testimony under FRE 701 as it is rationally based on the witness' perception, helpful and is not a matter of scientific or expert knowledge. |
| 160:17-161:1 | 106 | Complete once reply designation is included. |
| 167:16-167:25 | AA, MC | Objections to form not raised at deposition waived under FRCP 32(d)(3)(B) MC, AA: no mischaracterization, complete question and answer. |
| 175:4-180:6 | CS | Objections to form not raised at deposition waived under FRCP 32(d)(3)(B).  CS: Not speculation. Properly opinion testimony under FRE 701 as it is rationally based on the witness' perception, helpful and is not a matter of scientific or expert knowledge. Witness says he has "basis to believe" busing has occurred (178:16-18). |
| 184:12-18 | 402 | 402: evidence of completed acts of voter impersonation are relevant to purpose of SB 14. |
| 187:4-188:22 | L, AF | Objections to form not raised at deposition waived under FRCP 32(d)(3)(B). L, AF: Questions properly ask for witness' understanding  of federal law. |
| 196:8-196:23 | 106 | 106: Plaintiffs do not indicate which other sections should be included for the sake of completeness. |
| 206:22-210:5 | A, BER, 602, 106, CS | A: US 500. Doc authenticated under requirements provided by FRE 901. Official publications are self-authenticating under FRE 902(5). Newspapers and periodicals are self-authenticating under FRE 902(6). Certified Copies of Public Records are self-authenticating under FRE 902(4).  BER: Original not required. Duplicates admissible under FRE 1003; FRE 1005 allows official records to be used to prove content.  602: Witness states he lacks personal knowledge, but gives permissible personal opinion under FRE 701.  106: Plaintiffs do not indicate which other sections should be included for the sake of completeness. CS: Not speculation. Properly opinion testimony under FRE 701 as it is rationally based on the witness' perception, helpful and is not a matter of scientific or expert knowledge. |
| 228:9-228:23 | 106 | 106: Plaintiffs do not indicate which other sections should be included for the sake of completeness. |
| 240:3-244:5 | 402 | Objections to form not raised at deposition waived under FRCP 32(d)(3)(B).  402: Constituent conversations regarding SB 14 are relevant. |
| 246:9-248:7 | 402 | Objections to form not raised at deposition waived under FRCP 32(d)(3)(B).  402: Examples of voter fraud are relevant. |

*Texas v. Holder* - Defendant's Opposition to Plaintiff's Objections to Attorney General's Counter-Designations

| 252:10-255:8 | A, BER, 801 | Objections to form not raised at deposition waived under FRCP 32(d)(3)(B).  A: Ex. 502. Document authenticated by witness. Also, Certified Domestic Records of a Regularly Conducted Activity are self-authenticating under FRE 902(11). BER: Original not required. Duplicates admissible under FRE 1003; FRE 1005 allows official records to be used to prove content.  801: Falls under exception 803(6) Records of a Regularly Conducted Activity and/or (8) Public Records.  Not a third-party statement for purposes of FRE 801-802. |
| --- | --- | --- |
| 261:14-262:7 | CS | Objections to form not raised at deposition waived under FRCP 32(d)(3)(B).  CS: Not speculation. Properly opinion testimony under FRE 701 as it is rationally based on the witness' perception, helpful and is not a matter of scientific or expert knowledge. |
| 281:17-282:1 | CQ | Objections to form not raised at deposition waived under FRCP 32(d)(3)(B).  CQ: Not a compound question. |
| 296:22-297:9 | CS | CS: Asking for opinion rationally based on witness's perception. |
|  |  |  |
| RAFAEL ANCHIA DEPOSITION TAKEN JUNE 6, 2012 |||

| Attorney General's June 25, 2012 Counter-Designations | Plaintiff's Objections to Attorney General's Counter-Designations | Attorney General's Opposition to Plaintiff's Objections to Attorney General's Counter-Designations |
| --- | --- | --- |
| 48:9-49:3 | 402, 801 | 402: Testimony to private conversations that witness believes evidence discrimination clearly relevant to the case at hand.  801: Third-party statement not introduced; testimony not introduced for the truth of the matter asserted but instead for operative fact that witness recalled conversation happening, was advised. FRE 801(c); 803(a) (present-sense impression). |
| 50:17-51:11 | 402 | 402: Witness testimony to evidence of illegal voting clearly relevant to case at hand |
| 52:1-55:6 | 402 | 402: Witness testimony to evidence of illegal voting/illegal immigrants voters clearly relevant to case at hand |
| 55:10-57:9 | 801 | 402: Witness testimony to evidence of illegal voting/illegal immigrant voters clearly relevant to case at hand; that representatives had same lists of illegal alien voters clearly relevant to case at hand |
| 106:14-108:18 | 402 | 402: Witness testimony to anti-immigrant bills relavent to discriminatory intent/effect |
| 108:24-111:4 | 402 | 402: Witness testimony relevant to discriminatory intent/effect |
| 140:11-141:8 | Objection leading | Leading only to establish background information contained in witness's affidavit |
|  |  |  |

*Texas v. Holder* - Defendant's Opposition to Plaintiff's Objections to Attorney General's Counter-Designations

| KENNETH ARMBRISTER DEPOSITION TAKEN JUNE 8, 2012 | | |
|---|---|---|
| **Attorney General's June 25, 2012 Counter-Designations** | **Plaintiff's Objections to Attorney General's Counter-Designations** | **Attorney General's Opposition to Plaintiff's Objections to Attorney General's Counter-Designations** |
| 60:22-61:1 | 106 | Complete once reply designation is included. |
| 105:12-106:2 | 402 | 402: Relevant, goes to legislators' notice of problems with SB14. |
| 130:12-131:2 | F | F: Question and answer includes all necessary foundation. |
| 141:9-21 | F, 602 (139:9-12, Ws says he lacks personal knowledge of HB218 and HB1706); the documents speak for themselves; BER; 701; L; 402;403 | F: No additional foundation necessary; 602: Witness does not lack personal knowledge, he claimed he didn't remember but then his recollection was refreshed by exhibit. BER: Testimony is best evidence of legislators' interpretations of documents. Legislators' interpretation of alternatives is material.  L: Witness's interpretation of similarity is rationally based on his perceptions; questions do not call for a legal conclusion, call for opinion based on his experience as a legislator. 402: Relevant to legislators' consideration of alternatives. 403: Not prejudicial, confusing, or misleading. |
| 146:10-151:7 | 147:5-8 – V<br>147:13-148:3 –V<br>149:8-150:8 – CS, 602, F – the witness testifies his answer to the question would be a guess and speculation;<br>150:24-151:7 – V, AA (148:4-6, 16-17) | V: Neither portion is vague. CS: Not speculation, calls for his experience and perceptions as a legislator. 602: Witness answered that he didn't want to guess, therefore is not testifying to anything outside his personal knowledge. F: Not lacking foundation. V, AA: Not vague, and question not previously asked. |
| 151:8-153:5 | 151:8-153:5 – 602 (Ws testified at 139:9-12 he lacks personal knowledge of HB 218 and HB 1706 and their leg. history); Exh. 194 speaks for itself and questions have witness improperly testifying from the document as to the legislative history of HB 218 | 602: Witness does not lack personal knowledge, he claimed he didn't remember but then his recollection was refreshed by exhibit. Documents do not speak to themselves; legislators' interpretation of alternatives  is material. |
| 159:18-160:15 | F, V, 701, R | F: No foundation is lacking. V: Question not vague; witness understands question and answers it without a problem. 701: Witness clearly testifying within the scope of his perceptions and experience as a legislator. Testimony goes to SB14's procedural irregularity. |
| 166:11-13 | R | Testimony goes to legislative purpose. |
| 168:9-23 | R | Testimony goes to legislature's lack of consideration of less discriminatory alternatives. |
| 173:10-13 | R | Testimony goes to history of discriminatory legislation. |
| 175:4-176:2 | F; BER; A | Exhibit 163 previously introduced and authenticated, and is here used to refresh witness's memory on legislative history. Objections to form not raised at deposition waived under FRCP 32(d)(3)(B). |

*Texas v. Holder* - Defendant's Opposition to Plaintiff's Objections to Attorney General's Counter-Designations

| | | |
|---|---|---|
| 181:1-183:3 | F; BER; A; Exh. 168 referenced in questions but not introduced or identified | Exhibit 168 previously introduced and authenticated, and used to refresh witness's memory of events.  Exhibit supplied by the state and included in Joint Appendix. |
| 183:4-17 | F; BER; A; Exh. 168 referenced in questions but not introduced or identified | Exhibit 168 previously introduced and authenticated, and used to refresh witness's memory of events.  Exhibit supplied by the state and included in Joint Appendix. |
| 184:5-18 | F; BER; A; Exh. 168 referenced in questions but not introduced or identified | Exhibit 168 previously introduced and authenticated, and used to refresh witness's memory of events.  Exhibit supplied by the state and included in Joint Appendix. |
| 185:13-25 | V, 106 – reFREences exhibit not introduced or identified | V: Question not vague as rephrased, witness answers. 106: Plaintiffs do not indicate which other sections should be included for the sake of completeness. |
| 186:11-187:5 | V, F; BER; A; Exhibit referenced in questions but not introduced or identified | Objections to form not raised at deposition waived under FRCP 32(d)(3)(B).  V: Not vague, witness understands questions. F: No foundation lacking, Exhibit 170 has been introduced and authenticated, and is part of Joint Appendix.  Witness recognizes exhibit, and it is here used to refresh witness's memory about Senate rules. |
| 187:11-189:1 | A, F, R, 403, 601, 701, CS, V; 602 – See 153:22-24, 154:14-20- the Ws did not serve with Sen. Uresti in the Senate and lacks personal knowledge | A: Declaration is self-authenticating. F: No foundation is lacking. Testimony goes to procedural irregularities. 403: Testimony is in no way prejudicial, confusing, or misleading. Witness clearly meets competency requirment of Rule 601. 701: Testimony is rationally based on witness experience and perceptions. CS: No question calls for speculation. V: No question is vague, witness able to answer. 602: the witness has personal knowledge of Senate rules as a Senator, and testimony reflects his personal knowledge. |
| 190:9-193:5 | 190:9-191:21<br>F, A, Exh. 195 is referenced throughout questions but not introduced or identified | F: All necessary foundation established. Exhibit 195 is introduced and identified. |
| 195:5-24 | LC, F, 701, 602 - (139:9-12, Ws says he lacks personal knowledge of HB 218 and HB 1706); the terms of the bills speak for themselves | Witness is testifying rationally based on his experience as a legislator. F: All foundation has been laid. 602: Witness does not lack personal knowledge, he claimed he didn't remember but then his recollection was refreshed by exhibit. The terms of the bill do not speak for themselves; legislator's interpretation of differences is material to rejection of less discriminatory alternatives. |
| 196:10-197:3 | AA: 196:24-197:3 | AA: Not asked and answered. |
| 200:11-200:23 | AA: See 189:22-190:2 | AA: Not asked and answered. One question asks about general subject matter, the other about general purpose. |
| 202:14-203:5 | R, F, 701. | Testimony goes to consideration of discriminatory effect. F: No additional foundation necessary. 701: Answers clearly rationally  based on witness' perceptions. |
| 205:15-207:3 | CS: 205:15-206:11 | CS: Witness instructed to answer without speculating, and successfully does so. |
| 216:23-217:9 | CS, F, 403, 701 | CS: Not speculation, witness answers rationally based on his perceptions and experiences. F: No foundation is lacking. 403: Testimony in no way prejudicial, confusing, or misleading. |

*Texas v. Holder* - Defendant's Opposition to Plaintiff's Objections to Attorney General's Counter-Designations

| 235:4-23 | F, 602 (139:9-12, Ws says he lacks personal knowledge of HB 218 and HB 1706); the documents speak for themselves; BER; 701; L; 402, 403 | F: No foundation is lacking. 602: Witness does not lack personal knowledge, he claimed he didn't remember but then his recollection was refreshed by exhibit.  Documents do not speak to themselves; legislators' interpretation of alternatives  is material. BER: Testimony is best evidence of legislators' interpretations of documents. 701: witness answers rationally based on his perceptions and experiences. L: Does not call for a legal conclusion, the witness is testifying rationally based on his experience as a legislator. 402: Relevant to legislature's consideration of less discriminatory alternatives. 403: Testimony in no way prejudicial, confusing, or misleading. |
| --- | --- | --- |
|  |  |  |

*Texas v. Holder* - Defendant's Opposition to Plaintiff's Objections to Attorney General's Counter-Designations

| YANNIS BANKS DEPOSITION TAKEN MAY 25, 2012 | | |
|---|---|---|
| **Attorney General's June 25, 2012 Counter-Designations** | **Plaintiff's Objections to Attorney General's Counter-Designations** | **Attorney General's Opposition to Plaintiff's Objections to Attorney General's Counter-Designations** |
| 150:10-1500:13 | Page 1500 does not exist. | Complete and correct as per reply designation. |
| | | |

| GLENN BAYRON DEPOSITION TAKEN JUNE 12, 2012 | | |
|---|---|---|
| **Attorney General's June 25, 2012 Counter-Designations** | **Plaintiff's Objections to Attorney General's Counter-Designations** | **Attorney General's Opposition to Plaintiff's Objections to Attorney General's Counter-Designations** |
| 25:17-23 | 602 | Deposed on behalf of Mi Familia Vota, doesn't need personal knowledge. |
| 26:19-27:5 | IA | Complete once reply designation is included. |
| 28:19-25 | 106 – Should include 29:1-7 | Complete once reply designation is included. |
| 29:23-32:7 | AF – 30:23-31:4 | Does not assume any facts. Witness testifies as to MFV's position based on his and organization's experience and perceptions. Proper lay opinion under Rule 701. |
| 44:6-45:1 | IA | Complete once reply designation is included. |
| 56:13-18 | 106 – Should include 56:4-12<br>106 – Should include 54:4-14 | 106: Designated portion is sufficient and not taken out of context. |
| | | |

*Texas v. Holder* - Defendant's Opposition to Plaintiff's Objections to Attorney General's Counter-Designations

| COLBY BEUCK DEPOSITION TAKEN MAY 14, 2012 | | |
|---|---|---|
| **Attorney General's June 25, 2012 Counter-Designations** | **Plaintiff's Objections to Attorney General's Counter-Designations** | **Attorney General's Opposition to Plaintiff's Objections to Attorney General's Counter-Designations** |
| 31:19-32;26 | CS (31:24-32:6) | CS: Witness's answer is not a speculation but instead properly opinion testimony under FRE 701, as it is rationally based on the witness' perception, helpful and is not a matter of scientific or expert knowledge. |
| 43:9-44:3 | 402, 602 (43:25-44:3) | 402: Definition of leadership relevant to process by which legislation passes through legislature.  602: Does not violate 602, as witness did not testify to the matter but instead stated lack of knowledge. |
| 46:15-48:11 | CS; 602 (46:24-25; 48:2-11)-witness testified she lacks knowledge about which constituents spoke with rep. Harless about introducing a Voter ID bill | CS: Not speculation. Properly opinion testimony under FRE 701 as it is rationally based on the witness' perception, helpful and is not a matter of scientific or expert knowledge.  602: Does not violate 602, as witness did not testify to the matter but instead stated lack of knowledge. |
| 55:22-56:8 | AA (55:22-25) | Objections to form not raised at deposition waived under FRCP 32(d)(3)(B). |
| 61:25-62:11 | 602 (62:10-11); 701 | 602: Does not violate 602, as witness did not testify to the matter but instead stated lack of knowledge. 701: Question rationally based on witness's perception and helpful to determining facts at issue. |
| 63:21-66:9 | 106 (62:24-63:20); 602 - witness testifies lacks knowledge of specific provisions from past Voter ID bills (64:16-19); witness testifies that she is unfamiliar with provisions of other state Voter ID laws (65:18-24) | 106: Complete. Fairness does not require testimony be supplemented. 602: Does not violate 602, as witness did not testify to the matter but instead stated lack of knowledge. |
| 74:13-75:9 | CQ (75:1-3); MC | CQ: Witness understood and answered question.  MC: Does not mischaracterize the witness' testimony. |
| 79:2-12 | 402 (79:4-9) | 402: Not irrelevant, as counsel's objection to the question is necessary for the sake of completeness to fully understand the testimony that follows, *see* FRE 106. |
| 93:8-22 | 402 (93:11-22) | 402: Not irrelevant. Testimony as to the process by which it was decided that the legislation would be designated as an "emergency" clearly relevant to understanding the process by which the legislation was passed. |
| 115:19-116:23 | AA; CQ (115:19-23) | AA: Objections to form of questions not raised at deposition waived under FRCP 32(d)(3)(B). CQ: Witness understood and answered. |

*Texas v. Holder* - Defendant's Opposition to Plaintiff's Objections to Attorney General's Counter-Designations

| | | |
|---|---|---|
| 123:14-125:24 | MC - to extent witness' lack of personal knowledge about what research was conducted regarding impact of SB 14 is characterized as legislature as a whole not performing any research; witness testifies lacks knowledge to whether other legislators did or did not look into racial composition of Texas with license to carry | MC: Does not mischaracterize testimony. Instead, asks two different questions: one relating to witness personally, other regarding the legislature as a whole. |
| 125:25-126:18 | 602-witness testifies the disability provision originated in the Senate before he became involved with SB 14 (126:11-18; 101:25-102:13) | 602: Does not violate 602, as witness did not testify to the matter but instead stated lack of knowledge |
| 126:19-128:8 | 602-witness testifies he [sic] religious exemption provision originated in the Senate before he became involved with SB 14 (101:25-102:13; 127:9-13; 127:22-128:8) | 602: Witness has personal knowledge. Witness was indeed involved with SB 14, and knows from personal knowledge that there were changes to the legislation before he became involved. |
| 128:9-129:1 | AA (62:12-13); AR | AA, AR: Not previously answered, follow up question seeks clarification. |
| 133:11-135:5 | AR; MC (133:11-134:6); 402 (134:10-22; 134:25-135:2) | AR: Not argumentative.  MC: Does not mischaracterize testimony, counsel asked questions for purposes of clarification.  402: Not irrelevant, as counsel's objection to the question and subsequent testimony are necessary for the sake of completeness to fully understand the testimony that follows, see FRE 106. |
| 137:12-138:23 | CQ; V; MC-witness testifies he is unaware of any non-privileged conversations about chagnes from HB 112 to SB 14, not that he issue was never disucssed; 106 (136:21-137:7) | CQ, V: Witness understood and answered question.  Questions are specific and clarified upon witness/opposing counsel's request.  MC: Does not mischaracterize. 106: Additional portion not necessary to understand that the legislation was changed to include only photo ID. |
| 138:24-140:6 | 402 (139:1-4); AA; 106 (IQ: 138:24-25); CQ; V; MC; 106 (135:6-25; 136:21-137:7) | 402: Not irrelevant, as counsel's objection to the question and subsequent testimony are necessary for the sake of completeness to fully understand the testimony that follows, *see* FRE 106. AA: Not asked and answered.  106: citation is complete.  CQ: Witness understood and answered. |
| 140:7-21 | MC | MC: complete and clear after reply designation is considered. |
| 154:21-155:23 | V; 106 (155:12-18) | V: Not vague.  106: Not an incomplete answer. No additional portions are necessary to fairly understand the context and substance of the testimony designated. |

*Texas v. Holder* - Defendant's Opposition to Plaintiff's Objections to Attorney General's Counter-Designations

| | | |
|---|---|---|
| 157:20-159:16 | 602-witness testifies to lacking knowledge regarding the construction of Rep. Harless' website, who put it together or why it was set up how it is in Ex. 7; 402 (158:22-159:1) | 602: Does not violate 602, as witness did not testify to the matter but instead stated lack of knowledge. 402: Not irrelevant, as counsel's objection to the question and subsequent testimony are necessary for the sake of completeness to fully understand the testimony that follows, *see* FRE 106. |
| 159:17-160:2 | AA (160:1-2) | Objections to form of questions not raised at deposition waived under FRCP 32(d)(3)(B). |
| 160:3-162:21 | 402 (160:6-12; 161:24-162:3; 162:10-12; 162:20); IA (161:12-13) | 402: Not irrelevant, as counsel's objection to the question and subsequent testimony are necessary for the sake of completeness to fully understand the testimony that follows, see FRE 106.  IA: not an incomplete answer |
| 163:4-166:9 | Incompelte answer, missing first line (163:3) | Complete once reply designation is included. |
| 167:1-168:23 | IA - missing answer (167:24-168:1) | Complete once reply designation is included. |
| 168:24-170:14 | 402 (169:13; 169:19-20); AR (170:9-13); MC-witness testimony about amendments adopted inr esponse to minority concerns was specifically limited by previous questioning to those offered in the House only, (167:1-4; 168:10-11) and witness explicitly stated his list of examples was non-exhaustive (170:6-8); 106 | 402: Not irrelevant, as counsel's objection to the question and subsequent testimony are necessary for the sake of completeness to fully understand the testimony that follows, *see* FRE 106. AR: Not argumentative. MC: Does not mischaracterize witness testimony. 106: Section complete. Plaintiffs do not indicate which other sections should be included for the sake of completeness. |
| 170:15-171:2 | CS | CS: Witness answers and does not speculate. |
| 177:21-178:10 | V (177:21-24) | V: Not vague. Witness understood and answered. |
| 186:11-188:17 | MC (186:22-24); AF (187:7-9, 11-13); MC/AF (188:9-10); AR/V/AF/L (188:12-15) | 186:22-24: MC: Does not mischaracterize testimony, as counsel re-stated the question before witness asnwered. AF: Does not assume a fact but instead asks about the witness' perception as to whether he has the knowledge of something in the record. MC: Does not mischaracterize testimony, as witness confirmed the correctness of the staetment. V: Not vague. Witness understood and answered.  AR: Not argumentative. L: Does not call for a legal conclusion but instead asks for testimony as to knowledge if action was taken. |
| 189:14-190:10 | AF/MC 190:5-6 | AF/MC: Does not assume a fact or mischaracterize testimony, but instead asks about the witness' perception as to whether he has the knowledge of something in the record. |
| 191:25-194:22 | CS (193:14-194:22) | CS: Not speculation. Properly opinion testimony under FRE 701 as it is rationally based on the witness' perception, helpful and is not a matter of scientific or expert knowledge. |
| 198:11-199:2 | AF, AR, V | AF/AR/V: Not argumentative, vague or assuming a fact. Instead, asks for personal recollection as to whether something did or did not occur. |
| 204:23-206:1 | CS | CS: Not speculation. Asks for testimony as to knowledge of objective facts. |

*Texas v. Holder* - Defendant's Opposition to Plaintiff's Objections to Attorney General's Counter-Designations

| 247:20-24 | 106/IQ (247:17-19) | Complete once reply designation is included. |
|-----------|--------------------|----------------------------------------------|
|           |                    |                                              |

*Texas v. Holder* - Defendant's Opposition to Plaintiff's Objections to Attorney General's Counter-Designations

| DENNIS BONNEN DEPOSITION TAKEN JUNE 6, 2012 | | |
|---|---|---|
| **Attorney General's June 25, 2012 Counter-Designations** | **Plaintiff's Objections to Attorney General's Counter-Designations** | **Attorney General's Opposition to Plaintiff's Objections to Attorney General's Counter-Designations** |
| 44:24-45:2 | F, V | V: Not vague, as witness understood and answered. F: Foundation based on witness' personal knowledge. |
| 49:19-49:22 | 106 (49:3-18) | 106: Not incomplete. Testimony in 44:24-54:2 makes clear witness' role with the Select Committee, and additional portions are not necessary in order for the designation to be fairly understood. |
| 51:10-12 | 106, IQ, V, Question incomplete and no answer designated | Complete once reply designation is included. |
| 88:4-88:19 | 88:4-8 Question was objected on privilege grounds and no answer provided; 88:9-19 - 402, CS | 402: Relevant to the intent behind drafting/passage of HB 1706. |
| 121:14-122:12 | F, V, CS, 402, 701, 602, 402, BER | BER does not apply. Objections to form of question not raised at deposition waived under FRCP 32(d)(3)(B). Questions define extent of witness's knowledge and are  rationally based on witness's perception. |
| 134:23-135:15 | A, F, V, Question refrences an exhibit (bill) that is not identified or introduced, 402, CS, BER, MC; the language of the bill speaks for itself | Exhibit 436 previously introduced and authenticated, questions properly ask witness to explain the bill. Objections to form not raised at deposition waived under FRCP 32(d)(3)(B). |
| 156:16-157:8 | CQ, F, V, 402, 403 | CQ/V: Question understood and answered by witness.  F: Foundation based on witness' personal knowledge. 402: Relevant to statewide analysis of voter fraud.  403: Not overly prejudicial, confusing or misleading, as it simply asks for whether, as an operative fact, an analysis was conducted. |
| 160:9-161:3 | 106, CS, F | 106: Section complete.  CS: Not speculation. Properly opinion testimony under FRE 701 as it is rationally based on the witness' perception, helpful as to understanding the actions of the legislature in passing bills, and is not a matter of scientific or expert knowledge.  F: Foundation based on witness' personal knowledge. |
| 179:11-181:13 | V, F, CS, AF, AA, AR, 602 | CS: Not speculation. Properly opinion testimony under FRE 701 as it is rationally based on the witness' perception, helpful and is not a matter of scientific or expert knowledge.  V: Not vague, as witness understood and answered.   F: Foundation based on witness' personal knowledge. AF: Does not assume a fact not in evidence.  AR: Not argumentative.  602: Witness does not lack personal knowledge, as witness owns DL ID. This is properly opinion testimony under FRE 701 as it is rationally based on the witness' perception, helpful as to understanding the security features of DL ID, and is not a matter of scientific or expert knowledge. |
| 189:13-18 | 602, BER, 402 | 602: Does not violate 602, as witness did not testify to the matter but instead stated lack of knowledge.  402: Relevant to the development of voter ID legislation. BER does not apply. |

*Texas v. Holder* - Defendant's Opposition to Plaintiff's Objections to Attorney General's Counter-Designations

| 191:12-16 | V, F, 403, 602 | V: Not vague.  F: Does not lack foundation, only asks objective fact about the bill. Foundation based on witness' personal knowledge.  403: Not unfairly prejudicial or misleading.  602: Witness does not lack personal knowledge. |
| 230:17-230:18 | Designation is to a part of an answer and no prior question designated | Question and full answer are not required in order to understand the meaning and context of this designated testimony of the witness' personal belief. |
| 239:16-241:14 | F, CS, AF, 106, Designated questions reference an exhibit that is neither identified nor introduced; 602, AR, 402 | Exhibit 5 was previously introduced and authenticated. CS: Not speculation. Properly opinion testimony under FRE 701 as it is rationally based on the witness' perception, helpful and is not a matter of scientific or expert knowledge.  AR: Not argumentative.  402: Clearly relevant to the cost of requisite ID under the law. |

| WALTER SCOTT BRANDT DEPOSITION TAKEN JUNE 19, 2012 | | |
|---|---|---|
| **Attorney General's June 25, 2012 Counter-Designations** | **Plaintiff's Objections to Attorney General's Counter-Designations** | **Attorney General's Opposition to Plaintiff's Objections to Attorney General's Counter-Designations** |
| 14:16-15:23 | 402 | 402: Relevant to show witness' lack of preparation, goes to credibility. |
| 39:7-39:16 | V | V: Question not vague, witness understands and is able to answer. |

| BLAINE BRUNSON DEPOSITION TAKEN MAY 30, 2012 | | |
|---|---|---|
| **Attorney General's June 25, 2012 Counter-Designations** | **Plaintiff's Objections to Attorney General's Counter-Designations** | **Attorney General's Opposition to Plaintiff's Objections to Attorney General's Counter-Designations** |
| 35:2-41:6 | V | V: Not vague. |
| 39:19-41:6 | V | V: Not vague. |
| 68:4-70:7 | V, 402, 106 | V: Not vague. 402: Relevant to the intent behind drafting/passing the bill. 106: Section complete. Plaintiffs do not indicate which other sections should be included for the sake of completeness. |
| 82:8-82:23 | 402 | 402: Clearly relevant to discriminatory intent/effect. |
| 92:17-95:5 | V | V: Not vague. Testimony relates to bill passage and legislative procedure. |
| 99:8-99:13 | 402, AR | 402: Relevant to SB 14.  AR: Not argumentative. |
| 110:7-113:13 | AA, MC | AA: specific question not asked and answered.  MC: Does not mischaracterize testimony. Witness affirms that he did say the bill was a priority. |
| 128:23-131:15 | 402 | 402: Relevant to legislative intent and understanding the process by which the bill was debated, analyzed and passed. |
| 131:25-135:6 | L, 402 | L: 132:8-133:1 Does not call for legal conclusion, but instead witness' own personal understanding of legal requirements as Chief of Staff for the Liuetenant Governor.  402: goes to purpose and effect of SB 14 and inclusion of certain forms of ID. l. |

*Texas v. Holder* - Defendant's Opposition to Plaintiff's Objections to Attorney General's Counter-Designations

| | | |
|---|---|---|
| 136:10-136:12 | R | Goes to purpose and effect of voter ID bills |
| 152:18-154:15 | MC | MC: Does not mischaracterize testimony--witness answers, clarifies and explains testimony. |
| 153:7-154:15 | MC | MC: Does not mischaracterize testimony--witness answers, clarifies and explains testimony. |
| 154:25-159:17 | 402 | 402: Relevant to legislative intent. |
| 162:22-167:14 | 402 | 402: Designation relevant as to discriminatory intent/effect. |
| 166:11-167:14 | 402 | 402: Designation relevant as to discriminatory intent/effect. |
| 168:14-169:16 | 402, AF | 402: Relevant as to discriminatory intent/effect. AF: Does not assume fact not in record. Existence of article/statement confirmed by witness. |
| 171:17-171:25 | 402 | 402: Relevant as to discriminatory intent/effect; effect of bill generally. |
| 172:11-173:3 | AF | AF: Does not assume fact not in record. |
| 177:23-182:7 | CS, 402, V | V: Not vague.  CS: Not speculation. Asks for testimony as to knowledge of objective facts.  402: Relevant as to understanding the process by which the bill was designated an emergency item and the bill's general passage through the legislatuer. |
| 183:5-186:14 | V, 402 | V: Not vague.  402: Relevant as to discriminatory intent/effect of legislation on Hispanic and African-American voters. |
| | | |

*Texas v. Holder* - Defendant's Opposition to Plaintiff's Objections to Attorney General's Counter-Designations

| LYDIA CAMARILLO DEPOSITION TAKEN JUNE 12, 2012 | | |
|---|---|---|
| **Attorney General's June 25, 2012 Counter-Designations** | **Plaintiff's Objections to Attorney General's Counter-Designations** | **Attorney General's Opposition to Plaintiff's Objections to Attorney General's Counter-Designations** |
| 60:14-61:4 | Non-responsive | Answers are responsive. |
| 62:22-63:18 | Non-responsive | Answers are responsive. |
| | | |

| REBECCA DAVIO DEPOSITION TAKEN JUNE 15, 2012 | | |
|---|---|---|
| **Attorney General's June 25, 2012 Counter-Designations** | **Plaintiff's Objections to Attorney General's Counter-Designations** | **Attorney General's Opposition to Plaintiff's Objections to Attorney General's Counter-Designations** |
| 12:1-14:25 | OS (see Exhibit A topics 1,2,4,6) | OS: Background info, goes to witness's qualifications to testify on noticed topics. |
| 24:4-25:19 | OS (see Exhibit A topics 1,2,4,6) | OS: necessary to understanding the questions and testimony that follow, which are within the scope as they deal with access to and cost of obtaining identification. |
| 60:17-72:18 | Speculation as to lines 63:9-63:13; OS (see Exhibit A topics 1,2,4,6) as to lines 68:12-69:10 | CS: question establishes extent of witness's knowledge of suitable documents;  OS:  the question relates to the rules and procedures surrounding the EIC (Topics 1, 2 and 6). |
| 93:6-93:14 | completeness | 106: Section complete. Plaintiffs do not indicate which other sections should be included for the sake of completeness. |
| 101:23-107:16 | OS (ssee Exhibit A topics 1,2,4,6) as to lines 105:8-105:19 | OS: Within the scope; testimony clearly relates to EIC (Topics 1 and 2) |
| 108:16-110:24 | OS (see Exhibit A topics 1,2,4,6) | OS: Within the scope; testimony clearly relates to EIC (Topics 1 and 2) |
| 111:24-113:13 | OS (see Exhibit A topics 1,2,4,6) as to lines 113:6-113:13 | OS: Within the scope; testimony clearly relates to EIC (Topics 1, 2 and 4) |
| 120:9-124:23 | OS (see Exhibit A topics 1,2,4,6) | OS: Within the scope; testimony clearly relates to EIC (Topics 1, 4 and 6) |
| 202:9-203:5 | OS (see Exhibit A topics 1,2,4,6) | OS: Within the scope; testimony clearly relates to EIC (Topics 1 and 6) |
| 221:3-222:12 | OS (see Exhibit A topics 1,2,4,6) | OS: Within the scope; testimony clearly relates to EIC (Topic 1) |
| | | |

*Texas v. Holder* - Defendant's Opposition to Plaintiff's Objections to Attorney General's Counter-Designations

| DENISE DAVIS DEPOSITION TAKEN JUNE 14, 2012 | | |
|---|---|---|
| **Attorney General's June 25, 2012 Counter-Designations** | **Plaintiff's Objections to Attorney General's Counter-Designations** | **Attorney General's Opposition to Plaintiff's Objections to Attorney General's Counter-Designations** |
| 12:8-13:21 | 402 - 12:8-24 | 402: Relevant as to relevance of witness to this case, witness' history as parliamentarian. |
| 29:15-31:3 | CQ, V, CS 30:6-9 | CQ: Not a compound question. V: Not vague.  CS: Not speculation. Properly opinion testimony under FRE 701 as it is rationally based on the witness' perception, helpful and is not a matter of scientific or expert knowledge. |
| 31:12-32:8 | CQ - 31:17-18 | CQ: Not a compound question. |
| 35:3-19 | CS 35:3-14 | CS: Not speculation. Properly opinion testimony under FRE 701 as it is rationally based on the witness' perception, helpful and is not a matter of scientific or expert knowledge. |
| 51:3-54:22 | 106 - (should include 51:1-2); V - 54:10-12 | 106: complete after reply designation is included; V: Not vague. Question and answer relate specifically to how the bill was subject to a sustained point of order. |
| 79:8-80:5 | 602 - 79:8-80:5 | 602: Does not violate 602, as witness did not testify to the matter but instead stated lack of knowledge. |
| 84:15-88:23 | F - 86:23-87:2; CS - 87:10-14 | F: Foundation based on witness' personal knowledge of Senate rules and also witness' memory of past rules. CS: Not speculation. Properly opinion testimony under FRE 701 as it is rationally based on the witness' perception, helpful and is not a matter of scientific or expert knowledge. Question rephrased and answered by witness. |
| 107:16-108:23 | AF - 108:8-11 | AF: Does not assume fact not in evidence. Counsel's question simply repeats witness' immediately preceeding testimony. |
| 141:4-7 | 106 - Needs to include 141:8-14 | Complete once reply designation is included. |
| 149:4-150:25 | 402 - 149:4-150:25 is attorney discussion on privilege | 402: Not irrelevant, as counsel's objection to the question and subsequent testimony are necessary for the sake of completeness: to fully understand the testimony that follows, see FRE 106. |
| 168:2-25 | CQ 168:2-4 | CQ: Understood and answered by witness. |
| 182:14-183:20 | 602 | 602: Does not violate 602, as witness did not testify to the matter but instead stated lack of knowledge. |
| 183:21-184:15 | 402 - 184:7-15 is attorney's debate on privilege | 402: Not irrelevant, as counsel's objection to the question and subsequent testimony are necessary for the sake of completeness:  to fully understand the testimony that follows, see FRE 106. |
| | | |

*Texas v. Holder* - Defendant's Opposition to Plaintiff's Objections to Attorney General's Counter-Designations

| KARINA DAVIS DEPOSITION TAKEN JUNE 15, 2012 | | |
|---|---|---|
| **Attorney General's June 25, 2012 Counter-Designations** | **Plaintiff's Objections to Attorney General's Counter-Designations** | **Attorney General's Opposition to Plaintiff's Objections to Attorney General's Counter-Designations** |
| 57:14-57: | Not a valid designation. | Complete once reply designation is included. |
| 81:24-81:18 | Not a valid designation. | Complete once reply designation is included. |
| | | |

| WENDY DAVIS DEPOSITION TAKEN JUNE 15, 2012 | | |
|---|---|---|
| **Attorney General's June 25, 2012 Counter-Designations** | **Plaintiff's Objections to Attorney General's Counter-Designations** | **Attorney General's Opposition to Plaintiff's Objections to Attorney General's Counter-Designations** |
| 12:7-22 | NR 12:18-22; 801 | 801: Not hearsay, opposing party statement FRE 801(d)(2). NR: Responsive to question as to beliefs regarding SB 14. |
| 12:23-13:18 | NR | NR: Responsive to question as to beliefs regarding SB 14. |
| 13:24-15:11 | NR, 402 14:14-21: 801 | NR: Answers are responsive to questions. 402: Relevant to intent/effect of SB 14. 801: Not hearsay. Not offered for the truth of the matter asserted by the pollworker, but instead for the operative fact that the poll worker said the words to witness, that the witness was put on notice. |
| 19:21-20:14 | NR, 402 | NR: Responsive. 402: Relevant to legislative intent. |
| 21:22-30:6 | 21:25-22:19: NR narrative beyond the answer, "No" | NR: Responsive to question as to procedures surrounding floor debate. N: Not a narrative, but instead responsive answer including operative facts regarding what happened. |
| 20:16-31:13 | 30:22-31:4: 801 | 801: Not hearsay, witness was asked about studies she read and her testimony shows notice to her of its contents. |
| 41:9-42:16 | 42:3-16: NR beyond the answer, "I don't know." | NR: Witness testimony properly responsive to question asked. |
| | | |

*Texas v. Holder* - Defendant's Opposition to Plaintiff's Objections to Attorney General's Counter-Designations

| | | ROBERT DUNCAN DEPOSITION TAKEN JUNE 7, 2012 |
|---|---|---|
| **Attorney General's June 25, 2012 Counter-Designations** | **Plaintiff's Objections to Attorney General's Counter-Designations** | **Attorney General's Opposition to Plaintiff's Objections to Attorney General's Counter-Designations** |
| 13:15-25 | 402 | 402: Relevant, necessary to understand the testimony that follows |
| 39:13-44:21 | Compound | CQ: question was rephrased by counsel and understood and answered by witness. |
| 50:12-54:12 | 52:11-22 (Vague) | V: Clarified in following question, witness is able to answer. |
| 56:12-57:17 | 56:13-24 (foundation) | F: Foundation based on witness' personal knowledge of bill analysis and evaluation. |
| 108:18-118:4 | 117:10-18 (Compound) | CQ: Understood and answered by witness. |
| 118:15-123:7 | 402 | 402: Relevant as to legislative intent and process of bill's passage. |
| 133:25-136:23 | 136:12-16 (Speculation) | CS: Not speculation. Properly opinion testimony under FRE 701 as it is rationally based on the witness' perception, helpful and is not a matter of scientific or expert knowledge. |
| 172:5-179:10 | 176:8-13 (vague) | V: Not vague. Witness understood and answered. |
| 179:11-187:24 | 179:4-9 (vague, scope, lacks foundation) | V: Not vague. Witness understood and answered.  OS: Within scope.  F: Foundation based on witness' experience as legislator and personal knowledge of legislative practices. |
| 188:13-191:21 | 188:13-189:2 (Speculation); 189:16-24 (Assumes facts not in evidence, misstates the testimony) | CS: Not speculation. Counsel rephrased question. Properly opinion testimony under FRE 701 as it is rationally based on the witness' perception, helpful and is not a matter of scientific or expert knowledge.  Facts in evidence include deposition testimony of Sen. Fraser's chief of staff. |
| 204:10-209:24 | AA (208:12-13; 208:22-209:4) | AA: specific question asked regarding additional purposes of SB 14 not previously asked and answered. |
| 235:1-236:16 | Compound, Vague | CQ: Compound question, but understood and answered by witness.  V: Not vague. Witness understood and answered. |
| 242:1-253:5 | 402 (discussion among attys); 252:16-20 (Compound) | 402: Not irrelevant, as counsel's objection to the question and subsequent testimony are necessary for the sake of completeness: to fully understand the testimony that follows, *see* FRE 106.  CQ: question understood and answered by witness. |
| | | |

*Texas v. Holder* - Defendant's Opposition to Plaintiff's Objections to Attorney General's Counter-Designations

| RODNEY ELLIS DEPOSITION TAKEN JUNE 22-23, 2012 | | |
|---|---|---|
| **Attorney General's June 25, 2012 Counter-Designations** | **Plaintiff's Objections to Attorney General's Counter-Designations** | **Attorney General's Opposition to Plaintiff's Objections to Attorney General's Counter-Designations** |
| 6:9-15 | 402 | 402: Relevant: background information on witness. |
| 8:12-9:2 | 402 | 402: Relevant: background information on witness. |
| 9:3-14 | 402 | 402: Relevant: background information on witness and connection to this case. |
| 14:4-16:14 | 402 | 402: Relevant: background information on witness. |
| 25:20-27:2 | 402 | 402: Relevant to legislative intent, disparate impact/effect of bill. |
| 30:3-35:24 | 402 | 402: Not irrelevant, as discussion of waiver of privilege is necessary for the sake of completeness to fully understand the testimony that follows. |
| 106:21-111:13 | NR (110:16-111:13) | NR: Resopnsive: talks to the reasons why a majority vote might be brought and indicate discriminatory intent. |
| 120:12-123:22 | NR, 402 (121:2-17) | NR: Responsive. 402: Relevant to ID requirements under SB 14. |
| 199:6-207:2 | 801 (205:3-9) | 801: Not hearsay: Not introduced for the truth of what is asserted, but the operative fact that they were said, that the listeners were put on notice. FRE 801(c). |
| 232:12-233:8 | 402 (232:24-233:8) | 402: Relevant as to what the witness plans to testify to at trial. |
| | | |

*Texas v. Holder* - Defendant's Opposition to Plaintiff's Objections to Attorney General's Counter-Designations

| MEREDYTH FOWLER DEPOSITION TAKEN JUNE 8, 2012 | | |
|---|---|---|
| **Attorney General's June 25, 2012 Counter-Designations** | **Plaintiff's Objections to Attorney General's Counter-Designations** | **Attorney General's Opposition to Plaintiff's Objections to Attorney General's Counter-Designations** |
| 32:25-33:1 | V; 106-(32:18-24) | V: Not vague, complete once reply designation is included. |
| 41:24-42:1 | 106-(41:4-5, 41:23) | Complete once reply designation is included. |
| 42:15-43:1 | F, BER | F: Foundation based on witness' personal knowledge and experience already testified to.  BER: Objection inapplicable. No original document reFREenced. |
| 46:14-47:10 | 602-witness testifies she lacks personal knowledge regarding whether House Committee designated 'fast track' (44:3-9); Ex. 641 speaks for itself and questions have witness improperly testifying from document as to whether House Committee was a "fast track" committee; 701; 402; 403 | 602: Does not violate 602, as witness did not testify to the matter but instead stated lack of knowledge. Ex.641: Witness is allowed to testify as to the meaning and development of documents; this is properly opinion testimony under FRE 701 as it is rationally based on the witness' perception, helpful and is not a matter of scientific or expert knowledge. In addition, documents can be used to refresh witness' memory while testifying under FRE 612.  701: This is properly opinion testimony under FRE 701.  402: Relevant to process of passage of bill.  403: This designation is in no way unduly prejudicial, confusing or misleading. |
| 50:11-50:15 | 402 | 402: Relevant to this case, which is under the VRA, as well as voter ID bills such as SB 362 |
| 67:3-67:23 | V, 402, 701 | V: Not vague. 701: This is properly opinion testimony under FRE 701.  402: Clearly relevant to purpose, legislative intent and effect of voter ID bill, evidence of voter fraud. |
| 82:9-82:13 | V, F, A, BER, Ex. 29 referenced but not identified, Ex. 29 speaks for itself and questions have witnesses improperly testifying from document as to the text of SB 362 rather than personal knowledge | V: Not vague. Exhibit 29 previously introduced, authenticated by the witness; proper opinion testimony under FRE 701 as it is rationally based on the witness' perception, helpful and is not a matter of scientific or expert knowledge. In addition, documents can be used to refresh witness' memory while testifying under FRE 612. BER: orginal document is not required. |
| 88:21-89:6 | CS; 402; 602; 106 | CS: Not speculation. Properly opinion testimony under FRE 701 as it is rationally based on the witness' perception, helpful and is not a matter of scientific or expert knowledge.  602: Does not violate 602, as witness did not testify to the matter but instead stated lack of knowledge. 106: Section complete, additional portions not required to understand line of questioning on Speaker of House's ability to vote in House. |

*Texas v. Holder* - Defendant's Opposition to Plaintiff's Objections to Attorney General's Counter-Designations

| | | |
|---|---|---|
| 95:3-95:10 | 602-witness testifies she lacks personal knowledge of any pledge circulated by Republican party (96:11-19); F; A; 701; BER; Ex. 642 referenced but not identified or introduced Ex 642 speaks for itself and questions have witness improperly testifying from document as to Republican party pledge rather than personal knowledge | 602: Does not violate 602, as witness did not testify to the matter but instead stated lack of knowledge.  Ex: 642: Witness is allowed to testify as to documents; this is properly opinion testimony under FRE 701 as it is rationally based on the witness' perception, helpful and is not a matter of scientific or expert knowledge. In addition, documents can be used to refresh witness' memory while testifying under FRE 612.  F: Foundation is witness' personal knowledge as indicated by previous testimony. |
| 109:1-114:1 | H; BER; 602-112:13-14; 112:25-113:4 witness testifies she lacks personal knowledge about testimony of witnesses at interim heraing rather than personal knowledge | H: Not harassment or unduly embarrassing.  BER: Original not required, summary and excerpt of voluminous document allowed.   Does not violate 602, as witness did not testify to the matter but instead stated lack of knowledge. |
| 119:19-121:4 | IQ (add 119:18); A; BER; Ex. 29 and 644 referenced in questions but not identified or introduced; Ex 29 and 644 speak for themselves and questions have witnesses improperly testifying from the documents as to the provisions of SB 14 and SB 362 rather than personal knowledge | Complete once reply designation is included. Ex 29 and 644: Witness is allowed to offFRE opinion testimony rationally based on the witness' perception of text of the bills. BER: Original not required. Duplicates admissible under FRE 1003. |
| 121:20-122:19 | Answer lacking question (121:10); 106-missing last line of answer at 122:20 | Complete once reply designation is included. |
| 124:4-19 | F; 402; 602 | F: Foundation is witness' personal knowledge already testified to. 402: Relevant as regards required identification udner SB 14.  602: Does not violate 602, as witness did not testify to the matter but instead stated lack of knowledge. |

*Texas v. Holder* - Defendant's Opposition to Plaintiff's Objections to Attorney General's Counter-Designations

| | | |
|---|---|---|
| 131:2-9 | V; F; A; BER; Ex. 6 and 644 ReFREenced in qeustion but not identified; Ex. 6 and 644 speak for themselves and questions have witnesses improplerly testifying form documetns regarding provisions of Georgia Voter ID and SB 14 rather than personal knowledge. | V: Not vague.  F: Foundation in exhibit presently presented to witness.  A: Document acknowledged by the witness. SB 14 meets the authentication requirements under FRE 901, et seq.  BER: Original not required. Duplicates admissible under FRE 1003. Ex 6 and 644: Witness is allowed to testify as to documents: This is properly opinion testimony under FRE 701 as it is rationally based on the witness' perception, helpful and is not a matter of scientific or expert knowledge. In addition, documents can be used to refresh witness' memory while testifying under FRE 612. |
| 131:10-133:8 | V; F; A; BER; Ex. 6 and 644 Referenced in qeustion but not identified; Ex. 6 and 644 speak for themselves and questions have witnesses improplerly testifying form documetns regarding provisions of Georgia Voter ID and SB 14 rather than personal knowledge. | V: Not vague.  F: Foundation in exhibit presently presented to witness.  A: Document acknowledged by the witness. SB 14 meets the authentication requirements under FRE 901, et seq.  BER: Original not required. Duplicates admissible under FRE 1003. Ex 6 and 644: Witness is allowed to testify as to documents: This is properly opinion testimony under FRE 701 as it is rationally based on the witness' perception, helpful and is not a matter of scientific or expert knowledge. In addition, documents can be used to refresh witness' memory while testifying under FRE 612. |
| 123:10-135:22 | F; A: BER; Ex. 6 and 644 ReFREenced in qeustion but not identified; Ex. 6 and 644 speak for themselves and questions have witnesses improplerly testifying form documetns regarding provisiosn of SB 14 and Indiana Voter ID laws rather than personal knowledge. | Ex 6 and 644: Witness is allowed to testify as to documents: This is properly opinion testimony under FRE 701 as it is rationally based on the witness' perception, helpful and is not a matter of scientific or expert knowledge. In addition, documents can be used to refresh witness' memory while testifying under FRE 612.  F: Foundation is SB 14.  A: Document acknowledged by the witness. SB 14 meets the authentication requirements under FRE 901, et seq.  BER: Original not required. Duplicates admissible under FRE 1003. |
| 140:2-143:20 | 602-witness testified she has no knowledge abouts pecific committee hearing testimony regarding matching Dl and voter databases (140:14-16), whether such a match was conducted (142:9-11), or whether the results of any such study were released (143:12-15, 20) | 602: Does not violate 602, as witness did not testify to the matter but instead stated lack of knowledge. |
| 146:10-147:1 | IA; F; V; 402 | Complete once reply designation is included. F: Foundation based on witness' personal knowledge and experience detailed in prior testimony. V: Not vague, as witness asked and answered.  402: Relevant as to passage of voter ID legislation. |

*Texas v. Holder* - Defendant's Opposition to Plaintiff's Objections to Attorney General's Counter-Designations

| 150:22-24 | L; F; 402; 701 | L: Witness not making a conclusion of law but rather stating belief/opinion.  F: Foundation in witness' personal knowledge. 402: Relevant to legislative intent as to what documents are included in the voter ID legislation. 701: This is properly opinion testimony under FRE 701 as it is rationally based on the witness' perception, helpful and is not a matter of scientific or expert knowledge. |
| --- | --- | --- |
| 164:15-165:10 | F; Ex. 29 referenced but not identified in question, Ex 29 speaks for itself and question has witness improperly testifying about provisions of SB 362 rather than personal knowledge | F: Foundation based on the voter ID bill and witness' personal knowledge. *S* Ex 29: Witness is allowed to testify as to documents; this is properly opinion testimony under FRE 701 as it is rationally based on the witness' perception, helpful and is not a matter of scientific or expert knowledge. In addition, documents can be used to refresh witness' memory while testifying under FRE 612. |
| 168:4-169:15 | F; A; Ber; 701; Ex 643 referenced but not identified or introduced; Ex. 643 speaks for itself and questions have witnesses improperly testifying regarding text of Interim Cmmittee findings rather than personal knowledge | F: Foundation based on SB 14.  A: Official document. Document has been authenticated under requirements provided by FRE 901, et seq.  BER: Original not required. Duplicates admissible under FRE 1003.  Ex 643: Witness is allowed to testify as to documents: This is properly opinion testimony under FRE 701 as it is rationally based on the witness' perception, helpful and is not a matter of scientific or expert knowledge. In addition, documents can be used to refresh witness' memory while testifying under FRE 612. |
| 198:9-14 | 402 | 402: Witness's perception of bill's effects are relevant. |
| | | |

*Texas v. Holder* - Defendant's Opposition to Plaintiff's Objections to Attorney General's Counter-Designations

| TROY FRASER DEPOSITION TAKEN MAY 17, 2012 & JUNE 13, 2012 | | |
|---|---|---|
| **Attorney General's June 25, 2012 Counter-Designations** | **Plaintiff's Objections to Attorney General's Counter-Designations** | **Attorney General's Opposition to Plaintiff's Objections to Attorney General's Counter-Designations** |
| **TROY FRASER Volume I** | | |
| 26:11-26:14 | Incomplete | 106: Section complete. Plaintiffs do not indicate which other sections should be included for the sake of completeness. |
| 45:23-46:19 | Relevance | 402: Relevant to the process the development and legislative intent of voter ID bill, as well as discriminatory intent/effect. Also not irrelevant, as counsel's objection to the question and subsequent testimony are necessary for the sake of completeness: to fully understand the testimony that follows, see FRE 106. |
| 51:10-52:6 | Incomplete | 106: Section complete. Plaintiffs do not indicate which other sections should be included for the sake of completeness. |
| 51:17-53:20 | Lines 51:17-52:26 are already designated | No objection. |
| 85:24-86:4 | Incomplete | Complete citation included. |
| 94:20-95:20 | Lines 95:10-95:20; speculation, relevance, argumentative, vague | CS: Not speculation. This is admissible opinion testimony under FRE 701, as it is rationally based on the witness' perception, helpful and is not a matter of scientific or expert knowledge.  402: Relevant as to the character of a witness.  AR: Not argumentative.  V: Not vague. |
| 129:6-130:1 | Relevance | 402: Relevant as to SB 362 and SB 363. |
| 218:21-220:22 | Comlpeteness | 106: Section complete. Plaintiffs do not indicate which other sections should be included for the sake of completeness. |
| 225:7-225:15 | Line 225:15 question with no answer | Complete once reply designation is included. |
| 235:7-236:14 | Asked and answered, Completeness | AA: Not asked and answered in designated portions of deposition.  106: Section complete. Plaintiffs do not indicate which other sections should be included for the sake of completeness. |
| 244:11-23 | Completeness | 106: Section complete. Plaintiffs do not indicate which other sections should be included for the sake of completeness. |
| 266:18-21 | Completeness | 106: Section complete. Preceeding question not necessary in order to understand or properly characterize the witness' testimony. Plaintiffs do not indicate which other sections should be included for the sake of completeness. |
| 279:14-18 | 801 | 801: Not hearsay. Not introducing any third-party testimony for its truth. |
| 287:8-13 | Completeness | Section complete. |
| 313:9-19 | Foundation | F: Foundation based on witness' personal knowledge and experience. |

*Texas v. Holder* - Defendant's Opposition to Plaintiff's Objections to Attorney General's Counter-Designations

| | | TROY FRASER Volume II |
|---|---|---|
| **Attorney General's June 25, 2012 Counter-Designations** | **Plaintiff's Objections to Attorney General's Counter-Designations** | **Attorney General's Opposition to Plaintiff's Objections to Attorney General's Counter-Designations** |
| 45:18-46:5 | Vague, compound lines 45:18-46:5 | V: Not vague, question regarding general purpose of the Senate rule as the witness understands and answers. CQ: Witness understands and answers. |
| | | |

| | | TANYA GARDUNO DEPOSITION TAKEN JUNE 12, 2012 |
|---|---|---|
| **Attorney General's June 25, 2012 Counter-Designations** | **Plaintiff's Objections to Attorney General's Counter-Designations** | **Attorney General's Opposition to Plaintiff's Objections to Attorney General's Counter-Designations** |
| 16:13-16:20 | 16:13-Designation is nonsensical; neither a question nor an answer but an instruction to set aside the exhibit | Designation is a series of background questions *and* answers on what the Southwest Workers Union is. |
| 42:10-44:17 | 801 (43:3-17) | Question and answer does not use statements for truth of matter asserted; rather, witness is asked what investigative efforts she made, and answer uses statements to demonstrate those investigative efforts. |
| 106:1-106:4 | AA | Objections to form not raised at deposition waived under FRCP 32(d)(3)(B). |
| | | |

| | | MAY HELEN GIDDINGS DEPOSITION TAKEN JUNE 6, 2012 |
|---|---|---|
| **Attorney General's June 25, 2012 Counter-Designations** | **Plaintiff's Objections to Attorney General's Counter-Designations** | **Attorney General's Opposition to Plaintiff's Objections to Attorney General's Counter-Designations** |
| 8:21-9:22 | 802 | 802: Statement is not being offered to prove the truth of the matter asserted, but to explain effect on the actions of the witness. Statement in question offered to clarify preparation for deposition and motivations for witness's inquiries to DPS. |
| 39:15-43:22 | 701, Speculation | Not speculation, and 701: testimony is rationally based on witness' perceptions, and experience with the Caucus. |
| 44:5-46:24 | 701, Speculation | Not speculation, and 701: testimony is rationally based on witness' perceptions, and experience with the Caucus. |
| 99:7-100:2 | 802 | 802: Statements not offered for the truth of the matter, but to demonstrate that notice was given to listeners and to explain effect on listeners. |

*Texas v. Holder* - Defendant's Opposition to Plaintiff's Objections to Attorney General's Counter-Designations

| 100:2-101:12 | Speculation | Not speculation: testimony is rationally based on witness' perceptions, and experience with the Leg. Black Caucus. |
|---|---|---|
| 106:12-108:15 | Speculation | Not speculation: testimony is rationally based on witness' perceptions, and experience with the Leg. Black Caucus. |
| | | |

*Texas v. Holder* - Defendant's Opposition to Plaintiff's Objections to Attorney General's Counter-Designations

| | LARRY GONZALES DEPOSITION TAKEN MAY 31, 2012 | |
|---|---|---|
| **Attorney General's June 25, 2012 Counter-Designations** | **Plaintiff's Objections to Attorney General's Counter-Designations** | **Attorney General's Opposition to Plaintiff's Objections to Attorney General's Counter-Designations** |
| 39:6-9 | 106 | 106: Section complete. Plaintiffs do not indicate which other sections should be included for the sake of completeness. |
| 39:13-15 | 106 | Complete once reply designation is included. |
| 44:16-45:2 | V, 402 | V: Not vague.  402: Relevant as to Texas demographics, as well as discriminatory intent/effect. |
| 47:12-15 | 106 | 106: Section complete. Question not necessary in order to understand the content and relevance of witness' answer. Plaintiffs do not indicate which other sections should be included for the sake of completeness. |
| 56:19-57:8 | 106 | 106: Section complete. Plaintiffs do not indicate which other sections should be included for the sake of completeness. |
| 59:6-10 | MC; 106 | MC: Does not mischaracterize testimony. 106: Section complete. Plaintiffs do not indicate which other sections should be included for the sake of completeness. |
| 59:23-60:6; 60:2-60:4 | 106; IQ/IA | Complete once reply designation is included. |
| 61:7-12 | AA (44:16-45:2); H; 402 | Objections to form of questions not raised at deposition waived under FRCP 32(d)(3)(B). Not harassment or unduly embarrassing.  402: Relevant as to Texas demographics, as well as discriminatory intent/effect. |
| 65:17-66:19 | AF; V | AF: Does not assume fact not in evidence. Witness testifies he was sent the data.  V: Not vague. |
| 65:17-65:5 | Not a valid designation. | Complete once reply designation is included. |
| 68:18-21 | V; AA (67:17-68:2) | V: Not vague. |
| 73:23-74:1 | V | V: Not vague. |
| 75:13-24 | MC; 106 | MC: Does not mischaracterize testimony. 106: Section complete. Plaintiffs do not indicate which other sections should be included for the sake of completeness. |
| 77:7-12 | 106; IA | Complete once reply designation is included. |
| 80:2-13 | 106 | 106: Section complete. Plaintiffs do not indicate which other sections should be included for the sake of completeness. |
| 82:24-85:3 | MC (83:16-84:3) | MC: Does not mischaracterize testimony. Witness' answer clarified testimony for the record. |
| 88:24-89:6 | 106 | 106: Section complete. Plaintiffs do not indicate which other sections should be included for the sake of completeness. |
| 89:9-16 | 106; IA | Complete once reply designation is included. |
| 91:17-92:2; 91:20-92:11 | 106; MC-questioning was limited to the 2010 campaign season before Rep. Gonzales became a legislator and does not represent his [sic] | 106: Complete once reply designation is included. MC: Does not mischaracterize testimony. |

*Texas v. Holder* - Defendant's Opposition to Plaintiff's Objections to Attorney General's Counter-Designations

| 92:3-92:14 | Not a valid designation. MC-questioning was specifically limited throughout this line of questioning to Rep. Gonzales campaigning from 2010 and before. (88:20-23, 91:3-9, 92:11-12). | Valid designation. MC: Does not mischaracterize testimony. This line of questioning regards witness' views on voter fraud before and after elected into office, which relate to legislative intent in passing voter ID legislation. |
|---|---|---|
| 93:11-16 | 402 | 402: Relevant to legislative intent and voter fraud. |
| 97:14-16 | 106 | 106: Section complete. Furthermore, testimony that directly follows has been designated (97:17-22). Other portions unnecessary to understand the context and substance of the designated testimony. Plaintiffs do not indicate which other sections should be included for the sake of completeness. |
| 97:17-22 | 402; 702; MC-questioning was specifically limited throughout this line of questioning to 2010 and earlier before Rep. Gonzales took office. To extent question proposed to evoke privileged information an objection was entered (97:23) | 402: Relevant as to legislative intent and contents of SB 14.  Witness is not being questioned as an expert witness, and this testimony is properly opinion testimony under FRE 701 as it is rationally based on the witness' perception, helpful and is not a matter of scientific or expert knowledge. |
| 114:16-20 | MC-this line of questioning was limited to 2010 and ealier, before Rep. Gonzales took office (114:3-7) and does nto reflect the totality of his conversations with constituents; 106 (114:3-15) | MC: Does not mischaracterize testimony. This line of questioning regards the shaping of witness' views/beliefs on voter ID, which relates to legislative intent and discriminatory intent/effect. |
| 114:21-115:12 | 602-Ex. 4 speaks for itself and questioning has witness improperly testifying from the text of the document rather than personal knowledge, which he specifically states he lacks on HB 1706 (66:20-68:2) | 602: Does not violate 602, as witness testified to the matter based on personal understanding and interpretation of HB 1706 and limited answer to description of that understanding. |
| 115:18-25 | 602-Ex 28 speaks for itself, questioning has witness reading from the text of the bill, not testifying from personal knowledge; 106/IO (116:16-17) | 602: Does not violate 602, as witness testified to the matter based on personal understanding and interpretation of HB 1706. Witness' statement that he is not aware does not violate 602, as the witness is not testifying to a matter but simply stating a lack of knowledge. |

*Texas v. Holder* - Defendant's Opposition to Plaintiff's Objections to Attorney General's Counter-Designations

| | | |
|---|---|---|
| 116:1-10 | 602-Ex. 29 speaks for tiself, question has witness testifying from text of document, not personal knowledge (100:23-1014, 116:11-13) | 602: Does not violate 602, as witness testified to the matter based on personal understanding and interpretation of HB 1706. Witness' statement that he is not aware does not violate 602, as the witness is not testifying to a matter but simply stating a lack of knowledge. |
| 132:19-134:3 | F; AF | Foundation established by witness, no assumption of facts not in evidence. |
| 136:8-10 | 106 | 106: Section complete. Plaintiffs do not indicate which other sections should be included for the sake of completeness. |
| 136:14-21 | 106/IA (136:22) | Complete once reply designation is included. |
| 145:23-146:10 | 106 | 106: Section complete. Plaintiffs do not indicate which other sections should be included for the sake of completeness. |
| 152:7-12 | 106/IA | 106: Section complete. Plaintiffs do not indicate which other sections should be included for the sake of completeness.  IA: Designation includes full question and answer. |
| 152:24-153:19 | AF; CS-witness testifeis he lacks knowledge as to whether any counties lack DPS offices (152:7-23), making question hypothetical | AF: Does not assume a fact not in evidence.  CS: Not speculation. Properly opinion testimony under FRE 701 as it is rationally based on the witness' perception, helpful and is not a matter of scientific or expert knowledge. |
| 160:6-11 | 106/IA (160:12) | Complete once reply designation is included. |
| 180:11-13 | L, 402 | L: Personal understanding/interpretation, not a legal conclusion. 402: Relevant as to legislative intent. |
| 187:12-20 | 402 | 402: Relevant to legislative intent. |
| 191:6-21 | 106 | 106: Section complete. Plaintiffs do not indicate which other sections should be included for the sake of completeness. |
| 194:9-20 | 106/IQ/IA | Complete once reply designation is included. |
| 214:1-3 | 106/IQ (213:25) | Complete once reply designation is included. |
| 216:14-17 | 402 | Complete once reply designation is included. |
| 220:2-221:12 | 106/IQ (219:23) | Complete citation. |
| 227:19-20 | 106/IA (227:21) | Complete once reply designation is included. |
| 229:3-17 | AF (229:11-13) | AF: Does not assume a fact not in evidence. |
| 241:16-242:4 | 106 (241:11-15); MC/AG/AF | Complete after reply.  MC: Does not mischaracterize testimony, witness answers and clarifies.  AG: Not argumentative.  AF: Does not assume fact not in evidence. |
| 244:12-16 | V | V: Not vague. |
| 245:17-21 | 106 (245:10-16) | Complete once reply designation is included. |
| 245:23-246:8 | AR/MC (246:5) | AR: Not argumentative. MC: Does not mischaracterize testimony, as witness answered and clarified. |
| 246:21-24 | L; AF | Objections to form of question not raised at deposition waived under FRCP 32(d)(3)(B). |
| 248:4-6 | V; CS | V: Not vague, as witness understands and answers.  CS: Not speculation. Asks for testimony as to knowledge of objective facts. Proper testimony under FRE 701, as it is rationally based on the witness' perception, helpful and is not a matter of scientific or expert knowledge. |
| | | |

*Texas v. Holder* - Defendant's Opposition to Plaintiff's Objections to Attorney General's Counter-Designations

| | | LEE GUYETTE DEPOSITION TAKEN JUNE 19, 2012 |
|---|---|---|
| **Attorney General's June 25, 2012 Counter-Designations** | **Plaintiff's Objections to Attorney General's Counter-Designations** | **Attorney General's Opposition to Plaintiff's Objections to Attorney General's Counter-Designations** |
| 18:1-19 | 18:18 - cuts off in middle of question | Complete once reply designation is included. |
| 25:2-26:14 | V (25:15-19) | V: Not vague, as witness udnerstands and answers. |
| 37:20-38:11 | 38:3-11 Q is having W's testimony from document; document speaks for itself | Testimony is necessary to refresh the witness' memory, and is also necessary in order to understand the questions and testimony that follows. |
| 41:14-42:2 | Designation cuts off at question w/o answer | Complete once reply designation is included. |
| 43:18-44:9 | Designation starts w/ an answer w/o the question at 43:17 | Complete once reply designation is included. |
| 47:8-48:19 | F, 402, OS | F: Does not lack foundation; Exhibit 974 referenced at 47:10.  402: Testimony relevant to DPS data.  OS: Testimony not outside the scope, as Exhibit 974 was presented to refresh the witness' memory as to a concept relating to the January match, which is within the scope, not as to facts specific to that particular Exhibit. |
| 50:18-51:1 | Designation ends w/ a question w/o the answer | Complete once reply designation is included. |
| 76:10-77:4 | CS (76:6-9), 602, V, CS | 602: No evidence supports the objection that witness lacks personal knowledge on the topic of questioning, which is witness' *personal understanding* of the purpose of the match--witness understood and answered.  V: Not vague.  CS: Not speculation. Properly opinion testimony under FRE 701 as it is rationally based on the witness' perception, helpful and is not a matter of scientific or expert knowledge. |
| 77:5-77:19 | F, CS, OS | F: Foundation is the match, which is the topic of the entire deposition.  CS: Not speculation. Properly opinion testimony under FRE 701 as it is rationally based on the witness' perception, helpful and is not a matter of scientific or expert knowledge.  OS: Testimony not outside the scope. |
| 79:21-80:11 | V, 402 | V: Not vague, as witness understands and answers.  402: Relevant as to match data. |
| 82:4-82:13 | F, AF | F: Foundation is witness' personal knowledge and professional experience.  AF: Does not assume fact not on record. |
| | | |

*Texas v. Holder* - Defendant's Opposition to Plaintiff's Objections to Attorney General's Counter-Designations

| | PATRICIA HARLESS DEPOSITION TAKEN MAY 15, 2012 & JUNE 13, 2012 | |
|---|---|---|
| **Attorney General's June 25, 2012 Counter-Designations** | **Plaintiff's Objections to Attorney General's Counter-Designations** | **Attorney General's Opposition to Plaintiff's Objections to Attorney General's Counter-Designations** |
| 95:96:2 | Invalid designation | Complete once reply designation is included. |
| 256:13-258:25 | MC | MC: Does not mischaracterize witness' testimony. Witness answered and provided clarification. |
| 283:17-283:18 | 106 | Complete once reply designation is included. |
| | | |
| | BRIAN HEBERT DEPOSITION TAKEN MAY 29, 2012 | |
| **Attorney General's June 25, 2012 Counter-Designations** | **Plaintiff's Objections to Attorney General's Counter-Designations** | **Attorney General's Opposition to Plaintiff's Objections to Attorney General's Counter-Designations** |
| 16:17-19 | 402 | 402: Not irrelevant; see FRE 106. Counsel's objection to the question is necessary for the sake of completeness to fully understand the testimony that follows. |
| 20:7-8 | 402 | 402: Not irrelevant; see FRE 106. Counsel's objection to the question is necessary for the sake of completeness to fully understand the testimony that follows. |
| 21:10-13 | 402 | 402: Not irrelevant; see FRE 106. Counsel's objection to the question is necessary for the sake of completeness to fully understand the testimony that follows. |
| 21:19-23 | 402 | 402: Not irrelevant; see FRE 106. Counsel's objection to the question is necessary for the sake of completeness to fully understand the testimony that follows. |
| 23:1-4 | 402 | 402: Not irrelevant; see FRE 106. Counsel's objection to the question is necessary for the sake of completeness to fully understand the testimony that follows. |
| 23:13-21 | MC, CS -23:13-15 | Objections not raised at deposition and therefore waived. MC: does not mischaracterize testimony, as witness answered and clarified. CS: Does not call for speculation, as the question was about witness' own testimony. |
| 28:22-29:22 | 402 (29:10-19) | 402: Not irrelevant; see FRE 106. Counsel's objection to the question is necessary for the sake of completeness to fully understand the testimony that follows. |
| 32:25-34:6 | 106 - need to include 32:21-24 | Complete once reply designation is included. |
| 59:9-10 | 402 | 402: Not irrelevant; see FRE 106. Counsel's objection to the question is necessary for the sake of completeness to fully understand the testimony that follows. |
| 62:6-63:3 | AR, V, 62:16-24 | Objection at deposition was raised only with regard to question at 62:24; these objections with regard to remaining cited testimony are waived; with regard to 62:24: AR: Not argumentative. V: Not vague. |
| 64:7-20 | 402 (64:9-12) | 402: Not irrelevant; see FRE 106. Counsel's objection to the question is necessary for the sake of completeness to fully understand the testimony that follows. |
| 67:11-22 | 402 (67:11) | 402: Not irrelevant; see FRE 106. Counsel's objection to the question is necessary for the sake of completeness to fully understand the testimony that follows. |

*Texas v. Holder* - Defendant's Opposition to Plaintiff's Objections to Attorney General's Counter-Designations

| | | |
|---|---|---|
| 72:10-73:11 | 402 (72:14-21) | 402: Not irrelevant; see FRE 106. Counsel's objection to the question is necessary for the sake of completeness to fully understand the testimony that follows. |
| 74:7-20 | MC - 74:10-11 | Objection not raised at deposition, therefore waived. MC: does not mischaracterize testimony, as witness answered and clarified. |
| 76:6-77:6 | CS - 76:21-77:6 | Objection not raised at deposition, therefore waived. CS: Question does not call for speculation; witness indicated that he could not recall precisely. |
| 79:1-80:20 | V - 79:1-2 | V: Not vague. Question understood and answered by witness. |
| 81:16-83:7 | 402 (81:21-82:23) | 402: Not irrelevant; see FRE 106. Counsel's objection to the question is necessary for the sake of completeness to fully understand the testimony that follows. |
| 85:8-26 | V - 85:8-10 | V: Not vague. Question understood and answered by witness. |
| 85:17-87:11 | 602 - 87:5-10 | 602: At 86:15, witness testified that there was a certain communication; at 87:5-10, witness clarifies that earlier testimony. Latter testimony is necessary to explain earlier testimony. |
| 88:19-22 | 402 | 402: Not irrelevant; see FRE 106. Counsel's objection to the question is necessary for the sake of completeness to fully understand the testimony that follows. |
| 91:8-18 | 402 (91:12-14) | 402: Not irrelevant; see FRE 106. Counsel's objection to the question is necessary for the sake of completeness to fully understand the testimony that follows. |
| 91:24-25 | 106 - should include 91:19-23 | Complete once reply designation is included. |
| 92:5-16 | V - 92:6-7 | V: Not vague. Question understood and answered by witness. |
| 93:6-94:4 | 402 (93:25-94:1) | 402: Not irrelevant; see FRE 106. Counsel's objection to the question is necessary for the sake of completeness to fully understand the testimony that follows. |
| 96:13-97:5 | 402 | 402: Not irrelevant; see FRE 106. Counsel's objection to the question is necessary for the sake of completeness to fully understand the testimony that follows. |
| 97:7-22 | V, CS - 97:18-22 | Objections not raised at deposition, therefore waived. V: Not vague. Question understood and answered by witness. CS: Objection not raised at deposition. Not speculation. |
| 97:25-99:8 | 402 (98:4-9); CS, CQ (98:12-14); CS, CQ, V (98:21-24) | 402: Not irrelevant; see FRE 106. Counsel's objection to the question is necessary for the sake of completeness to fully understand the testimony that follows. CS/CQ/V objections cured during deposition at 99:4-8 where witness sought and received clarification and answers question. |
| 98:21-99:3 | 402 | 402: Not irrelevant; see FRE 106. Counsel's objection to the question is necessary for the sake of completeness to fully understand the testimony that follows. |
| 99:6-100:16 | CS , V - 99:20-24; CS, V, - 100:8-13 | CS: Not speculation; V: Not vague; witness asked for clarification understood and answered. |
| 100:23-24 | 402 | 402: Not irrelevant; see FRE 106. Counsel's objection to the question is necessary for the sake of completeness to fully understand the testimony that follows. |
| 101:7-25 | 402, CS - 101:12-15 | 402: Relevant to discriminatory intent/effect. CS: Not speculation. |
| 103:21-23 | 402 | 402: Not irrelevant; see FRE 106. Counsel's objection to the question is necessary for the sake of completeness to fully understand the testimony that follows. |
| 104:10-18 | 402 | 402: Not irrelevant; see FRE 106. Counsel's objection to the question is necessary for the sake of completeness to fully understand the testimony that follows. |
| 110:2-111:22 | V, CS - 107:17-22 | Improper objection designation (107:17-22 excludes question and no objections raised at deposition within range, therefore waived). |

*Texas v. Holder* - Defendant's Opposition to Plaintiff's Objections to Attorney General's Counter-Designations

| | | |
|---|---|---|
| 113:10-14 | 402 | 402: Not irrelevant; see FRE 106. Counsel's objection to the question is necessary for the sake of completeness to fully understand the testimony that follows. |
| 124:8-125:13 | L - 125:2-6 | L: No legal conclusion is called for; witness is asked to describe differences between statutes based on the "face of the statutes." Witness answers with "On the face of this bill…" |
| 136:5-137:3 | V - 136:5-6; V, CQ - 136:19-20 | V: Not vague. Compound question, but witness understands and answers. |
| 142:2-18 | 602, CS - 142:2-18 | Objection cured at deposition (142:2-18). |
| 142:19-143:24 | 602 - 142:19-143:21; MC - 143:4-6 | 602: Witness is being asked to clarify statement suggesting that witness has personal knowledge. MC: Objection not raised at deposition. Witness rephrases and answers question as he understood it, therefore cured. |
| 148:7-149:3 | 602 (148:7-21) | Cured at 148:23-149:3. Witness asks for and receives clarification on question, understands and answers; cited questions and answers were necessary to determine what questions and answers could be addressed considering privilege objections. |
| 149:4-24 | 402 (149:22) | 402: Not irrelevant; see FRE 106. Counsel's objection to the question is necessary for the sake of completeness to fully understand the testimony that follows. |
| 149:8-12 | 402 | 402: Not irrelevant; see FRE 106. Counsel's objection to the question is necessary for the sake of completeness to fully understand the testimony that follows. |
| 149:25-150:23 | 402 (150:3-7) | 402: Not irrelevant; see FRE 106. Counsel's objection to the question is necessary for the sake of completeness to fully understand the testimony that follows. |
| 151:2-7 | 602 | 602: Question is one of fact, whether witness has personal knowledge of the fact of a matter. |
| 152:6-153:16 | 602 | 602: Question is one of fact, whether witness has personal knowledge of the fact of a matter. |
| 153:17-154:6 | F, 602 | F: Objection not raised at deposition, therefore waived. 602: Question is one of fact, whether witness has personal knowledge of the fact of a matter. |
| 160:16-24 | AR | Objection not raised at deposition, therefore waived. AR: Asks a question, does not make argument. |
| 167:7-13 | 402 | 402: Not irrelevant; see FRE 106. Counsel's objection to the question is necessary for the sake of completeness to fully understand the testimony that follows. |
| 168:4-12 | 402 | 402: Not irrelevant; see FRE 106. Counsel's objection to the question is necessary for the sake of completeness to fully understand the testimony that follows. |
| 168:21-22 | 402 | 402: Not irrelevant; see FRE 106. Counsel's objection to the question is necessary for the sake of completeness to fully understand the testimony that follows. |
| 169:9-16 | 402 | 402: Not irrelevant; see FRE 106. Counsel's objection to the question is necessary for the sake of completeness to fully understand the testimony that follows. |
| 188:5-189:1 | V - 188:5-7; CQ 188:19; CQ 188:23-24 | V: Not vague; CQ: Both compound questions, but witness understood and answered both. |
| 189:6-190:9 | CQ - 189:7-8 | CQ: Compound question, but witness understood and answered. |
| 190:10-191:23 | V: 190:10-11; V 191:3-4; 602: 190:19-25 | V: Not vague. Witness understood and answered both questions at issue here. 602: Question is one of fact, whether witness has personal knowledge of the fact of a matter. |
| 193:2-6 | MC | MC: Does not mischaracterize witness testimony. Witness answers and clarifies. |
| 201:15-202:22 | 402 (201:19-23; 202:4-7); AA - 202:12-14 | 402: Not irrelevant; see FRE 106. Counsel's objection to the question is necessary for the sake of completeness to fully understand the testimony that follows. AA: Asked and answered, as was necessary for the purpose of clarifying witness' testimony to the counsel. |

*Texas v. Holder* - Defendant's Opposition to Plaintiff's Objections to Attorney General's Counter-Designations

| 207:6-208 | 403; incomplete designation. | 402: Not unduly prejudicial, confusing or misleading. Complete once reply designation is included. |
|---|---|---|
| 209:1-10 | CS - 209:4-6 | CS: Not speculation. Asks for testimony as to knowledge of objective facts. |
| 213:17-214:4 | 402 (213:19-23) | 402: Not irrelevant; see FRE 106.  Counsel's objection to the question is necessary for the sake of completeness to fully understand the testimony that follows. |
| 215:25-218:6 | 402 (215:25-217:1; 217:6-8; 217:22-23) | 402: Not irrelevant; see FRE 106.  Counsel's objection to the question is necessary for the sake of completeness to fully understand the testimony that follows. |
| 218:7-220:4 | A/C 219:11-12 | A/C: witness declines to answer and cites privilege. |
| 221:9-9 | 402 | 402: Complete once reply designation is included. |
| 224:9-18 | AF - 224:15-16 | AF: Does not assume fact not in evidence. At 126:15-22, witness testifies, "It's fair to say that those election laws goes [sic] to State Affairs Committee." |
| 225:9-226:4 | 402 (225:11-19) | 402: Not irrelevant; see FRE 106.  Counsel's objection to the question is necessary for the sake of completeness to fully understand the testimony that follows. |
| 230:14-323:4 | V - 230:20-21 | V: Not vague |
| 232:18-233:6 | CS | CS: Not speculation. Asks for testimony as to knowledge of objective facts. |
| 235:9-13 | 402 (235:9) | 402: Not irrelevant, as counsel's partial sentence and decision to strike are permissible for the sake of completeness. |
| 238:2-15 | AA - 238:2-3 | AA: Not asked and answered. Question asks specifically about conversations with Sen. Fraser's staff. |
| 239:10-15 | AA | AA: Asked and answered, as was necessary for purpose of clarifying testimony to counsel. |
| 240:18-214:17 | 402 (240:20-21) | 402: Not irrelevant; see FRE 106.  Counsel's objection to the question is necessary for the sake of completeness to fully understand the testimony that follows. |
| 240:20-21 | 402 | 402: Not irrelevant; see FRE 106.  Counsel's objection to the question is necessary for the sake of completeness to fully understand the testimony that follows. |
| 244:15-22 | 402 | 402: Not irrelevant; see FRE 106.  Counsel's objection to the question is necessary for the sake of completeness to fully understand the testimony that follows. |
| 246:24-247:5 | AA - 246:23-246:1 | AA: Not asked and answered. |
| 254:17-255:14 | V, AC - 254:18; CQ - 255:4-5 | V: Not vague.  AC: Not attorney client priviliged, only received instruction not to reveal privileged information. CQ: Compound question, but understood by witness and answered. |
| 262:25-263:263 | Line 263 does not exist | Complete and correct once reply designation is included. |
| 264:1-12 | CQ 264:1-2 | CQ: Compound question, but understood by witness and answered. |
| 270:6-271:8 | 602 | 602: Question is one of fact, whether witness has personal knowledge of the fact of a matter. |
| 285:13-17 | 402 | 402: Not irrelevant; see FRE 106.  Counsel's objection to the question is necessary for the sake of completeness to fully understand the testimony that follows. |
| 286:6-10 | 106 - should include 285:18 - 286:5 | 106: Section complete and does not require additional portions for the full and fair comprehension of the designated testimony. |
| 288:11-289:20 | AA | AA: Not asked and answered. |
| 289:25-290:1 | 402 | 402: Not irrelevant; see FRE 106.  Counsel's objection to the question is necessary for the sake of completeness to fully understand the testimony that follows. |
| 290:13-20 | 402 | 402: Not irrelevant; see FRE 106.  Counsel's objection to the question is necessary for the sake of completeness to fully understand the testimony that follows. |

*Texas v. Holder* - Defendant's Opposition to Plaintiff's Objections to Attorney General's Counter-Designations

| | | |
|---|---|---|
| 295:4-5 | 402 | 402: Not irrelevant; see FRE 106. Counsel's objection to the question is necessary for the sake of completeness to fully understand the testimony that follows. |
| 295:2-296:5 | 402 (295:14-15); AA, RR (295:24-296:5) | 402: Not irrelevant; see FRE 106. Counsel's objection to the question is necessary for the sake of completeness to fully understand the testimony that follows. AA: Not asked and answered. Question asks specifically about conversations with Sen. Fraser's staff. RR: Not a proper objection. Questioning not argumentative. |
| 302:16-305:4 | 402 (303:23-304:3; 304:20-25) | 402: Not irrelevant; see FRE 106. Counsel's objection to the question is necessary for the sake of completeness to fully understand the testimony that follows. |
| 310:1-25 | AF | AF: Does not assume a fact not in evidence. |
| 311:4-21 | AF | AF: Does not assume a fact not in evidence. |
| 323:23-324:3 | 602 | 602: Question is one of fact, whether witness has personal knowledge of the fact of a matter. |
| 326:18-19 | 402 | 402: Not irrelevant; see FRE 106. Counsel's objection to the question is necessary for the sake of completeness to fully understand the testimony that follows. |
| 326:25-25 | 402 | 402: Not irrelevant; see FRE 106. Counsel's objection to the question is necessary for the sake of completeness to fully understand the testimony that follows. |
| 327:7-8 | 402 | 402: Not irrelevant; see FRE 106. Counsel's objection to the question is necessary for the sake of completeness to fully understand the testimony that follows. |
| 327:16-333:2; 327:22-328:8 | AC | AC: Content of testimony not attorney-client privileged. Witness only instructed by counsel to not reveal information that is under such privilege. |
| 334:21-336:11; 335:11-336:11 | 402 (335:24-336:4) | 402: Not irrelevant; see FRE 106. Counsel's objection to the question is necessary for the sake of completeness to fully understand the testimony that follows. |
| 337:8-338:11 | V, CS - 337:20-22 | V: Not vague. CS: Not speculation. |
| 339:23-340:12 | 403 | 402: Relevant as to discriminatory intent/effect. |
| 351:2-354:8 | AF (351:13-354:8) | AF: Does not assume a fact not in evidence. |
| 361:4-362:3 | CS - 361:21-25 | CS: Does not call for speculation, as the question is to witness' personal opinion. |
| 365:1-366:11 | AF | AF: Does not assume a fact not in evidence. |
| | | |

*Texas v. Holder* - Defendant's Opposition to Plaintiff's Objections to Attorney General's Counter-Designations

| ERIC KENNIE DEPOSITION TAKEN JUNE 6, 2012 | | |
|---|---|---|
| **Attorney General's June 25, 2012 Counter-Designations** | **Plaintiff's Objections to Attorney General's Counter-Designations** | **Attorney General's Opposition to Plaintiff's Objections to Attorney General's Counter-Designations** |
| 23:6-25:17 | 402 | 402: Relevant to show lack of ID and burden of SB 14. |
| 31:23-32:9 | 602-witness testifies he lacks knowledge as to whether he was required to provide proof of citizenship to receive his ID (32:6-9) | 602: The witness testified that he believed he did not have to show proof of citizenship. This is based on personal knowledge. |
| 43:21-45:10 | 106-(44:1-22); Obj and instructions from attorneys are not testimony evidence and should be redacted (43:23-5) | 106: Citation complete; attorney objections are relevant to show objections and, at times, shape testimony, therefore, they are included in our designations. |
| DENNIS LEOPOLD DEPOSITION TAKEN JUNE 19, 2012 | | |
| **Attorney General's June 25, 2012 Counter-Designations** | **Plaintiff's Objections to Attorney General's Counter-Designations** | **Attorney General's Opposition to Plaintiff's Objections to Attorney General's Counter-Designations** |
| 24:33-25:16 | Line 33 does not exist | Complete once reply designation is included. |
|  |  |  |

*Texas v. Holder* - Defendant's Opposition to Plaintiff's Objections to Attorney General's Counter-Designations

| GERMAINE MARTINEZ DEPOSITION TAKEN APRIL 17, 2012 | | |
|---|---|---|
| **Attorney General's June 25, 2012 Counter-Designations** | **Plaintiff's Objections to Attorney General's Counter-Designations** | **Attorney General's Opposition to Plaintiff's Objections to Attorney General's Counter-Designations** |
| 12:21-12:8 | 106 should include 12:15-20 | Complete once reply designation is included. |
| 23 | Not a valid designation. | Complete once reply designation is included. |
| 29 | Not a valid designation. | Complete once reply designation is included. |
| 38:2-12 | AA | AA: Not asked and answered. |
| 46:4-23 | 106 should include 46:1-3 | Complete once reply designation is included. |
| 45:24-48:18 | AF - 48:7-8 | AF: Does not assume fact not in evidence. Question was to clarify witness' testimony. Witness answered and clarified. |
| 51:5-11 | 106 should include 50:13-51:4 | 106: Complete. Additional portions not necessary to fairly understand the context and substance of the designated testimony. |
| 52:8-15 | 106 - should include 51:19-52:7 | Complete once reply designation is included. |
| 55:16-22 | 106 - Should include 55:15-55:19-23 | Complete once reply designation is included. |
| 63:14-16 | 107 - should include 63:5-13 | Complete once reply designation is included. |
| 77:22-79:2 | AF - 78:13 | AF: Does not assume fact not in evidence. |
| | | |

*Texas v. Holder* - Defendant's Opposition to Plaintiff's Objections to Attorney General's Counter-Designations

| | | GLORIA MARTINEZ DEPOSITION TAKEN APRIL 17, 2012 |
|---|---|---|
| **Attorney General's June 25, 2012 Counter-Designations** | **Plaintiff's Objections to Attorney General's Counter-Designations** | **Attorney General's Opposition to Plaintiff's Objections to Attorney General's Counter-Designations** |
| 17:21-18:6 | 106 - (17:3-21; 18:7-9) | Complete once reply designation is included. |
| 23:2-21 | 602 - witness testifies she lacks personal knowledge about whether snapshots fo the database are archived (23:3-7); 106 - missing asnswer to question asked (23:22-23); begins in middle of answer (23:2) | 106: Complete once reply designation is included.  602: Testimony does not violate 602, as the witness is not testifying to a matter but simply stating a lack of knowledge. |
| 26:18-27:3 | 402 | 402: Relevant as to database matching process. |
| 27:24-28:5 | 402 | 402: Relevant as to database matching process. |
| 42:20-43:15 | AA; 106 - (42:16-19) | AA: Not asked and answered. 106: No objection. |
| 47:1-48:6 | 402, 602, CS | 402: Relevant as to database matching process.  602: Testimony does not violate 602, as the witness is not testifying to a matter but simply stating a lack of knowledge. CS: Not speculation. Properly opinion testimony under FRE 701 as the witness' "guess" is rationally based on the witness' perception, helpful and is not a matter of scientific or expert knowledge. |
| 52:8-14 | 402 | 402: Relevant as to database matching process. |
| | | |
| | | TREY MARTINEZ-FISCHER DEPOSITION TAKEN JUNE 15, 2012 |
| **Attorney General's June 25, 2012 Counter-Designations** | **Plaintiff's Objections to Attorney General's Counter-Designations** | **Attorney General's Opposition to Plaintiff's Objections to Attorney General's Counter-Designations** |
| 103:2-12 | 106 | 106: Complete. Previous question and any other portion not necessary in order to fairly understand the substance of the designated testimony. |
| | | |

*Texas v. Holder* - Defendant's Opposition to Plaintiff's Objections to Attorney General's Counter-Designations

| JANICE MCCOY DEPOSITION TAKEN MAY 16, 2012 | | |
|---|---|---|
| **Attorney General's June 25, 2012 Counter-Designations** | **Plaintiff's Objections to Attorney General's Counter-Designations** | **Attorney General's Opposition to Plaintiff's Objections to Attorney General's Counter-Designations** |
| 34:23-37:18 | L, 402 | L: Personal understanding of legislation not a legal conclusion. Properly opinion testimony under FRE 701. 402: Testimony clearly relevant to the development and passage of voter ID legislation. |
| 38:2-41:23 | L, V (38:3-39:9; 39:15-18); CS (39:15-18) | L: Personal understanding of legislation not a legal conclusion.  V: Not vague, as witness understood and answered.  CS: Not speculation. This is admissible opinion testimony under FRE 701, as it is rationally based on the witness' perception, helpful and is not a matter of scientific or expert knowledge. |
| 44:19-45:13 | CS | CS: Not speculation. Properly opinion testimony under FRE 701 as it is rationally based on the witness' perception, helpful and is not a matter of scientific or expert knowledge. |
| 60:15-62:9 | 402 (60:16-24) | 402:  Not irrelevant; see FRE 106.  Counsel's objection to the question is necessary for the sake of completeness to fully understand the testimony that follows. |
| 77:2-14 | 402 (77:4-11) | 402:  Not irrelevant; see FRE 106.  Counsel's objection to the question is necessary for the sake of completeness to fully understand the testimony that follows. |
| 78:2-20 | 402, AR, AF | 402: Relevant as to preclearance.  AR: Not argumentative.  AF: Does not assume fact not in evidence. |
| 94:19-97:5 | 402 (96:13-20); 106 (97:1-5) | 402:  Not irrelevant; see FRE 106.  Counsel's objection to the question is necessary for the sake of completeness to fully understand the testimony that follows.  106:  Witness asserts legislative privilege at 97:11. |
| 101:3-105:22 | CS (101:3-11); 402 (101:14-19) | CS: Not speculation. Properly opinion testimony under FRE 701 as it is rationally based on the witness' perception, helpful and is not a matter of scientific or expert knowledge.  402:  Not irrelevant; see FRE 106.  Counsel's objection to the question is necessary for the sake of completeness to fully understand the testimony that follows. |
| 108:6-110:5 | CS | CS: Not speculation. Asks for testimony as to knowledge of objective facts. |
| 113:25-114:16 | V, CS | V: Not vague, as witness understood and answered. CS: Not speculation. Asks for testimony as to knowledge of objective facts. |
| 122:14-123:19 | CS | CS: Not speculation. Asks for testimony as to knowledge of objective facts. |
| 128:10-130:14 | 402 (129:2-4) | 402:  Not irrelevant; see FRE 106.  Counsel's objection to the question is necessary for the sake of completeness to fully understand the testimony that follows. |
| 143:1-144:13 | AR, CS | AR: Not argumentative.  CS: Not speculation. |
| 145:4-147:24 | CS (145:14-146:14) | CS: Not speculation. |
| 148:5-150:15 | L | L: Witness' understanding and interpretation of legislation, the Constitution, and the fundamental rights preserved therein, is part of the role and responsibilities of a legislator, and is not a legal conclusion. |
| 150:10-155:24 | 402 (150:20-23) | 402:  Not irrelevant; see FRE 106.  Counsel's objection to the question is necessary for the sake of completeness to fully understand the testimony that follows. |

*Texas v. Holder* - Defendant's Opposition to Plaintiff's Objections to Attorney General's Counter-Designations

| 166:13-168:2 | AF, MC | AF: Does not assume a fact in evidence, simply asks if witness is aware. MC: Does not mischaracterize testimony. Transcript of earlier testimony read aloud verbatim. |
|---|---|---|
| 170:3-171:2 | 402 | 402: Clearly relevant to SB 14. |
| 174:3-177:22 | CS, 106 | CS: Not speculation. Properly opinion testimony under FRE 701 as it is rationally based on the witness' perception, helpful and is not a matter of scientific or expert knowledge. 106: Complete once reply designation is included. |
| 181:15-185:14 | CS | CS: Not speculation. Properly opinion testimony under FRE 701 as it is rationally based on the witness' perception, helpful and is not a matter of scientific or expert knowledge. |
| 186:20-189:19 | 106 | Complete once reply designation is included. |
| 190:18-26 | L; Line 26 does not exist | Complete once reply designation is included. L: question does not require a legal conclusion. |
| 192:17-193:10 | 402 (192:18-25) | 402: Not irrelevant; see FRE 106. Counsel's objection to the question is necessary for the sake of completeness to fully understand the testimony that follows. |
| 197:12-198:23 | 402 | 402: Relevant to voter ID legislation. |
| 198:24-201:18 | AR, CS | AR: Not argumentative. CS: Not speculation. Properly opinion testimony under FRE 701 as it is rationally based on the witness' perception, helpful and is not a matter of scientific or expert knowledge. |
| 201:25-204:5 | V, MC | V: Not vague, as witness understood and answered. MC: Does not mischaracterize witness' testimony. Witness answers affirmatively. |
| 205:11-13 | 402, 106 | Complete and relevant once reply designation is included. |
| 205:17-18 | 402, 106 | Complete and relevant once reply designation is included. |
| 218:9-10 | V, 106 | Complete and relevant once reply designation is included. |
| 222:12-223:10 | CS | CS: Not speculation. Properly opinion testimony under FRE 701 as it is rationally based on the witness' perception, helpful and is not a matter of scientific or expert knowledge. |
| 223:15-20 | 402, 106 | 402: Not irrelevant, as counsel's objection/instruction as to the question is necessary for the sake of completeness: to fully understand the testimony that follows, see FRE 106. 106: Complete once reply designation is included. |
| 224:3-4 | 402, 106 | 402: Not irrelevant, as counsel's objection/instruction as to the question is necessary for the sake of completeness: to fully understand the testimony that follows, see FRE 106. 106: Complete once reply designation is included. |
| 224:12-225:1; 224:16-25 | 106 | Complete once reply designation is included. |
| 225 | Not a valid designation | Complete and correct once reply designation is included. |
| 228:10-233:8 | V | V: Not vague, as witness understood and answered. |
| 243:7-247:8 | 106 | Complete once reply designation is included. |
| 248:9-251:9 | 106, MC, 402 (251:6-7) | Complete once reply designation is included. 402: Relevant as to legislative intent. |
| 252:5-225:21 | V | V: Not vague, as witness understood and answered. |
| 258:10-265:15 | MC, CS, V | MC: Does not mischaracterize witness testimony. Witness answers and clarifies. CS: Not speculation. This is admissible opinion testimony under FRE 701, as it is rationally based on the witness' perception, helpful and is not a matter of scientific or expert knowledge. V: Not vague, as witness understood and answered. |

*Texas v. Holder* - Defendant's Opposition to Plaintiff's Objections to Attorney General's Counter-Designations

| 269:6-270:25 | AF, V | AF: Does not assume a fact in evidence, simply asks if witness is aware.  V: Not vague |
| 278:25-279:8 | 106 | Complete once reply designation is included. |
| 279:15-281:14 | 106 | Complete once reply designation is included. |
| 282:8-283:13 | 106 | Complete once reply designation is included. |
| | | |
| ANN MCGEEHAN DEPOSITION TAKEN MAY 31, 2012 | | |
| **Attorney General's June 25, 2012 Counter-Designations** | **Plaintiff's Objections to Attorney General's Counter-Designations** | **Attorney General's Opposition to Plaintiff's Objections to Attorney General's Counter-Designations** |
| 278:4-278:279 | Not a valid designation. | Complete and correct once reply designation is included. |
| | | |

*Texas v. Holder* - Defendant's Opposition to Plaintiff's Objections to Attorney General's Counter-Designations

| MAJOR FORREST MITCHELL DEPOSITION TAKEN JUNE 15, 2012 | | |
|---|---|---|
| **Attorney General's June 25, 2012 Counter-Designations** | **Plaintiff's Objections to Attorney General's Counter-Designations** | **Attorney General's Opposition to Plaintiff's Objections to Attorney General's Counter-Designations** |
| 46:10-12 | 402 | Revelant background information |
| 91:10-11 | 106 | 106: Complete once reply designation is included. |
| 109:20-110:8 | 602, F, 801 | 602: Witness not testifying to fact about which he does not have personal knowledge. F: Foundation is Exhibit 587 and witness' personal knowledge. 801: Not hearsay. Press release is an opposing party statement. FRE 801(d)(2). |
| 110:13-18 | BER | BER: Testimony admissible under FRE 1007 ("The proponent may prove the content of a writing, recording, or photograph by the testimony, deposition, or written statement of the party against whom the evidence is offered. The proponent need not account for the original."). |
| 128:21-130:12 | 602, F, 801 | 602: Witness clearly demonstrates personal knowledge of the topic about which witness is testifying. F: Foundation is Exhibit 590. Exhibit recognized by witness. 801: Not hearsay. Opposing party statement FRE 801. |
| 132:04-14 | 602, F, 801 | 602: Witness clearly demonstrates personal knowledge of the topic about which witness is testifying. F: Foundation is Exhibit 590. Exhibit recognized by witness. 801: Not hearsay. Opposing party statement FRE 801. |
| 157:22-158:2 | 106 | Complete once reply designation is included. |
| 182:18-25 | 106 | 106: Question not necessary to fairly understand the substance and context of testimony. |
| 165:2-6 | 402 | 402: Not irrelevant, as counsel's objection/instruction is necessary for the sake of completeness: to fully understand the testimony that follows, see FRE 106. |
| 155:19-20 | 106 | Complete once reply designation is included. |
| 214:7-215:11 | CS, L | CS: Not speculation. Properly opinion testimony under FRE 701 as it is rationally based on the witness' perception, helpful and is not a matter of scientific or expert knowledge. L: Personal understanding of legislation not a legal conclusion. |
| 224:12-224:14 | 402 | 402: Not irrelevant, as counsel's objection/instruction is necessary for the sake of completeness to fully understand the testimony that follows, see FRE 106. |
| 224:25-225:2 | 402 | 402: Not irrelevant, as counsel's objection/instruction is necessary for the sake of completeness to fully understand the testimony that follows, see FRE 106. |
| | | |

*Texas v. Holder* - Defendant's Opposition to Plaintiff's Objections to Attorney General's Counter-Designations

| RICHARD PARSONS DEPOSITION TAKEN JUNE 14, 2012 | | |
|---|---|---|
| **Attorney General's June 25, 2012 Counter-Designations** | **Plaintiff's Objections to Attorney General's Counter-Designations** | **Attorney General's Opposition to Plaintiff's Objections to Attorney General's Counter-Designations** |
| 7:21-8:2 | 8:1-2 is question only without answer | Complete once reply designation is included. |
| 38:25-39:6 | 106 (37:10-38:7) | 106: Complete. Additional portions not necessary to fairly understand the substance and context of designated testimony. |
| 53:5-54:6 | 701, E, 801, A, CS, V, AF, F; Questions refer to and based upon an exhibit not identified nor admissible, the document speaks for itself | Exhibit 7 was introduced, authenticated, and foundation provided by witness.  701: Properly opinion testimony under FRE 701 as it is rationally based on the witness' perception, helpful and is not a matter of scientific or expert knowledge.  E: Not attempting expert testimony, but instead this is properly lay witness opinion testimony under FRE 701.  801: Not hearsay. Exhibit not referenced for its truth, but to refresh witness' memory as to document witness had previously referenced in order to determine the past and present mental imperssions of the witness.  CS: Not speculation. Properly opinion testimony under FRE 701.  V: Not vague, as witness understands and answers.  AF: Does not assume fact not in evidence. |
| 73:12-75:21 | 74:3-75:3; F, CS, V, MC;  75:10-21: CS, AA, AF, H, V | F: Foundation based on witness' personal knowledge and experience detailed in prior testimony.  CS: Not speculation. Properly opinion testimony under FRE 701 as it is rationally based on the witness' perception, helpful and is not a matter of scientific or expert knowledge.  V: Not vague, understood and answered by witness.  MC: Does not mischaracterize witness testimony, as witness answered and clarified.   AA: Not asked and answered.  AF: Does not assume fact not in record.  H: Not harassment or unduly embarrassing to witness.  V: Not vague, witness understood and answered. |
|  |  |  |

*Texas v. Holder* - Defendant's Opposition to Plaintiff's Objections to Attorney General's Counter-Designations

| DAN PATRICK DEPOSITION TAKEN MAY 30, 2012 | | |
|---|---|---|
| **Attorney General's June 25, 2012 Counter-Designations** | **Plaintiff's Objections to Attorney General's Counter-Designations** | **Attorney General's Opposition to Plaintiff's Objections to Attorney General's Counter-Designations** |
| 46:3-27:8 | Not a valid designation | Complete once reply designation is included. |
| 49:17-50:18 | Relevance | 402: Relevant as to voter ID law's preclearance. |
| 51:8-10 | Relevance | 402: Relevant as to voter fraud, irregularities. |
| 52:15-17 | Relevance | 402: Relevant as to discriminatory intent/effect. |
| 139:13-140:9 | Incomplete | Complete once reply designation is included. |
| 170:23-171:13 | Argumentative | AR: Not argumentative. |
| 183:1-185:17 | Incomplete; 402 | 106: Complete. Additional portions not necessary in order to fairly understand the context and substance of the designated testimony. |
| 233:4-14 | Asked and answered | AA: Asked, but not clearly answered. |
| 251:15-254:1 | 801 | 801: Not offered for the truth of the matter, but to refresh witness's memory about the incident and to lay a foundation for his alternative interpretation of the matter. |
| 261:16-263:16 | Objection misstates testimony, argumentative | MC: Does not mischaracterize witness' testimony. Witness answers and clarifies. AR: Not argumentative. |
| 263:17-267:3 | 801 | 801: Not hearsay. Newspaper article not being offered for its truth, but rather to refresh witness' memory as to the situation surrounding the passage of the bill. |
| | | |

*Texas v. Holder* - Defendant's Opposition to Plaintiff's Objections to Attorney General's Counter-Designations

| | JULIA RATHGEBER DEPOSITION TAKEN MAY 29, 2012 | |
|---|---|---|
| **Attorney General's June 25, 2012 Counter-Designations** | **Plaintiff's Objections to Attorney General's Counter-Designations** | **Attorney General's Opposition to Plaintiff's Objections to Attorney General's Counter-Designations** |
| 34:4-32:19 | V, AF | V: Not vague, specially asks what witness does to prepare for preclearance. AF: Does not assume facts. |
| 51:7-51:23 | 106 | 106: Section complete. Plaintiffs do not indicate which other sections should be included for the sake of completeness. |
| 54:24-55:8 | 106 | 106: Section complete. Plaintiffs do not indicate which other sections should be included for the sake of completeness. |
| 86:20-87:16 | 402 | 402: Relevant; goes to discriminatory purpose. |
| 98:19-100:10 | L, CS | L, CS: Neither speculatory nor a legal conclusion; testimony relates to how the crafters of SB14 interpreted minorities' right to vote, which is relevant to whether their purpose was compliant with the VRA. |
| 122:16-122:20 | CS | CS: Not speculation, rationally based on witness' understanding of photo ID eligibility, crucial to the legislature's passage of SB14. |
| 127:10-128:16 | AF | AF: Does not assume facts not in evidence. |
| 134:9-135:11 | 402, AF | AF: Facts are in evidence. 402: Relevant: goes to procedural irregularities. |
| 138:3-138:10 | 402 | 402: Relevant: goes to procedural irregularities. |
| 143:25-145:20 | CS, CQ, V, 402 | 402: Relevant re procedural irregularities and less discriminatory alternatives. V: not vague. CS, CQ: questions are clearly understood and answered by witness and answers are rationally based in her experience researching voter ID alternates. |
| 158:5-158:18 | AF, AR, 402 | AF: Evidence in the record that key players in SB362 did not investigate impact on minority voters. AR: Not argumentative. 402: Relevant to discriminatory purpose and lack of investigation of discriminatory effect. |
| 175:11-176:5 | CS | CS: Not speculative, rationally based in her experience and perceptions as a legislative staffer. |
| 177:9-177:19 | 106 | Complete once reply designation is included. |
| 178:10-178:21 | 402, AF | 402: Relevant re procedural irregularities. AF: Asssumes no facts not in evidence. |
| 186:5-186:14 | 402 | 402: Relevant to discriminatory intent. |
| 203:11-205:13 | V | V: Objection noted, and question rephrased without objection to rephrased question. |
| 214:14-216:6 | CS, AF | AF: No facts assumed which are not in evidence. Question asked directly about deposition exhibit. CS: Question asks for rational perceptions based on witness' experience in legislative process and Texas politics, and witness is able to answer as such. |
| 244:4-245:17 | AR, CS, V, MC | V: Not vague, asks specific question about witness' personal experience with fraudulent ID which she is able to answer. MC: no mischaracterization. |
| 247:10-247:21 | 402, CS, AF | 402: This is plainly relevant--goes to discriminatory purpose and indifference toward discriminatory effect. AF: Facts presented are in evidence. CS: Calls for the witness to answer based on her experience and perceptions, and she is able to do so. |

*Texas v. Holder* - Defendant's Opposition to Plaintiff's Objections to Attorney General's Counter-Designations

| | | |
|---|---|---|
| 252:18-253:5 | V, AR, AF | V: Not vague, asks about specific change in proposed VID law between 2009 and 2011. AR: Not argumentative. AF: Facts assumed are not only in evidence but have been admitted by witness prior to this point in this deposition. |
| 262:1-262:7 | V | V: Not vague, asks if anyone conducted a particular study and witness answered. |
| 264:16-265:8 | CS | CS: Ps Counsel instruct witness not to speculate and not to answer if she doesn't know. She says she does know and gives an answer. |
| 275:13-276:1 | AR, AF | AR: Not argumentative, asks witness about specific requirements of SB14. AF: Does not assume facts. |
| 277:3-277:14 | AR, CS | AR: Not argumentative, asks witness about specific requirements of SB14. CS: Counsel instruct witness not to speculate, but she says she does know and gives an answer. |
| 280:5-280:12 | V, CS, 402 | 402: Relelevant re discriminatory effect on minorities in rural areas. V: Not vague, asks specific question about the specific effect of SB14 on many voters. CS: Calls for answer rationally based on witness' experience and perceptions, which she answers despite her counsel's instructions re: speculation. |
| 297:18-297:25 | 106 | 106: extra designations wholly irrelevant to designated portion. |
| 308:22-309:6 | L | L: Not a legal conclusion, goes to lay definition of discriminatory intent. |
| 318:25-320:18 | CS, AR, V | CS: Does not call for speculation, calls for an opinion rationally based on the documents in front of her and her experience with SB14. AR: Not argumentative. V: Not vague. |
| 327:11-327:21 | 402, AR | AR: Not argumentative. 402: Relevant to discriminatory purpose and discriminatory effect on minorities. |
| | | |

*Texas v. Holder* - Defendant's Opposition to Plaintiff's Objections to Attorney General's Counter-Designations

| DEBBIE RIDDLE DEPOSITION TAKEN MAY 31, 2012 | | |
|---|---|---|
| **Attorney General's June 25, 2012 Counter-Designations** | **Plaintiff's Objections to Attorney General's Counter-Designations** | **Attorney General's Opposition to Plaintiff's Objections to Attorney General's Counter-Designations** |
| 45:15-52:17 | 106 | Complete once reply designation is included. |
| 151:23-151:16 | Not a valid designation | Complete and correct once reply designation is included. |
| 157:23-157:24 | 402 | 402: Relevant to give context of the limited nature of Rep. Riddle's answers. |
| 165:12-165:19 | 402 | 402: Relevant to give context of the limited nature of Rep. Riddle's answers. |

| VICTORIA RODRIGUEZ DEPOSITION TAKEN JUNE 12, 2012 | | |
|---|---|---|
| **Attorney General's June 25, 2012 Counter-Designations** | **Plaintiff's Objections to Attorney General's Counter-Designations** | **Attorney General's Opposition to Plaintiff's Objections to Attorney General's Counter-Designations** |
| 1:4-12 | Not a valid designation | Complete once reply designation is included. |

| LETICIA SALAZAR DEPOSITION TAKEN JUNE 14, 2012 | | |
|---|---|---|
| **Attorney General's June 25, 2012 Counter-Designations** | **Plaintiff's Objections to Attorney General's Counter-Designations** | **Attorney General's Opposition to Plaintiff's Objections to Attorney General's Counter-Designations** |
| 8:21-10:19 | 9:22-10:2 V | V: Not vague; witness understands question and answers it clearly. |
| 17:25-18:4 | V, AA | V: Not vague. AA: Not asked and answered. |
| 29:7-15 | V, CS, 602(28:22-29:1) | V: Not vague or calling for speculation; witness is able to answer to the extent of her knowledge. 602: Cited passage does not demonstate lack of personal knowledge; rather it shows that the witness did not understand the question as it was originally phrased, and the phrasing was subsequently corrected. |

*Texas v. Holder* - Defendant's Opposition to Plaintiff's Objections to Attorney General's Counter-Designations

| MICHAEL SCHOFIELD DEPOSITION TAKEN JUNE 1, 2012 | | |
|---|---|---|
| **Attorney General's June 25, 2012 Counter-Designations** | **Plaintiff's Objections to Attorney General's Counter-Designations** | **Attorney General's Opposition to Plaintiff's Objections to Attorney General's Counter-Designations** |
| 33:2-33:11 | 106 | 106: Section complete. Plaintiffs do not indicate which other sections should be included for the sake of completeness. |
| 46:1-46:2 | 106 | Complete once reply designation is included. |
| 70:11-70:13 | V | V: Not vague, witness understands question and is able to answer. |
| 128:20-128:25 | 106 | Complete once reply designation is included. |
| 129:22-129:23 | 106 | 106: Section complete. Plaintiffs do not indicate which other sections should be included for the sake of completeness. |
| 149:13-149:20 | 106 | 106: Section complete. Plaintiffs do not indicate which other sections should be included for the sake of completeness. |
| | | |

*Texas v. Holder* - Defendant's Opposition to Plaintiff's Objections to Attorney General's Counter-Designations

| TODD SMITH DEPOSITION TAKEN JUNE 1, 2012 | | |
|---|---|---|
| **Attorney General's June 25, 2012 Counter-Designations** | **Plaintiff's Objections to Attorney General's Counter-Designations** | **Attorney General's Opposition to Plaintiff's Objections to Attorney General's Counter-Designations** |
| 44:18-45:12 | LC | LC: question calls for personal opinion and understanding of the Indiana case as it applies to his work as a Texas legislator. |
| 51:12-25 | F, 701, 602 | F: Proper foundation has been laid for a specific question on testimony he has or has not heard on voter impersonation. Foundation based on personal knowledge. 602: Testimony is rationally based on witness' personal knowledge and experience as a legislator.  701: Testimony is admissible opinion testimony under FRE 701, as it is rationally based on the witness' perception, helpful and is not a matter of scientific or expert knowledge. |
| 63:12-64:12 | F, V, A | F: Exhibit is identified and acknowledged by witness.  V: Not vague, as witness understands and answers. |
| 71:3-12 | F, V, CS | F: Foundation has been laid by previous testimony.  V: Question not vague, as witness understands and answers. 602: Answer rationally based on witness' knowledge and experience as a legislator working on this issue. |
| 72:11-73:21 | F, V, 602, Designation fails to identify exhibit referenced in question. | F: Exhibit is indentified earlier as US 102. Designation lays proper foundation to ask about exhibit. V: No question is vague.  602: Rep. Smith has personal knowledge and experience of prior bills as a legislator who has worked on the issue. |
| 78:8-80:17 | CS | CS: Does not call for speculation, calls for an opinion rationally based on his experience and deep knowledge of various Texas voter ID proposoals. This is admissible opinion testimony under FRE 701, as it is rationally based on the witness' perception, helpful and is not a matter of scientific or expert knowledge. |
| 94:7-95:3 | MC | MC: Does not mischaracterize witness testimony. Witness answers and clarifies. |
| 96:20-99:3 | CS (97:18-20) | CS: Not speculation. This is admissible opinion testimony under FRE 701, as it is rationally based on the witness' perception, helpful and is not a matter of scientific or expert knowledge. |
| 105:15-106:1 | CQ, V, CS | CQ, V: Witness understands and answers question.   CS: Not speculation. This is admissible opinion testimony under FRE 701, as it is rationally based on the witness' perception, helpful and is not a matter of scientific or expert knowledge. |
| 122:18-123:23 | 801 (123:18-23), MC | 801: Not hearsay. Opposing party testimony, FRE 801(d)(2).  MC: Does not mischaracterize witness' testimony, as witness answered and clarified in the affirmative. |
| 126:3-128:6 | CS (126:22-127:13); MC (127:14-128:2) | CS: Not speculation. This is admissible opinion testimony under FRE 701, as it is rationally based on the witness' perception, helpful and is not a matter of scientific or expert knowledge.  MC: Does not mischaracterize witness' testimony, as witness answered and clarified in the affirmative. |
| 138:1-139:4 | LC, V (138:17-22) | L: Witness' personal opinion and understanding of SB 14 as relates to his job as a Texas legislator is not a legal conclusion.  V: Not vague, witness understands and answers. |

*Texas v. Holder* - Defendant's Opposition to Plaintiff's Objections to Attorney General's Counter-Designations

| 142:19-143:20 | CS, 602 | Questions are relevant to purpose of SB 14, not previously asked and answered, and do not call for speculation. Testimony is admissible opinion testimony under FRE 701, as it is rationally based on the witness' perception, helpful and is not a matter of scientific or expert knowledge.  602: Testimony does not violate 602, as the witness is not testifying to a matter but simply stating a lack of knowledge. |
|---|---|---|
| 147:8-139:8 | CS (148:2-9, 148:23-149:8) | CS: Not speculation. This is admissible opinion testimony under FRE 701, as it is rationally based on the witness' perception, helpful and is not a matter of scientific or expert knowledge. |
| 154:1-156:20 | F, V, Questions reference an exhibit not identified or introcuced; CS (154:15-19) | Exhibit 109 was previously introduced and identified. V: Not vague, witness understands and answers.  CS: Not speculation. Properly opinion testimony under FRE 701 as it is rationally based on the witness' perception, helpful and is not a matter of scientific or expert knowledge. |
| 157:6-20 | V | V: Not vague. Witness understands and answers. |
| 158:21-164:16 | AF, CM | AF: Does not assume fact not in evidence.  MC: Does not mischaracterize witness testimony. Witness answers and clarifies. |
| 177:13-181:4 | AF (179:13-180:5); 801 (180:6-22) | AF: Does not assume fact not in evidence. Witness affirms fact.  801: Not hearsay. Statements not being ofFREed for their truth but for the objective fact that witness was advised of these matters. |
| 202:1-5 | F, 701, 602 | F: Foundation in previous testimony. 701: Proper opinion testimony under FRE 701, as it is rationally based on the witness' perception, helpful and is not a matter of scientific or expert knowledge.  602: Witness not testifying on a topic about which he lacks personal knowledge. Witness is testifying as to personal thoughts and opinions as to voter ID legislation that he has based in part on his role and responsibilities as a Texas legislator. |
| 205:16-206:11 | F, 701, CS, AF | F: Foundation in witness' previous testimony.  701: Proper opinion testimony under FRE 701 as it is rationally based on the witness' perception, helpful and is not a matter of scientific or expert knowledge.  CS: Not speculation. Properly opinion testimony under FRE 701.  AF: Does not assume fact not in record. |
| 212:10-214:14 | CS (213:25-214:11), V | CS: Not speculation. Properly opinion testimony under FRE 701 as it is rationally based on the witness' perception, helpful and is not a matter of scientific or expert knowledge.  V: Not vague, witness understood and answered. |
| 249:25-251:4 | V | V: Not vague. Witness understood and answered. |

| | | JOE STRAUS DEPOSITION TAKEN JUNE 11, 2012 |
|---|---|---|
| **Attorney General's June 25, 2012 Counter-Designations** | **Plaintiff's Objections to Attorney General's Counter-Designations** | **Attorney General's Opposition to Plaintiff's Objections to Attorney General's Counter-Designations** |
| 37:28-39:7 | Line 28 does not exist | Complete and correct once reply designation is included. |
| 167:10-169:10 | 106 | 106: Complete. Additional portions not necessary in order to fairly understand the context and substance of the designated testimony. |
| 180:2-180:14 | 402 | Relevant as to the content of and legislative process thorugh which voter ID legislation passed through legislature. |
| | | |

*Texas v. Holder* - Defendant's Opposition to Plaintiff's Objections to Attorney General's Counter-Designations

| CARLOS URESTI DEPOSITION TAKEN JUNE 11, 2012 | | |
|---|---|---|
| **Attorney General's June 25, 2012 Counter-Designations** | **Plaintiff's Objections to Attorney General's Counter-Designations** | **Attorney General's Opposition to Plaintiff's Objections to Attorney General's Counter-Designations** |
| 72:1-72:18 | 106 | Complete once reply designation is included. |
| 126:12 | 402 | Complete and relevant when considered with other designated passages. |
| | | |

| MARC VEASEY DEPOSITION TAKEN JUNE 7, 2012 | | |
|---|---|---|
| **Attorney General's June 25, 2012 Counter-Designations** | **Plaintiff's Objections to Attorney General's Counter-Designations** | **Attorney General's Opposition to Plaintiff's Objections to Attorney General's Counter-Designations** |
| 56:19-57:5 | 106 | 106: Section complete. Plaintiffs do not indicate which other sections should be included for the sake of completeness. |
| 61:7-61:22 | 106 | 106: Section complete. Plaintiffs do not indicate which other sections should be included for the sake of completeness. |
| | | |

*Texas v. Holder* - Defendant's Opposition to Plaintiff's Objections to Attorney General's Counter-Designations

| | | |
|---|---|---|
| MARK WHELAN DEPOSITION TAKEN JUNE 7, 2012 | | |
| **Attorney General's June 25, 2012 Counter-Designations** | **Plaintiff's Objections to Attorney General's Counter-Designations** | **Attorney General's Opposition to Plaintiff's Objections to Attorney General's Counter-Designations** |
| 29:6-30:3 | 106 (29:2-29:6) | Complete once reply designation is included. |
| 33:17-34:4 | V, CQ | V: Not vague. Witness understood and answered.  CQ: Compound question, but witness understood and answered. |
| 35:3-7 | V, Designation is to question only; no answer designated | V: Not vague. Witness understood and answered. Complete once reply designation is included. |
| | | |
| THOMAS WILLIAMS DEPOSITION TAKEN JUNE 7, 2012 | | |
| **Attorney General's June 25, 2012 Counter-Designations** | **Plaintiff's Objections to Attorney General's Counter-Designations** | **Attorney General's Opposition to Plaintiff's Objections to Attorney General's Counter-Designations** |
| 57:10-25 | AA (57:21-25) | AA: Not asked and answered, as prior question asked if witness had personal knowledge, and subsequent asked if witness had evidence of statement being true. |
| 58:16-17 | 106 (58:5-15) | Complete once reply designation is included. |
| 71:23-25 | Designation is to question only, no answer designated | Complete once reply designation is included. |
| 75:2-6 | Designation is to answer only and not question at 74:13-15 | 106: Queston not necessary to farily understand the context and substance of the designated testimony. |
| 83:16-18 | Designation is to question only and not answer. | Complete once reply designation is included. |
| 119:1-120:15 | 106 (118:25) | 106: Complete once reply designation is included. |
| 163:1-8 | 163:6-8 designation is to question only | Complete once reply designation is included. |
| 173:2-14 | 173:2 designates one line of incomplete question and answer | Complete once reply designation is included. |
| 181:12-17 | F | F: Foundation is the Senate rules and witness' personal knowledge and experience detailed in prior testimony. |
| 188:16-189:23 | Designation 188:16-17 is an answer only without question at 118:14 | Complete once reply designation is included. |
| 193:8-22 | LC, AF, the language of the statute speaks for itself | L: Does not call for legal conclusion but instead asks for an objective fact. AF: Does not assume fact not in record. |

*Texas v. Holder* - Defendant's Opposition to Plaintiff's Objections to Attorney General's Counter-Designations

| 194:25-195:16 | LC, AF, 602, the language of the statute speaks for itself | L: Witness' understanding and interpretation of legislation, the Constitution, and the fundamental rights preserved therein, is part of the role and responsibilities of a legislator, and is not a legal conclusion.  AF: Does not assume a fact not in the record.  602: Witness has personal knowledge regarding the Indiana law (see 192:24-193:4) and has experience reading and interpreting legislation as a Texas senator. |
| --- | --- | --- |
| 195:17-25 | LC, AF, the language of the statute speaks for itself | L: Witness' understanding and interpretation of legislation is not a legal conclusion.  AF: Does not assume a fact not in the record. |
| 196:21-197:16 | LC, AF, 602, the language of the statute speaks for itself | L: Witness' understanding and interpretation of legislation is part of the role and responsibilities of a legislator, and is not a legal conclusion.  AF: Does not assume a fact not in the record. 602: Witness has personal knowledge regarding the Georgia law and has experience reading and interpreting legislation as a Texas senator. |
| 197:17-23 | LC, AF, 602, the language of the statute speaks for itself | L: Witness' understanding of a piece of legislation relates to witness' job as a legislator and is not a legal conclusion.  AF: Does not assume a fact not in the record. 602: Witness has personal knowledge regarding the Georgia law and has experience reading and interpreting legislation as a Texas senator. Furthermore, testimony does not violate 602, as witness did not testify to the matter but instead stated lack of knowledge as to what is a tribal identification card. |
| 197:24-198:4 | LC, AF, 602, the language of the statute speaks for itself | L: Witness' understanding and interpretation of legislation is part of the role and responsibilities of a legislator, and is not a legal conclusion.  AF: Does not assume a fact not in the record. 602: Witness has personal knowledge regarding the Georgia law and has experience reading and interpreting legislation as a Texas senator. |
| 198:5-13 | LC, AF, 602, the language of the statute speaks for itself | L: Witness' understanding and interpretation of legislation is part of the role and responsibilities of a legislator, and is not a legal conclusion.  AF: Does not assume a fact not in the record. 602: Witness has personal knowledge regarding the Georgia law and has experience reading and interpreting legislation as a Texas senator. |
| 202:3-12 | AF | AF: Does not assume fact not on record. |
| 202:13-20 | LC, 602, the langauge of the statute speaks for itself | L: Witness' understanding and interpretation of legislation is part of the role and responsibilities of a legislator, and is not a legal conclusion.  AF: Does not assume a fact not in the record. |
| 202:25-203:6 | F, CS, AR, CQ | F: Foundation based on witness' personal knowledge and experience detailed in prior testimony.  CS: Not speculation. This is admissible opinion testimony under FRE 701, as it is rationally based on the witness' perception, helpful and is not a matter of scientific or expert knowledge.  AR: Not argumentative.  CQ: Not a compound question. |
| | | |
| RONALD WRIGHT DEPOSITION TAKEN JUNE 20, 2012 | | |
| **Attorney General's June 25, 2012 Counter-Designations** | **Plaintiff's Objections to Attorney General's Counter-Designations** | **Attorney General's Opposition to Plaintiff's Objections to Attorney General's Counter-Designations** |
| 20:6-21:6 | 106/IQ | Complete once reply designation is included. |
| 22:12-23:1 | 106 | Complete once reply designation is included. |

*Texas v. Holder* - Defendant's Opposition to Plaintiff's Objections to Attorney General's Counter-Designations

| 35:11-36:4 | A | Exhibit 3 was introduced by the witness, who authenticates it. |
| 45:1-20 | 106(44:18-25) | 106: Passage as designated is complete and contains all necessary context. |