**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **STATE OF TEXAS,** <br> **Plaintiff,** <br> **v.** <br> **ERIC H. HOLDER, JR., in his Official Capacity as Attorney General, *et al.*,** <br> **Defendants.** | **Civil Action No. 12-128** <br> **(DST, RMC, RLW)** |

**ORDER**

On August 30, 2012, the Court denied Texas's request for judicial preclearance of Senate Bill 14 under Section 5 of the Voting Rights Act of 1965, 42 U.S.C. § 1973c. *See* Opinion [Dkt. 340] & Order [Dkt. 341]. The Court ruled that Texas had failed to prove "that nothing in SB 14 'would lead to a retrogression in the position of racial minorities with respect to their effective exercise of the electoral franchise'" and thus had not met its burden of proof on Claim One of the Amended Complaint.[1] Opinion at 44 (quoting *Beer v. United States*, 425 U.S. 130, 141 (1976)).

The parties briefed the issues presented by Claim Two of the Amended Complaint, in which Texas asserts that Section 5 is unconstitutional. Briefing was completed on November 13, 2012. On November 9, 2012, the United States Supreme Court granted certiorari in Case No. 12-96, *Shelby County, Alabama v. Holder, Attorney General, et al.*, which also presents the issue of whether Section 5 is unconstitutional. The Court thus ordered the parties to

[1] By agreement of the parties, the Court bifurcated the two claims of the Amended Complaint to conduct a trial as to Claim One as expeditiously as possible. Even if Texas raised any informal opposition to bifurcation, it waived any objection by not formally raising it and preserving it on the record.

meet and confer and show cause why this case should not be stayed until the Supreme Court rules in *Shelby County*. Order [Dkt. 357]. The United States, Dkt. 359, and the Defendant-Intervenors, Dkt. 360, agree that the case should be stayed, but Texas opposes a stay, Dkt. 361. In the event that the Court defers ruling on Claim Two, however, Texas asks the Court to enter final judgment on Claim One so that it can appeal the Court's denial of preclearance to the Supreme Court immediately. *See* Mem. Supp. Pl.'s Mot. Entry Final J. [Dkt. 362-1] at 5–6. The United States accedes to that request, Dkt. 364, but the Defendant-Intervenors do not, Dkt. 363.

After careful consideration of the parties' positions, the Court concludes that, in the interest of efficiency and judicial economy, it will defer ruling on Claim Two until the Supreme Court decides *Shelby County*. It further concludes that entry of judgment as to Claim One is appropriate because "there is no just reason for delay." *See* Fed. R. Civ. P. 54(b). Accordingly, it is hereby

**ORDERED** that, pursuant to Federal Rule of Civil Procedure 54(b), **FINAL JUDGMENT** is **ENTERED** on Claim One of the Amended Complaint in favor of Eric Himpton Holder, Junior, Attorney General, for the reasons set forth in the Court's Opinion and Order dated August 30, 2012; and it is

**FURTHER ORDERED** that the case is **STAYED** until the Supreme Court decides *Shelby County, Alabama v. Holder, Attorney General, et al.*, Case No. 12-96. Within thirty days of a final ruling, the parties shall file a joint notice with the Court.

**SO ORDERED**.

Date: December 17, 2012

/s/
DAVID S. TATEL
United States Circuit Judge

/s/
ROSEMARY M. COLLYER
United States District Judge

/s/
ROBERT L. WILKINS
United States District Judge